UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

      -against-

RICHARD XIA, a/k/a YI XIA; and
FLEET NEW YORK METROPOLITAN REGIONAL CENTER, LLC, f/k/a FEDERAL NEW YORK METROPOLITAN REGIONAL CENTER, LLC;

                Defendants,

      -and-

JULIA YUE, a/k/a JIQING YUE,

                Relief Defendant.

21 Civ. _____ ( )

---

**LOCAL RULE 6.1 DECLARATION OF DAVID STOELTING
IN SUPPORT OF PLAINTIFF'S *EX PARTE* EMERGENCY APPLICATION
FOR A TEMPORARY RESTRAINING ORDER FREEZING ASSETS,
APPOINTING A MONITOR AND GRANTING OTHER RELIEF**

I, David Stoelting, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a member of the bar of the State of New York and of the United States District Court for the Eastern District of New York. I am employed by Plaintiff Securities and Exchange Commission (the "SEC") in its New York Regional Office as a Senior Trial Counsel.

2. I make this declaration pursuant to Local Civil Rule 6.1(d) to show that good and sufficient reason exists for bringing the SEC's E*x Parte* Emergency Application (the "Application") for Temporary Restraining Order: (a) freezing the assets of Defendants Richard

Xia, a/k/a Yi Xia ("Xia") and Fleet New York Metropolitan Regional Center, f/k/a Federal New York Metropolitan Regional Center ("Fleet") (together, the "Defendants") and Relief Defendant Julia Yue a/k/a JiQing Yue ("Yue"); (b) appointing a Monitor over Fleet and Xia's other entities; (c) directing Defendants and the Relief Defendant to provide a sworn accounting of their assets within (3) business days or within such extension of time as the SEC staff agrees to; and (d) permitting the SEC to take expedited discovery in preparation for a hearing on this Application.

3.  No previous application for the relief requested herein or any similar relief has been made.

4.  The SEC makes this *Ex Parte* Emergency Application by order to show cause primarily to (a) preserve the *status quo* pending adjudication of the Application; and (b) ensure that any future judgment of this Court for disgorgement, prejudgment interest and civil money penalties is not rendered meaningless. The SEC believes that proceeding by notice of motion may jeopardize the Court's ability to grant full and effective relief both on this Application and on the merits of the SEC's Complaint.

5.  In addition to personal knowledge, I base this declaration on the concurrently-filed Declarations and the exhibits thereto.

6.  As alleged in the Complaint filed by the SEC on September 27, 2021 ("Complaint"), Defendants have committed securities fraud by making various material misrepresentations and omissions of material fact and have engaged in various deceptive acts relating to the securities offerings described below and have misappropriated millions of dollars of investors' monies.

7.  The SEC's Complaint alleges that defendants Xia and Fleet have violated

Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

8. The Complaint also alleges that Yue, the Relief Defendant, has received at least $9.7 million in ill-gotten gains from the Defendants' fraud.

9. Defendants raised $229 million from investors through five EB-5 Program offerings. The funds were supposed to have been used for two large mixed-use construction projects in Queens, NY, referred to as the Eastern Mirage Project and the Emerald Emerald Project. Neither project has been completed and investors are owed $229 million. It appears that only $77 million is remaining of the $229 million raised, and the Defendants do not appear to have the funds to both complete the projects and pay back investors.

10. There is a grave risk, if the SEC provides Defendants with notice of its Application, that they will immediately transfer assets to other accounts that the SEC does not know about.

11. For nearly ten years, the Defendants have commingled more than $200 million in investor funds and engaged in numerous transfers that appear to have little or no legitimate business purposes. The Defendants have cycled investor funds though more than 100 accounts. They have also misappropriated and misused investor funds repeatedly.

12. The risk that Defendants may seek to dissipate the remaining funds arises from the foregoing and from the following factors.

13. *First*, Defendants are holding approximately $18 million in investor funds

in certificates of deposit (CDs) that matured yesterday, September 26, 2021, and are now at risk of dissipation. Defendants hold another $10 million in investor funds that mature on September 25, 2021. The CDs are held at the following accounts:

<u>Signature Bank:</u>

| | | | |
|---|---|---|---|
| LaGuardia Performance Center LLC | XXXXXX9927 | $10,000,000 | CD Matures 11/25/2021 |

<u>Popular Bank</u>

| | | | |
|---|---|---|---|
| LaGuardia Performance Center LLC | XXXXXX6469 | $5,150,969.50 | CD Matured 9/26/2021 |
| LaGuardia Performance Center LLC | XXXXXX6486 | $3,090,581.70 | CD Matured 9/26/2021 |
| LaGuardia Performance Center LLC | XXXXXX5042 | $5,150,969.50 | CD Matured 9/26/2021 |
| LaGuardia Performance Center LLC | XXXXXX49291 | $5,150,969.50 | CD Matured 9/26/2021 |

14. *Second*, in May 2021, Xia drew down $5.6 million from a line of credit that was established with $10 million in investor funds and transferred those funds to Yue. Declaration of Kim Han ("Han Decl.") dated September 27, 2021, ¶ 4 and Exhibits 82-87 thereto.

15. *Third,* Xia, Fleet and/or various affiliates owned and controlled by Xia have been named as defendants in more than a dozen pending lawsuits in state and federal court. Han Decl. Ex. 72 (chart of pending actions against Xia and his affiliated entities). These lawsuits arise from similar facts and circumstances as the SEC's action, and have been filed by defrauded investors, a worker injured at one of the defendants' projects, the City of New York, ConEdison, and a subcontractor. *Id*. The Defendants face significant financial exposure from these lawsuits. In addition, more than a dozen mechanics liens have also been filed against Xia affiliated entities. Decl. Ex. 47 (compilation of mechanics liens).

16. *Finally*, it appears that Xia intends to terminate or dissolve at least one of the limited partnerships this fall and unilaterally keep a portion of the investor funds on the basis that he is entitled to payment for "legal, accounting and other ancillary expenses throughout the course of its operations." Han Decl. Ex. 45 (May 21, 2021 letter to investor re termination of partnership).

17. For the reasons set forth above and in the accompanying papers and exhibits, I respectfully request that the Court permit the SEC to file its Application *Ex Parte* and grant the requested emergency relief.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 27, 2021
New York, NY

/s/ *David Stoelting*
_____
David Stoelting