UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>        v.<br><br>RICHARD XIA, a/k/a YI XIA, and<br>FLEET NEW YORK METROPOLITAN<br>REGIONAL CENTER, LLC, f/k/a FEDERAL NEW<br>YORK METROPOLITAN REGIONAL CENTER,<br>LLC,<br><br>                    Defendants,<br><br>        and<br><br>JULIA YUE, a/k/a JIQING YUE.<br><br>                    Relief Defendant. | 21 Civ. 5350-PKC-CLP |

## MOTION TO WITHDRAW AS COUNSEL

Pursuant to Rule 1.16 of the New York Rules of Professional Conduct, which is incorporated into the Rules of this Court (*see* SDNY and EDNY Local Rule 1.5(b)(5)), and Local Civil Rule 1.4, Mukasey Frenchman LLP (the "Firm") hereby files this motion to withdraw as counsel for Defendants Richard Xia and Fleet New York Metropolitan Regional Center, LLC and Relief Defendant Julia Yue (collectively, the "Defendants") in this action and, in support thereof, states as follows:

   1.    On or about October 18, 2021, the Defendants and the Firm entered into an agreement that relieved the Firm as counsel in this matter.

   2.    The Defendants are in the process of retaining replacement counsel. The Firm has been advised that the Defendants' retention of replacement counsel is imminent.

3. Withdrawal is, therefore, permissive under New York Rule of Professional Conduct 1.16(c)(10), which provides that "a lawyer may withdraw from representing a client when . . . the client knowingly and freely assents to termination of the employment[.]"

4. Separately, in recent weeks, an issue has arisen which raises an issue of mandatory withdrawal for the Firm pursuant to New York Rule of Professional Conduct 1.16(b). The Firm has concluded that professional considerations would, in the absence of the Firm being replaced as counsel as referenced above, make it necessary for the Firm to move to withdraw as trial counsel to the Defendants. Your Affirmant is not setting forth here the specific reason such withdrawal would be required because the disclosure of that information would reveal "confidential information" as that term is defined by Rule 1.6 of the New York Rules of Professional Conduct. In that regard, your Affirmant is following the guidance of New York State Bar Association unofficial Comment [3] to Rule 1.16, which notes in relevant part:

> "Court approval or notice to the court is often required by applicable law, and when so required by applicable law is also required by paragraph (d), before a lawyer withdraws from pending litigation. ... The court may request an explanation for the withdrawal, while the lawyer may be bound to keep confidential the facts that would constitute such an explanation. *The lawyer's statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient.* Lawyers should be mindful of their obligations to both clients and the court under Rule 1.6 [the confidentiality Rule] and Rule 3.3 [the candor to the court rule]." (Emphasis added.)

5. For all of the foregoing reasons, the Firm respectfully requests that its motion for withdrawal be granted.

Dated: New York, New York
      October 25, 2021

                                              Respectfully submitted,

MUKASEY FRENCHMAN LLP

By: /s/ Robert S. Frenchman
Robert S. Frenchman

570 Lexington Avenue, Suite 3500
New York, NY 10022
Tel: (212) 466-6400