

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

December 7, 2021

Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                Re:  <u>SEC v. Richard Xia, a/k/a Yi Xia et al.</u>, 21-cv-05350-PKC-CLP

Dear Judge Chen:

      Plaintiff Securities and Exchange Commission respectfully submits this letter in opposition to the Defendants' and Relief Defendant's (collectively "Movants") November 30, 2021 letter ("Letter") requesting a pre-motion conference to seek permission to file a motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)").  DE 27.  Movants seek to dismiss the Complaint for: "(1) failure to plead facts that establish (a) the EB-5 Unit is a 'security,' (b) there was a scheme or artifice to defraud, (c) any alleged misrepresentations or omissions were material, and because (2) the claims are barred by the statute of limitations."  Letter at 1.

      These arguments are meritless.  As discussed below: (1) in issuing the Temporary Restraining Order, the Court necessarily found that the SEC had shown a likelihood that it would succeed in proving that the limited partnership interests the Defendants sold were securities and they clearly are securities; (2) the Complaint pleads facts establishing a scheme to defraud and misrepresentations and omissions that were material; and (3) the claims alleged and remedies sought all fall within the applicable 10-year statute of limitations.[1]

**The Defendants Sold Securities**

      Securities Act § 2(a)(1) and Exchange Act § 3(a)(10) define a "security" to include, among other things, "investment contracts."  The Supreme Court has defined that term to mean: (1) an investment of money; (2) in a common enterprise; (3) with an expectation of profits to be derived solely from the efforts of others.  *See SEC v. W.J. Howey Co.*, 328 U.S. 293, 298–99 (1946).  This definition "embodies a flexible rather than a static principle…." *Id.* at 299.  "A limited partnership interest generally is a security because such an interest involves investment

---

[1] In deciding Rule 12(b)(6) motions, a district court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001) (internal quotation marks and citation omitted).

'in a common enterprise with profits to come solely from the efforts of others.'" *Mayer v. Oil Field Sys. Corp.,* 721 F.2d 59, 65 (2d Cir. 1983) (quoting *Howey,* 328 U.S. at 301). The investments here satisfy all three *Howey* factors.

In finding a likelihood of success by granting the TRO, the Court has already made a finding that securities are involved. As alleged in the Complaint and supporting papers for emergency relief, the investments in the limited partnerships satisfy the first and second *Howey* factors, as investors provided money, and a common enterprise existed, namely each relevant limited partnership. Movants do not argue otherwise, but instead argue that the investments fail to satisfy the third *Howey* factor because the investors allegedly did not have a reasonable expectation of profit. Letter at 2-3. However, the investors did have a reasonable expectation of profits to be derived from the efforts of others. The Eastern Emerald investors had an expectation of profit from the 2% interest to be generated on the loan of their funds to the developer of the Eastern Emerald project. While the loan to the Eastern Mirage developer was a no-interest loan, the Eastern Mirage investors had an expectation of profit based, in part, on the provisions in the Offering Memoranda and LP Agreements providing that any profits, including any interest income derived from alternative investments permitted by the agreements, would be distributed 99% to the general partner and 1% to the limited partners. *See, e.g.,* Complaint ¶ 59.

Movants claim that even if there was an expectation of profit, the investors placed more importance on obtaining their green cards. Even if true, the investors' expectation of profit is still sufficient to satisfy the third *Howey* factor. S*ee, e.g., SEC v. Hui Feng*, 935 F.3d 721, 731 (9th Cir. 2019) (affirming summary judgment for the SEC and holding that EB-5 program investments were securities because while, "[w]e do not doubt that the investors' primary reason to participate in the EB-5 program was to gain U.S. visas[,]…[a]n EB-5 investor's interest in a visa is inextricably tied to the financial success of the regional center's project."). In any case, such a factual defense is not appropriate in a motion to dismiss.

**The Complaint Adequately Alleges a Scheme to Defraud and Material Misrepresentations**

Movants argue that the alleged misappropriations occurred after the investor funds were obtained and therefore were not "in connection with" a security sale. Letter at 3. However, Defendants misappropriated funds while raising money from investors. *See, e.g.,* Complaint ¶¶ 49-54 (offerings occurred between 2010 and 2017) and ¶¶ 74-85(misappropriations during 2011-2021). Movants also argue that: "Many of the alleged misrepresentations were forward-looking statements made to accredited investors with cautionary language;" that other alleged misrepresentations were "opinions based on accurate facts" and that none of the alleged misrepresentations could have been considered "significant by the investors because none would have had an impact on the likelihood of them getting a green card." *Id.*

