UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>       Plaintiff,<br><br>  -against-<br><br>RICHARD XIA, a/k/a YI XIA; and FLEET NEW YORK METROPOLITAN REGIONAL CENTER, LLC, f/k/a FEDERAL NEW YORK METROPOLITAN REGIONAL CENTER, LLC;<br><br>       Defendants,<br><br>  -and-<br><br>JULIA YUE, a/k/a JIQING YUE,<br><br>       Relief Defendant. | 21 Civ. 5350 (PKC) |

**MOTION FOR APPROVAL OF FIRST INTERIM FEE APPLICATION
OF MONITOR, M. SCOTT PEELER FOR PAYMENT OF ARENT FOX LLP**

  M. Scott Peeler, the duly appointed Monitor in this action (the "Monitor"), in accordance with Paragraph 31 of the Order Appointing Monitor signed on September 27, 2021 (the "Monitor Order"), hereby submits this Motion for Approval of First Interim Fee Application ("Application") to compensate Arent Fox LLP for the time period of his being appointed, September 27, 2021 through October 31, 2021. In support of this Application, the Monitor attaches his Certification (Exhibit A), and states as follows:

**I.  BACKGROUND**

  1.  The SEC filed this enforcement action on September 27, 2021. The Complaint alleges, *inter alia*, that Defendants Richard Xia, a/k/a Yi Xia ("Xia"), Fleet New York

1

Metropolitan Regional Center LLC, f/k/a Federal New York Metropolitan Regional Center, LLC ("Fleet"); and Relief Defendant Julia Yue, a/k/a JiQing Yue ("Yue") committed securities fraud by making various material misrepresentations and omissions of material fact and engaged in various deceptive acts relating to the securities offerings described below and have misappropriated millions of dollars of investors' monies.

2.  On September 27, 2021, the Court issued an Order to Show Cause and Temporary Restraining Order (the "Restraining Order") against the Defendants, granting certain specified relief to the SEC, including: (i) freezing the assets of Defendants Xia and Fleet and Relief Defendant Yue; (ii) appointing by separate Court Order ("Monitor Order") a Monitor over Fleet, Xia and entities owned or controlled by Xia ("Xia Entities"); (iii) directing Defendants and the Relief Defendant to provide a sworn accounting of their assets.

3.  Pursuant to Paragraph 28 of the Monitor Order, the terms and conditions of the Monitor's retention, including all aspects of the Monitor's compensation, were negotiated and agreed to between the Monitor, the SEC, and Fleet and the Xia Entities and are reflected in the Engagement Letter between Fleet, Xia, and the Monitor (the "Engagement Letter").

4.  Monitor Order Paragraph 30 of the provides that, subject to the prior approval of the Court, the Monitor is "entitled to reasonable compensation and expense reimbursement from the Subject Assets in accordance with the 'Billing Instructions for Receiver in Civil Actions Commenced by the U.S. Securities and Exchange Commission'" ("Billing Instructions").

.
## II. SUMMARY OF SERVICES PROVIDED FROM SEPTEMBER 27, 2021 THROUGH OCTOBER 31, 2021

5.  Since appointment on September 27, 2021, the Monitor has diligently performed his duties under the Monitor Order, including those under Paragraph 11(b) of the Monitor Order relating to determining the status of the Projects at issue in this action. These services, which are

detailed in Arent Fox's invoice ("Arent Fox Invoice") (Exhibit B), include, but are not limited to, the following:

   a) Communicating with Fleet/Xia and Fleet/Xia's counsel;
   b) Reviewing available construction project-related documents;
   c) Reviewing available financial accounting for the projects;
   d) Arranging project site visits to evaluate status of construction and to document existing site conditions;
   e) Meetings with project representatives;
   f) Evaluating costs incurred and provide cost to complete based upon available documents;
   g) Evaluating existing liens and claims based upon available documents; and
   h) Examining (for adequacy/customary levels) the project insurance maintained for each project by the general contractor/construction manager based upon available documents.

### III.  FACTORS TO BE CONSIDERED BY THE COURT IN AWARDING FEES

6.   Because Paragraph 30 of the Monitor Order applies the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" to the Monitor's Fee Applications, authority in the Second Circuit relating to the award of receiver's fees applies herein.

7.   This Court has the power to award the Monitor fees for the Monitor's services and for expenses incurred in the performance of his or her duties. (*See SEC v. Byers*, 590 F. Supp. 2d 637, 644 (S.D.N.Y. 2008) ("A receiver appointed by a court who reasonably and diligently discharges his duties is entitled to be fairly compensated for services rendered and expenses incurred." (citations omitted)). The case law on equity receiverships sets forth the standards for

3

approving receiver compensation and the fees and expenses for the receiver's counsel. The District Court has discretion to determine compensation to be awarded to a court-appointed equity receiver and the receiver's counsel. *Id.*

