# Arent Fox

# First Quarterly Status Report to the Court Pursuant to Monitor Order Paragraph 22 (January 31, 2022)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Securities and Exchange Commission v. Richard Xia, a/k/a Yi Xia; and Fleet New York Metropolitan Regional Center, LLC, f/k/a Federal New York Metropolitan Regional Center, LLC, Defendants

and

Julia Yue, a/k/a Jiqing Yue, Relief Defendant

21-cv-05350-PKC-LCP

ARENT FOX   1301 Avenue of the Americas   New York, New York  10019   T 212 484 3909   scott.peeler@arentfox.com

## I.     Introduction

The Monitor submits this first quarterly status report in accordance with Paragraph 22 of the Order Appointing Monitor ("Monitor Order"),[1] for the period ending on December 31, 2021 ("First Quarter").  Paragraph 22 provides:

> Within thirty (30) days after the end of each calendar quarter, the Monitor shall file …a full report reflecting (to the best of the Monitor's knowledge as of the period covered by the report) the status of the reviews contemplated in paragraphs 8 through 14 (the "Quarterly Report").

In connection with preparing the Monitor's Paragraph 11(b) Report regarding the status of Eastern Emerald and Eastern Mirage (collectively, the "Projects"), filed on January 28, 2022 ("11(b) Report"),[2] the Monitor reviewed documents and information – to the extent Defendants made them available – pertaining to Paragraphs 8 through 14 of the Monitor Order.[3]  Accordingly, to preserve the Court's resources, the Monitor incorporates by reference the 11(b) Report, and refers to the relevant sections therein.

## II.    Status of Reviews (Monitor Order Paragraph 8 through 14)

### A.    First Quarter Work

As described in the Monitor's 11(b) Report, upon being appointed, the Monitor promptly contacted Defendants' counsel to establish a process for gathering information required by the Monitor Order.  Following these initial discussions, the Monitor sent to Defendants' counsel a comprehensive document and information request on October 7, 2021.[4]  Additionally, to enable the Monitor to fulfill his obligations under Paragraph 11(b), the Monitor proposed that Defendants

---

[1] ECF No. 11-1.

[2] ECF No. 53.

[3] *Id.*

[4] *See* Exhibit A.

prioritize the most time-sensitive requests, i.e., those that related to the status of the Projects. The Monitor's efforts to obtain these materials included, but were not limited to: (i) attending/conducting meetings with Xia and the Monitor or members of Monitor's team; (ii) attending/conducting meetings with Xia's counsel and the Monitor or members of Monitor's team; (iii) communicating with Defendants' accountants; and (iv) reviewing information to the extent furnished by Defendants.

Defendants, at first, provided to the Monitor various document productions from the Securities and Exchange Commission's ("SEC") investigation and other litigations. None of the documents, however, reflected the current status of the Projects or up-to-date project accounting.[5] After the Monitor noted these observations regarding these materials to Defendants, they then provided additional, but limited information regarding the Projects.[6] As a result, the Monitor continued (and continues) to press Defendants and counsel to comply with the Monitor's requests.

Additionally, in furtherance of these information gathering efforts, the Monitor, among other things, (1) met with Project representatives; (2) obtained Court-approval to obtain J.S. Held;[7] (3) arranged for site visits at the Projects to evaluate the status of construction and to document existing site conditions; and (4) reviewed existing liens, claims, and encumbrances.

---

[5] Due, in part, to the Monitor's outstanding information and document demands, the parties consented to the Monitor's request to extend the deadline for filing this Report until January 28, 2022. *See* ECF No. 26.

[6] *See* 11(b) Report, Section II.G(i), ECF No. 53.

[7] The Monitor obtained consent of the parties and Court-approval to retain J.S. Held on November 3, 2021. *See also* 11(b) Report, Section II.D., ECF No. 53.

Quarterly Status Report to the Court

### B. Status Relating to Paragraphs 8 through 14[8]

**Paragraphs 8-10**.  The Monitor's efforts to obtain documents and information from Defendants, and the challenges Defendants and their counsel presented, are detailed in Section II.A. above, and in Section II of the 11(b) Report.

**Paragraph 11(a)**. The Monitor's review of the finances and operations of Fleet and the Xia Entities – to the extent Defendants provided relevant information – is detailed in Section II of the 11(b) Report.

**Paragraph 11(b)**. The Monitor reported on the status of the Projects, and made his recommendations regarding same, in Sections II and IV of the 11(b) Report.

**Paragraph 11(c)**. The Monitor's review of the limited historical corporate transactions by Fleet or the Xia Entities – to the extent Defendants provided relevant information – is summarized in Section II of the 11(b) Report.

