

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
100 Pearl Street, Suite 20-100
New York, NY 10004-2616

NEW YORK
REGIONAL OFFICE

February 1, 2022

**VIA ECF**
The Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East, Chambers N 631
Brooklyn, N.Y. 11201

Re: SEC v. Richard Xia et al., 21-cv-05350-PKC-CLP

Dear Judge Chen:

In accordance with the Court's Individual Rule of Practice 3(A) and Local Civil Rule 37.3, plaintiff Securities and Exchange Commission respectfully requests a pre-motion telephonic conference this week at the Court's earliest convenience regarding plaintiff's proposed motion to compel: (1) the depositions of defendant Richard Xia, relief defendant Julia Yue (Xia's wife), and third parties Xi Verfenstein and Edward Chan, and (2) the production of documents from Xia.[1]  The SEC seeks a conference in order to resolve these issues before the show-cause hearing scheduled for February 14, 2022.

**Xia and Yue Depositions**

The SEC has been trying to depose Xia and Yue, who are represented by the same counsel, since early October 2021, when it first served them with deposition notices. The SEC has diligently sought to complete these depositions since then, but they have repeatedly delayed agreeing to deposition dates and repeatedly postponed dates they eventually did agree to (some of the earlier delays resulted from the withdrawal of defense counsel and the appearance of new counsel last Fall).

As recently as Friday, January 28, their counsel advised the SEC that Yue was taking medication for a medical condition and that counsel could not agree to a date for Yue's deposition until after her next medical appointment on February 3.  Their counsel further said that Xia could not commit to his previously-agreed February 3 deposition date, or to an alternative February 7 date, because of Xia's concerns for his wife.  Yet, one hour later, after the SEC advised counsel that we were preparing the instant letter, counsel said that Xia would agree to be deposed on February 7

---

[1] This letter refers to each of these individuals by their last names for brevity.

and that Yue would agree to a "tentative date" of February 4 for her deposition, subject to the outcome of her February 3 doctor's appointment.[2]

Given Xia's and Yue's repeated efforts to avoid their depositions for almost four months, there is a significant chance they will fail to appear for their respective depositions on February 4 and 7. Although the SEC would ordinarily wait to seek a pre-motion conference until one or both of them had failed to appear for their depositions on those dates, Xia's and Yue's delay tactics have left the SEC with little choice but to seek the Court's intervention now. If the SEC waits until February 4 or 7 to submit a pre-motion letter seeking a conference, it may be too late to take Xia's and Yue's depositions in time to adequately prepare for the February 14 hearing. The SEC therefore respectfully submits this request for a telephonic conference this week before the deposition dates.

**Verfenstein and Chan Depositions**

The SEC also requests a pre-motion conference regarding its proposed motion to compel the depositions of Verfenstein, Xia's close business associate, and Chan, who is alleged to have prepared fraudulent financing letters for Xia (Dkt. 2 at 15-17).

The SEC served Verfenstein with a deposition subpoena on October 5, but her deposition was repeatedly rescheduled and postponed, primarily due to Xia's changes of counsel (like Yue, Verfenstein also failed to comply with a pre-Complaint investigative testimonial subpoena). Until recently, however, Verfenstein had not indicated that she could not be deposed due to medical issues, and indeed she agreed on January 16 to be deposed on January 31. However, this past Friday, January 28, at 6:28 p.m., Verfenstein's counsel notified the SEC that her client would not be appearing for her deposition on January 31 due to various medical reasons, including that she needed to avoid "stressful" situations. Yesterday, Verfenstein's counsel backpedaled and stated that her client could be deposed on February 8 and 9, for 3.5 hours per day, but suggested that she may not appear if Xia was not deposed before then.

Similarly, the SEC served a deposition subpoena on Chan in October 2021. He also agreed to various deposition dates which were postponed six times, the last four at his request. Just this morning, Chan failed to appear for his deposition after his (second and now-former) counsel had committed to the deposition being held today.

---

[2] During the SEC's investigation, Yue, through her prior counsel, also repeatedly avoided complying with a testimonial investigative subpoena for a series of evolving reasons, including purported issues with: (i) the validity of the subpoena, (ii) her counsel's unavailability, (iii) restrictions imposed by the pandemic, (iv) a language barrier rendering it "impossible" to prepare her for testimony, and (v) the purportedly minimal relevance of her prospective testimony.

**Xia's Meager Document Production**

Finally, the SEC seeks a pre-motion conference on its proposed motion to compel Xia to produce all outstanding, non-privileged documents responsive to the SEC's document requests. The SEC first served document requests on Xia on October 7, 2021, but he has produced few documents in response.

Among other things, we believe that Xia is communicating with investors through various means, including WeChat messages. Only several of these messages have been produced, and his counsel has refused to produce all of Xia's communications with investors, claiming that they are protected attorney work product. In addition, Xia has yet to produce documents relating to the Long Island houses purchased with investor funds. This issue was referenced in the SEC's reply brief filed on January 21, 2022. See Dkt. 46 at 1 ("Based on a review of bank and property records obtained after the freeze, the SEC learned that in August 2021—just weeks before this case was filed—Xia used investor funds to purchase two Long Island mansions."). The SEC has met and conferred with Xia's counsel regarding both document production issues without resolution.

Accordingly, we respectfully request a pre-motion conference regarding all of these issues at the Court's earliest convenience this week, given the February 14 hearing.

    Respectfully submitted,

    /s/ David Stoelting
    Kevin P. McGrath
    David Stoelting
    Kim Han
    Attorneys for the
    Securities and Exchange
    Commission

cc:
Hervé Gouraige (Counsel for Defendants and Relief Defendant) (by ECF)
Mary Hansen/Michael Rinaldi (counsel to Xi Verfenstein) (by email)
Edward Chan, *pro se* (by email)