# SILLS CUMMIS & GROSS
A PROFESSIONAL CORPORATION

Legal Center
One Riverfront Plaza
Newark, New Jersey 07102-5400
Tel: 973-643-7000
Fax: 973-643-6500

**Hervé Gouraige**
**Member of the Firm**
Direct Dial: (973) 643-5989
E-mail: hgouraige@sillscummis.com

101 Park Avenue, 28th Floor
New York, NY 10178
Tel: 212-643-7000
Fax: 212-643-6500

February 2, 2022

**VIA ECF**
The Honorable Pamela K. Chen
District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, Chambers N 631
Brooklyn, NY 11201

      Re: *Securities and Exchange Commission v. Richard Xia, a/k/a Yi Xia, et al.*,
           **21-cv-05350-PKC-CLP**

Dear Judge Chen:

      We are counsel for defendants Richard Xia ("Xia"), Fleet New York Metropolitan Regional Center, LLC, and relief defendant Julia Yue ("Yue"). We write in response to plaintiff Securities and Exchange Commission's ("SEC") letter for a pre-motion conference (Dkt. No. 57), in accordance with the Court's Order dated February 1, 2022 to address three discovery issues relating to our clients. We do not represent Ms. Xi Verfenstein or Mr. Edward Chan.

      On January 31, 2022, we confirmed with the SEC that Mr. Xia had agreed to be deposed on February 7. We suggested that Ms. Yue be deposed on February 4, subject to her physician's confirming in a letter, after her visit on February 3, that her medical condition does not prevent her from being subject to a deposition on that date. The SEC requested that we provide such medical report to counsel, and we agreed to do so. Today we sent such letter to the SEC, and we have requested the Court's permission to file that letter under seal. We provide further details below about the depositions.

      In response to the SEC's request on Friday, January 28 for legal support for defendants' position that communications with investors to identify potential witnesses for the February 14 hearing are protected by the work-product doctrine, on Saturday, January 29 we provided such legal basis in the attached email from me to David Stoelting. (Ex. 1 at 2–3.) We have produced to the SEC what we are led to believe are the WeChat communications with investors. Those withheld based on the work-product doctrine are communications undertaken at the request of counsel to get declarations from investors who might be interested in being defense witnesses at the hearing. For the reasons stated in the January 29 email, we have declined to produce the draft declarations and related communications to the SEC. (*Id*.)

      On December 14, defendants raised Fifth Amendment objections to the SEC's discovery requests on the house transactions, which the SEC characterized as "fraudulent transfer." (Ex. 2 at 5–6.) On January 26, 2022, Xia and Yue waived the Fifth Amendment privilege. (Ex. 3 at 6–7.) We then told the SEC that "we can produce those documents to you this week, subject to our continuing relevance objection." (Ex. 1 at 2.) There is no dispute on the production of the house transaction documents. The documents about the properties will be produced on February 3.

Due to the limited time available before the February 14 hearing, we take this opportunity to raise with the Court an issue regarding the SEC's objections served on February 1 to defendants' interrogatories about the false Sunil Aggarwal Declaration submitted by the SEC to the Court for the TRO. In brief, the interrogatories inquire about what the SEC knew and when did it know it regarding the false statements in the Aggarwal Declaration. (Ex. 4 at 3.) The SEC has declined to answer our interrogatories based on ambiguity, relevance, and privilege grounds. (*Id*. at 3–4.) A copy of the SEC Response to Xia's First Interrogatories is attached.

We are at a loss to understand the SEC's objections. Whether a Declaration submitted, *ex parte*, to this Court in this case by the SEC is false is a highly relevant issue. When did the SEC learn the Declaration was false is even more relevant. There is no ambiguity in our simple questions. Mr. Aggarwal testified extensively at his deposition precisely which statements in his Declaration were incorrect and inaccurate. He explained why the statements were incorrect, and what led him to believe at the time he signed the Declaration they were correct. He also testified about how he learned from his documents the statements were not correct. Lastly, he stated that he had produced his documents to the SEC. The SEC was represented at Mr. Aggarwal's deposition when he testified about these issues. Defendants are entitled to answers to their simple questions in adequate time before the February 14 hearing.

**Depositions of Xia and Yue**

We filed our notice of appearance in this case on November 15, 2021. (Dkt. No. 24.) To our knowledge, scheduled depositions of Xia and Yue were postponed four times due to various reasons—from the need for us to get acquainted with the case, to discussions about alternatives to the asset freeze, and to defendants' medical conditions, including exposure to Covid-19.

