UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>- v -<br><br>RICHARD XIA, a/k/a YI XIA, and FLEET NEW YORK METROPOLITAN REGIONAL CENTER, LLC, f/k/a FEDERAL NEW YORK METROPOLITAN REGIONAL CENTER, LLC,<br><br>Defendants,<br><br>JULIA YUE, a/k/a JIQING YUE,<br><br>Relief Defendant. | Civil Action No. 21-cv-5350-PKC-CLP |

**DEFENDANT RICHARD XIA'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Fed. R. Civ. P. 26 and 33, Defendant Richard Xia ("Xia"), by and through his undersigned counsel, hereby propounds the following objections and responses to Plaintiff Securities and Exchange Commission's ("SEC") First Set of Interrogatories ("Interrogatories") as follows:

**GENERAL OBJECTIONS**

The following objections apply generally to the SEC's Interrogatories as if fully set forth in response to each interrogatory ("Interrogatory") therein.

EXHIBIT
52
SEC v. Xia, et al.

Ex. 52-1

1.  These General Objections apply to and are incorporated in each individual response to each Interrogatory herein whether expressly incorporated by reference in such individual responses.

2.  Xia objects to the Interrogatories to the extent they seek information in violation of Xia's Fifth Amendment rights.

3.  Xia objects to the Interrogatories to the extent they seek the production of documents or disclosure of information that implicates privileged attorney-client material, that constitute attorney-work product or trial preparation materials, or that are otherwise immune or protected from disclosure, including the marital and spousal privileges, and will not produce such documents or disclose such information. In making this response and in producing documents and information in connection with this action, Xia reserves all claims of privilege and other such protections and further hereby expressly reserves the right to demand the return of all copies of, and object to the use of, any document or information subject to a claim of privilege or other such protections that are inadvertently disclosed.

4.  Xia objects to the Interrogatories to the extent that they are overly broad, unduly burdensome, seek the production of documents and information that are neither relevant to the issues in this action nor are reasonably calculated to lead to the discovery of admissible evidence.

5.  Xia objects to the Interrogatories to the extent that they are vague, ambiguous, or incomprehensible, or otherwise lack sufficient precision and require conjecture as to their meaning.

6.  Xia objects to the Interrogatories to the extent that they seek documents and information that are publicly available or that are obtainable from another source that is more convenient and less burdensome, or seek documents already in the possession, custody or control of SEC or its affiliates.

Ex. 52-2

7. Xia objects to the Interrogatories to the extent that they seek the production of documents and information that are outside of Xia's possession, custody or control.

8. Xia objects to the Interrogatories to the extent that they are not properly limited in time. Unless otherwise specified, Xia will produce documents and information from September 27, 2016 to the present.

9. Xia objects to the Interrogatories to the extent they seek to impose obligations or burdens more than those required under the Federal Rules of Civil Procedure, Local Rules, or other applicable provisions of law.

10. In responding to these Interrogatories, Xia does not concede the relevancy, materiality or admissibility of any information, Interrogatory, or document, and Xia's responses are without prejudice to Xia's right to object to such discovery.

11. Any representation herein that Xia will produce documents in response to any Interrogatory is not a representation that such documents in fact exist.

12. To the extent that Xia's production includes electronic documents, they will be produced in Summation-compatible format.

13. Xia reserves the right to modify, supplement or amend his Interrogatory responses and objections at any time prior to trial if additional documents or information become available.

Ex. 52-3

## RESPONSE TO INTERROGATORIES

**INTERROGATORY NO. 1:** Identify any consideration or value provided by Verfenstein in exchange for the Middle Neck Road Property.

**RESPONSE:** Upon information and belief, the SEC has characterized this transaction as a "fraudulent transfer." In view of that, Xia declines to respond to this Interrogatory based on his Fifth Amendment rights. Plaintiff has not made allegations regarding the Middle Neck Property in the Complaint and has not articulated any reasonable ground for concluding there is a connection between the Middle Neck Property and the EB-5 Projects or EB-5 investor funds. Xia further objects that this Interrogatory request information beyond the scope of permissible discovery and is not relevant to any issue in this litigation.

**INTERROGATORY NO. 2:** Identify the sources of funds used to purchase the Middle Neck Road Property.

**RESPONSE:** Upon information and belief, the SEC has characterized this transaction as a "fraudulent transfer." In view of that, Xia declines to respond to this Interrogatory based on his Fifth Amendment rights. Xia further objects that this Interrogatory request information beyond the scope of permissible discovery and is not relevant to any issue in this litigation.

**INTERROGATORY NO. 3:** Identify any consideration or value provided by Yue in exchange for the Kings Point Road Property.

**RESPONSE:** Upon information and belief, the SEC has characterized this transaction as a "fraudulent transfer." In view of that, Xia declines to respond to this Interrogatory based on his Fifth Amendment rights. Xia further objects to this Interrogatory based on marital and espousal privileges. Plaintiff has not articulated any reasonable ground for concluding there is a connection between the Kings Point Property and the EB-5 Projects or EB-5 investor funds. Xia

further objects that this Interrogatory request information beyond the scope of permissible discovery and is not relevant to any issue in this litigation.

**INTERROGATORY NO. 4:** Identify the sources of funds used to purchase the Kings Point Road Property.

**RESPONSE:** Upon information and belief, the SEC has characterized this transaction as a "fraudulent transfer." In view of that, Xia declines to respond to this Interrogatory based on his Fifth Amendment rights. Xia further objects to this Interrogatory based on marital and espousal privileges. Xia further objects that this Interrogatory request information beyond the scope of permissible discovery and is not relevant to any issue in this litigation.

Respectfully submitted,

SILLS CUMMIS & GROSS P.C.

By     /s/  Hervé Gouraige
    Attorney for Defendants Richard Xia and Fleet
    New York Metropolitan Regional Center, LLC,
    and Relief Defendant Julia Yue

Dated:  December 14, 2021

## **VERIFICATION**

I, RICHARD XIA, have read the foregoing Responses and Objections to Plaintiff Securities and Exchange Commission's First Set of Interrogatories, and, to the best of my personal knowledge, information, and belief, the factual statements contained therein are true and accurate. I verify under penalty of perjury that the foregoing statements made by me are true and correct.

Executed on  December 14, 2021

_____
Richard Xia

**Ex. 52-6**