| NEW YORK | | SHANGHAI |
| LONDON |  | ATLANTA |
| SINGAPORE | | BALTIMORE |
| PHILADELPHIA | FIRM and AFFILIATE OFFICES | WILMINGTON |
| CHICAGO | | MIAMI |
| WASHINGTON, DC | | BOCA RATON |
| SAN FRANCISCO | MICHAEL J. RINALDI | PITTSBURGH |
| SILICON VALLEY | DIRECT DIAL: +1 215 979 1126 | NEWARK |
| SAN DIEGO | PERSONAL FAX: +1 215 754 4682 | LAS VEGAS |
| LOS ANGELES | E-MAIL: MJRinaldi@duanemorris.com | CHERRY HILL |
| BOSTON | | LAKE TAHOE |
| HOUSTON | www.duanemorris.com | MYANMAR |
| DALLAS | | |
| AUSTIN | | ALLIANCES IN MEXICO |
| HANOI | | AND SRI LANKA |
| HO CHI MINH CITY | | |

May 20, 2022

VIA ECF

The Honorable Pamela K. Chen
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East, N 631
Brooklyn, N.Y. 11201

    Re:    <u>SEC v. Xia, No. 21-cv-5350</u>

Dear Judge Chen:

    On May 4, relief defendants Verfenstein and Yu filed their opposition (ECF 120) to the SEC's Motion to Extend the Asset Freeze to Certain Assets. On May 11, the SEC filed a reply (ECF 128), in which it raises several new arguments for the first time. Accordingly, relief defendants Verfenstein and Yu request leave to file a brief sur-reply addressing these arguments and respectfully request that this letter be accepted as such a sur-reply.

    <u>First</u>, the SEC argues that the invoices produced by Ms. Verfenstein are "insufficient" because they fail to comply with Article 15 of a contract between Fleet Financial Group, Inc., and Racanelli Construction Group, Inc. (SEC Reply at 5 (ECF 128).) The SEC, in quoting selectively from Article 15, fails to apprise the Court of an important provision of the contract, Article 3.4, which provides in part: "All invoices or requests for payment must be presented in writing in such form as may be required by the Developer and the Owner." (Ex. A.) Here, the invoices were in writing and in a form acceptable to the Developer (Fleet Financial Group) and the Owner's representative (defendant Xia). Nothing more is required.

    <u>Second</u>, the SEC argues for the first time that "[t]here is no evidence that Verfenstein ever sent the requisitions to Xia or that Xia ever received them: Verfenstein has provided no transmittal email or other documentary evidence that she ever sent the requisition forms to Xia."



(SEC Reply at 4 (ECF 128).)  But the SEC asked Ms. Verfenstein about this during her deposition:

> [SEC ATTORNEY:]  So you never e-mailed him to ask him for that amount?
>
> [MS. VERFENSTEIN:]  No.  He has my invoices the whole time.  It's not like he doesn't know he needs to pay me. I understand he has his difficulties.
>
> [SEC ATTONREY:]  And did you keep track of how much he owed you?
>
> [MS. VERFENSTEIN:]  <u>Yes. I submit requisitions.  It was very clearly indicated in every payment how much I requested and how much he paid and how much he hold retainage on it.  So it's very clearly indicated on all of the requisitions.</u>

(2/8/2022 Verfenstein Dep. at 75 (emphasis added) (Ex. B).)  Ms. Verfenstein also testified that she "[saw] him [defendant Xia] on the site all the time."  (2/8/2022 Verfenstein Dep. at 74 (Ex. B).)  In other words, Ms. Verfenstein testified that she submitted the requisitions, just not by e-mail, which is understandable given that they worked together, in-person, on the project site (indeed, the SEC admits multiple times that they worked together "hand in glove").  Thus, it should come as no surprise that there is no "transmittal email," because they were dealing with notarized paper documents and saw each other "on the site all the time."

<u>Third</u>, the SEC argues that the requisitions "only call for a payment of $4.6 million."  (SEC's Reply at 6 (ECF 128).)  But this, too, is not true.  We have attached as "Exhibit C" three requisition forms supporting the relief defendants' position.  Line 7 of each of the documents shows retainage amounts of $1,516,136.49, $2,207,875.27, and $2,724,493.33, respectively (for a total of $6,448,505.09), plus a current payment due of $4,649,562.56 (which is reflected on the latest of requisitions, May 31, 2019), for total owed balance of $11,098,067.60.  It is only by ignoring the retainage amounts—which the SEC concedes Ms. Verfenstein testified that she was owed—that the SEC can claim that Ms. Verfenstein is "only" owed $4.6 million.  (<u>See</u> 2/8/2022 Verfenstein Dep. at 78 (Ms. Verfenstein testified regarding the owed retainage) (Ex. B).)

