

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
100 Pearl Street, Suite 20-100
New York, NY 10004-2616

New York
Regional Office

May 23, 2022

**VIA ECF**

The Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East, Chambers N 631
Brooklyn, NY 11201

Re: ***SEC v. Richard Xia et al.*, 21-cv-05350-PKC-RER**

Dear Judge Chen:

Plaintiff Securities and Exchange Commission respectfully writes to request that the Court strike the unauthorized sur-reply (Dkt. 134) filed by counsel to Relief Defendants Xi Verfenstein ("Verfenstein") and Xinming Yu ("Yu") or, in the alternative, accept this letter as the SEC's sur-sur-reply to the sur-reply's four arguments.

First, Verfenstein claims that her failure to provide any of the payment documents required by Article 15 of the contract between her and Defendant Richard Xia ("Xia") should be excused based on Article 3.4 of the contract, which states that "invoices and requests for payment must be presented in writing in such form as may be required by [Verfenstein and Xia]." Dkt. 134 at 1. Verfenstein, however, does not point to any evidence that she and Xia ever reached an agreement about the form of "invoices and requests for payment," other than their agreement to the payment provisions in Article 15. And even Article 3.4 requires that "requests for payment" must be "in writing," Dkt. 135-1 at 5, yet there is no writing in which Verfenstein requests payment of $11 million. In any event, to the extent there is a conflict between the general statement in Article 3.4 and the specific payment provisions in Article 15 of the contract, then the specific provisions in Article 15 control. *Travelers Indemnity Co. of Ill. v. F&S London Pub, Inc.*, 270 F. Supp.2d 330, 333 (E.D.N.Y 2003) ("It is black letter contract law 'that where there is 'inconsistency between a specific provision of a contract and a general provision of a contract…the specific provision controls.'") (citation omitted).

Second, Verfenstein tries to explain why there is no written evidence that she ever submitted the requisition forms at issue to Xia or that Xia ever received them.

Hon. Pamela K. Chen
May 23, 2022
Page 2

Simply asserting that Xia and Verfenstein "worked together," Dkt. 134 at 1-2, however, is no substitute for evidence that Verfenstein made an actual request to be paid $11 million.

Third, Verfenstein submits new requisition forms (Dkt. 135-3) to support her claim that Xia "owed" her $11 million. But these new requisition forms suffer from the same defect as the others: they do not state that the amounts listed as retainage are actually due and owing. On the contrary, the "Current Payment Due" on each of the new requisition forms clearly does *not* include the retainage. Indeed, Verfenstein fails to identify any document in which she requested payment of the retainage.

Finally, Verfenstein claims the SEC "sat on the information" concerning Xia's purchase of the three mansions, that she has not had a chance to "put on evidence," and this this has been "unfair" to her. Dkt. 134 at 3. None of this is true. Verfenstein and Yu have had a full opportunity to put forward evidence of any legitimate claim they may have to the Middle Neck Road and Vanderbilt Drive mansions. The fact remains that they have none. As to the timing of the SEC's motion to expand the asset freeze, the SEC served Verfenstein with a deposition subpoena on October 5, 2021, but her deposition was repeatedly delayed. On January 28, 2022, Verfenstein refused to appear for her deposition scheduled for January 31, citing various medical reasons, including that she needed to avoid "stressful" situations. The SEC then filed a motion to compel her deposition (and Xia's). Dkt. 57 (SEC letter dated Feb. 1, 2022, describing SEC efforts to depose Xia and Verfenstein). After the Court issued a text order on Feb. 1, 2022, warning that "dilatory and evasive discovery tactics will not be tolerated," Verfenstein finally appeared for her deposition (as Xia did for his) the week before the show-cause hearing began on February 14.

Respectfully submitted,

/s/ David Stoelting
Kevin P. McGrath
David Stoelting
Kim Han
Attorneys for Plaintiff

cc (by ECF):   All defense counsel