UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>         Plaintiff,<br><br>  -against-<br><br>RICHARD XIA, a/k/a YI XIA; and FLEET NEW YORK METROPOLITAN REGIONAL CENTER, LLC, f/k/a FEDERAL NEW YORK METROPOLITAN REGIONAL CENTER, LLC;<br><br>         Defendants,<br><br>  -and-<br><br>JULIA YUE, a/k/a JIQING YUE, XI VERFENSTEIN, XINMING YU<br><br>         Relief Defendants. | 21 Civ. 5350 (PKC) |

**DECLARATION OF M. SCOTT PEELER IN SUPPORT OF MOTION
AUTHORIZING THE RELEASE OF FUNDS FOR INSURANCE COVERAGE**

I, M. Scott Peeler, pursuant to 28 U.S.C. § 1746, declare as follows:

  1.  I am a member of the bar of this Court and have served as the Court-Appointed Monitor in the above captioned matter since September 27, 2021.

  2.  I make this Declaration in support of my motion authorizing the release of funds to obtain insurance coverage in connection with the real properties located at 42-23 Union Street,

Queens, New York 11355 ("Eastern Mirage")[1] and at 112-21 Northern Boulevard, Queens, New York 11368 ("Eastern Emerald") (collectively, the "Projects") as follows:

    a. <u>Commercial General Liability Insurance for Eastern Mirage</u>. A Commercial General Liability Policy in the amount of One Million Dollars ($1,000,000) each Occurrence, Two Million Dollars ($2,000,000) general aggregate limit, issued by Atlantic Casualty Insurance Company. There are $92,526.80 in premiums owed to Atlantic Coast Risk Services for one year of coverage. An Excess Liability Policy in the amount of Five Million Dollars ($5,000,000) each Occurrence and Five Million Dollars ($5,000,000) annual aggregate limit issued by StarStone National Insurance Company. There are $19,882.00 in premiums owed to Atlantic Coast Risk Services for one year of coverage.[2]

    b. <u>Commercial General Liability Insurance for Eastern Emerald</u>. A Commercial General Liability Policy in the amount of One Million Dollars ($1,000,000) each Occurrence, Two Million Dollars ($2,000,000) general aggregate limit, issued by Peleus Insurance Company. There are $40,027.04 in premiums owed to Atlantic Coast Risk Services for one year of coverage. An Excess Liability Policy in the amount of Five Million Dollars ($5,000,000) each Occurrence and Five Million Dollars ($5,000,000) annual aggregate limit issued by StarStone National Insurance Company. There are $9,924.00 in premiums owed to Atlantic Coast Risk Services for one year of coverage.[3]

**Funds are Necessary to Pay for Commercial General Liability Insurance for Eastern Mirage**

3.     X&Y Development Group, LLC ("X&Y") is the owner of Eastern Mirage.

4.     X&Y initially obtained Commercial General Liability ("CGL") insurance through the captive Fleet General Insurance Group, Inc. ("FGIG"), using investor funds to pay premiums.

5.     Based upon my review of the documents and information the SEC submitted in support of this enforcement action and the documents and information I was able to obtain from Defendants, there do not appear to be sufficient investor funds in FGIG bank accounts or Eastern

---

[1] The Mirage Property is also known as 42-31 Union Street, Queens, New York 11355, but the New York City Department of Finance property tax records identify the address as 42-23 Union Street.
[2] *See* Exhibits A and B.
[3] *See* Exhibits C and D.

Mirage Property bank accounts with which to fully pay the CGL Policy for the Eastern Mirage Project.

6. As a result, it will be necessary to use investor funds currently held at CTBC and deposited in Defendant's Eastern Emerald Group LLC account, ending in 0808, to fully pay for the CGL Policy for the Eastern Mirage Project.[4]

**Funds are Necessary to Pay for Commercial General Liability Insurance for Eastern Emerald**

7. Eastern Emerald Group, LLC ("EEG") is the owner of Eastern Emerald.

8. EEG initially obtained CGL insurance through captive FGIG, using investor funds to pay premiums.

9. Based upon my review of the documents and information the SEC submitted in support of this enforcement action and the documents and information I was able to obtain from Defendants, there do not appear to be sufficient investor funds in FGIG bank accounts with which to fully pay the CGL Policy for the Eastern Emerald Project.

10. There are, however, sufficient funds in the EEG's CTBC account ending in 0808 to fully pay for the CGL Policy for the Eastern Emerald Project.

**Conclusion**

11. Based upon information and belief and communications with the SEC, there are (a) sufficient funds in The Eastern Emerald Group LLC account, ending in 0808, to fund the payment of the CGL Policy for the Eastern Mirage Project and (b) sufficient funds in The Eastern Emerald

---

[4] As detailed in the Motion to Release Funds for the Payment of Property Taxes (*see* ECF No. 36) and despite considerable effort, I am at present unable to confirm the extent to which (a) Eastern Emerald investor funds and Eastern Mirage investor funds have been comingled and (b) investor funds have been otherwise transferred for non-Project uses.

Group LLC account, ending in 0808, to fund the payment of the CGL Policy for the Eastern Emerald Project.

12. The SEC is aware of and consents to the request for authorization to release certain funds to pay for independent, third-party insurance for the Eastern Mirage Project and Eastern Emerald Project. Defendants are aware of the request and consent solely to the relief sought. Defendants informed me that they do not consent to or agree with any of the comments or characterizations in the motion papers.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 25, 2022
New York, NY

s/ M. Scott Peeler
M. Scott Peeler
Court Appointed Monitor