# WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

FOUNDED 1888

270 MADISON AVENUE
NEW YORK, NY 10016
212-545-4600

SYMPHONY TOWERS
750 B STREET - SUITE 1820
SAN DIEGO, CA 92101
619-239-4599

MARK C. RIFKIN
DIRECT DIAL: 212-545-4762
FACSIMILE: 212-686-0114
rifkin@whafh.com

May 27, 2022

VIA EFC
Hon. Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:     <u>SEC v. Xia, et al.</u>, No. 21-cv-05350-PKC-RER

Dear Judge Chen:

      We write on behalf of the defendants, Richard Xia and Fleet Financial, to request a settlement conference with the Court at Your Honor's earliest convenience to address (i) the pending motion for a preliminary injunction continuing the asset freeze, and (ii) a possible global resolution of the action.

      When Wolf Haldenstein was retained by the defendants a short time ago, we were instructed by our clients to develop and implement a plan to promptly resolve the litigation that will *pay all the Eastern Mirage EB-5 applicants in full*, provide sufficient funds to complete the Mirage project, *pay in full* all those Eastern Emerald EB-5 applicants who wish to leave that project, provide sufficient funds to complete the Emerald project, and pay off CTBC and satisfy all other outstanding financial obligations on both projects. Pursuant to that instruction, and in addition to attending to the litigation itself, we have: (a) communicated by telephone and email with the Monitor to obtain needed insurance for both projects, to protect and secure the Mirage building and site, to maintain the Eastern Emerald foundation, to resolve all outstanding Building Code violations and issues, and to provide interim payments to various vendors; (b) interviewed and coordinated with three separate lenders to provide $367 million in financing for both projects; (c) interviewed and coordinated with an *independent* consultant who will be retained as an outside "chief financial officer" and an *independent* certified public accounting firm, both of whom are being retained to assume *full* responsibility for the various entities' internal and external business and financial reporting functions; (d) consulted with an expert on immigration law to advise us on how best to protect the immigration status and rights of the various EB-5 applicants; (e) communicated with CTBC and project vendors to assure them of a plan for payment of their claims and to make arrangements for interim payments to CTBC and one or more vendors; and (f) communicated regularly with counsel for the Relief Defendants and counsel for the defendants in the related securities class actions to coordinate efforts to resolve the litigation.

Hon. Pamela K. Chen
May 27, 2022
Page 2

We provided a preview of the defendants' settlement plan to counsel for the SEC in a Webex conference on May 12, 2022, and we followed up that conference with a letter on May 17, 2022, and again by email on May 24 and 25, 2022, in which, among other things, we provided term sheets from all three lenders with whom the defendants are working. We provided even more detail of the defendants' settlement plan to counsel for the SEC during a second Webex conference on May 25, 2022. Despite the defendants' good faith plan to settle the litigation and our various attempts to cooperate with them, the SEC seems unwilling to agree to any consensual resolution of the litigation, needlessly forcing the parties and the Court to expend resources and delay the outcome of the lawsuit – which may make it more difficult or impossible for the defendants to secure the financing necessary to pay the investors and complete the projects.

At the conclusion of the show cause hearing on February 16, 2022, Your Honor encouraged the parties to "sit down" to try to resolve the dispute before the Court issues a ruling on the preliminary injunction motion that may make it more difficult to reach a settlement. We have been guided by the Court's comments throughout the hearing about the issues to be resolved, including the need to *put standard business and accounting practices in place*, as well as Mr. Xia's unwavering commitment to *complete both construction projects and repay all the EB-5 applicants in full*. The settlement plan we have twice previewed with the SEC accomplishes all those objectives and more. But we cannot "sit down" at the settlement table alone. Meanwhile, the lenders are progressing with their due diligence and have set ambitious timetables to fund the loans before interest rates rise and the cost of capital increases. However, their willingness and ability to close on the loans is dependent upon a resolution of this litigation.

Despite our attempt to address all of the SEC's allegations of wrongdoing – which Defendants steadfastly deny – and to satisfy the Court's direction that standard business and accounting practices be put in place – the SEC refuses to engage in a meaningful discussion of this potential resolution of the litigation. Because the SEC is not acting in good faith, we ask the Court to direct all the parties and their counsel to appear for a settlement conference at Your Honor's earliest convenience.

Regarding the SEC's motion for a preliminary injunction freezing Defendants' assets, we proposed *continuing the asset freeze currently in place without modification*, on the existing terms and conditions in the TRO (including the cap of $229 million). In other words, we agreed to all the relief which the SEC seeks in its preliminary injunction motion. In return for withdrawing our objection to the motion to continue asset freeze as to Defendants, we sought only an agreement from the SEC to release funds which the SEC has frozen *in excess* of $229 million. Defendants proposed specific assets to remain frozen and to be released. The SEC insists on freezing all the Defendants' assets without regard to the $229 million cap and was not prepared to place any value on any frozen non-cash assets, including the real estate for both projects (which the SEC acknowledges are currently subject to the freeze). Accordingly, the parties could not reach a resolution of the motion.

Hon. Pamela K. Chen
May 27, 2022
Page 3

  Thank you in advance for Your Honor's kind consideration. We are, as always, available to answer any questions Your Honor may have.

                Respectfully yours,

                Mark C. Rifkin
                For the Firm

cc:  All Counsel (via ECF)