UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | Case No. 21-cv-05350-PKC-RER |
| RICHARD XIA, a/k/a YI XIA, <u>et al.</u>, | **JURY TRIAL DEMANDED** |
| Defendants, | |
| and | |
| JULIA YUE, a/k/a JIQUING YUE, <u>et al.</u>, | |
| Relief Defendants. | |

## <u>ANSWER OF RELIEF DEFENDANTS XI VERFENSTEIN AND XINMING YU</u>

Relief defendants Xi Verfenstein and Xinming Yu, by and through their undersigned

counsel, hereby answer the amended complaint in this matter (ECF 98) as follows:

1.      The allegations of this paragraph are directed to parties other than relief

defendants Verfenstein and Yu, and, thus, no response is required.  To the extent a response is

required, the allegations of this paragraph are denied.

2.      The allegations of this paragraph are directed to parties other than relief

defendants Verfenstein and Yu, and, thus, no response is required.  To the extent a response is

required, the allegations of this paragraph are denied.

3.      The allegations of this paragraph are directed to parties other than relief

defendants Verfenstein and Yu, and, thus, no response is required.  To the extent a response is

required, the allegations of this paragraph are denied.

4.      The allegations of this paragraph are directed to parties other than relief defendants Verfenstein and Yu, and, thus, no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

5.      The allegations of this paragraph are directed to parties other than relief defendants Verfenstein and Yu, and, thus, no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

6.      The allegations of this paragraph are directed to parties other than relief defendants Verfenstein and Yu, and, thus, no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

7.      The allegations of this paragraph are directed to parties other than relief defendants Verfenstein and Yu, and, thus, no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

8.      The allegations of this paragraph are directed to parties other than relief defendants Verfenstein and Yu, and, thus, no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

9.      The allegations of this paragraph are directed to parties other than relief defendants Verfenstein and Yu, and, thus, no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

10.      The allegations of this paragraph are directed to parties other than relief defendants Verfenstein and Yu, and, thus, no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

11.     The allegations of this paragraph are directed to parties other than relief defendants Verfenstein and Yu, and, thus, no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

12.     The allegations of this paragraph are denied.

13.     The allegations of this paragraph are directed to parties other than relief defendants Verfenstein and Yu, and, thus, no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

14.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

15.     The allegations of this paragraph are directed to parties other than relief defendants Verfenstein and Yu, and, thus, no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

16.     The allegations of this paragraph are directed to parties other than relief defendants Verfenstein and Yu, and, thus, no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

17.     The allegations of this paragraph are directed to parties other than relief defendants Verfenstein and Yu, and, thus, no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

18.     Relief defendants Verfenstein and Yu admit only that, on September 27, 2021, the plaintiff filed an application for emergency relief, which was granted by the Court.  The remaining allegations of this paragraph are legal conclusions to which no response is required, and, to the extent a response is required, they are denied.

19.     The allegations of this paragraph are directed to parties other than relief defendants Verfenstein and Yu, and, thus, no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

20.     Relief defendants Verfenstein and Yu admit only that a show-cause hearing was held from February 14 to 16, 2022, that post-hearing briefing was scheduled, and that the plaintiff filed a motion to extend the asset freeze.  The remaining allegations of this paragraph are legal conclusions to which no response is required, and, to the extent a response is required, they are denied.

21.     The allegations of this paragraph are directed to parties other than relief defendants Verfenstein and Yu, and, thus, no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

22.     The allegations of this paragraph are directed to parties other than relief defendants Verfenstein and Yu, and, thus, no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

23.     The allegations of this paragraph are directed to parties other than relief defendants Verfenstein and Yu, and, thus, no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

24.     The allegations of this paragraph are denied.

25.     The allegations of this paragraph are denied.

26.     The allegations of this paragraph are denied.

27.     The allegations of this paragraph consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

28.     The allegations of this paragraph consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

29.     The allegations of this paragraph consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

30.     The allegations of this paragraph consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

31.     The allegations of this paragraph consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

32.     The allegations of this paragraph consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

33.     Relief defendants Verfenstein and Yu deny that defendant Xia controls Perini Group, Inc., and Racanelli Construction Group, Inc.  As to the remaining allegations of this paragraph, relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of the allegations; consequently, the allegations are denied.

