

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
100 Pearl Street, Suite 20-100
New York, NY 10004-2616

NEW YORK
REGIONAL OFFICE

June 22, 2022

**VIA ECF**

The Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East, Chambers N 631
Brooklyn, NY 11201

     Re:  **_SEC v. Richard Xia et al._, 21-cv-05350-PKC-RER**

Dear Judge Chen:

Plaintiff Securities and Exchange Commission (the "SEC") respectfully submits this letter to request that the undersigned SEC counsel be permitted to appear at next Tuesday's settlement conference without a person with settlement authority but with authorization to offer settlement terms that the SEC staff is prepared to recommend to the SEC Commissioners. As described further below, no one person at the SEC has authority to accept a defendant's settlement offer. Even for agencies that do have a single senior official with settlement authority, at least two United States Courts of Appeals have concluded that the government is differently situated from private litigants in this regard and that it may not be practical to have such a senior official appear for routine settlement conferences. Defendants and Relief Defendants object to the SEC's request, as described below.

### I.    Relevant Procedural Background

On June 3, 2022, the Court issued a text order scheduling a settlement conference for June 28 at 11 a.m. and stating that "[a] person with full settlement authority — and no artificial limit — must be present for each party." The Court's Order also directed the parties, on or before June 22, to submit a joint letter outlining settlement terms on which the parties agree and terms on which the parties cannot agree, as well as an *ex parte* position paper from each party on the settlement proposals.

Hon. Pamela K. Chen
June 22, 2022
Page 2

## II. The Court Should Not Require the SEC to Appear at the Conference with a Person Who Has Full Settlement Authority.

### A. The SEC Has No Single Person with Settlement Authority.

Unlike many private litigants, the SEC has no single person with authority to consummate settlements. Only the SEC Commissioners, appointed by the President with the Senate's advice and consent, have such authority. *See* 15 U.S.C. § 78d(a); *cf.* 17 C.F.R. § 202.5(f). The SEC ordinarily consists of five Commissioners but currently has only four Commissioners, including the Chairman. Under existing law, the SEC is not permitted to delegate "on-the-spot" settlement authority to a member of the SEC staff. The SEC staff instead recommends settlement terms to the Commissioners in a detailed memorandum, and the Commission can accept or reject the settlement upon review.

While the Commission has permitted certain functions to be delegated to a duty officer — one of the Commissioners — that delegation still permits the Commission to reject a duty officer's action.[1] A duty officer who takes an action must circulate the action to other Commissioners "for affirmation" or schedule the matter "for affirmation at a Commission meeting at the earliest practicable date." 17 C.F.R. §§ 200.43(a) & 200.43(c)(1). In addition, "[t]he vote of any one member of the Commission…shall be sufficient to bring any such unaffirmed action taken by a duty officer before the Commission for review." 17 C.F.R. §§ 200.43(c)(2)(i). Duty officer actions "shall be deemed to be, for all purposes, the action of the Commission *unless and until the Commission directs otherwise*." 17 C.F.R. § 200.43(c)(3) (emphasis added).

This "centralized decisionmaking" in authorizing settlements "promotes three important objectives": it "allows the government to act consistently in important cases," "allows the executive branch to pursue policy goals more effectively by placing ultimate authority in the hands of a few officials," and, "by giving authority to high-ranking officials," "better promotes political accountability." *In re Stone*, 986 F.2d 898, 904 (5th Cir. 1993).

### B. Courts Routinely Permit the Government to Appear at Settlement Conferences Without a Person Who Has Settlement Authority, as This Court Should Do.

Given that agencies like the SEC often do not have a single representative with settlement authority, the Advisory Committee Notes to Federal Rule of Civil Procedure 16 encourage courts to allow government agencies to appear at conferences with a representative who would be prepared to recommend a settlement to the government body with settlement authority. *See* Fed. R. Civ. P. 16(c) Advisory Committee's Note to

---

[1] As the SEC Division of Enforcement's Enforcement Manual makes clear, "[d]uty [o]fficer consideration is generally not an appropriate means to obtain approval of a proposed settlement." SEC Enforcement Manual § 2.5.2.3, available at https://www.sec.gov/divisions/enforce/enforcementmanual.pdf.

