NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
BOSTON
HOUSTON
DALLAS
AUSTIN
HANOI
HO CHI MINH CITY



*FIRM and AFFILIATE OFFICES*

MICHAEL J. RINALDI
DIRECT DIAL: +1 215 979 1126
PERSONAL FAX: +1 215 754 4682
*E-MAIL:* MJRinaldi@duanemorris.com

*www.duanemorris.com*

SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR

ALLIANCES IN MEXICO
AND SRI LANKA

July 15, 2022

VIA ECF

The Honorable Pamela K. Chen
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East, N 631
Brooklyn, N.Y. 11201

    Re:    <u>SEC v. Xia, No. 21-cv-5350</u>

Dear Judge Chen:

    Relief defendants Xi Verfenstein and Xinming Yu submit this response to the SEC's July 8, 2022, letter to Your Honor.

    Under the guise of a settlement status report, the SEC in its letter (which was sent by e-mail to Your Honor's chambers and is not docketed) essentially asks the Court to unilaterally alter the Temporary Restraining Order ("Order")—the form of which the SEC drafted—without filing a motion and in violation of Your Honor's Individual Practices and Rules, the Eastern District of New York's Local Rules, and the Federal Rules of Civil Procedure.

    On September 27, 2021, the Court approved and signed the SEC's proposed order submitted with its motion for a TRO and asset freeze. The asset freeze, according to this Order, froze the "Defendants' assets, up to the amount of $229 million," and the "Relief Defendant's assets, up to the amount of $9.7 million." (Order ¶ 1(a).)  Following the entry of the Order, the parties engaged in extensive briefing and conducted a full preliminary injunction hearing—as if the Order were the operative one.  At no time—until last week's undocketed letter—did the SEC suggest that it wanted a different order, with either a different maximum amount or no maximum at all.

    Despite the substantial amount of time, money, and energy spent briefing and litigating the SEC's application for a preliminary injunction and continued asset freeze, entirely premised on the understanding that the relief sought would be capped at the $238.7 million figure set forth



The Honorable Pamela K. Chen
July 15, 2022
Page 2

in the Order, the SEC believes it can now alter that Order to include prejudgment interest, and its own back-of-the-envelope estimate of a civil monetary penalty, without filing an actual motion.

Further, the SEC in its letter seems to concede that the assets already frozen exceed the amount set by the Order (see 7/8/2022 Letter at 3–4), meaning that the SEC has acted in violation of that Order, in that it has been seizing and holding assets as if the Order contained no dollar limit.  Although the SEC tries to get around those facts by claiming that the property appraisals are "unreliable" (7/8/2022 Letter at 3), as was noted at the recent conference with Your Honor, those appraised values are a low-end estimate provided by the monitor.  (Monitor's Report at 1 & 17–19 [ECF 53].)  As the plaintiff in this matter (which has been pending over nine months), the SEC surely must come forward with something more than bald assertions of unreliability if it wishes to dispute the appraisals.  In any event, the SEC's request that Your Honor change the Order is a tacit admission that what the SEC has frozen exceeds what Your Honor authorized in the Order.

The SEC argues that increasing the amount of the freeze is necessary to "ensure that there is more than the currently frozen liquid assets to satisfy any judgment."  (7/8/2022 Letter at 3.)  This is the SEC's current argument, but it is not what the SEC sought as relief in the motions that were the subject of the hearing and have now be fully briefed.  What the SEC told the Court was that it wanted that Order extended, not that it wanted a fundamental term of the Order (i.e. the hard dollar limit) changed.

In addition, all of the case law cited by the SEC as a basis for its newly sought relief predates the U.S. Supreme Court's decision in Liu v. SEC, 140 S. Ct. 1936 (2020), which imposed strict limits on what the SEC could obtain in disgorgement.  Id. at 1946 (holding that disgorgement is limited to a wrongdoer's net profits from wrongdoing, after deducting legitimate expenses, and may be "assessed against only culpable actors and for victims").  The SEC does not even purport to comply with Liu, including its requirement to deduct legitimate expenses and its requirement that disgorgement only be assessed culpable actors.  See, e.g., SEC v. Yin, No. 17-CV-792, 2020 WL 6801915, at *9 (S.D.N.Y. Nov. 19, 2020) ("Recent case law . . . casts serious doubt on the Court's authority to disgorge innocent parties' investment profits, even if they flow from a culpable party's misconduct, and the SEC has not alleged any pertinent wrongdoing by Relief Defendants.").

What this means is that any disgorgement award will be far less than the $229 million cited by the SEC and will not be recoverable against persons the SEC concedes are not culpable (such as the relief defendants here).  In any event, this is precisely the kind of analysis that would proceed if the SEC had filed an actual motion, to which the other parties had an opportunity to respond, and which the SEC has tried to sidestep through its letter to the Court.

There is a reason why the Rules require things like pre-motion conferences, notices of motion, briefing, and the like.  Parties that seek relief should be clear about the relief they want and the basis for it.  Here, the SEC got exactly what it asked for—a form of Order with very



The Honorable Pamela K. Chen
July 15, 2022
Page 3

specific terms.  Then, it filed motions to extend that Order, to which all parties responded.  Now, the SEC claims it doesn't like the relief it requested and got and asks the Court (in a Friday evening, after-hours letter e-mailed to chambers) for fundamentally different relief, based on outdated case law and without the benefit of briefing and a full record.  Thus, we believe Your Honor should decline the SEC's invitation to change the Order without a motion and to change the relief being sought after the hearing and after all of the briefing has been done.

      Finally, in its letter, the SEC also claims that the parties' lawyers have declined to comply with June 13, 2022, subpoenas directed to their law firms.  This is not true.  Although the SEC notified the parties that it would be serving the subpoenas (with return dates of June 24), the parties objected to the subpoenas.  The SEC never met and conferred on the objections and failed to serve the subpoenas until earlier this week (i.e. after the return dates).  Earlier today, the SEC withdrew these defective subpoenas and purported to serve new ones, with August 15 return dates.  We do not know why the SEC would, in a June 8 letter, tell the Court that our law firm and the other law firms "declined to comply with document subpoenas" that had not even been served at that time (and would end up being withdrawn as defective), but we think it is important to correct the record.

      Respectfully submitted,

s/ Michael J. Rinaldi
Mary P. Hansen (N.Y. Bar No. 2935385)
Michael J. Rinaldi (admitted pro hac vice)
DUANE MORRIS LLP
30 S. 17th St.
Philadelphia, Pa.  19103
(215) 979-1000 (telephone)
(215) 979-1020 (facsimile)
MPHansen@duanemorris.com
MJRinaldi@duanemorris.com

Attorneys for Relief Defendants Xi Verfenstein and Xinming Yu

cc:  All Counsel of Record (via ECF)