UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SECURITIES AND EXCHANGE
COMMISSION,

                     Plaintiff,

- against -

RICHARD XIA, a/k/a YI XIA; and FLEET
NEW YORK METROPOLITAN REGIONAL
CENTER, LLC, f/k/a FEDERAL NEW YORK
METROPOLITAN REGIONAL CENTER,
LLC;

                  Defendants,

- against -

JULIA YUE, a/k/a JIQING YUE; XI
VERFENSTEIN; and XINMING YU

              Relief Defendants.
-----------------------------------------------------------x

**MEMORANDUM & ORDER**
21-CV-5350 (PKC) (RER)

PAMELA K. CHEN, United States District Judge:

Presently before the Court is Plaintiff Securities and Exchange Commission's Motion to

Strike Relief Defendants' Unauthorized Sur-Reply or, in the Alternative, Accept Plaintiff's Letter

as a Sur-Sur-Reply (the "Motion"). (Dkt. 136.) For the reasons stated herein, the Court grants the

Motion and strikes Relief Defendants' sur-reply in its entirety.

## BACKGROUND

On September 27, 2021, Plaintiff filed this action for alleged violations of federal securities

laws. (Dkt. 1, at 1.) On the same day, the Court froze the assets of Defendant Richard Xia,

Defendant Fleet New York Metropolitan Regional Center LLC, and Relief Defendant Julia Yue.

(Dkt. 11, at 2.) On April 6, 2022, Plaintiff moved the Court to extend its prior Order and freeze

the assets of Relief Defendants Xi Verfenstein ("Verfenstein") and Xinming Yu ("Yu")

1

(collectively, "Relief Defendants").   (Dkt. 99, at 1–2.)   On May 4, 2022, Relief Defendants opposed Plaintiff's motion to freeze their assets.  (Opposition ("Opp'n"), Dkt. 120.)  On May 20, 2022, Relief Defendants filed a second opposition, (*see* Dkt. 134), which Plaintiff now moves to strike.[1]

## DISCUSSION

The decision whether to permit a sur-reply rests in the Court's sound discretion.  *See Neary*, 489 F. Supp. 3d at 62 (E.D.N.Y. 2020) ("The decision to permit a litigant to submit a sur-reply is a matter left to the Court's discretion.") (cleaned up); *Anghel v. New York State Dep't of Health*, 947 F. Supp. 2d 284, 293 (E.D.N.Y. 2013) (finding that sur-replies are "subject to the sound discretion of the court.").  Courts in this circuit grant leave to file sur-replies sparingly.  *See United States v. Int'l Bus. Machines Corp.,* 66 F.R.D. 383, 384 (S.D.N.Y. 1975) ("The court believes that [sur-reply] papers should be viewed as the exception and not the rule."); *Jandres v. Armor Health Care Inc.*, No. 12-CV-3132 (JS) (GRB), 2014 WL 1330655, at *4 (E.D.N.Y. Mar. 31, 2014) ("Allowing parties to submit sur-replies [regularly may place the] court in the position of refereeing an endless volley of briefs.") (citations and quotations omitted).  Sur-replies are

