

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
100 Pearl Street, Suite 20-100
New York, NY 10004-2616

New York
Regional Office

October 12, 2022

**VIA ECF**

The Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East, Chambers N 631
Brooklyn, NY 11201

   Re: *SEC v. Richard Xia et al.*, 21-cv-05350-PKC-RER

Dear Judge Chen:

Pursuant to Local Civil Rule 37.3(c), Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this motion to compel depositions. For the reasons set forth below, the SEC requests that the Court: (1) order Defendant Richard Xia ("Xia") and Relief Defendants Julia Yue ("Yue"), Xi Verfenstein ("Verfenstein") and Xinming Yue ("Yue") to appear for depositions; and (2) order defense counsel[1] to cooperate in the scheduling of third-party depositions noticed by the SEC.[2]

**Procedural Background**

On September 27, 2021, the SEC filed its Complaint and application for temporary relief. That same day, the Court issued a temporary restraining order ("TRO"), which ordered expedited discovery "without regard to the limitations of Fed. R. Civ. 30(a)(2) or Fed. R. Civ. P. 30(d)."  As part of expedited discovery, the SEC deposed Xia and Verfenstein the week before the preliminary injunction hearing began on February 14.[3]

---

[1] "Defense counsel" means Mark Rifkin (Wolf Haldenstein) and Randall Eng/Paul Milius (Meyer Suozzi), counsel to the Defendants and Yue; and Michael Rinaldi/Mary Hansen (Duane Morris), counsel to Verfenstein and Yue.

[2] As required by Local Civil Rule 37.3(a), counsel for the SEC and defense counsel have conferred in good faith, including in a telephonic conference call on August 19, and in a number of emails before and after that call, but were unable to resolve this dispute.

[3] The February depositions took place only after, in response to the SEC's pre-motion letter (DE 57), the Court ruled "that dilatory and evasive discovery tactics will not be tolerated," and that Defendants "should be prepared to thoroughly explain . . . the reason for the repeated delays in depositions[.]"

Hon. Pamela K. Chen
October 12, 2022
Page 2

On April 6, 2022 (DE 98), the SEC filed an Amended Complaint adding Verfenstein and Yu as Relief Defendants, and a motion to expand the asset freeze (DE 99-101).

The parties held their Rule 26(f) conference on June 1, and the Court then entered a Scheduling Order setting a November 18 deadline to complete fact discovery (DE 147). The Defendants and Relief Defendants Verfenstein and Yu filed answers in early June, and Yue filed an answer on October 11. DE 145, 150, 189.

On July 12, I emailed a Notice of Deposition to defense counsel seeking to schedule a third-party deposition for August 3. Defense counsel was not available, and I asked them to "find a day that works for everyone." On August 17, I emailed defense counsel asking that they "[p]rovide us with dates for depositions of your clients," and also dates for depositions of two non-parties. On October 5, I emailed a Notice of Depositions to defense counsel seeking to schedule the depositions of Yu on October 28 and Yue on November 4.  Defense counsel have refused to commit to any dates for any depositions.

**Defense Counsel's Grounds For Not Agreeing To Depositions Are Without Merit**

Defense counsel have made four primary arguments: (1) the SEC is precluded by Rule 30(a)(2) from deposing Xia and Verfenstein again; (2) they need time to review the SEC's document production; (3) they should be paid from frozen funds to prepare and defend depositions; and (4) depositions should be put on hold until the pending motions are resolved.

*First*, defense counsel argue that the SEC is precluded from deposing Xia and Verfenstein based on Federal Rule of Civil Procedure 30(a)(2), which provides that, in the absence of a stipulation, a party must obtain leave of the court to depose a witness who has already been deposed. Part V of the TRO, however, which ordered expedited discovery, including depositions, states that such discovery is "without regard to the limitations of Fed. R. Civ. P. 30(a)(2) or Fed. R. Civ. P. 30(d)."  As a result, the restrictions in Rule 30(a)(2) do not apply and leave of the Court is not required for the SEC to depose Xia and Verfenstein as part of regular pre-trial discovery.

