# WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

**MARK C. RIFKIN**
DIRECT DIAL: 212-545-4762
FACSIMILE: 212-686-0114
rifkin@whafh.com

FOUNDED 1888
270 MADISON AVENUE
NEW YORK, NY 10016
212-545-4600

SYMPHONY TOWERS
750 B STREET - SUITE 1820
SAN DIEGO, CA 92101
619-239-4599

October 13, 2022

**VIA EFC**
Hon. Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *SEC v. Xia, et al.*, No. 21-cv-05350-PKC-RER

Dear Judge Chen:

Pursuant to Local Civil Rule 37.3(c), Defendants submit this opposition to the SEC's October 12, 2022, letter motion (ECF No. 190). The SEC seek an order (1) compelling a second deposition of Defendant Richard Xia ("Xia") and Relief Defendant Xi Verfenstein ("Verfenstein") as well as depositions of the deposition of Relief Defendants Julia Yue ("Yue") and Xinming Yue ("Yue") to appear for depositions; and (2) compelling defense counsel1 to cooperate in scheduling third-party depositions noticed by the SEC.

Under Federal Rule of Civil Procedure 30(a)(2)(ii), a party may not depose a witness without leave of court "if the deponent has already been deposed in the case" unless the parties stipulate to the second deposition. Mr. Xia was already deposed in the case for a full day. After multiple communications, the parties were unable to stipulate to a second deposition. Although styled as a motion to compel, we take this to be a request for leave of court to re-depose Mr. Xia.

The SEC notes in its letter that the Court ordered *expedited* discovery "without regard to the limitations of Fed. R. Civ. 30(a)(2) or Fed. R. Civ. P. 30(d)." The Court has not relieved the SEC of the limitations of Rule 30(a)(2) for *regular* discovery. The SEC previously confirmed its understanding that the order pertained only to expedited discovery and, indeed, when it recently served additional interrogatories on the parties, it did not avail itself of the three-day time period provided for responses to expedited discovery. By contrast, the two cases cited by the SEC, *MCC Int'l* and *Meli*, explicitly waived the limitations of Rule 30(a)(2) for both expedited *and* regular discovery. Thus, the Court must consider here whether to exercise its discretion to permit the SEC to re-depose witnesses already deposed.

In an effort to reach a compromise on the issue, Defendants asked the SEC to explain its need to re-depose Mr. Xia. The SEC responded that it needs to examine Mr. Xia on the affidavit he recently submitted in support of the motion to vacate or modify the Asset Freezing Order. In that affidavit, Mr. Xia only attached copies of architectural, engineering, and construction

Hon. Pamela K. Chen
October 13, 2022
Page 2

documents he filed with the City of New York Department of Buildings more than five years ago to demonstrate the incontrovertible fact that Mr. Xia spent considerable expertise, time, and effort in work at the Mirage and Emerald projects. He made no substantive assertions in the affidavit. Surely, the SEC learned about the architectural, engineering, and construction documents during its three-year, pre-suit investigation, but it did not ask Mr. Xia about them when he was first deposed, choosing instead to focus on three Long Island "mansions" rather than his extensive work on both projects. The SEC's decision not to pursue any examination of Mr. Xia on the subject of his work during his all-day deposition does not justify relief from Rule 30(a)(2)(A)(ii).

The SEC also said it needed to re-depose Mr. Xia to ask questions about the declarations recently submitted by Mr. Amideo and Mr. Endres in support of the motion to vacate or modify the Asset Freezing Order. Mr. Endres, a well-respected independent attorney specializing in Brownfield redevelopment, submitted a declaration explaining his involvement in obtaining the Brownfield tax credit and documenting the comprehensive audit of expenses incurred on the Eastern Emerald Project performed by State of New York Department of Taxation and Revenue. Mr. Xia was not involved in preparing Mr. Endres's declaration and is not the right person to ask about it. In addition, the SEC must have known about the Brownfield tax credit when it deposed Mr. Xia, as both the Complaint and the Amended Complaint make allegations about it. The SEC had ample opportunity to ask Mr. Xia questions about the Brownfield tax credit when he was deposed before but chose to use its time asking about "mansions" instead. Again, that choice does not entitle the SEC to relief from Rule 30(a)(2)(A)(ii). In any event, questions about Mr. Endres's declaration are better addressed to him, not Mr. Xia.

