UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>       Plaintiff,<br><br> -against-<br><br>RICHARD XIA, a/k/a YI XIA; and FLEET NEW YORK METROPOLITAN REGIONAL CENTER, LLC, f/k/a FEDERAL NEW YORK METROPOLITAN REGIONAL CENTER, LLC;<br><br>       Defendants,<br><br> -and-<br><br>JULIA YUE, a/k/a JIQING YUE, XI VERFENSTEIN, XINMING YU<br><br>       Relief Defendants. | 21 Civ. 5350 (PKC) |

### DECLARATION OF M. SCOTT PEELER IN SUPPORT OF MOTION AUTHORIZING THE RELEASE OF FUNDS FOR LOAN PAYMENT

I, M. Scott Peeler, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a member of the bar of this Court and have served as the Court-Appointed Monitor in the above captioned matter since September 27, 2021.

2. I make this declaration in support of my motion seeking (a) the Court's authorization for the release of certain non-investor funds held in reserve ("Interest Reserve") under a certain Loan Agreement ("Loan Agreement"), dated as of August 31, 2021, between Emerald Creek Capital 3, LLC ("Emerald Creek") and X&Y Development Group ("X&Y" or

"Borrower")[1] to Emerald Creek, and to (b) permit Emerald Creek to apply the Interest Reserve to satisfy interest payments due from X&Y under the Loan Agreement.

3. I am familiar with the facts and circumstances herein. I make this declaration based primarily upon (a) my review of the attached exhibits A through E, and (b) communications with Emerald Creek's counsel, Arthur Jakoby.

**The Funds Requested are Not Investor Funds**

4. X&Y is the owner of Eastern Mirage.

5. Pursuant to the terms of the Loan Agreement, rather than giving X&Y the full principal of fifteen million dollars ($15,000,000.00), Emerald Creek deposited the sum of $1,680,000.00 into the Interest Reserve for "disbursements to cover interest payments as same accrue and become due and payable to the Loan" (Ex. A at 2.5(a)).[2]

6. The interest rate as set forth in section 2(e) of the Note is London Inter-Bank Offered Rate ("LIBOR") plus 5.5% (the "Non-Default Interest Rate") and the default interest rate as set forth in section 5.4(a) of the Note is 18% (the "Default Interest Rate"). *See* Ex. B. Calculated at the Non-Default Interest Rate, the Interest Reserve may be sufficient to cover the interest payments through the end of the loan term in August 2023. Depending on the Libor rates throughout the remaining term of the Loan Agreement, it is possible, however, that the required interest payments, calculated at the Non-Default Interest Rate, could be higher than the Interest Reserve.

---

[1] The Loan Agreement is secured by a first mortgage lien on the property located at 42-23 Union Street, Queens, New York 11355 a/k/a 42-31 Union Street, Queens, New York 11355 ("Eastern Mirage" or the "Property"). Defendant Richard Xia is a guarantor of the Loan Agreement.

[2] It is my understanding that an interest reserve account, generally allows a lender to periodically advance loan funds to pay interest charges on the outstanding balance of the loan. The interest is capitalized and added to the loan balance.

7. Interest payments on the Loan Agreement have not been paid since the entry of the Asset Freezing Order on September 27, 2021.

8. Therefore, Emerald Creek contends that X&Y is in default of the Loan Agreement and, therefore, Emerald Creek claims it is entitled to seek Default Interest and Late Charges under section 6.1(b) of the Loan Agreement and section 5.4(a) and 5.4(b) of the Note. *See* Exs. A and B. If Emerald Creek charged the Default Interest Rate of 18%, the Interest Reserve would no longer be sufficient to cover the interest payments through the end of the loan term in August 2023. In this scenario, X&Y and Xia could be responsible for the interest payments to Emerald Creek.

9. In my evaluation, the Eastern Mirage project could be at risk if Emerald Creek were to apply the Default Interest Rate.

**Conclusion**

10. The SEC is aware of and consents to the request for authorization to release certain funds to pay Emerald Creek. Defendants are aware of and consent to the request.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 18, 2022
      New York, NY

s/ M. Scott Peeler
M. Scott Peeler
Court Appointed Monitor
