UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
SECURITIES AND EXCHANGE
COMMISSION,

                      Plaintiff,

            - against -

RICHARD XIA, a/k/a YI XIA; and FLEET
NEW YORK METROPOLITAN
REGIONAL CENTER, LLC, f/k/a
FEDERAL NEW YORK
METROPOLITAN REGIONAL CENTER,
LLC,
                      Defendants,
           -and-

JULIA YUE, a/k/a JIQING YUE; XI
VERFENSTEIN; and XINMING YU,

                  Relief Defendants.
-------------------------------------------------------x

**PRELIMINARY INJUNCTION
FREEZING ASSETS**
21-CV-5350 (PKC) (RER)

## ORDER FREEZING ASSETS

    **WHEREAS** the Court has jurisdiction over the subject matter of this action and over the

Defendants and Relief Defendants, and venue properly lies in this District;

    **WHEREAS** the Court has appointed M. Scott Peeler to serve as a Monitor, according to

the terms of the Order Appointing Monitor, Docket Entry No. 11-1, whose terms remain in full

force;

    **WHEREAS** based upon due consideration of the entire record, the Court finds that Plaintiff

Securities and Exchange Commission (the "SEC") has made a sufficient and proper showing in

support of the relief granted herein, as required by Section 20(b) of the Securities Act of 1933

("Securities Act"), 15 U.S.C. § 77t(b), and Section 21(d) of the Securities Exchange Act of 1934

("Exchange Act"), 15 U.S.C. § 78u(d), by establishing a strong likelihood that the SEC will prevail at trial on the merits and an inference that Defendants have engaged in acts, practices, and courses of business constituting violations of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b–5, 17 C.F.R. § 240.10b-5 thereunder;

WHEREAS there is good cause to believe that the Defendants and Relief Defendants have received ill-gotten gains derived from the Defendants' unlawful conduct, and that at least some of these funds have been deposited into accounts controlled by one or more of the Defendants and/or Relief Defendants, as set forth in Schedule A to this ORDER;

WHEREAS the SEC has made a sufficient and proper showing to freeze the Defendants' assets, including, but not limited to, the accounts set forth in Schedule A to this ORDER, for an amount of at least $297,000,000;

WHEREAS the SEC has made a sufficient and proper showing to freeze the Relief Defendants' assets, including, but not limited to, the accounts set forth in Schedule A to this ORDER, for an amount of up to $30,180,000;

WHEREAS there is good cause to believe that, unless restrained and enjoined by order of this Court, the Defendants and Relief Defendants will attempt to dissipate, deplete, or transfer from the jurisdiction of this Court assets that could be subject to an order directing disgorgement or the payment of civil monetary penalties in this action, such that an order freezing the Defendants' and Relief Defendants' assets is necessary to preserve the *status quo* and to protect this Court's ability to award equitable relief in the form of disgorgement of illegal profits from fraud and civil penalties,

2

**I.**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that, from the date of this ORDER and until two years thereafter, the assets, funds, or other property held by or under the direct or indirect control of the Defendants whether held in any of their names or for their direct or indirect beneficial interests, wherever located, are frozen.  The Defendants and each of their financial and brokerage institutions, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this ORDER by personal service, facsimile service, telephonic notice, notice by email, or otherwise, and each of them, shall hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever) of, held by, or under the direct or indirect control of the Defendants, whether held in any of their names or for any of their direct or indirect beneficial interest wherever situated, in whatever form such assets may presently exist, and shall direct each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other property of the Defendants to hold or retain within its or his or her control and prohibit the withdrawal, removal, transfer or other disposal of any such assets, funds or other properties, including, but not limited to, the accounts set forth in Schedule A to this ORDER.

**II.**

**IT IS HEREBY FURTHER ORDERED**, that, from this date of this ORDER and until two years thereafter, the assets, funds, or other property held by or under the direct or indirect control of the Relief Defendants whether held in any of their names or for their direct or indirect beneficial interests, wherever located, up to the amount of $30,180,000 are frozen.  The Relief Defendants and each of their financial and brokerage institutions, officers, agents, servants,

3

employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this ORDER by personal service, facsimile service, telephonic notice, notice by email, or otherwise, and each of them, shall hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever) of, held by, or under the direct or indirect control of the Relief Defendants, whether held in any of their names or for any of their direct or indirect beneficial interest wherever situated, in whatever form such assets may presently exist, and direct each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other property of the Relief Defendants to hold or retain within its or his or her control and prohibit the withdrawal, removal, transfer or other disposal of any such assets, funds or other properties, including, but not limited to, the accounts set forth in Schedule A to this ORDER, up to the amount of $30,180,000.

## III.

**IT IS FURTHER ORDERED** that, while Parts I and II of this ORDER remain in force, this ORDER applies, without limitation, to the following properties:

A. Real property located at Kings Point Road, Kings Point, NY 11024; referred to in Docket Entry No. 101-10, and is held in the name of Julia Yue,

B. Real property located at Middle Neck Road, Sands Point, NY 11050; referred to in Docket Entry No. 101-11, and is held in the name of Xi Verfenstein and/or any entity which Xi Verfenstein controls, including Yume Sansui, LLC.

C. Real Property located at Vanderbilt Drive, Sands Point, NY 11050; referred to in Docket Entry No. 101-19, and is held in the name of Xinming Yu.

As to these or any other pieces of real property in which the Defendant or

4

Relief Defendants have an interest, the Defendant and Relief Defendants and their officers, directors, successor corporations, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them are prohibited from encumbering their interests by means of selling, transferring, assigning, or otherwise disposing of the property, pledging the property as collateral for any purpose, or allowing the property to secure any obligation.

## IV.

**IT IS FURTHER ORDERED** that, while Parts I and II of this ORDER remain in force, no person or entity, including the Defendants, the Relief Defendants, or any creditor or claimant against the Defendants or any of the Relief Defendants, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the asset freeze, including, but not limited to, the filing of any lawsuits, liens, or encumbrances, or bankruptcy cases to impact the property and assets subject to this ORDER; provided, however, that any party or non-party may seek leave from this ORDER upon a proper showing, and that any appeal to or from the Second Circuit regarding this ORDER would be permissible.

## V.

**IT IS FURTHER ORDERED** that the Defendants and Relief Defendants may apply to the Court to use assets, funds, or other property currently subject to this ORDER provided that:

A.  The Defendants and Relief Defendants seek to use assets, funds, or other property (subject to this ORDER but not derived from or associated with any alleged fraud) for reasonable payments of legal fees or living expenses, or other good reasons, including support of children and other dependents;

B.  The Defendants and Relief Defendants have given a full accounting of their assets and liabilities to the Monitor, as requested by the Monitor, and detailed in Part V of the Court's

September 27, 2021, Order granting a temporary restraining order and asset freeze, Docket Entry No. 11; and

C.  The Defendants and Relief Defendants have provided appropriate documentation of these expenses to the Court, and the Court finds them legitimate, proper, and not excessive.


**IT IS FURTHER ORDERED** that this ORDER shall be, and is, binding upon each of the Defendants and Relief Defendants, and each of their respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this ORDER by email, personal service, facsimile, overnight courier, or otherwise.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated:  December 8, 2022
        Brooklyn, New York

**Schedule A**





