

**REID & WISE** LLC
ATTORNEYS AND COUNSELORS AT LAW

| | |
|---|---|
| **New York Office:** | **Shanghai Office:** |
| One Penn Plaza, Suite 2015 | Wheelock Square, Suite 602A |
| New York, NY 10119 | Jing'an, Shanghai 200040 |
| Phone +1 (212) 858-9968 | Phone: +86 (021) 6071-5320 |
| www.reidwise.com | |

January 11, 2023

*Via ECF*
The Honorable Pamela K. Chen
U.S. District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: *SEC v. Xia et al.,*
     Case No. 1:21-cv-5350-PKC-RER

Dear Judge Chen:

  Our firm represents a group of EB-5 investors in the Eastern Mirage Project in a New York State Court lawsuit against Richard Xia and his companies, captioned *Mao Tang, et al. v. Fleet New York Metropolitan Regional Center LLC, et al.* (NY Supreme Court, NY County, Index No. 655822/2019) (Schecter, J.) ("State Court Action"). The Plaintiffs in the State Court Action, which has been pending since 2019, assert claims against Richard Xia and two of his companies for breach of contract, breach of fiduciary duty, and fraud. By Order dated December 15, 2022, the Defendants in the State Court Action were held in default and Plaintiffs were granted leave by Justice Schecter to "move for a default judgment against them." (Exhibit A)

  Defendants' counsel in this case recently provided to us a redacted copy of the sealed Preliminary Injunction Order entered by this Court dated December 8, 2022 (ECF Doc. 217), which contains language prohibiting "any creditor ... against the Defendants [from taking] any action to interfere with the asset freeze, including, but not limited to, the filing of any lawsuits . . . to impact the property and assets subject to this ORDER."

  It is our understanding and position that the Preliminary Injunction Order does not by its terms purport to restrain our clients from moving forward and seeking a default judgment in the State Court Action. The entry of a default judgment would not "interfere with the asset freeze" or "impact the property and assets subject to" the Order. In addition, our clients, who are not parties to the SEC Action nor within the group of non-parties listed in FRCP 65(d)(2), would not be bound

1

**REID & WISE** LLC
ATTORNEYS AND COUNSELORS AT LAW

by the Preliminary Injunction Order.[1] A contrary interpretation would raise constitutional issues and issues under the Anti-Injunction Act which were not addressed by this Court's Order.

      We have asked counsel for the SEC and the Defendants for their position on this issue. The SEC advises that, to their understanding, the Preliminary Injunction Order does not enjoin the continued prosecution of pending litigation against Defendants, such as the State Court Action. Defendants, on the other hand, take the position that "that the Asset Freeze Order prohibits your clients from prosecuting the pending State Court Action and you must seek relief for you to do so." (Email from M. Rifkin, dated Jan. 2, 2023, attached as Exhibit B.) We note that the Defendants here previously moved to stay the State Court Action, which Justice Schecter denied by Decision and Order dated August 10, 2022. (Exhibit C) Defendants now seek the same relief through an overly expansive interpretation of this Court's Preliminary Injunction Order.

      Given the position taken by Defendants, and out of an abundance of caution, we seek the Court's guidance concerning the scope of its Preliminary Injunction Order.[2] We are available to address this matter at the Court's convenience.

Respectfully submitted,

Matthew Sava

cc: All Counsel of Record

---

[1] "[N]o court can make a decree which will bind anyone but a party; a court . . . cannot lawfully enjoin the world at large, no matter how broadly it words its decree. . . . its jurisdiction is limited to those over whom it gets personal service, and who therefore can have their day in court." *Alemite Mfg. Corp. v Staff*, 42 F2d 832, 832-33 (2d Cir 1930).

[2] This letter does not constitute general appearance or consent to jurisdiction.

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY: COMMERCIAL DIVISION

PRESENT: HON. JENNIFER G. SCHECTER     PART  54
                                    *Justice*

-----------------------------------------------------------------X

MAO TANG, XIAYING JIN, ZHENWEI MO, DEKANG GAO,      INDEX NO.  655822/2019
ZHENG XU, ZHIGANG SHEN, MINJIAN HE, YING TANG,
JIANQIANG DONG, JIANRONG XU, SHUQIAN CHEN,
NING LI, MIAO WANG, QING YANG, XIAOMING ZHENG,
JINGJING CAI, ZHE LIU, JIAN MIAO, YI XU, WENFANG     ORDER
ZUO, MIN TANG, MEILI GENG

                        Plaintiffs,

            - v -

FLEET NEW YORK METROPOLITAN REGIONAL CENTER
LLC,F/K/A FEDERAL NEW YORK METROPOLITAN
REGIONAL CENTER LLC,FLEET FINANCIAL GROUP,
INC.,RICHARD XIA,

                        Defendants.

