February 6, 2023

**VIA ECF**

The Honorable Raymond E. Reyes
United States District Court
Eastern District of New York
225 Cadman Plaza East, Chambers N 631
Brooklyn, NY 11201

      Re: ***SEC v. Richard Xia et al.*, 21-cv-05350-PKC-RER**

Dear Judge Reyes:

Plaintiff Securities and Exchange Commission ("SEC"); Defendants Richard Xia ("Xia") and Fleet New York Metropolitan Regional Center ("Fleet," and with Xia, "Defendants"); and Relief Defendant Julia Yue ("Yue"), respectfully submit this joint letter pursuant to the Court's Scheduling Order dated January 3, 2023.  This Order adjourned discovery deadlines until February 3, 2023, extended the discovery schedule to March 10, 2023, and required the parties to file a joint letter on or before February 6, 2023, on three issues:
      (1) the status of Verfenstein's and Yu's efforts to retain new counsel;
      (2) the new dates for any deposition(s) that the parties had scheduled; and
      (3) requesting approval of any additional matter related to discovery which the Local Rules or Rules of Civil Procedure require the Court to authorize.

    **I.**    **STATUS OF VERFENSTEIN'S AND YU'S EFFORTS**
          **TO RETAIN NEW COUNSEL**

**SEC Position**:  Verfenstein and Yu did not respond to requests from the SEC seeking their positions on this letter.  However, on February 3, Verfenstein advised the SEC in an email that she and Yu are "still looking for counsel" but are "getting close" to obtaining counsel and are "currently in discussions."

**Position of Defendants and Ms. Yue**:

Defendants and Ms. Yue are unaware of the current status of the other Relief Defendants' efforts to obtain substitute counsel.

Hon. Raymond E. Reyes
February 6, 2023
Page 2

### II.     STATUS OF DEPOSITIONS

**SEC Position**: On January 25, 2023, the SEC emailed the Defendants and Relief Defendants proposing the following dates for depositions:
- Walter Verfenstein – Feb 9
- Chantal Ko (CTBC) – Feb 14
- X. Yu – Feb 17
- X. Verfenstein – Feb 24
- J. Yue – Feb 28
- R. Xia – March 2

Counsel for the Defendants and Yue declined to either agree to any of these dates or propose alternative dates. Instead, in a January 27 email, counsel stated that "in light of the pending motion to appoint a receiver, we believe it is imprudent and wasteful to proceed with discovery at this point." Verfenstein and Yu did not respond.

The SEC's position is that the pending receivership motion should not delay discovery. The appointment of a Receiver would not alter the SEC's right to depose the Defendants, Relief Defendants and third parties, or obtain documents from parties and non-parties. Although the SEC's motion, if granted, would include Defendant Fleet in the proposed receivership, unless and until that motion is granted Fleet has counsel and can participate in discovery.

The Defendants, moreover, have a history in this case of failing to cooperate in the scheduling of depositions. The SEC has had to move twice to compel depositions, and the Court granted both motions. Dkt. Nos. 57; 2/1/22 Dkt. Order; 190. In response to SEC's second motion to compel, the Court ruled on October 25, 2022 that "[t]he depositions of defendant Xia and the Relief Defendants shall go forward." These depositions, however, did not occur, and the SEC has conducted only one deposition since the Preliminary Injunction hearing one year ago. As a result, the Court should reject the argument that the receivership motion requires a stay of discovery and order the Defendants and Relief Defendants to confer promptly with the SEC regarding dates for the above depositions.

**Position of Defendants and Ms. Yue**:

Contrary to the misleading recitation in the SEC's Position, on December 17, 2022, Defendant Xia and Relief Defendant Yue previously agreed to the date proposed for Mr. Xia's deposition and proposed an alternative date of February 2, 2023, for Ms. Yue's deposition. *See* Exhibit 10. However, in response to the SEC's revised schedule for the depositions, they subsequently informed the SEC that both depositions should not take place because of the SEC's pending motion to appoint a receiver and liquidate all their assets, filed on January 17, 2023 (ECF No. 235).

As we explained in an email sent to the SEC's counsel on January 26, 2023, in light of the SEC's pending motion to appoint a receiver and liquidate all the Defendants' and the Relief Defendants' business and personal assets, it is imprudent and wasteful to proceed with the discovery at this point. Defendants and the Relief Defendants intend to oppose the SEC's motion and believe the Court should find that the appointment of a receiver and complete liquidation of all the Defendants' and Relief Defendants' assets is not clearly necessary to protect the SEC's interests or the EB-5 visa investors, to protect the assets currently subject to the asset freeze under the Preliminary Injunction, or to provide access to any additional documents and information the SEC may reasonably require.

