UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------
SECURITIES AND EXCHANGE COMMISSION

                Plaintiff,

v.

RICHARD XIA, et. al.,                        21 cv 5350 (PKC)

                Defendants,

and

JULIA YUE, XI VERFENSTEIN, et. al.,

                Relief Defendants.

-------------------------------------------------------------.

**MEMORANDUM OF LAW IN SUPPORT OF XI VERFENSTEIN'S MOTION FOR AN ORDER DIRECTING THAT AN EVIDENTIARY HEARING BE CONDUCTED TO DETERMINE WHETHER HER INTEREST IN CERTAIN REAL PROPERTY SHOULD BE SUBJECT TO A FREEZE ORDER**

**Preliminary Statement**

       On December 8, 2022, the Court entered an Order, among other things, freezing property in which Relief Defendant's Xi Verfenstein's had an interest situated on Middle Neck Road, North Hempstead, New York.  This order was predicated in part upon evidence adduced at a hearing conducted from February 14-16, 2022, at which Verfenstein was not present. She was not present because she had not yet been named as a Relief Defendant.  Thereafter, on April 6, 2022, Verfenstein was named as a Relief Defendant in an Amended Complaint.  Rather than recognizing her right to a hearing required by Rule 65 of the Federal Rules of Civil Procedure on

extending the freeze order to her property, the SEC moved, on papers alone, to freeze the Middle Neck property. The SEC's motion was granted in the Court's December 8, 2022 Order.  The granting of this motion, without affording Verfenstein an evidentiary hearing, with the right to confront and cross examine witnesses, was illegal.  An evidentiary hearing should be ordered. If no such hearing is afforded her, the freeze order pertaining to Middle Neck property should be dissolved pursuant to Rule 65(b)(3).

**Factual Background and Argument**

On September 27, 2021, the SEC filed a Complaint against the Defendants alleging violations of the federal securities laws and sought and obtained a TRO under Rule 65(b), freezing certain assets of the Defendants and Relief Defendant, Julie Yue.  Relief Defendant Verfenstein ("Verfenstein") was not named in this Complaint and was not the subject of the freeze order referred to in the TRO.   In accordance with Rule 65, the Court conducted an evidentiary hearing from February 14 to February 16, 2022 on the issue of whether to enter an injunction continuing the freeze order issued in the TRO.  At this hearing the SEC presented witnesses allegedly supporting its position that certain properties and assets of the Defendants and the Relief Defendant should be subject to a freeze order. The Defendants were naturally permitted, as required by due process, and by Rule 65, to confront and cross-exam the witnesses against them and to introduce evidence on their own behalf.  As Verfenstein had not yet been sued by the SEC, she was not allowed to take part in this hearing. After the hearing, on April 6, 2022, the SEC filed an Amended Complaint naming Verfenstein as a Relief Defendant and sought a further order on papers extending the Freeze Order to the Middle Neck property.   This application was vigorously contested by Verfenstein's then attorneys on papers. In these papers counsel complained that Verfenstein had not be allowed to confront and cross examine witnesses

2

at the February 2022 hearing on which the SEC was relying to extend the freeze order to the Middle Neck property.  ("Ms. Verfenstein and Ms. Yu [who was also joined as a Relief Defendant in the April 6, 2022 Amended Complaint] were not present at the show cause hearing, they were not able to cross-examine witnesses, and they have not had the opportunity to take discovery over the past seven months." Relief Defendants Xi Verfenstein and Xinming Yu's Memorandum of Law in Opposition to Plaintiff's Motion to Extend the Asset Freeze to Certain Assets, ECF No. 120, filed 5.2.22 at 19.).  This valid protestation was ignored.  Verfenstein was simply tossed in with other Defendants who had been permitted to exercise their constitutional rights to confront and cross examine.  On December 8, 2022 the Court issued its Memorandum and Order, based at least partially upon the evidence taken at the evidentiary hearing in February 2022.  This Order froze the Middle Neck property.

