

**New York Office:**
One Penn Plaza, Suite 2015
New York, NY 10119
Phone +1 (212) 858-9968
www.reidwise.com

**Shanghai Office:**
Wheelock Square, Suite 602A
Jing'an, Shanghai 200040
Phone: +86 (021) 6071-5320

March 17, 2023

*Via ECF*
The Honorable Pamela K. Chen
U.S. District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *SEC v. Xia et al.,*
                Case No. 1:21-cv-5350-PKC-RER

Dear Judge Chen:

Our firm represents a group of EB-5 investors in the Eastern Mirage Project in a New York State Court lawsuit against Richard Xia and his companies, captioned *Mao Tang, et al. v. Fleet New York Metropolitan Regional Center LLC, et al.* (NY Supreme Court, NY County, Index No. 655822/2019) (Schecter, J.) ("State Court Action"). The Plaintiffs in the State Court Action, which has been pending since 2019, assert claims against Richard Xia and two of his companies for breach of contract, breach of fiduciary duty, and fraud. By Order dated December 15, 2022, the Defendants in the State Court Action were held in default and Plaintiffs were granted leave by Justice Schecter to move for a default judgment against them. Plaintiffs have since moved for a default judgment, and their motion is pending.

We understand that the SEC has moved for appointment of a receiver and, in that connection, requests a blanket stay of all litigation against Defendants in any forum (with one exception). (Dkt. #235-1, at p.17-18) In its Memorandum of Law in Support of its Motion for a Receiver, the SEC contends that a "litigation injunction is necessary to address all pending claims against the Xia entities and assets in order to effectuate an orderly claims and distribution process." (*Id.* at 17)

We respectfully submit that such a blanket stay is not warranted by the facts or by the law.

1



As a factual matter, the SEC's motion presupposes that it will succeed on its claims and obtain a judgment against Defendants, which, in turn, will result in the marshaling and liquidation of all assets of the Defendants and subsequent distribution of all such assets to Defendants' creditors. However, this is not a bankruptcy proceeding in which such an outcome is to be expected. Whether the SEC is empowered to obtain such relief in this action, and if so whether the SEC will in fact succeed in obtaining such relief, are unresolved and speculative matters at this time. To issue a blanket injunction of all litigations in any forum on the potentiality of such an outcome would be unfair to the plaintiffs in the State Court Action who are in a position to obtain a judgment in their suit after three years of litigation.

Moreover, the SEC's concern about the impact of other lawsuits on the assets subject to this Court's asset freeze is already addressed by the asset freeze itself. If and when other lawsuits result in judgments against Defendants, those judgments will not be enforceable as against the assets subject to the asset freeze without leave of this Court. This protection strikes the right balance in protecting the assets subject to the asset freeze, while also permitting parties with legitimate claims to pursue those claims to completion.

It is notable that the SEC seeks to carve out "any actions by governmental entities, such as the City of New York/Con Edison action." (SEC Mem. 17 n.11) Such an exception demonstrates the unfairness of the SEC's request, which would have the effect of prioritizing certain claims and lawsuits against defendants and harming our clients who have diligently been pursuing their claims in the State Court Action for three years.

As a legal matter, our clients are not parties to the SEC Action nor within the group of non-parties listed in FRCP 65(d)(2), and therefore should not be bound by the requested injunction.[1] Federal Courts are subject to the Anti-Injunction Act, pursuant to which: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Here, the requested stay is not expressly authorized by Act of Congress, is not necessary in aid of the Court's jurisdiction, and is not necessary "to protect or effectuate" a judgment. As explained above, the SEC Action is in an early stage, with no judgment imminent and no certainty as to whether the SEC will obtain a judgment or the relief that would be encompassed therein.

The Southern District case, *Reserve Fund Secs. & Derivative Litig. v. Reserve Mgmt. Co.*, 673 F. Supp. 2d 182, 203-204 (S.D.N.Y. 2009), relied on by the SEC is instructive. In *Reserve Fund*, the court issued an order providing for liquidation of a mutual fund and pro rata distribution

---

[1]  "[N]o court can make a decree which will bind anyone but a party; a court . . . cannot lawfully enjoin the world at large, no matter how broadly it words its decree. . . . its jurisdiction is limited to those over whom it gets personal service, and who therefore can have their day in court." *Alemite Mfg. Corp. v Staff*, 42 F2d 832, 832-33 (2d Cir 1930). "Rule 65(d) articulates the standard for determining the reach of the injunction." *Vuitton et Fils S. A. v. Carousel Handbags*, 592 F2d 126, 129 (2d Cir 1979).



**REID & WISE** LLC
ATTORNEYS AND COUNSELORS AT LAW

of the fund's assets. To implement this liquidation and distribution order, the court issued a litigation injunction. This case is in a fundamentally different posture than *Reserve Fund*, which should lead to a different result. Here, as explained above, the SEC is not close to obtaining such an order, even if one is legally available in this action, which Defendants will surely dispute.

For the foregoing reasons, it is respectfully requested that the Court deny the SEC's extraordinary request for a blanket injunction against all pending actions involving the Xia entities, including the State Court Action.[2]

Respectfully submitted,

Matthew Sava

cc: All Counsel of Record

---

[2] This letter does not constitute a general appearance or consent to jurisdiction.