

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 Pearl Street, Suite 20-100
New York, NY 10004-2616

New York
Regional Office

November 17, 2023

**VIA ECF**
The Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East, Chambers N 631
Brooklyn, NY 11201

Re: <u>*SEC v. Richard Xia, et al.*, 21-cv-05350-PKC-JAM</u>

Dear Judge Chen:

Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this response to the Court's November 3, 2023 Order ("Order") directing the parties to "file supplemental briefs regarding the impact, if any, of the Second Circuit's decision in *SEC v. Govil*, No. 22-1658, 2023 WL 7137291 (2d Cir. Oct. 31, 2023) on this action—including any impact on the parties' settlement discussions in this matter and Plaintiff's pending Motion to Appoint Receiver." As discussed below, *Govil* does not affect (i) the SEC's substantive claims against Defendants Richard Xia ("Xia") and Fleet New York Metropolitan Regional Center ("Fleet," together with Xia, "Defendants"); (ii) the parties' discretion to agree to a settlement or the Court's authority to approve a settlement; or (iii) the SEC's pending receivership motion.

***SEC v. Govil***

In *Govil*, the SEC alleged that the defendant caused a publicly traded company to engage in three fraudulent securities offerings. 2023 WL 7137291, at *1. The SEC and the defendant entered into a partial settlement in which the defendant agreed to all non-monetary relief the SEC sought on the four claims alleged and all other relief the SEC sought on three of those four claims. *See SEC v. Govil*, No. 21-cv-6150, 2022 WL 1639467, at *1 (S.D.N.Y. May 24, 2022), *vacated and remanded*, 2023 WL 7137291. The sole issue presented to the District Court was the appropriate monetary relief on one of the four claims. *Id.* On that claim, the District Court ordered the defendant to pay disgorgement, prejudgment interest, and a civil penalty. *Id*. at *3-4.

The defendant appealed the District Court's disgorgement ruling. *See* 2023 WL 7137291. The Second Circuit held that, at the remedies phase, the district court erred by ordering disgorgement without finding that victims suffered pecuniary harm, and vacated and remanded with instructions to the District Court to make a factual determination about "whether the investors suffered pecuniary harm." *Id.* at *1-2, *16. The Court also instructed the District Court to recalculate any disgorgement by taking into account the value of securities that the defendant had already returned to the company as part of a separate settlement. *Id*. at *2, *16.

***Govil* Has No Impact on the SEC's Substantive Claims Against Defendants**

First, the Second Circuit's *Govil* decision concerns remedies only and does not affect whether Defendants here violated the securities laws. In an SEC enforcement action, a court must first determine whether one or more securities law violations have occurred and only after that determination does it consider the appropriate monetary remedies, including whether to award disgorgement. *See, e.g.*, *SEC v. First Jersey Secs., Inc.*, 101 F.3d 1450, 1474 (2d Cir. 1996) (stating that "[o]nce the district court has found federal securities law violations" it can exercise its power to fashion appropriate remedies); *SEC v. DiBella*, 409 F. Supp. 2d 122, 135 (D. Conn. 2006) ("[T]he parties may litigate this issue [of whether the facts support the SEC's request for disgorgement] later if the Defendants are found liable."); *SEC v. Follick*, No. 00-cv-4385, 2002 WL 31833868, at *8 (S.D.N.Y. Dec. 18, 2002) (recommending denial of motion for summary judgment and stating, "[a]s for the possibility of disgorgement, the appropriateness of this remedy is properly determined only in the event [defendant] is found liable for the violations of the securities laws"), *report and recommendation adopted*, No. 00-cv-4385, ECF Dkt. No. 71 (Mar. 3, 2003). The parties here are engaged in discovery and the issue of the appropriate monetary remedies for Defendants is not yet ripe. By contrast, in *Govil*, the parties had resolved the SEC's substantive securities law claims and, at the remedies stage, they disagreed whether disgorgement was appropriate on the facts there. That has no effect on determining whether Defendants violated the securities laws.

***Govil* Has No Impact on the Parties' Ability to Enter Into,
or the Court's Authority to Approve, a Settlement**

*Govil* also does not affect settlement discussions. The SEC has broad discretion to settle claims in litigation on terms it deems appropriate. *SEC v. Citigroup Glob. Mkts., Inc.*, 752 F.3d 285, 294-95 (2d. Cir. 2014). A court should approve such a settlement so long as it is fair and reasonable, and the public interest would not be disserved. *Id.* at 294. The settlement need not reflect the maximum potential charges the SEC might have brought or maximum relief it might have obtained, and it need not reflect every argument a defendant might have made in opposition. *Id.* Rather, a settlement is, by its very nature, "'normally [a] compromise[] in which the parties give up something they might have won in litigation . . . .'" *Id.* at 295 (quoting *United States v. ITT Cont'l Baking Co.*, 420 U.S. 223, 235 (1975)). *Govil* does not affect the Court's deference to the SEC to craft and agree to settlement terms, the parties' ability to compromise or forgo arguments they might have made during a remedies hearing after a determination of liability, or the Court's authority to approve and order a settlement proposed by the parties.

***Govil* Has No Impact on the SEC's Pending Receivership Motion**

Finally, *Govil* does not affect the Court's power to appoint a receiver to maintain the status quo. *See Eberhard v. Marcu*, 530 F.3d 122, 131-32 (2d Cir. 2008) (stating that a "primary purpose of appointing a receiver is to conserve the existing estate," including by "prevent[ing] the dissipation of the defendant's assets pending further action by the court") (internal quotations omitted). The purpose of the receivership the SEC seeks is just that—a means to protect the unfinished real estate and other assets that are the subject of the Court's preliminary injunction and asset freeze and to ensure that those assets do not lose value and are not wasted. *See, e.g.*,

ECF Dkt. No. 235-20 (Proposed Receivership Order) at ¶¶ 3(a), 3(d), 3(j), 7, 8(d), 28. That value, particularly of the unfinished real estate, is the only thing that might make whole the investors whom Defendants defrauded of more than $229 million, and the importance of its conservation is self-evident. A receivership is the appropriate approach to such conservation where, as here, Defendants' fraud was serious, intentional, and long-running; and where Defendants have repeatedly violated the Court's attempt to protect the frozen assets via orders to the Defendants—including the Court's Temporary Restraining Order and the Court's Monitor Order—by, among other things, dissipating assets the Court had frozen and by obstructing the Monitor's work. As detailed in the SEC's Motion to Appoint a Receiver and accompanying papers (ECF Dkt. No. 235), whether to appoint a receiver is within the sound discretion of this Court in the exercise of its equitable powers, *see Carbone v. Martin*, No. 18-cv-3509, 2023 WL 2477682, at *7 (E.D.N.Y. Mar. 13, 2023), and *Govil* says nothing different.

Even if Defendants claim that appointing a receiver would do anything but conserve the value of the assets currently frozen, the SEC notes that, under the Proposed Receivership Order, the receiver's powers are in the nature of value preservation and no asset can be sold without an application to and further order of the Court and, even then, any proceeds of a sale would be maintained by the receiver, together with all other assets, until the Court issues an order determining the appropriate monetary remedies. *See* ECF Dkt. No. 235-20 at ¶¶ 3(g), 8(e)-(g), 8(r). Again, *Govil* says nothing about any of this.

                                        Respectfully submitted,

                                        /s/ Christopher M. Colorado
                                        Christopher M. Colorado
                                        David Stoelting
                                        Kim Han

                                        *Attorneys for Plaintiff*