

January 29, 2024

<u>BY ECF</u>
The Honorable Pamela K. Chen
United States District Judge
United States District Court For the New York Eastern District
225 Cadman Plaza East
Brooklyn, New York 11201

     Re: *Securities Exchange Commission v. Xia, et al.* U.S. Dist. Ct., Dkt. No. 21-
       Civ-5350 (PKC)

Dear Judge Chen:

  As counsel for Defendants in this matter, we write respectfully to request that the Court authorize payment of the fees we have incurred in connection with defending this matter. With the Court's approval we stand prepared to submit our invoices for an *in camera* review to confirm reasonableness of the fees expended in this matter.

  As Your Honor is aware, on December 8, 2023, this Court entered a preliminary injunction order freezing all assets held by Defendants and the Relief Defendants (the "PI Order"). [Dkt. No. 216]. As the Court recognized in imposing the global asset freeze, "[t]he Court will, however, consider making a substantial carve-out from the asset freeze for the benefit of defendants and Relief Defendants, for reasonable payment of legal fees, living expenses, and other good reasons, including support of children and other dependents." PI Order, at 69. Since the issuance of the PI Order, no motion have been filed on behalf of any Defendant or Relief Defendant for a carve out for legal fees. Now that the case is settled in principle, Defendants request a carve out for the legal fees incurred by our firm for services rendered in this matter.

  As the Court is no doubt aware, our firm was brought into the case specifically to brief an issue that Your Honor requested additional briefing on, based on our firm's expertise. We then took an expanded role and have expended substantial resources in defending this action across multiple fronts over the last three months. In addition to preparing an opening appeal brief before the Second Circuit, we also briefed, at the Court's request, a 19-page memorandum of law on the impact on this case of the Second Circuit's decision in *SEC v. Govil*, 86 F.4th 89, 105 (2d Cir. 2023), which our firm had litigated. We also spent considerable time engaging in discovery while simultaneously working on a complex settlement agreement. Through our continued efforts, we have successfully negotiated on behalf of our client a settlement in principle with the SEC which has been sent to the Commission for final approval. The settlement agreement

The Honorable Pamela K. Chen
January 29, 2024
Page 2

provides for each of the investors receiving the entirety of their investment back, while maintaining each investor's ability to receive the benefit of the EB-5 program to the greatest extent possible.  The agreement also leaves sufficient funds in the currently frozen accounts for work to resume on the projects with the intention that they can be completed.

The value of the assets held under the PI Order as compared to the anticipated settlement figure leaves ample resources to address the Court's carve-out.  Moreover, as the terms of the settlement provide a mechanism for making all investors whole, while still leaving some of the frozen funds available for use by Mr. Xia for completion of the projects, the use of these remaining funds to pay our firm for the legal services that helped lead to this result is reasonable and appropriate.  We therefore respectfully request an opportunity to submit our invoices to the Court for an *in camera* inspection seeking reimbursement for the reasonable attorney's fees expended by our firm since our representation started from the accounts currently subject to the PI Order.

We thank the Court for its attention to this matter.

Respectfully Submitted,

*Adam Ford*

Adam C. Ford

cc: all counsel of record (by ECF)