

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 Pearl Street, Suite 20-100
New York, NY 10004-2616

New York
Regional Office

January 31, 2024

**VIA ECF**
The Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East, Chambers N 631
Brooklyn, NY 11201

    Re: <u>*SEC v. Richard Xia, et al.*, 21-cv-5350 (E.D.N.Y.)</u>

Dear Judge Chen:

  Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this letter opposing the January 29, 2024, letter by Defendants Richard Xia ("Xia") and Fleet New York Regional Center ("Fleet," together with Xia, "Defendants") requesting the release of an unspecified amount of funds frozen pursuant to the Court's December 8, 2022 Preliminary Injunction Freezing Assets ("Preliminary Injunction") to pay legal fees to Defendants' current counsel ("Fee Request"). The Fee Request does not meet the requirements for such a carve-out from the Preliminary Injunction, either under the terms of the Preliminary Injunction itself or applicable law. Additionally, to the extent the Fee Request is premised on the tentative settlement terms that SEC counsel is presently preparing to recommend to the SEC's five-member Commission, it is premature.

  On December 8, 2022, the Court issued a Memorandum and Order finding that the SEC was likely to succeed on the merits of its claims, granting the SEC's motion for a preliminary injunction, and imposing an asset freeze "that covers all of Defendants' assets and Relief Defendants' residential properties." (ECF Dkt. No. 216 ("Memorandum and Order") at 1.) Among the assets frozen were Defendants' bank and brokerage accounts. (ECF Dkt. No. 217 at Schedule A.) In the Memorandum and Order, the Court held that such a freeze was necessary to preserve the possibility that a judgment against Defendants might be collected. (ECF Dkt. No. 216 at 62, 68-69.) The Court noted, however, that it would consider applications for a carve-out from the asset freeze for "reasonable payments of legal fees, living expenses, and other good reasons" if Defendants met certain pre-conditions for such a carve-out. (ECF Dkt. No. 216 at 69.) These conditions include providing a full accounting of Defendants' assets and liabilities to the Monitor and providing "appropriate documentation of these expenses" demonstrating that the expenses are "legitimate, proper, and not excessive." (ECF Dkt. No. 216 at 69 & n.45; ECF Dkt. No. 217 at 5-6.)

  Defendants' Fee Request has not met the Preliminary Injunction's conditions for a carve-out. SEC counsel understands that Defendants have not provided an accounting to the Monitor in compliance with the Preliminary Injunction. Nor does the Fee Request include any detail

concerning the amount and nature of the expenses for which a carve-out is sought, or any showing that such expenses are legitimate, proper, and not excessive. Without this information, it is impossible to properly assess the Fee Request, and it should be denied.

The Fee Request also does not comply with applicable law. A defendant is not entitled to a carve-out from a preliminary injunction freezing assets for legal fees without first showing "[1] that the funds he seeks to release are untainted [by the alleged fraud] and [2] that there are sufficient funds to satisfy any disgorgement remedy that might be ordered in the event a violation is established at trial." *SEC v. Tadrus*, No. 23-cv-5708 (FB) (JRC), 2023 WL 7222705, at *2 (E.D.N.Y. Nov. 2, 2023). Defendants' Fee Request does neither. It does not specify what assets Defendants propose to release to pay legal fees (or, as noted above, the amount of such fees), and it offers no explanation for whether or how the particular funds to be released to pay such fees are untainted by the fraud alleged here. *See id.* at *2-3. Nor does the Fee Request demonstrate that, if the requested carve-out were permitted, then sufficient funds would remain to satisfy any disgorgement award—which would total at least $228.5 million plus pre-judgment interest. For these reasons, too, the Fee Request should be denied.

Finally, in support of the Fee Request, Defendants refer to the parties' settlement-in-principle as something the Court should consider in releasing funds for the payment of legal fees. At this time, we disagree. Although Defendants have delivered to SEC counsel a signed and notarized Consent to judgment—*i.e.*, an offer to terms on which they are willing to settle the SEC's claims against them—and although SEC counsel has agreed to seek internal approvals necessary to present and recommend those proposed terms to the five-member Commission, those terms have not yet been considered or accepted by the Commission and no final judgment has been proposed to or entered by the Court. Therefore, at this time, the Commission's claims against Defendants and Relief Defendant Julia Yue remain, the terms of the parties' settlement in principle concerning repayment of the EB-5 investors have not yet been approved by the Commission or by the Court, and it is necessary to continue to preserve all assets that are subject to the freeze to preserve the possibility that a judgment against Defendants may be collected.[1]

                                                        Respectfully submitted,

                                                        /s/ Christopher M. Colorado
                                                        Christopher M. Colorado
                                                        David Stoelting
                                                        Kim Han
                                                        Securities and Exchange Commission

                                                        *Attorneys for Plaintiff*

---

[1] If, at some point in the future, it becomes appropriate to release frozen funds for past legal work performed, we note that Defendants have been represented by many law firms in this matter and we understand that those firms' claims for unpaid legal fees may be substantial. Accordingly, a more formalized and orderly process for such claims to be submitted and considered may be necessary.