

February 1, 2024

**BY ECF**
The Honorable Pamela K. Chen
United States District Judge
United States District Court For the New York Eastern District
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  *Securities Exchange Commission v. Xia, et al.* U.S. Dist. Ct., Dkt. No. 21-Civ-5350 (PKC)

Dear Judge Chen:

      We represent Defendants in the above-referenced matter and write in response to the SEC's letter dated yesterday objecting to our request to submit our invoices to the Court in support of an application for payment of the fees expended in litigating and settling this case. The SEC's objections, given the posture of this case, are puzzling and unjustified. The SEC's final paragraph, which argues that consideration of our application is premature because the Commission has not yet approved the settlement-in-principle, is in direct conflict with the SEC's communications with our firm and the position the SEC took just yesterday regarding the outstanding appeal. The SEC yesterday sought our consent to seek a stay in the Court of Appeals stating: "[i]n light of the notice of an in-principle settlement having been filed with the district court, and the district court having now ordered the agreed-upon extension of the preliminary injunction, we took the step of drafting a possible joint motion to the Second Circuit that would place the appeal in abeyance pending putative finalization of the settlement." If such "putative settlement" is enough for the SEC to seek a stay of the appeal pending in this case, it should also clear the way for our application for fees.

      The SEC first claims that we do not meet the carve out because Defendants did not provide a full accounting of their assets and liabilities to the monitor. SEC counsel had never previously raised with the undersigned the lack of any accounting, and we believe such an accounting has been provided. But in any event, it is unclear why this would be an impediment to our fees being paid given the settlement agreement awaiting Commission approval. Regardless of any accounting, there is no dispute that the value of the properties at issue are well in excess of the amount Defendants must pay as part of the settlement. According to the Monitor's report [Dkt. No. 53], the assets represent a value in the range of $280M to $370M. The disgorgement amount, which makes each investor whole (and maintains their status in the

The Honorable Pamela K. Chen
February 1, 2024
Page 2

EB-5 program to the greatest extent practicable) as the SEC notes, is well below this amount, $228.5M, plus prejudgment interest.

  The settlement agreement itself explicitly contemplates that the frozen funds will be used, in part, to pay for continuing work on the projects as well as our legal fees. Specifically, out of the remaining $73M in frozen accounts, the agreement provides that $42.5 will be used to pay disgorgement and the remaining $30M will be accessible to Mr. Xia for continued work on the projects, as well as for our firm's legal fees, with the remainder of the settlement amount to be paid by Mr. Xia within 245 days. During our settlement discussions, I had explicit conversations with SEC staff attorneys about the fact that the settlement agreement would leave behind roughly $30M for use in completing the projects and payment of our firm's legal fees. During these discussions, the SEC staff attorney neither noted an objection nor suggested there were any barriers to our payment based on allegations of any failure to provide an accounting, but rather reiterated what is in the PI and Monitor Orders which was that we needed to provide invoices, which we intend to do.

  The SEC's claim that we are obligated to demonstrate that the funds "are untainted by fraud" is disingenuous. Given the current settlement posture, the fact that under the proposed settlement agreement Mr. Xia will not admit to any allegations in the complaint, and the fact that the amount of the settlement is fixed at an amount less than the total assets frozen, there is no obligation to disprove any taint whatsoever.

  Finally, the SEC claims that it cannot assess our claim because we did not detail "the amount and nature of the expenses for which a carve-out is sought." As our letter made clear, we have every intention of supporting our application with the appropriate invoices. But rather than burdening the Court with our invoices sent under seal (they contain privileged communications improper for the SEC to see) we raised the issue as an initial matter requesting that the Court invite us to submit them for *in camera* inspection.

  For the foregoing reasons, we reiterate our request that the court grant our letter application seeking to start the process of evaluating our fees so that they may be paid from the funds currently frozen as clearly contemplated by the settlement-in-principle and the Court's preliminary injunction ruling. We thank the Court for its attention to this matter.

            Respectfully Submitted,

            *Adam Ford*

            Adam C. Ford

cc: all counsel of record (by ECF)