

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

NEW YORK
REGIONAL OFFICE

April 2, 2024

**VIA ECF**
The Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East, Chambers N 631
Brooklyn, NY 11201

  Re: <u>*SEC v. Richard Xia, et al.*, 21-cv-05350-PKC-JAM</u>

Dear Judge Chen:

  Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this letter to provide the Court with a brief update concerning the parties' tentative settlement and, under Local Civil Rule 37.3.(c), to seek relief regarding non-compliance by defendants Richard Xia ("Xia") and Fleet New York Metropolitan Regional Center ("Fleet"), relief defendant Xi Verfenstein ("Verfenstein"), and two non-party entities owned by Verfenstein, Racanelli Construction Group, Inc. ("Racanelli") and Perini Group, Inc. ("Perini"), with Magistrate Judge Marutollo's Orders dated November 29 and December 1, 2023. (*See* ECF No. 377 ("November 29 Order"); 12/1/23 ECF Text Order ("December 1 Order").) In particular, the SEC seeks entry of the Proposed Order, filed as Exhibit A hereto, directing Xia and Fleet to comply with the November 29 Order; directing Verfenstein, Racanelli, and Perini to comply with the December 1 Order; notifying Xia and Fleet that continued non-compliance may result in sanctions, including preclusion or a default judgment; setting a date for the deposition of Xia after compliance with the November 29 and December 1 Order; and extending the current fact discovery deadline from April 12, 2024 to June 30, 2024 to allow for compliance with the November 29 and December 1 Orders and the deposition of Xia after such compliance.

  *Settlement Update.* On January 23, 2024, the parties tentatively agreed to settlement terms to fully resolve the SEC's claims here, subject to review and approval by the SEC's five-member Commission and the Court. The parties jointly requested and the Court ordered a two-month adjournment of the deadline for fact discovery, from February 12 to April 12, to allow SEC counsel time to take the steps necessary to present the proposed settlement terms to the Commission. (ECF No. 389 ("January 23 Order").) More than three weeks ago, on March 8, we informed counsel for Xia and Fleet that we required a change to a procedural element of the tentative settlement terms. This procedural change would not impact the proposed injunctive, monetary, and equitable relief to which the parties had tentatively agreed.[1] We asked Xia's and Fleet's counsel for a quick response to the proposed change so that we could complete the steps necessary to present the terms to the Commission for its review, a process that typically takes six to eight weeks. We have not received agreement to this amendment from Xia or Fleet. To the

---

[1] If directed, the SEC will explain this proposed change in a sealed filing or *in camera*.

Hon. Pamela K. Chen  Page 2
April 2, 2024

contrary, Xia himself sent an e-mail to SEC counsel today saying that he has not yet considered the amendment and needed until the end of April to consider it. (Han Decl. ¶ 28 & Ex. 12.)[2] While SEC counsel continues to believe that the proposed settlement terms, with the procedural change we require, are consistent with the parties' respective settlement positions, given the absence of an agreement from Xia and Fleet—and the approaching April 12 fact discovery deadline—we have some concerns about their intention to proceed with settlement. Thus, we raise the discovery issues here in case Xia and Fleet are no longer committed to settlement.

*Non-Compliance with Discovery Orders.* In short, we have sought discovery from Xia, Fleet, Verfenstein and their related entities for nearly two years, but they have flatly refused to meet their discovery obligations—including their disregard of Magistrate Judge Marutollo's November 29 and December 1 Orders, which required, among other things, that they cure numerous discovery deficiencies by producing all responsive documents by January 22, 2024, and at least three weeks before a deposition of Xia. To date, in violation of these Orders, they have produced *zero* additional documents to cure the serious and extensive deficiencies in their document productions. (Han Decl. ¶¶ 5, 8-13, 16, 18-21.) Nor have they provided the sworn certifications concerning their efforts to collect and produce documents required by those Orders. (*Id.*) Relief is therefore necessary to address that non-compliance, including a further order requiring such compliance by May 15, 2024, notifying Defendants that continued non-compliance may result in preclusion or a default judgment, scheduling Xia's deposition after such compliance, and extending fact discovery to June 30, 2024 to allow for compliance with the November 29 and December 1 Orders and the subsequent deposition of Xia.

By way of brief background, after the SEC brought multiple discovery disputes to the Court in 2022 and early 2023 (*see, e.g.*, ECF Nos. 57, 190, 266, 299), the SEC sought to resolve all discovery issues fully and finally, rather than piecemeal, through an orderly set of briefs. The SEC thus proposed—and, on September 12, 2023, the Court ordered—a briefing schedule to address any outstanding discovery disputes, which schedule was crafted to allow for all document productions to be completed no fewer than three weeks before the deposition of defendant Xia. (ECF Nos. 342, 343 ("September 12 Order").) Under the September 12 Order, the SEC filed two motions to compel the production of documents, one as to Xia and Fleet and a second as to Verfenstein, Racanelli, and Perini. (ECF Nos. 344-347, 354-357, 362-365.) Those motions—which addressed substantial discovery deficiencies by Xia and Fleet, a refusal by Verfenstein to produce tax returns, and a complete failure to produce documents by Racanelli and Perini—were fully briefed by November 13, and Magistrate Judge Marutollo set oral argument on each for December 1. (*See id.*; 11/16/23 ECF Text Order; Han Decl. ¶¶ 2-4, 14-15.)