However, forward-looking statements with "cautionary-language" can still be fraudulent, as they were here; whether the alleged misrepresentations and omissions were "opinions based on accurate facts" is a factual issue for the trier of fact to decide, and not only would misrepresentations regarding the ability of the Defendants to carry out the construction projects on which EB-5 eligibility was predicated be material to a reasonable investor, but any reasonable investor would hesitate to entrust her funds to Defendants if she knew that the Defendants' investment solicitations were rife with misrepresentations and omissions. *See, e.g.,*

Complaint ¶¶ 66-146. *Muhan Cui v. Xia,* No. 19-615, 2021 U.S. Dist. LEXIS 45815, at *22 (E.D.N.Y. Mar. 2, 2021) is not controlling; the Complaint involves different facts and law.

**The Claims and Disgorgement Are Within the Applicable 10-Year Statute of Limitations**

Movants argue that a 5-year statute of limitations applies to this case and that, even if the recently enacted ten-year statute of limitations applies to certain *claims* brought by the SEC, "relief for penalties and non-equitable disgorgement (a form of penalty)" are limited to a five year statute of limitations "to avoid a constitutional retroactivity issue." Letter at 3. Movants then argue that virtually all claims and disgorgement remedies are barred by the 5-year statute of limitations. *Id.* But "rulings on remedies are typically made after finding liability—not at the motion to dismiss stage," *SEC v. Drake*, 2017 WL 6507766, at *7 (C.D. Cal. Dec. 18, 2017), and, in any event, Movants' arguments are baseless.

In *Liu v. SEC*, 140 S. Ct. 1936, 1940 (2020), the Supreme Court held that "a disgorgement award that does not exceed a wrongdoer's net profits and is awarded for victims is equitable relief permissible under [Section 21(d)(5) of the Securities Exchange Act]." After *Liu,* Congress enacted the National Defense Authorization Act for Fiscal Year 2021, Pub. L. No. 116-283 ("NDAA"), effective January 1, 2021. Section 6501(a) of the NDAA added Section 21(d)(7) to the Securities Exchange Act of 1934, which authorized the SEC to seek, and federal courts to order, disgorgement. Prior to the NDAA, the Supreme Court, held in *Kokesh v. SEC*, 137 S. Ct. 1635 (2017), that disgorgement is subject to the five-year statute of limitations in 28 U.S.C. § 2462. But Section 2462 applies only "[e]xcept as otherwise provided," 28 U.S.C. § 2462, and resort to that period is now unnecessary because the NDAA provides a <u>10-year</u> limitations period for claims for disgorgement and other equitable remedies in scienter-based actions, such as the Securities Act Section 17(a)(1) and Exchange Act Section 10(b) claims in this case. Exchange Act Section 21(d)(8)(A)(ii).

Movants' argument that even if the 10-year statute of limitation applies to certain *claims,* it does not apply to remedies, such as disgorgement (Letter at 3) is contradicted by the plain language of Section 21(d)(8)(A)(ii), which provides that: "The Commission may bring a *claim for disgorgement* under paragraph (7) – . . . (ii) not later than 10 years after the latest date of the violation . . . [of scienter-based securities provisions]." (*emphasis added*). [2]

Movants' argument that application of the 10-year statute of limitations will violate the Constitution's Ex Post Facto Clause's prohibition against retroactive application of penalties (Letter at 3) is also baseless. That clause "prohibits retroactive application of penal legislation." *Landgraf v. USI Film Prods.*, 511 U.S. 244, 266. But *Liu* holds that properly measured disgorgement was traditionally available in equity, and is not a "punitive sanction." 140 S. Ct. at 1942-46. Further, the NDAA is "civil legislation," not a penal enactment. *SEC v. Kellen*, 2021 WL 4907238, at *4 (C.D. Cal. Sept. 14, 2021). Thus, disgorgement that conforms to traditional equitable principles "remains beyond the constraints of the Ex Post Facto Clause." *Id.*; *see also, e.g., SEC v. Ahmed*, 2021 U.S. Dist. LEXIS 112987 (D. Conn. June 16, 2020) (finding the Ex Post Facto Clause does not apply and ordering an expanded disgorgement award).

---

[2] This provision also makes clear that the limitations period runs from "the latest date of the violation that gives rise to the action," not from the date of first receipt of investor funds as Movants erroneously suggest, *see* Letter at 3 (chart).

          Respectfully submitted,

          <u>/s/ Kevin P. McGrath</u>
          Kevin P. McGrath
          Senior Trial Counsel
          Securities and Exchange Commission

cc:  Hervé Gouraige (Counsel for Defendants and Relief Defendant)