8. In allowing counsel fees in Securities Act receiverships, the court considers several factors, including "the complexity of problems faced, the benefit to the receivership estate, the quality of work performed, and the time records presented." *SEC v. Fifth Ave. Coach Lines, Inc.*, 364 F. Supp. 1220, 1222 (S.D.N.Y. 1973); *SEC v. Amerindo Inv. Advisors Inc.*, No. 05 Civ. 5231 (RJS), 2015 WL 13678841, at *1 (S.D.N.Y. Sept. 14, 2015) (The Court may also consider "the reasonableness of the hourly rate charged and the reasonableness of the number of hours billed."); *SEC v. Morgan*, 504 F. Supp. 3d 221, 223 (W.D.N.Y. 2020) ("In addition, in a securities receivership, opposition or acquiescence by the SEC to the fee application will be given great weight.") (citation omitted); *SEC v. Platinum Mgmt. (NY) LLC*, No. 16-CV-6848 (BMC), 2018 WL 4623012, at *4 (E.D.N.Y. Sept. 26, 2018) ("A court may also consider the degree of activity, integrity and dispatch with which the work is conducted and the result obtained.") (internal quotation marks and citation omitted).

9. Applying these standards, and as detailed in paragraphs 8 and 9 above and in the narrative descriptions in the Arent Fox Invoice, the Monitor has demonstrated that the fees requested for payment at this time are appropriate. Based upon the complexity of the issues in this action, the quality and quantity of work performed, and the SEC's approval of the fees requested in this Application, the Monitor respectfully submits that the amount requested to be paid at this time is fair and reasonable.

10. The following billing rates reflect a public service discount, demonstrated by reduced rates of the Monitor and all Partners, and have been accepted and deemed reasonable by Richard Xia, Fleet and the Xia Entities, and the SEC.

| Timekeeper | Title | Rate/Hour ($) |
|---|---|---|
| Scott Peeler | Monitor | 990 |
| Mark Bloom | Partner | 930 |
| Andrew Ross | Partner | 930 |
| Randall Brater | Partner | 890 |
| Stavros Karageorgiou | Associate | 785 |
| Victoria Wiener | Associate | 740 |
| Alexandra Coppola | Associate | 600 |
| Michelle Cascante | Paralegal | 465 |

11. As set forth in the Arent Fox Invoice, the fee total is $362,809.58 ("Fee Total").

12. Pursuant to Paragraph 33 of the Monitor Order and the SEC's consent, the Monitor is applying a holdback of 10% to the Fee Total or $36,280.95 ("Holdback Amount"), thereby adjusting the Fee Amount for which the Monitor seeks immediate payment to $326,528.63. This amount does not include the time expended for preparing this Application.

13. Paragraph 33 of the Monitor Order provides that "[t]he total amounts held back during the course of the Monitorship will be paid out at the discretion of the Court as part of the final fee application submitted at the close of the Monitorship." The Monitor requests that all Holdback Amount(s) be placed in an escrow account held by Arent Fox LLP until the close of the

Monitorship when the Court determines whether it will authorize the payment of the Holdback Amount(s) to the Monitor.

14. As required in Paragraph 31 of the Monitor Order, this Application was provided to counsel for the SEC at least five (5) days prior to this filing, and the SEC has indicated it finds the activities and expenses reasonable and agrees with the payment requested herein.

15. The fees and expenses included therein were incurred in the best interests of the investors.

16. With the exception of the Engagement Letter and the Billing Instructions, the Monitor has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid to the Monitor or any sharing thereof. The Monitor represents as part of his continuing duty that there are no known conflicts of interest between the Monitor, and Fleet and the Xia Entities.

17. The Monitor continues to work in furtherance of his duties under the Monitor Order.

WHEREFORE, the Monitor respectfully requests that the Court:

1. Grant the Monitor's Interim Fee Application of the Fee Total in the amount of $362,809.58 and authorize within seven (7) days of granting the Interim Fee Application:

   a) Payment to Arent Fox LLP in the amount of $326,528.63 for its services performed during the period of September 27, 2021 through October 31, 2021; and

   b) A 10% Hold Back Amount of $36,809.95 from the Fee Total be deposited into an escrow account of Arent Fox LLP and held until the Court decides the Monitor's Final Fee Application at the close of the Monitorship;

2. Direct that the HSBC bank account of The Grand Eastern Mirage Group LLC, ending in 0708, be unfrozen to the extent required to fund the Fee Total, including the Hold Back Amount.

3. Grant such other relief as the Court deems appropriate.

Dated: December 21, 2021 　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　ARENT FOX LLP


　　　　　　　　　　　　　　　　　　　　　　By: s/M. Scott Peeler
　　　　　　　　　　　　　　　　　　　　　　　　M. Scott Peeler
　　　　　　　　　　　　　　　　　　　　　　　　1301 Avenue of the Americas, 42nd Floor
　　　　　　　　　　　　　　　　　　　　　　　　New York, New York 10019
　　　　　　　　　　　　　　　　　　　　　　　　Tel: (212) 484 3900
　　　　　　　　　　　　　　　　　　　　　　　　Fax: (212) 484-3990
　　　　　　　　　　　　　　　　　　　　　　　　scott.peeler@arentfox.com

　　　　　　　　　　　　　　　　　　　　　　　　*Court Appointed Monitor*