**Paragraph 11(d)**. Defendants provided the Monitor only with certain historical compensation of Fleet's Chief Legal Officer, Bret McCabe. The Monitor is working with Defendants to verify this information. Defendants did not, however, provide the Monitor with the historical compensation of any other executive officers or affiliates of Fleet and the Xia Entities.

**Paragraph 11(e)**. Defendants provided the Monitor with information regarding the retention of Fleet's Chief Legal Officer, Bret McCabe.[9] The Monitor is assessing these materials. Defendants have not provided the Monitor with information regarding the retention of any consultant(s) or any other attorney(s) retained by Fleet and the Xia Entities, although Defendants,

---

[8] Monitor Order Paragraph 15 describes the timely access to which the Monitor is to be provided documents and information.

[9] Defendants provided the Court with outstanding invoices from Bret McCabe. *See* Declaration of Herve Gouraige ("Gouraige Decl.") Ex 45., ECF No. 46-45.

3

in opposition to the SEC's Enforcement Action here, did provide to the Court various invoices from law firms.[10]

**Paragraph 11(f)**. The Monitor's review of financial statements of Fleet and the Xia Entities – to the extent Defendants provided relevant information – is detailed in Section II of the 11(b) Report.

**Paragraph 11(g)**. Defendants have not provided the Monitor with any meeting minutes of the boards of directors of Fleet and the Xia Entities.

**Paragraphs 11(h)-(i)**. The Monitor's review of litigation involving Fleet and the Xia Entities is summarized in Exhibit A to the 11(b) Report.  In addition, Defendants' counsel in *Tang v. Fed. N.Y. Metro.Ctr. LLC*[11] and *Chang v. Fed. N.Y. Metro. Reg'l Ctr. LLC,*[12] apprised the Monitor of ongoing settlement discussions.

**Paragraph 11(j)**. Defendants have not provided the Monitor with any (proposed) material changes to material leases or real estate holdings of Fleet and the Xia Entities.

**Paragraph 11(k)**. The Monitor is reviewing and verifying insurance coverage applicable to the Projects to the extent Defendants provided such information.[13]   Defendants have not provided the Monitor with information regarding any other insurance covering Fleet, the Xia Entities, or any affiliates, officers, or directors of such entities.

**Paragraph 11(l)**. Defendants have not provided the Monitor with any investor-wide communications intended to be sent by Fleet and the Xia Entities to investors.

---

[10] *See e.g.,* Gouraige Decl., Ex. 41., ECF No. 46-41; *id.*, Ex. 42, ECF No. 46-42.

[11] Index No. 655822/2019 (N.Y. Sup. Ct. N.Y. Cnty. 2019).

[12] Index No. 657415/2019 (N.Y. Sup. Ct. N.Y. Cnty 2019).

[13] *See* 11(b) Report, Section II.F.(iii), ECF No. 53.

**Paragraph 12**. Defendants have not provided the Monitor with a summary report on the internal controls regarding the cash assets of Fleet and the Xia Entities.

**Paragraph 13**. Defendants provided 5 valuation reports regarding the Projects to the Monitor.[14]

**Paragraph 14**. Fleet and the Xia Entities have not provided the Monitor with their annual budget.

### III. Additional Services in Furtherance of Monitorship

#### A. Payment of Property Taxes

The Monitor applied to the Court at the SEC's and Defendants' request in December 2021 for an Order unfreezing investor funds to the extent necessary to pay past due and current New York City real estate taxes.[15]

#### B. Project Violations and Safety Issues

The Monitor has been reviewing violations issued against the Projects by the New York City Department of Buildings, and had several communications with Defendants regarding the violations, as well as safety issues the Monitor's team observed at Eastern Mirage.[16]

#### C. Potential Third-Party Financing

Defendants proposed two different third-party sources of potential financing and provided draft documents outlining the proposed draft terms for each option.  In response, the Monitor and the SEC raised various issues and questions regarding these proposals and the entities behind them.

---

[14] *See id*., Section II.E.(iv).

[15] *See* ECF 36, and 11(b) Report II.E.(i), ECF No 53.

[16] *See id*., Section II.F.(ii).

Those conversations are ongoing, and the SEC and the Monitor are awaiting additional information from Defendants.[17]  It is unclear whether such financing is viable.

### D.    Defendants' Payment Requests

Defendants forwarded for the Monitor's review various requests for payments to contractors, subcontractors, and employees.  Defendants are aware, however, that the SEC has been handling those issues since the Monitor's appointment.

---

[17] *See id.*, Section II.E.(v).