On November 1, 2021, knowing that we represented defendants, and after Mukasey Frenchman's motion to withdraw was granted by Magistrate Judge Pollak, and that "no other lawyers have filed an appearance" on defendants' behalf, the SEC directly asked defendants to agree to a deposition date of November 4 for Yue and November 5 for Xia. (Ex. 5 at 1.) At that time, we were still "trying to figure out how attorneys will be paid for their services given the asset freeze." (*Id*.) Unable to resolve the attorney retention issues and familiarize ourselves with this case within such a short notice, we suggested adjourning the "depositions [then] scheduled for [that] week until after Nov. 15." (*Id*.) On November 5, 2021, we had a phone call with the SEC to discuss scheduling of the depositions. (Ex. 6.) Due to the SEC's position "that rental income from properties wholly unrelated to the EB-5 projects . . . is subject to the asset freeze[,] . . . defendants have not been able to assure counsel of payment of their fees [or] . . . pay counsel for employees . . . whose expedited depositions the SEC seeks." (Ex. 7 at 3.) Nevertheless, on November 8, 2021, the SEC insisted that, "[w]hether or not [we] file an appearance in this case," defendants should "commit to a date for their depositions," *i.e.*, "Nov. 22 for Ms. Yue and Nov. 23 for Mr. Xia." (*Id*. at 4.)

In December, we engaged in negotiations with the SEC and the Monitor on a "replacement security for the current asset freeze." (Ex. 8 at 1.) The replacement security was a third-party financing proposal designed to "pay off the investors who wish to be paid at this time." (Ex. 9 at 2.) If approved, this proposal could have spared the parties from the expedited discovery and the Court from holding a preliminary injunction hearing. To focus on the negotiations, on December 5, 2021, the parties agreed to a "tentative[] schedule" for Yue's deposition on December 17, 2021 and Xia's deposition on December 20, 2021. (Ex. 8 at 1.) As the negotiations continued, on December 15, 2021, we suggested "schedul[ing] the depositions for early to mid-January." (Ex. 9 at 2.) We believed that "this reasonable extension, during the holiday season, will permit us to resolve important matters that will free us to focus on the merits of the

SEC claims and will spare the court from taking time to do a hearing." (*Id.*) In response, the SEC asked for "firm dates for the depositions of [our] clients during the week of Jan. 3." (*Id.* at 1.) The negotiations were unsuccessful.

On January 10, 2022, one day before the then-scheduled deposition for Yue, we were informed by Xia that Yue "is going to be tested for Covid," as "[s]he may have been exposed to another person who tested positive"; we timely conveyed this new development to the SEC. (Ex. 10 at 1.) We later informed the SEC that "Yue was in a hospital ER for treatment …, and that she received a positive Covid test" on January 11, 2022. (Ex. 11 at 2.) We provided the SEC Yue's medical records, signed by her doctor, showing that Yue was treated in an emergency room and tested positive for Covid.[1] As an immediate contact of Yue, Xia was asked to take a Covid test, and he developed symptoms of constant coughing. On January 12, 2022, we explained to the SEC that, due to Yue's medical condition, Xia was "not able to prepare for and attend his deposition tomorrow," that "[w]e will need to adjourn that deposition." (Ex. 11 at 1.) The SEC asserted that we did not have "a reasonable basis to postpone" Xia's deposition. (*Id.*)

Yue was later diagnosed with a major nonphysical condition, and her doctor has an appointment to see her on February 3, 2022 and will determine if the medicines she must take will make her unfit for a deposition. In fact, we provided such a letter to the SEC today. We have previously provided the SEC with Yue's medical records and provided Xia's Covid test result to the SEC. (*See* Ex. 13.) The SEC replied with a request that we "confirm before noon tomorrow: (1) that Thurs, February 3 at 10 am works for Mr. Xia's deposition, and (2) that Ms. Yue can be deposed on Feb 4 or 7." (*Id.* at 1.) Xia preferred to be deposed on Monday, Feb. 7 and Yue "agreed to a tentative date on Friday, Feb. 4," subject to "a medical note about the impact of medications on her condition." (*Id.*) We told the SEC that we would provide "that note as soon as we get it on Feb. 3." (*Id.*) On January 29, 2022, despite Xia's continued persistent Covid symptoms, we communicated to the SEC Xia's offer "to have his deposition on Feb. 3 if that will give the SEC greater assurance that any motion to compel against him is moot." (Ex. 1 at 2.) In response, the SEC "agree[d] to conduct Mr. Xia's deposition on Feb. 3, at 10 am, but reject the pre-condition" we proposed. (*Id.* at 1.) As a result, we confirmed Xia's deposition for February 7.

Respectfully submitted,

*/s/ Hervé Gouraige*
Hervé Gouraige

---

[1] Yue's medical records contain sensitive personal information. As a result, we have not attached them to this letter. We have attached to this letter a motion to file the medical records of Yue and Xia under seal as Exhibit 12. The medical records also include Xia's positive Covid test.