<u>Fourth</u>, the SEC fails to substantively address the relief defendants' argument that there is no emergency warranting an asset freeze.  <u>See, e.g.</u>, <u>SEC v. Quan</u>, Civil No. 11-723, 2011 WL 1667985, at *5 (D. Minn. May 3, 2011) (denying SEC asset freeze where the transfers happened long ago and the SEC failed to demonstrate that the assets were in danger of being concealed or dissipated).  Rather, the SEC relegates to a footnote its explanation that it "took several months" for its "careful" analysis to take place.  (SEC's Reply at 9–10 n.8 (ECF 128).)  Notably, the SEC does not tell the Court <u>when</u> it learned of the transfers (it also failed to tell Ms. Verfenstein and Ms. Yu).  But, from a review of the public docket, we have determined that the SEC has known

The Honorable Pamela K. Chen
May 20, 2022
Page 3



since at least November 8, 2021, when it served interrogatories and document requests on defendant Xia related to Ms. Verfenstein's home at 235 Middle Neck Road.  (Exs. D & E.)  And, in those interrogatories and document requests, the SEC insisted on receiving responses and documents within three days, based on the Court's Order to Show Cause.  But, then, the SEC did not show the same diligence.  It was apparently so unconcerned about concealment or dissipation that it waited until April of the following year to amend its complaint and to file its Motion to Extend the Asset Freeze.[*]

      Here, then, we have a situation in which the SEC has known about the transfers for months, sat on the information, and went forward with a show cause hearing in which newly named relief defendants Verfenstein and Yu were not entitled to put on evidence or to cross-examine the SEC's witnesses.  Worse, the SEC now seeks to use the evidence from that hearing against them.  It is unfair to Ms. Verfenstein and Ms. Yu—and that unfairness was caused by the SEC.

      Further, the SEC has failed to meet its burden.  Given that the transfers happened in the middle of last year, the SEC cannot show the exigency needed for an emergency asset freeze.  As to Ms. Yu's home at 5 Vanderbilt Drive (in which she lives), the SEC cannot even show that investor assets were used.  As to both properties, the SEC also cannot show that there is no legitimate claim to the proceeds, with the SEC's argument largely depending on its baseless claims that the records submitted "do not appear authentic" and that the relief defendants are not "credible."  (SEC's Reply at 2 & 3–4 n.4 (ECF 128).)  Any one of these issues is fatal to the SEC's Motion.

---

[*] In addition, the SEC asked Ms. Verfenstein about both properties (235 Middle Neck Road and 5 Vanderbilt Drive) and her mother, Ms. Yu, during Ms. Verfenstein's deposition in early February.  Again, this shows that at a minimum the SEC has known about Ms. Verfenstein and Ms. Yu and the transfers for months.



      The fact is that issues about evidence, authenticity, credibility, and the like could have been handled at a hearing. But the SEC sat on the information since at least November of last year, denying Ms. Verfenstein and Ms. Yu—and the Court—that opportunity. The SEC's request for a "do over," so that it can "extend the asset freeze," is misplaced. All of this is a mess, and one entirely of the SEC's creation. It follows that the Motion should be denied.[†]

                                          Respectfully submitted,

                                          s/ Michael J. Rinaldi
                                          Mary P. Hansen (N.Y. Bar No. 2935385)
                                          Michael J. Rinaldi (admitted pro hac vice)
                                          DUANE MORRIS LLP
                                          30 S. 17th St.
                                          Philadelphia, Pa. 19103
                                          (215) 979-1000 (telephone)
                                          (215) 979-1020 (facsimile)
                                          MPHansen@duanemorris.com
                                          MJRinaldi@duanemorris.com

                                          Attorneys for Relief Defendants Xi
                                          Verfenstein and Xinming Yu

cc: All Counsel of Record (via ECF)

---

[†] In addition, relief defendants Verfenstein and Yu respectfully request oral argument on the SEC's Motion.