34.     The allegations of this paragraph are directed to parties other than relief defendants Verfenstein and Yu, and, thus, no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

35.     The allegations of this paragraph consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

36.     The allegations of this paragraph are directed to parties other than relief defendants Verfenstein and Yu, and, thus, no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

37.     The allegations of this paragraph are admitted, except that relief defendant Verfenstein is the owner of Racanelli and Perini, not the "purported" owner.  Thus, to the extent that the plaintiff alleges that relief defendant Verfenstein is merely the "purported" owner of Racanelli and Perini—and not the owner—those allegations are denied.

38.     The first sentence of this paragraph is admitted, and the second sentence is denied.

39.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

40.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

41.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

42.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

43.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

44.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

45.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

46.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

47.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

48.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

49.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

50.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

51.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

52.     Relief Defendants Verfenstein and Yu admit that Perini is a New York corporation formed on December 2, 2015.  The remaining allegations of this paragraph are denied.

53.     Relief Defendants Verfenstein and Yu admit that Racanelli is a New York corporation formed on June 21, 2011.  The remaining allegations of this paragraph are denied.

54.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

55.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

56.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

57.     The allegations of this paragraph are directed to parties other than relief defendants Verfenstein and Yu, and, thus, no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

58.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

59.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

60.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

61.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

62.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

63.     The allegations of this paragraph are directed to parties other than relief defendants Verfenstein and Yu, and, thus, no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

64.     The allegations of this paragraph consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

65.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

66.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

67.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

68.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

69.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

70.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

71.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

72.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

73.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

74.     The allegations of this paragraph are directed to parties other than relief defendants Verfenstein and Yu, and, thus, no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

75.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

76.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

77.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

78.     The allegations of this paragraph consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

79.     The allegations of this paragraph consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

80.     The allegations of this paragraph are directed to parties other than relief defendants Verfenstein and Yu, and, thus, no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

81.     The allegations of this paragraph are directed to parties other than relief defendants Verfenstein and Yu, and, thus, no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

82.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

83.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

84.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

85.     The allegations of the first four sentences of this paragraph are directed to parties other than relief defendants Verfenstein and Yu, and, thus, no response is required, and, to the extent a response is required, the allegations are denied. As to the last sentence of this paragraph, relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of the allegations against relief defendant Yue; consequently, these allegations are denied.  As to the last sentence of this paragraph, relief defendants Verfenstein

and Yu deny the allegations related to relief defendants Verfenstein and Yu.  The remaining allegations of this paragraph are denied.

86.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

87.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

88.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

89.     The allegations of this paragraph consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

90.     The allegations of this paragraph are directed to parties other than relief defendants Verfenstein and Yu, and, thus, no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

91.     The allegations of this paragraph are directed to parties other than relief defendants Verfenstein and Yu, and, thus, no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

92.     The allegations of this paragraph are directed to parties other than relief defendants Verfenstein and Yu, and, thus, no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

93.     The allegations of this paragraph are directed to parties other than relief defendants Verfenstein and Yu, and, thus, no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

94.     The allegations of this paragraph are directed to parties other than relief defendants Verfenstein and Yu, and, thus, no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

95.     The allegations of this paragraph are directed to parties other than relief defendants Verfenstein and Yu, and, thus, no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

96.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first through fourth and seventh sentences of this paragraph; consequently, these allegations are denied.  Relief defendants Verfenstein and Yu deny the allegations of the fifth sentence of this paragraph.  The sixth and eighth sentences of this paragraph consist of legal conclusions to which no response is request, and, to the extent a response is required, the allegations are denied.  The remaining allegations of this paragraph are denied.