1993 Amendment ("Particularly in litigation in which governmental agencies…are involved, there may be no one with on-the-spot settlement authority, and the most that should be expected is access to a person who would have a major role in submitting a recommendation to the body or board with the ultimate decision-making responsibility.").

Even where an agency does have a single, senior official with settlement authority — unlike the SEC — at least the Fifth and Ninth Circuits have urged district courts in those Circuits to take a practical approach to settlement conferences involving the government. *See United States v. United States District Court for the Northern Mariana Islands,* 694 F.3d 1051, 1059 (9th Cir. 2012) ("[T]he district court did abuse its discretion in ordering a government representative with full settlement authority to appear at the first settlement conference to be held with the court.  The most important reason for our conclusion is that the federal government, though not independent of the court's authority, is also not like any other litigant."); *In re Stone*, 986 F.2d at 905 ("We conclude that the district court abused its discretion in routinely requiring a representative of the government with ultimate settlement authority to be present at all pretrial or settlement conferences.  We do not suggest that the district court can never issue such an order, but it should consider less drastic steps before doing so."); *cf. In re Univ. of Michigan*, 936 F.3d 460, 464 (6th Cir. 2019) ("[T]he Federal Rules generally allow a district court to order someone with settlement authority to attend a settlement conference….  But this power is more limited when it comes to government actors.") (internal citation omitted).

As the Ninth Circuit has pointed out, it would be impractical, even where a single senior government official has settlement authority, for that individual to appear at routine settlement conferences in all the agency's cases.  *See Northern Mariana Islands*, 694 F.3d at 1059 ("The Assistant Attorney General is the lowest-ranking government official with authority to settle those claims under the Department [of Justice]'s regulations.  For her to prepare for and appear at all settlement conferences for all of those cases would be highly impractical, if not physically impossible.").

The SEC therefore respectfully requests that the Court permit the undersigned SEC counsel to appear at next week's settlement conference with settlement terms that SEC counsel is prepared to recommend to the SEC Commissioners but without a person with settlement authority.  If the Court grants this request, Sheldon Pollock, an Associate Regional Director for the SEC's New York office, will be available by telephone from 11:00 a.m. to 4:00 p.m. on June 28, should the Court wish to speak to a senior SEC officer.

### III.     Defendants' and Relief Defendants' Objections

Michael Rinaldi, counsel for Relief defendants Xi Verfenstein and Xinming Yu, has informed SEC counsel by email:  "Under 17 C.F.R. § 200.43, the Commission has delegated to its 'duty officer' all of the functions of the Commission, with the exception of certain functions not relevant here.  The Commission's duty officer could be present in person or by telephone[.]  Thus, we think the generalized points you make are not well

Hon. Pamela K. Chen
June 22, 2022
Page 4

taken, particularly because your client (i.e., the Commission) has promulgated a rule providing for a decision to be made by a single member of the Commission in circumstances such as this."

Mark Rifkin, counsel for Defendants and Relief Defendant Julie Yue, initially informed the SEC by email: "We believe it is appropriate to have a non-attorney representative of the SEC who has the authority to accept a recommendation from counsel present for the mediation." In a subsequent email, Mr. Rifkin joined in Mr. Rinaldi's position that the SEC duty officer should attend or be available.

                Respectfully submitted,

                /s/ David Stoelting
                David Stoelting
                Senior Trial Counsel

cc (by ECF and email):

Mark Rifkin, Esq. and Randall Eng (counsel for Defendants and Relief Defendant Julia Yue)
Michael Rinaldi, Esq. (counsel for Relief Defendants Xi Verfenstein and Xinming Yue)