---

[1] On May 25, 2022, Relief Defendants filed an Opposition arguing that the Court lacked authority to strike their unauthorized sur-reply because Fed. R. Civ. P. 12(f) only allows the Court to "strike a 'pleading,' [and] a [sur-reply] is not a pleading."  (*See* Dkt. 137, at 2.)  Relief Defendants' argument is misconceived.  First, the Second Circuit has explicitly recognized the district court's power to strike unauthorized sur-replies. *See Laguerre v. Nat'l Grid USA,* No. 20-3901-CV, 2022 WL 728819, at *5 n.7 (2d Cir. Mar. 11, 2022) (citing *Gladstone Ford v. N.Y.C. Transit Auth*., 43 F. App'x 445, 449 (2d Cir. 2002)).  Second, Relief Defendants' reliance on Fed. R. Civ. P. 12(f) ignores the fact that "[although the] Federal Rules of Civil Procedure set out many of the specific powers of a federal district court . . . [it still] possesses inherent powers[.]"  *See Dietz v. Bouldin*, 579 U.S. 40, 45 (2016).  Indeed, "[because] neither the Federal Rules of Civil Procedure nor the Local Civil Rules of the court authorize litigants to file sur-replies," the authority "to strike or permit" a sur-reply stems from the Court's inherent powers and rests in its discretion. *See Neary v. Weichert*, 489 F. Supp. 3d 55, 62 (E.D.N.Y. 2020) (brackets omitted) (collecting cases).  In short, the Court denies Relief Defendants' misguided procedural argument and proceeds to the merits of Plaintiff's Motion to strike Relief Defendants' unauthorized sur-reply.

appropriate only in "the exceptional though rare case" when a "party demonstrates to the court that papers to which it seeks to file a reply raise new issues which are material to the disposition of the question before the court," or when "[the court] determines . . . that it wishes further briefing . . . and orders the submission of additional papers." *Int'l Bus. Machines Corp.*, 66 F.R.D. at 384. Importantly, "the party seeking to submit reply papers should submit an informal request in writing . . . [in advance of filing its sur-reply]," to avoid "placing the [sur-reply] before the court, [and] thereby reducing the question of whether the [sur-reply] should be accepted for filing to relative unimportance." *Id.* at 384–85.

The Court finds that Relief Defendants failed to bring their case within the narrow confines of the rule allowing sur-replies. First, Relief Defendants' sur-reply is procedurally improper because it was filed alongside the request to submit it. (*See* Dkt. 134, at 1.) Second, Relief Defendants failed to show that Plaintiff's reply went beyond "address[ing] issues the [Relief Defendants] raised in [their] opposition papers." *ADR/JB, Corp. v. MCY III, Inc.*, 299 F. Supp. 2d 110, 116 (E.D.N.Y. 2004); *see also Polidoro v. L. Firm of Jonathan D'Agostino, P.C.*, No. 19-CV-1290, 2022 WL 2286951, at *7 (S.D.N.Y. June 23, 2022) ("[When] the reply papers merely respond to points raised in opposition to the underlying motion, fairness does not ordinarily demand further briefing."). Relief Defendants argued in their opposition that "the existence of a contract from a decade ago is further evidence [in Relief Defendants' favor]," (*see* Opp'n, Dkt. 120, at 17), to which Plaintiff responded that portions of the same contract showed the opposite (*see* Pl.'s Reply ("Reply"), Dkt. 128, at 8.). Likewise, Relief Defendants argued in their opposition that "the SEC claims, without evidence, that the requisitions [are inauthentic]," (*see* Opp'n, Dkt. 120, at 9), and Plaintiff merely answered that little evidence in the record allegedly supported the authenticity of the requisitions (*see* Reply, Dkt. 128, at 9–10.). Finally, overlooking the rule that

"repetition of arguments made in prior submissions will not be condoned and is scrupulously to be avoided," *Int'l Bus. Machines Corp.*, 66 F.R.D. at 384, Relief Defendants dedicated much of their sur-reply to restating arguments they had already raised.[2]  In sum, because the Court finds Relief Defendants' argument meritless, it grants Plaintiff's motion to strike Relief Defendants' sur-reply.[3]

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated:  July 15, 2022
        Brooklyn, New York

---

[2] On June 22, 2022, Relief Defendants sent the Court their position paper in preparation for the Parties' Settlement Conference.  Because Relief Defendants' submission was wholly unresponsive to the Court's June 3, 2022, Order and amounted to a third opposition to Plaintiff's Motion, the Court construes it as an unsolicited sur-sur-reply and disregards it.

[3] Because it strikes Relief Defendants' sur-reply, the Court denies Plaintiff's motion to file a sur-sur-reply.

4