Defense counsel have been unable to cite to a single case in which any Court has denied the SEC's request to depose a witness who was also deposed during expedited discovery. Indeed, similar to this Court's TRO, other courts have made clear that the restrictions in Rule 30(a)(2) do not limit depositions in regular discovery. *See  SEC v. MCC Int'l Corp.*, 2022 WL 2341216, *10 (S.D. Fla. Apr. 26, 2022) ("Depositions taken pursuant to this Order shall not impact the number of depositions parties may take in regular, non-expedited discovery."); *SEC v. Meli*, 2017 WL 9916833, *5 (S.D.N.Y. Jan. 30, 2017) (any depositions taken during expedited discovery shall not count towards the ten deposition limit set forth in Rule 30(a)(2)(A), and "pursuant to Federal Rule of Civil Procedure 30(a)(2)(A)(ii), the Court grants leave to re-depose any deponent who is deposed [during expedited discovery]").

Hon. Pamela K. Chen
October 12, 2022
Page 3

In any event, even if Rule 30(a)(2) did apply, Xia and Verfenstein cannot meet their burden of showing that the depositions should not be permitted. The Court has "broad discretion" to order a second deposition. *United States v. Prevezon Holdings, Ltd.*, 320 F.R.D. 112, 114 (S.D.N.Y. 2017), and all factors support allowing these depositions. Xia and Verfenstein are the most critical witnesses in this case, the facts concern five offerings to hundreds of investors over many years, and many relevant and critical topics and documents could not be covered during the expedited February depositions.

In addition, there has been numerous developments since the February depositions that more than justify the need for second depositions. The SEC filed an Amended Complaint which added new claims and parties, and the Defendants and Relief Defendants filed answers which assert numerous affirmative defenses. In addition, Xia's reply brief in his recent asset freeze motion included many documents not previously produced, as well as numerous new factual assertions (DE 184-185, 187). The SEC also has not had an opportunity to question Xia or the Relief Defendants about their initial disclosures.[4]

***Second***, defense counsel, who filed appearances in early May (DE 113, 114, 119), have stated that they cannot agree to depositions until they have reviewed the SEC's document productions. On July 6, the SEC produced to defense counsel all documents that were previously produced to the former lawyers in late 2021, and has made several smaller productions to defense counsel since then. All non-privileged documents have been produced, and defense counsel have had a reasonable amount of time to review these documents and prepare for depositions.

***Third***, defense counsel should not be paid from frozen funds for the reasons set forth in the SEC's prior filings, *see* DE 94,100, 103 at 25, 132, 133, 182. Moreover, it is improper for defense counsel, who appeared in the case knowing the freeze was in place, to then refuse to permit depositions to proceed because of the freeze. In any event, in response to the SEC's subpoena to the law firms, we learned that the Wolf Haldenstein and Meyer Suozzi firms have received substantial payments for their legal services.

***Finally***, defense counsel have proposed essentially staying discovery until the Court decides the pending motions, suggesting that the Court's rulings may narrow or alter the issues to be covered in the depositions. The SEC opposes any further delays in at least scheduling and initiating depositions and submits that the Court's rulings, regardless of their outcome, are unlikely to materially impact the areas to be covered in the depositions, given the particular matters at issue in those motions.

For the foregoing reasons, the SEC requests that the Court grant its motion to compel and order defense counsel to cooperate in scheduling and attending third-party depositions.

---

[4] Defendants and Yue still have still not provided their Initial Disclosures under Rule 26(a)(1) to the SEC, even though the Scheduling Order (DE 147), stated that Initial Disclosure must be served by June 24. In an email sent October 10, counsel for Defendants and Yue stated that their Initial Disclosures would be forthcoming.

Hon. Pamela K. Chen
October 12, 2022
Page 4

                                                Respectfully submitted,

                                                /s/ *David Stoelting*
                                                David Stoelting
                                                Kevin McGrath
                                                Kim Han
                                                Attorneys for Plaintiff