Likewise, Mr. Xia did not prepare Mr. Amideo's declaration and is not the right person to ask about it. Mr. Amideo, an independent financial advisor, has provided a detailed declaration discussing various financial aspects of both projects, including substantial cash contributed to the projects by Mr. Xia, expenses incurred by both projects, and the recent appraisals of the two properties by Colliers International Valuation & Advisory Services. And, after the Supreme Court decided *Liu*, the SEC must have examined the various sources of funds and what expenses were incurred to acquire the site and build the nearly-complete 20-story mixed-use building on Union Street and to acquire, remediate, and excavate the contaminated site on Northern Boulevard if it was genuinely investigating whether the defendants misused any invested proceeds. Whether it did so or not, however, the SEC chose not to pursue any examination of Mr. Xia on the crucial questions of what cash was contributed and what expenses were incurred on both projects during his all-day deposition. That, too, was the SEC's choice, but its decision to forego this obvious area of inquiry does not justify relief from Rule 30(a)(2)(A)(ii). We fail to see why that justifies the second depositions. And as with Mr. Endres's declaration, questions about Mr. Amideo's declaration are better addressed to Mr. Amideo than to Mr. Xia.

Plainly, the SEC has no genuine need to re-depose Mr. Xia, and for that reason alone, the Court should decline to relieve the SEC of the limitations in Rule 30(a)(2). If the Court is inclined to allow the depositions to proceed, Defendants believe it would be more efficient to defer the depositions until the pending motion to dismiss, the TRO motion, and the motion to vacate or lift the asset freeze are decided. The resolution of those motions will, we strongly believe, substantially impact the scope of the case, and consequently the scope of any permitted

Hon. Pamela K. Chen
October 13, 2022
Page 3

discovery (without regard to whether a deponent has already been deposed). Defendants proposed that to the SEC and offered to extend the discovery cut-off to avoid any prejudice should the Court rule in the SEC's favor on the pending motions. The SEC declined the request. Given the time Defendants and their counsel are currently devoting to more immediate matters, such as making sure that both construction sites are adequately protected and secured during the long period of inactivity and performing necessary berm maintenance on the Eastern Emerald site to avoid a back-fill order from the City of New York, Defendants believe it is in the best interest of the investors to delay the depositions and allow them to concentrate their efforts on keeping both projects safe, intact, and viable.

Regarding Defendants' request for payment of attorneys' fees to prepare for and defend the depositions, the SEC argues that they have already been more than sufficiently compensated by "substantial payments for their legal services." The SEC's argument overlooks the enormous amount of work Defendants' counsel have performed to date, much of which has been expended to assist Defendants: (1) in their ongoing effort to obtain financing to repay the investors; and (2) in their continuing effort to protect and secure both construction sites and to keep both projects viable during the continuing period of inactivity. Moreover, the assets currently frozen are worth hundreds of millions of dollars more than all the investors have put in the property or that the SEC could hope to obtain by way of penalties.

Finally, and perhaps most importantly, in light of the issues we have raised regarding the substantial ongoing efforts to protect and secure the two construction sites, we wish to invite the Court to conduct a physical inspection of both projects. We believe Your Honor will gain a greater perspective on many of the issues currently before the Court by seeing the properties in person. We will gladly coordinate the site inspections with counsel for the SEC and with the Monitor.

Thank you in advance for Your Honor's kind consideration. We are, as always, available to answer any questions Your Honor may have.

Respectfully yours,

Mark C. Rifkin

cc: All Counsel (via ECF)