-----------------------------------------------------------------X

Pursuant to the November 7, 2022 order (Dkt. 190), since replacement counsel has not appeared for the Company Defendants and Xia has not filed a letter indicating that he intends to proceed pro se (*see* Dkt. 196), it is ORDERED that defendants are held in default and plaintiffs may move for a default judgment against them.

DATE: 12/15/2022                             JENNIFER G. SCHECTER, JSC

**OTHER ORDER – NON-MOTION**

# EXHIBIT B

**Re: Tang v. Fleet New York Metropolitan Regional Center LLC, Index No. 655822/2019 (Sup. Ct. N.Y. County)**

Rifkin, Mark <rifkin@whafh.com>
Mon 1/2/2023 11:48 AM
To: Matthew Sava <sava@reidwise.com>;stoeltingd@sec.gov <stoeltingd@sec.gov>
Cc: Han, Kim <hanki@SEC.GOV>;Shiyong Ye <sye@reidwise.com>;Zheng Gao <zgao@reidwise.com>;Hon. Randall T. Eng <reng@msek.com>;Paul Millus <PMillus@msek.com>;Edward J. LoBello <elobello@msek.com>;Kaufman, Benjamin <Kaufman@whafh.com>

Matt, as we have explained, we believe the Preliminary Injunction Order ?entered in the SEC's case against Mr. Xia and Fleet expressly prohibits anyone, not just the SEC and the defendants in the action, from taking any action that interferes with the asset freeze order. Under its terms, the fact that your clients are not parties does not exclude them from the scope of the Asset Freeze Order. The Court specifically listed filing a lawsuit as such an action. Given the breadth of the Asset Freeze Order and the example I just mentioned, it is clear that the Asset Freeze Order prohibits your clients from prosecuting the pending State Court Action and you must seek relief for you to do so. In addition, as we have also discussed, we believe your clients are not entitled to a default judgment in the State Court Action in any event, and we will oppose any motion for default on all grounds available to the defendants in that action.

Please let us know if you have any questions.

Mark


Mark C. Rifkin | Wolf Haldenstein Adler Freeman & Herz LLP | 270 Madison Avenue, New York, NY 10016

firm: 212.545.4600 | direct: 212.545.4762 | fax: 212.545.4653 | rifkin@whafh.com<mailto:rifkin@whafh.com>

_____
From: Matthew Sava <sava@reidwise.com>
Sent: Friday, December 30, 2022 3:12 PM
To: stoeltingd@sec.gov; Rifkin, Mark
Cc: Han, Kim; Shiyong Ye; Zheng Gao
Subject: Tang v. Fleet New York Metropolitan Regional Center LLC, Index No. 655822/2019 (Sup. Ct. N.Y. County)

Dear Messrs. Stoelting and Rifkin:

Our firm represents a group of EB-5 investors in the Eastern Mirage Project in a New York State Court lawsuit against Richard Xia and his companies, captioned Mao Tang, et al. v. Fleet New York Metropolitan Regional Center LLC, et al. (NY Supreme Court, NY County, Index No. 655822/2019) ("State Court Action"). By Order dated December 15, 2022, the Defendants in the State Court Action were held in default and plaintiffs were granted leave by Justice Schecter to "move for a default judgment against them."

Mr. Rifkin recently provided to us a redacted copy of the Preliminary Injunction Order in the EDNY case, SEC v. Xia, et al. (EDNY 21-CV-5350) ("SEC Action"), dated December 8, 2022, which contains language prohibiting "any creditor ... against the Defendants [from taking] any action to interfere with the asset freeze, including, but not limited to, the filing of any lawsuits . . . to impact the property and assets subject to this ORDER."

It is our understanding and position that Judge Chen's Preliminary Injunction Order does not by its terms purport to restrain our clients from moving forward to pursue a default judgment in the State Court Action. The entry of a default judgment would not "impact the property and assets subject" to the Order. In addition, our clients, who are not parties to the SEC Action nor within the group of non-parties listed in FRCP 65(d)(2), are not bound by the Preliminary Injunction Order.

Please let me know your respective positions on this issue as soon as possible so that we may, as appropriate, seek guidance from the Court.

Thank you.