However, if a receiver is appointed, presumably the receiver will want to direct the pending civil enforcement action. If a receiver is appointed, whomever the receiver may be, he or she can provide the SEC with whatever documents and information it seeks. The receiver also may have a different view of how discovery should be conducted, what objections to make, which questions to ask of the various witnesses, which documents to use to examine the witnesses, which questions to object to, and the like. Indeed, the SEC's motion for appointment of a receiver application proposes to give the receiver 90 days to put forward a plan as to how to address the civil enforcement action as well as all the related litigation.

Given the risk that the Court may grant the receivership motion, we believe it is in the best interest of the investors as well as all parties concerned that any further discovery be postponed until the Court rules upon your pending receivership motion (as well as a receivership motion that CTBC or any other interested party may file). We believe it is imprudent to waste the investors' money or the parties' time and effort pursuing discovery that may well be mooted or radically altered by the appointment of a receiver.

### III. ADDITIONAL MATTERS RELATED TO DISCOVERY

**Position of SEC**: The Defendants and Relief Defendants have not adequately responded to the following document requests and interrogatories:

Document Requests
9/16/22 and 11/23/22 Document Requests to Defendants (Exs. 1, 2)
9/16/22 and 11/23/22 Document Requests to Verfenstein (Exs. 3, 4)
9/16/22 and 11/23/22 Document Requests to Yu (Exs. 5, 6)


Interrogatories
9/16/22 Interrogatories to Xia (Ex. 7)

Hon. Raymond E. Reyes
February 6, 2023
Page 4


9/16/22 Interrogatories to Yue (Ex. 8)
9/16/22 Interrogatories to Yu (Ex. 9)

The Defendants have not produced any documents in response to the SEC's 9/16/22 and 11/23/22 Document Requests.  The 11/23/22 request seeks tax returns for the limited partnerships and Xia entities.  Xia also has not produced any response to the 9/16/22 Interrogatories.

Verfenstein and Yu also have not produced documents in response to the 9/16/22 and 11/23/22 document requests seeking, among other relevant documents, tax returns.

Verfenstein and Yu responded to the 9/16/22 interrogatories, but objected on relevance grounds to interrogatories asking them to identify bank or financial accounts in their names or in which they have a beneficial interest.  Exs. 7, 8.  The identity of Verfenstein's financial accounts is relevant, among other reasons, to ascertain the full nature and extent of her financial dealings with the Defendants and Yue.  In addition, Verfenstein's claim that Xia acquired the Middle Neck Road mansion for her benefit because she was owed $10 million makes her income and payments to her relevant.  As for Yu, given that the SEC has raised questions about her bank records, *see* Dkt. 215 at 7, and that $100,000 from a Yu account was transferred to one of Xia's attorneys in early 2022, *see* Dkt. 235-9 at 1, the identity of all Yu's accounts are relevant.

Verfenstein and Yu also objected on relevance grounds to the SEC's interrogatory asking them to identify persons or entities paying their legal fees.  This information is relevant in view of the asset freeze, and also to establish potential bias.  Exs. 7, 8.

The Defendants and Relief Defendants should be ordered to fully produce all documents responsive to the SEC's document requests, and Xia, Verfenstein and Yu should be ordered to fully respond to the 9/16/22 interrogatories.  These documents and information should be provided as soon as possible in advance of their scheduled depositions.

**Position of Defendants and Ms. Yue**:

Except for responses to the SEC's third set of interrogatories (Ex. 7 and 8) and the sixth set of document requests (Ex. 2), Defendants and Relief Defendant Yue believe they have responded to all the outstanding discovery requests.  Although Defendant Xia did not produce any documents responsive to the SEC's fifth set of document requests, Defendant Xia previously produced any documents responsive to Requests Nos. 1 through 3, and on October 11, 2022, in response to a subpoena served on them, the undersigned and Meyer Suozzi, as counsel for Defendant Xia, provided payment records duplicating the information sought in Request No. 4.

Hon. Raymond E. Reyes
February 6, 2023
Page 5

Defendants have completed their compilation of the voluminous tax returns sought in the SEC's sixth set of document request No. 6 (Ex. 2) and will be providing an FTP upload address to the SEC later today. Despite the pending receivership motion, Defendants and Ms. Yue will provide responses to the third set of interrogatories (Ex. 7 and 8) by the end of this week.

                                                Respectfully submitted,

                                                /s/ David Stoelting
                                                Kevin P. McGrath
                                                David Stoelting
                                                Kim Han
                                                Securities and Exchange Commission
                                                Attorneys for Plaintiff

                                                /s/ Mark C. Rifkin
                                                Benjamin Y. Kaufman
                                                Mark C. Rifkin
                                                Wolf Haldenstein Adler Freeman & Herz LLP
                                                Attorneys for Defendants and Relief Defendant Yue