The Court's failure to conduct an evidentiary hearing at which Verfenstein was given the right to confront and cross-examine witnesses on the issue of whether Verfenstein's property should be subject to the freeze was error.  The same principles that govern criminal cases should apply here in which substantial property interests exist. The Confrontation Clause was designed to prevent the conviction of defendants on written evidence without defendants having the ability to face their accusers and contest their honesty.

Rule 65, governing injunctions and TRO's, requires hearings before injunctions are ordered. Such a hearing should be ordered now, and there can be no prejudice to the SEC if it were ordered.  Indeed, it would not even matter if it were prejudicial to the SEC.  The freezing of the Middle Neck property has prevented Verfenstein from defending this case as vigorously as she can.  If she is going to be denied access to this asset, it should only be in accordance with the Rules. She is simply a Relief Defendant who worked very hard with the Defendant Ricard Xia

3

for a decade and who had a "legitimate claim" to payment for her work, or the work of entities she owned. A "legitimate claim" to compensation for work precludes forfeiture of those payments. See SEC v. Cavanaugh, 155 F. 3d 129, 136 (2d Cir. 1998). This is the case even assuming, arguendo, assets which formed the basis for the compensation were obtained improperly by the Defendant Xia.

The SEC itself should have sought an evidentiary hearing for Verfenstein but it was in too much of a hurry to comply with the Rules.

**The February Hearing Itself was Riddled with an Attorney Conflict of Interest**.

There is yet another reason that Verfenstein should not be bound by evidence adduced at the hearing conducted in February 2022. That is because the lawyer, Taher Kameli, who took the lead in representing Defendants and the Relief Defendant at the February hearing had a conflict of interest in advocating against the interest of the SEC. This stemmed from the fact that a few days before the hearing began, on February 7, 2022, Mr. Kameli was barred from representing clients before the SEC for a period of five years as a result of his involvement in the case of SEC v. Seyed Taher Kameli, et.al., filed in the Northern District of Illinois on June 22, 2017. (Amorosa Declaration, Exhibits 1-3). In this Illinois case Mr. Kameli had been charged himself with a violation of Section 10(b) and Rule 10b-5 relating to allegations that he had been complicit in defrauding investors in an EB-5 investment program. (Id. Ex. 2). The bar did not prevent re-instatement after the five-year period if Mr. Kameli met certain conditions, according to the SEC. A consent judgment against him was entered on January 24, 2022. In that judgement, he and his co-defendants consented to pay the SEC at approximately $1,500,000, encompassing disgorgement, interest and penalties, of which $160,000 was required to be paid within 7 days. (Amorosa Declaration, Ex.3 at 6). This money was owed to the SEC at the time of the hearing.

These circumstances raise the issue as to whether Mr. Kameli was currying favor with the SEC prior to and during the hearing.

Mr. Kameli filed a Notice of Appearance in the case here on February 10, 2022, 3 days after he was barred from appearing before the SEC. (Amorosa Declaration, Ex. 1). There are questions that must be answered in respect to whether the SEC and Mr. Kameli had discussions about the propriety of his representing Defendants in the case here, and whether he sought the SEC's permission to represent Defendants in the case here.

Of course, the highly competent SEC officials here would have known about Mr. Kameli's SEC problems. This chronology raised questions upon Mr. Kameli's effectiveness at the hearing. But it is not for Verfenstein to press this issue, except to assert that she should not be held bound by the evidence adduced at that hearing. She was entitled to her own hearing on the freeze issues.

<u>**Conclusion**</u>

The Court should order a hearing at which the SEC has the burden of establishing that Verfenstein's interest in the Middle Neck property should be subject to a freeze order.

Respectfully submitted,

_____/s/_____
Dominic F. Amorosa
244 Fifth Avenue, Suite A246
New York, New York 10001
212 406 7000
Email: lawoffices@dfamorosa.com


Dated:  February 13, 2023