Two days before argument, on November 29, Xia and Fleet stipulated to all relief the SEC sought in its motion to compel as to them, including, among other things, (i) to provide affidavits by December 20, 2023, detailing what they had done to date to collect and produce responsive information, and (ii) to cure deficiencies in their discovery responses by producing all responsive documents by January 22, 2024. The Court ordered that stipulation. (*See* November 29 Order; Han Decl. ¶ 5.) On December 1, Judge Marutollo heard argument on the SEC's second motion to compel, as to Verfenstein, Racanelli, and Perini, and granted the SEC's motion in full, ordering (i) Racanelli and Perini to provide affidavits by December 22, 2023 detailing their efforts to date

---

[2] "Han Decl. ¶ __" refers to the Declaration of Kim Han, dated April 2, 2024, filed herewith, and "Han Decl. Exh. __" refers to Exhibits to that Declaration.

Hon. Pamela K. Chen  Page 3
April 2, 2024

to collect and produce information responsive to the SEC's subpoenas; and (ii) Verfenstein to produce personal tax returns and Racanelli and Fleet to produce all responsive documents by January 22, 2024. (*See* December 1 Order; Han Decl. ¶ 16.) Consistent with the Court's September 12 Order, Magistrate Judge Marutollo set a fact discovery deadline of three weeks from the due date for all document productions, February 12, 2024, ensuring the SEC time to review the document productions before it deposed defendant Xia.

Xia, Fleet, Verfenstein, Racanelli, and Perini have all failed to comply with Judge Marutollo's November 29 and December 1 Orders. (Han Decl. ¶¶ 8-13, 18-21.) Xia, Fleet, Racanelli, and Perini have produced *zero* documents in response to those Orders and have done nothing to cure the deficiencies in their document productions. (*Id.* ¶¶ 8, 18.) Similarly, Verfenstein has produced no personal tax returns, in violation of the December 1 Order. (*Id.* ¶ 18.) In violation of the November 29 Order, neither Xia nor Fleet have provided a sworn statement confirming that they have conducted a diligent search of documents in their possession, custody, or control. (*Id.* ¶ 9.) And, although the November 29 and December 1 Orders also required affidavits detailing what Xia, Fleet, Racanelli, and Perini had done prior to the SEC's motions to compel to search for, collect, and produce documents responsive to the SEC's requests, none of them have made the disclosures required by Judge Marutollo's Orders. (*Id.* ¶¶ 11-12, 18-19 & Exhs. 3, 4, 6, 7.) To the contrary, each provided nearly-identical, perfunctory documents that stated, without detail, that some unspecified searches had been performed in the years and months prior to the SEC's motions to compel—and, notably, the documents provided by Racanelli and Perini were not under oath. (*Id.*) Despite multiple meet-and-confer sessions with and communications to counsel for all these persons and entities—and our recent request for an additional meet-and-confer session—the deficiencies have not been addressed and no documents have been produced. (*Id.* ¶¶ 13, 17, 22, 23.) Still further, on January 12, 2024 the SEC served an additional document request on Xia and Fleet, but Xia and Fleet have failed to provide any written response or produce any documents. (*Id.* ¶ 27 & Exh. 12.) This disregard by Xia, Fleet, Verfenstein, Racanelli, and Perini of their discovery obligations and Judge Marutollo's Orders requires the Court's intervention and notice to Xia and Fleet that continued non-compliance may result in sanctions.

The January 23 Order adjourned the close of fact discovery to April 12, 2024—but, it did not stay discovery or relieve Xia, Fleet, Verfenstein, Racanelli, or Perini of their obligations under the November 29 and December 1 Orders. Yet, when SEC counsel asked Xia and Fleet on January 23 to comply with those obligations, they refused, saying that the SEC's proposal to continue discovery while tentative settlement terms were under consideration was "insane" and that the SEC must seek relief from the Court if it wanted discovery. (*Id.* ¶ 25 & Exhs. 10, 11.)

Given the failure by Xia, Fleet, Verfenstein, Racanelli, and Perini to comply with their discovery obligations and this Court's Orders, the current April 12 deadline for fact discovery, and Xia's and Fleet's silence regarding whether they agree to the SEC's proposed change to the tentative settlement, the SEC seeks entry of the Proposed Order, filed herewith, directing Xia and Fleet to comply with the November 29 Order by May 15, 2024; directing Verfenstein, Racanelli, and Perini to comply with the December 1 Order by May 15, 2024; giving notice to Xia and Fleet that continued non-compliance may result in sanctions, including preclusion or a default judgment; setting a date for the deposition of Xia for June 15, 2024, after compliance with the November 29 and December 1 Orders; and extending fact discovery to June 30, 2024.

Hon. Pamela K. Chen   Page 4
April 2, 2024

                                                        Respectfully submitted,

                                                        /s/ *Christopher M. Colorado*
                                                        Christopher M. Colorado
                                                        David Stoelting
                                                        Kim Han

                                                        *Attorneys for Plaintiff*

cc:  All counsel (via ECF)