97.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

98.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

99.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

100.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

101.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of the allegation in the first sentence of this paragraph;

consequently, this allegation is denied.  The remainder of this paragraph consists of a legal conclusion to which no response is required, and, to the extent a response is required, the allegations are denied.

102.    Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

103.    The allegations of this paragraph are directed to parties other than relief defendants Verfenstein and Yu, and, thus, no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

104.    Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

105.    Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

106.    Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

107.    The allegations of this paragraph are directed to parties other than relief defendants Verfenstein and Yu, and, thus, no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

108.    The allegations of this paragraph are directed to parties other than relief defendants Verfenstein and Yu, and, thus, no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

109.    Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

110.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

111.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

112.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

113.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

114.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

115.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

116.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

117.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

118.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

119.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

120.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

121.     The allegations of this paragraph consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

122.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

123.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

124.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

125.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

126.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

127.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

128.     It is admitted that Racanelli was incorporated in 2011. The remaining allegations of this paragraph are denied.

129.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

130.     It is admitted that in 2015 Perini was incorporated; the remainder of the first sentence of this paragraph is denied.  Relief defendants Verfenstein and Yu are without knowledge or information to form a belief as to the truth of the second and fourth sentences of this paragraph; thus, the allegations in those sentences are denied.  The allegations in the third sentence of this paragraph are denied.

15

131.    The plaintiff's allegations are vague and ambiguous insofar as the identity of the "he" identified in the first sentence of this paragraph is undefined.  Subject to the preceding sentence, relief defendants Verfenstein and Yu deny that "he" controlled Racanelli and Perini.  As to the remaining allegations, relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of the allegations; consequently, the allegations are denied.

132.    The allegations of this paragraph are denied.

133.    Relief defendants Verfenstein and Yu deny that defendant Xia controlled Racanelli and Perini.  As to the remaining allegations of this paragraph, relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of the allegations; consequently, the allegations are denied.

134.    Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

135.    Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

136.    Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

137.    Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

138.    Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

139.    As to the first sentence of this paragraph, relief defendants Verfenstein and Yu are unaware of the "[c]urrent photographs" to which plaintiff refers and, thus, are without

knowledge or information sufficient to form a belief as to the truth of the allegations of this sentence; consequently, these allegations are denied.  As to the second sentence of this paragraph, it is admitted that a Brownfield remediation was completed in 2015; the remaining allegations of the second sentence are denied.  The remaining allegations of this paragraph are denied.

140.    Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

141.    Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

142.    The allegations of this paragraph consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

143.    Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

144.    Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

145.    Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

146.    Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

147.    Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

148.    Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

17

149.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

150.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

151.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

152.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

153.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

154.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

155.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

156.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

157.     Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

158.     It is denied that Racanelli and Perini were merely the "purported" general contractors; rather, they were the general contractors.  As to the remaining allegations of this paragraph, relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of the allegations; consequently, the allegations are denied.

159.    Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

160.    Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

161.    Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

162.    The allegations of this paragraph are directed to parties other than relief defendants Verfenstein and Yu, and, thus, no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

163.    Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

164.    Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

165.    The allegations of this paragraph are denied.

166.    Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

167.    Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

168.    Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

169.    Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

170.    Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

171.    Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

172.    Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

173.    Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

174.    Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

175.    Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

176.    Admitted that, on August 30, 2021, relief defendant Verfenstein became the sole owner of a property on Middle Neck Road, with a house of approximately 11,955 square feet, with 13 bedrooms, and that the property includes a private beach, a tennis court, and another building with 4 bedrooms.  The remaining allegations of this paragraph are denied.

177.    As to the first sentence of this paragraph, relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of the allegations; consequently, these allegations are denied.  The remaining allegations are admitted in part and denied in part. It is admitted that relief defendant Verfenstein formed Yume Sansui LLC and transferred title to the Middle Neck Road property to Yume Sansui LLC on December 9, 2021. It is further admitted that, on December 9, 2021, relief defendant Verfenstein obtained a $2 million

mortgage loan from a lender using the Middle Neck Road property as collateral. The remaining allegations of this paragraph are denied.