Matthew Sava
REID & WISE LLC
One Penn Plaza, Suite 2015
New York, NY 10119
P:212-858-9968<tel:(212)%20858-9968>
C:917-885-2430<tel:(917)%20885-2430>
www.reidwise.com<https://linkprotect.cudasvc.com/url?a=http%3a%2f%2fwww.reidwise.com%2f&c=E,1,WbTA0spQeCKs5RKGXfIJDM3zOpCXV9MzNQ9Ows6QG64Rpa4wZmhgmQ6oT1qXrNI59k0yTuklqrhVEkvxH7b3LcOps_NnHBvztO1EdNYQxCBsBdMyHMsuSpAc4VNy&typo=1>


The information contained in this email may be privileged and confidential and is intended only for the use of the recipient named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, copy, or distribution of this communication is strictly prohibited. If you have received this communication in error, please immediately delete all originals, copies and

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY: COMMERCIAL DIVISION

PRESENT: HON. JENNIFER SCHECTER PART 54
                                                    Justice
-----------------------------------------------------------------X   INDEX NO.        655822/2019

MAO TANG, XIAYING JIN, ZHENWEI MO, DEKANG GAO,                       MOTION SEQ. NO.     005
ZHENG XU, ZHIGANG SHEN, MINJIAN HE, YING TANG,
JIANQIANG DONG, JIANRONG XU, SHUQIAN CHEN,
NING LI, MIAO WANG, QING YANG, XIAOMING ZHENG,
JINGJING CAI, ZHE LIU, JIAN MIAO, YI XU, WENFANG
ZUO, MIN TANG, MEILI GENG

                                        Plaintiffs,

                       - v -                                         DECISION + ORDER ON
                                                                           MOTION
FLEET NEW YORK METROPOLITAN REGIONAL CENTER
LLC,F/K/A FEDERAL NEW YORK METROPOLITAN
REGIONAL CENTER LLC,FLEET FINANCIAL GROUP,
INC.,RICHARD XIA,

                                        Defendants.
-----------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 005) 144, 145, 146, 147,
148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161
were read on this motion to/for                            STAY                                  .

There are two standards governing when this court may exercise its discretion to grant a stay under CPLR 2201 (*Asher v Abbott Labs.*, 307 AD2d 211 [1st Dept 2003] ["Although we have held that a stay pending determination of a related proceeding should be granted only when the other proceeding shares complete identity of parties, claims and relief sought, we have also held that a stay may be warranted when there is substantial identity between state and federal actions"]). "The latter instance is justified upon due consideration of issues of comity, orderly procedure, and judicial economy" (*id.*). Under that standard, a stay might be warranted when, for instance, "the federal action was commenced first and discovery has been completed" (*id.*).

That is not the case here (Dkt. 154 at 4 ["Plaintiffs in this first-filed action are not parties to the SEC Action. They have been litigating their breach of contract claims here for nearly three years ... The SEC Action contains no such breach of contract claim"]). Not only is this the first-filed action, but in federal court the SEC action and the civil action are before the same judge who can ensure that a stay is best for case management and will not unduly prejudice the civil plaintiffs (Dkt. 150 at 8-10; *see* Dkt. 151). There also is no way to know whether any recovery by the SEC, whether through a settlement or verdict, will make plaintiffs whole or satisfy them such that they are willing to settle. On the contrary, staying this action could significantly delay and prejudice plaintiffs' claims and indeed the

655822/2019  TANG, MAO vs. FEDERAL NEW YORK                          Page 1 of 2
Motion No. 005

1 of 2

plaintiffs in this action clearly do not think that the efficiencies that might be gained by a stay will increase their expected recovery. This court will not deprive plaintiffs of their ability to proceed with their case in favor of a subsequently filed action to which they are not parties and in which their original breach of contract claim is not being litigated (*Matter of Qudian Sec. Litig.*, 189 AD3d 449 [1st Dept 2020] ["there is no basis for a stay of this action pursuant to CPLR 2201 since the decision in the federal action will not determine all of the questions in this action"]; *see Bridgemarket Assoc. v City of New York*, 190 AD2d 561, 561-62 [1st Dept 1993]). The court therefore declines to exercise its discretion to issue a stay.

Accordingly, it is ORDERED that defendants' motion to stay this action pending resolution of the SEC action is DENIED. And it is further ORDERED that the parties shall provide the court with a discovery update by August 12, 2022.

| 8/10/2022 | |
|---|---|
| DATE | JENNIFER SCHECTER, J.S.C. |

CHECK ONE:
- [ ] CASE DISPOSED
- [X] NON-FINAL DISPOSITION
- [ ] GRANTED [X] DENIED
- [ ] GRANTED IN PART
- [ ] OTHER

655822/2019 TANG, MAO vs. FEDERAL NEW YORK
Motion No. 005

Page 2 of 2

2 of 2