178.   Admitted in part, and denied in part. It is admitted that between January 2021 and April 2021, approximately $997,000 was transferred from Perini bank accounts to a Chase Bank account in the name of Impact Environmental Soil Management and that relief defendant Verfenstein's mother was listed on the account signature card as the president and sole signatory on the Impact Environmental account. It is further admitted that, in early April 2021, $130,000 was transferred into the Impact Environmental account from a bank account in the name of relief defendant Verfenstein's father. The remaining allegations of this paragraph are denied.

179.   Relief defendants Verfenstein and Yu admit that on April 9, 2021, $1.11 million was wired out of the Impact Environmental account to a law firm as a down payment for the purchase of the Middle Neck Road property. Relief defendants Verfenstein and Yu further admit that relief defendant Verfenstein signed the contract of sale for the Middle Neck Road property. The remaining allegations of this paragraph are denied.

180.   Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

181.   The allegations of this paragraph are denied.

182.   The allegations of this paragraph are denied.

183.   Admitted that relief defendant Yu is relief defendant Verfenstein's mother, that relief defendant Yu, on May 25, 2021, became the sole owner of a property on Vanderbilt Drive, that the purchase price was approximately $4.3 million, and that there is no mortgage or lien on the property.  The remaining allegations of this paragraph are denied.

184.    Admitted that relief defendant Yu's property on Vanderbilt Drive consists of a house with 5 bedrooms and 9 bathrooms, sitting on 2.21 acres, with an indoor swimming pool and a tennis court, and that the property is beachfront.  The remaining allegations of this paragraph are denied.

185.    The allegations of the first sentence of this paragraph are denied.  The allegations of the second and third sentences of this paragraph are admitted.

186.    It is admitted that, on April 19, 2021, 2 wires totaling $433,377.77 were sent from an Impact Environmental account to a TD Bank account in the name of relief defendant Yu and that, on April 21, 2021, the same amount was wired from the TD Bank account to a law office as the down payment for the Vanderbilt Drive property.  The remaining allegations of this paragraph are denied.

187.    As to the first sentence of this paragraph, relief defendants Verfenstein and Yu admit that, between April 20 and April 29, 2021, 2 checks totaling $178,059.98 from a Perini account were deposited into an Impact Environmental account.  The remaining allegations of the first sentence of this paragraph are denied.  As to the second sentence of this paragraph, relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of the allegations; consequently, the allegations are denied.  As to the third sentence of this paragraph, relief defendants Verfenstein and Yu admit that $2.47 was wired on April 21, 2021, into a Perini account with the notation of "property purchase."  The remaining allegations of the third sentence of this paragraph are denied.  As to the fourth sentence of this paragraph, relief defendants Verfenstein and Yu admit that $2.2 million was wired on May 4, 2021, into an Impact Environmental account and that $250,000 was wired on May 21, 2021, to

the attorney representing relief defendant Yu in the purchase of the property.  The remaining allegations of the fourth sentence of this paragraph are denied.

188.    Relief defendants Verfenstein and Yu admit that (on May 7, 2021) $2.431 million was withdrawn from an Impact Environmental account and deposited into a Chase account in Yu's name, that $2.43 million was wired from a Chase account in Yu's name into a CTBC account in Yu's name, that the CTBC account was opened on May 7, 2021, and, as of that date, had no other deposits, and that (on May 21, 2021) $2.43 million was wired from a CTBC account in Yu's name to the attorney representing Yu in the purchase of the Vanderbilt Drive property.  The remaining allegations of this paragraph are denied.

189.    Relief defendants Verfenstein and Yu are without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of this paragraph; consequently, these allegations are denied.  As to the second and third sentences of this paragraph, relief defendants Verfenstein and Yu admit that, on May 21, 2021, $1.1 million was wired to a Perini account and that, on May 24, 2021, $1.1 million was wired from a Perini account to an Impact Environmental account and then wired to the attorney representing Yu in the purchase of the property.  The remaining allegations of this paragraph are denied.

190.    The allegations of this paragraph are denied.

191.    Relief defendants Verfenstein and Yu incorporate the responses to the allegations contained in numbered paragraph 1 through 190 of this answer as if set forth fully herein.

192.    The allegations of this paragraph are directed to parties other than relief defendants Verfenstein and Yu, and, thus, no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

193.    The allegations of this paragraph are directed to parties other than relief defendants Verfenstein and Yu, and, thus, no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

194.    Relief defendants Verfenstein and Yu incorporate the responses to the allegations contained in numbered paragraph 1 through 190 of this answer as if set forth fully herein.

195.    The allegations of this paragraph are directed to parties other than relief defendants Verfenstein and Yu, and, thus, no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

196.    The allegations of this paragraph are directed to parties other than relief defendants Verfenstein and Yu, and, thus, no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

197.    Relief defendants Verfenstein and Yu incorporate the responses to the allegations contained in numbered paragraph 1 through 190 of this answer as if set forth fully herein.

198.    The allegations of this paragraph are denied.

199.    The allegations of this paragraph are denied.

## PRAYER FOR RELIEF

Relief defendants Verfenstein and Yu otherwise deny all other allegations in the plaintiff's amended complaint and any exhibits or attachments thereto.  Relief Defendants Verfenstein and Yu deny plaintiff's Prayer for Relief and the paragraphs therein and respectfully request that the Court:

1.    Dismiss the plaintiff's amended complaint with prejudice.

2.    Enter judgment in favor of relief defendants Verfenstein and Yu and against plaintiff.

3.      Enter an award for attorney's fees and costs against plaintiff and in favor of relief defendants Verfenstein and Yu.

4.      Grant any other and further relief this Court may deem just and proper.

## AFFIRMATIVE DEFENSES

Relief defendants Verfenstein and Yu state the following defenses to plaintiff's amended complaint, but does not assume a burden of proof on any such defense except as required by applicable law with respect to a particular defense asserted. Relief defendants Verfenstein and Yu reserve the right to amend or supplement or assert other affirmative or additional defenses and otherwise to amend or to supplement this answer upon discovery of facts or evidence or otherwise.

## FIRST AFFIRMATIVE DEFENSE

The amended complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The plaintiff's claims are barred, in whole or in part, by estoppel.

## THIRD AFFIRMATIVE DEFENSE

The plaintiff's claims are barred, in whole or in part, by waiver.

## FOURTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred, in whole or in part, by the statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred, in whole or in part, by laches.

## SIXTH AFFIRMATIVE DEFENSE

The funds received by relief defendants Verfenstein and Yu were legitimately obtained.

## SEVENTH AFFIRMATIVE DEFENSE

Relief defendants Verfenstein and Yu have a legitimate claim to the funds or assets they are in possession of.

## EIGHTH AFFIRMATIVE DEFENSE

The funds or assets that relief defendants Verfenstein and Yu are in possession of were not ill-gotten.

## NINTH AFFIRMATIVE DEFENSE

Relief defendants Verfenstein and Yu acted in good faith and with reasonable reliance upon the representations of third parties.

## TENTH AFFIRMATIVE DEFENSE

Relief defendants Verfenstein and Yu did not become unjustly enriched.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, relief defendants Verfenstein and Yu demand trial by jury in this action of all issues so triable.

Respectfully submitted,

Dated:  June 6, 2022.

 s/ Michael J. Rinaldi
Mary P. Hansen (N.Y. Bar No. 2935385)
Michael J. Rinaldi (admitted pro hac vice)
DUANE MORRIS LLP
30 S. 17th St.
Philadelphia, Pa.  19103
(215) 979-1000 (telephone)
(215) 979-1020 (facsimile)
MPHansen@duanemorris.com
MJRinaldi@duanemorris.com

Attorneys for Relief Defendants Xi
Verfenstein and Xinming Y