UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

-against-

RICHARD XIA, a/k/a YI XIA; and FLEET NEW YORK METROPOLITAN REGIONAL CENTER, LLC, f/k/a FEDERAL NEW YORK METROPOLITAN REGIONAL CENTER, LLC,

        Defendants,

-and-

JULIA YUE, A/K/A JIQING YUE; XI VERFENSTEIN; and XINMING YU,

        Relief Defendant.

21 Civ. 5350 (PKC)

---

## DECLARATION OF KIM HAN

Kim Han, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am an attorney with the Securities and Exchange Commission ("SEC"). I respectfully submit this Declaration in support of the SEC's Motion seeking an order compelling Defendants Richard Xia and Fleet New York Metropolitan Regional Center (collectively "Defendants") to comply with Magistrate Judge Marutollo's November 29, 2023 Order (ECF No. 378 ("November 29 Order")); compelling Relief Defendant Xi Verfenstein ("Verfenstein") and Verfenstein's entities Racanelli Construction Group, Inc. ("Racanelli") and Perini Group, Inc. ("Perini") to comply with Judge Marutollo's December 1, 2023 Order (12/1/2023 Text Order ("December 1 Order")); and seeking certain other relief.

2. I make this Declaration based on my personal knowledge and review of, among other things, email and other correspondence, documents, and testimony obtained by the SEC.

**The SEC's Motion to Compel Defendants to Produce Documents and Provide a Sworn Affidavit and the Resulting Order From Magistrate Judge Marutollo**

3. On September 29, 2023, the SEC filed a Motion to Compel Defendants to provide a sworn affidavit detailing their efforts to date to locate, collect, and produce responsive documents and information, and also to produce all responsive documents in their possession, custody, and control. (ECF Nos. 344, 345 ("Motion to Compel as to Defendants").)

4. The Motion to Compel as to Defendants demonstrated that the SEC had requested numerous categories of documents from Defendants as to which Defendants had produced few, if any, responsive documents, including, among other things:

    (a) Communications to or from actual or potential investors between 2010 and 2018;

    (b) Drafts of marketing or promotional materials, or scripts or talking points, for use with actual or potential investors;

    (c) Communications to or from persons who assisted Defendants in recruiting investors, including Walter Verfenstein and EB-5 immigration agents retained by Defendants;

    (d) Communications to or from, or related to, financial institutions with whom Defendants communicated, including, without limitation, Goldman Sachs, Banco Popular, CTBC Bank, EastWest Bank, and Cushman & Wakefield;

    (e) Ledgers or other similar documents showing how Defendants used investor funds related to the Projects;

    (f) Bank records for Xia's entities for the period 2010 to 2012;

  (g) Communications concerning how investor funds were deployed in connection with the Projects or for any other purpose;

  (h) Communications concerning or related to the purchase of three mansions in September 2021; and

  (i) Documents explaining the purpose of the transfers of payments through and among the five partnerships into which investors invested, the Fleet regional center, Racanelli and Perini, and subcontractors controlled by Xia.

 5. The SEC's Motion to Compel as to Defendants also demonstrated that Defendants used numerous e-mail addresses, but produced very few e-mails, including no e-mails from substantial portions of the period relevant to this action.

 6. On November 29, 2023, two days before Magistrate Judge Marutollo was scheduled to hear oral argument on the SEC's Motion to Compel as to Defendants, Defendants agreed to all relief sought by the SEC, including that:

  (a) by December 20, 2023, Xia and Fleet would each provide affidavits describing, in detail and among other things, their efforts to date to search for, collect, and produce information responsive to the SEC's discovery requests; and

  (b) by January 22, 2024, Defendants would produce all documents responsive to the SEC's discovery requests.  (ECF No. 377-1.)

Magistrate Judge Marutollo so-ordered that Stipulation in the November 29 Order.

 7. On December 4, 2023, to assist with Defendants' compliance with the November 29 Order, SEC counsel sent an e-mail to Defendants' counsel detailing deficiencies in Defendants' document productions.  (Exhibit 1 hereto, 12/4/2023 E-mail from C. Colorado to

3

M. Ford, A. Ford, R. Jarusinsky.)  This included, among other things, details regarding communications, tax returns, bank records, credit card statements, accounting documents, attorney fees documents, Chinese language documents, and native files that Defendants had failed to produce.  (*Id.*)

8.     Subsequently, on January 12, 2024, also to assist with Defendants' compliance with the November 29 Order, SEC counsel sent Defendants' counsel a list of approximately 40 e-mail addresses that the SEC understood to have been used by Defendants during the period relevant to this action.  (Exhibit 2 hereto, 1/12/2024 E-mail from C. Colorado to A. Ford. M. Ford, R. Jarusinsky.)

**Defendants Have Not Complied with Magistrate Judge Marutollo's November 29 Order**

9.     Defendants have not complied with the November 29 Order.  First, Fleet and Xia have each produced *zero* additional documents since the November 29 Order, and all deficiencies that the SEC identified in its Motion to Compel as to Defendants still exist.

10.     Thus, Fleet and Xia have failed to comply with the November 29 Order's requirement that they "shall produce all additional documents responsive to the SEC's requests by January 22, 2024, unless such date is extended by agreement of the parties."  The SEC has never agreed to extend the date by which Fleet and Xia must produce these documents.

11.     Second, the November 29 Order also required that, upon completion of their document production, Fleet and Xia must each "provide a sworn statement that they have conducted a diligent search and that no further documents or communications exist in such Defendant's possession, custody, or control."  Neither have provided any such sworn statement.

12.     Third, although Defendants provided affidavits purportedly in compliance with the November 29 Order's requirement that they detail what they had done *prior to* the SEC's Motion to Compel as to Defendants to collect and produce responsive information, neither of

4

those affidavits include the detail that the November 29 Order requires. On December 20, 2023, Defendants provided two sworn affidavits, one on behalf of Fleet and one on behalf of Xia, stating in a conclusory fashion that (i) Defendants have "preserved all responsive documents and communications"; and (ii) that, in 2019 and 2023, Xia "searched for responsive documents by searching my computer, phone, and hard-copy files, using the key words or key terms from each request made of me." (*See* Exhibit 3 hereto ("Fleet Affidavit"); Exhibit 4 hereto ("Xia Affidavit").)

13. The Fleet Affidavit and the Xia Affidavit each failed to include the core information required by the November 29 Order. Among other things, the Fleet Affidavit and Xia Affidavit each failed to disclose:

(a) all "email address(es) and servers where such Defendant maintained documents and communications," as required by Paragraph 1 of the November 29 Order;

(b) "[t]he steps such Defendant has taken to preserve responsive documents and communications at the location(s), file(s), computer(s), mobile device(s), and email address(es) and servers where they have been maintained," as required by Paragraph 2 of the November 29 Order;

(c) "[t]he location(s), file(s), computer(s), mobile device(s), and email address(es) and servers where such Defendant conducted searches for responsive documents and communications," as required by Paragraph 3 of the November 29 Order; and

(d) "a description of how such Defendant conducted searches for responsive documents and communications, including any search terms, date ranges,

5

or other limitations," as required by Paragraph 4 of the November 29 Order.

14. On December 21, 2023, SEC counsel sent an e-mail to Defendants' counsel identifying specific ways in which Defendants had failed to comply with the November 29 Order's requirement that they provide affidavits detailing their efforts to search for, collect, and produce responsive documents. (*See* Exhibit 5 hereto (12/21/2023 E-mail from C. Colorado to A. Ford).) Defendants' counsel indicated subsequently, in a phone conversation, that they were attempting to obtain the information omitted from the Xia Affidavit and Fleet Affidavit.

**The SEC's Motion to Compel as to Relief Defendant Verfenstein and Non-Parties Racanelli and Perini, and the Resulting Order from Magistrate Judge Marutollo**

15. On September 29, 2023, the SEC also filed a Motion to Compel (i) Relief Defendant Xi Verfenstein ("Verfenstein") to produce personal tax returns and (ii) non-parties Racanelli Construction Group, Inc. ("Racanelli") and Perini Group, Inc. ("Perini"), which are owned by Verfenstein, to provide a sworn affidavit detailing their efforts to locate, collect, and produce responsive documents and information, and to produce all documents responsive to the SEC's discovery requests. (ECF Nos. 346, 347 ("Motion to Compel as to Verfenstein, Racanelli, and Perini").)

16. The Motion to Compel as to Verfenstein, Racanelli, and Perini demonstrated that, despite the SEC's multiple requests to Verfenstein and subpoenas to non-parties Racanelli and Perini, Verfenstein had failed to produce her personal tax returns, and that Racanelli and Perini had produced *zero* documents.[1]

---

[1] As the SEC demonstrated in its Motion to Compel as to Verfenstein, Racanelli, and Perini, these entities have not produced any documents in this litigation in response to the SEC's subpoenas, either before or after that motion was made.

6

17. On December 1, 2023, Magistrate Judge Marutollo heard oral argument on the SEC's Motion to Compel as to Verfenstein, Racanelli, and Perini, and granted that motion in the December 1 Order. Magistrate Judge Marutollo thus ordered:

    (a) by December 22, 2023, Racanelli and Perini were to produce an affidavit describing in detail and among other things, their efforts to date to search for, collect, and produce information responsive to the SEC's discovery requests;

    (b) by January 22, 2024, Verfenstein was to produce personal state and federal tax returns for the years 2011 to 2021; and

    (c) by January 22, 2024, Racanelli and Perini were to produce all documents responsive to the SEC's discovery requests.

(*Id.*)

18. On December 4, 2023, to assist with Racanelli's and Perini's compliance with the December 1 Order, the SEC sent counsel for Racanelli and Perini a detailed description of the deficiencies in the document productions of those entities. (Exhibit 6 hereto, 12/4/2023 E-mail from C. Colorado to D. Amorosa.) This included, among other things, details regarding communications, contracts, invoices, tax returns, Chinese language documents, and native files that Racanelli and Perini had failed to produce. (*Id.*)

**Neither Verfenstein Nor Racanelli Nor Perini Have Complied with Magistrate Judge Marutollo's December 1 Order**

19. Verfenstein, Racanelli, and Perini have not complied with the December 1 Order. First, Verfenstein has produced *no* personal tax returns, despite the December 1 Order's requirement that she do so by January 22, 2024. Second, Racanelli and Perini have produced *no* documents, despite the December 1 Order's requirement that they produce all responsive

7

documents by January 22, 2024.  Third, neither Racanelli nor Perini provided any sworn affidavit detailing what they had done *prior to* the SEC's Motion to Compel as to Verfenstein, Racanelli, and Perini to collect and produce documents, as required by the December 1 Order.  Rather, on December 22, 2023, counsel for Racanelli and Perini provided two ***unsworn*** documents titled, "Affidavit."  (*See* Exhibit 7 hereto ("Racanelli Document"); Exhibit 8 hereto ("Perini Document").)  Even putting aside that the documents are unsworn, the Racanelli Document and Perini Document do not include the details required by the December 1 Order.

20. The Racanelli Document and Perini Document described where Racanelli and Perini purported to maintain responsive documents and stated, in a conclusory fashion, that those entities have "preserved all responsive documents and communications" and "conducted searches for responsive documents and communications."

21. The Racanelli Document and the Perini Document each failed to include the core information required by the December 1 Order.  Among other things, the Racanelli Document and Perini Document each failed to disclose:

> (a) "[t]he steps Racanelli and Perini have taken to preserve responsive documents and communications at the location(s), file(s), computer(s), mobile device(s), and email address(es) and servers where they have been maintained," as required by Paragraph 2 of the December 1 Order;
>
> (b) "[t]he location(s), file(s), computer(s), mobile device(s), and email address(es) and servers where Racanelli and Perini conducted searches for responsive documents and communications," as required by Paragraph 3 of the December 1 Order;

  (c)  a "description of how Racanelli and Perini conducted searches for responsive documents and communications, including any search terms, date range, or other limitations," as required by Paragraph 4 of the December 1 Order;

  (d)  "[a] description of any responsive documents that are no longer in Racanelli's and Perini's possession, custody, and control," as required by Paragraph 5 of the December 1 Order; and

  (e)  "the time frame during which" the persons involved in the efforts to search for responsive documents and communications "were involved," as required by Paragraph 6 of the December 1 Order.

22. On December 26, 2023, SEC counsel sent an e-mail to counsel for Racanelli and Perini identifying specific ways in which they had failed to comply with the December 1 Order's requirement that they provide affidavits detailing their efforts to search for, collect, and produce responsive documents. (*See* Exhibit 9 hereto (12/21/2023 E-mail from C. Colorado to A. Prasad).)

**Attempts to Confer and Defendants' Refusal to Produce Documents**

23. SEC counsel has met and conferred with Defendants' counsel and counsel for Verfenstein, Racanelli, and Perini—all of whom are from the same law firm, Ford O'Brien Landy LLP—multiple times regarding the November 29 Order and December 29 Order. This includes telephonic conferences on January 5 and January 12, 2024.[2] SEC counsel has also

---

[2] SEC counsel also recently requested an additional conference with counsel for Verfenstein, Racanelli, and Perini, but were told that counsel was not available until the week of April 8—four days before the current fact discovery deadline.

repeatedly informed Defendants' counsel, verbally and in writing, that it intended to seek relief from the Court due to the non-compliance with the November 29 Order.

24. None of Xia, Fleet, Verfenstein, Racanelli, or Perini produced any responsive documents by the January 22, 2024 deadline ordered by Magistrate Judge Marutollo, and they have produced no documents since.

25. On January 23, 2024, SEC counsel, Defendants, and Relief Defendant Yue reached a tentative agreement on settlement terms that, if accepted by the SEC's five-member Commission and approved by the Court, would resolve the claims against them.

26. Given that tentative agreement, the parties jointly requested that the Court extend the end of fact discovery from February 12 to April 12, 2024, including to allow SEC counsel to take the steps necessary to seek Commission approval of the parties' tentative settlement. The Court ordered an extension of deadlines, but did not adjourn or stay discovery. (*See* ECF No. 389.) Nor did Defendants, Verfenstein, or Racanelli or Perini move for a stay.

27. During the parties' discussions concerning the extended discovery schedule, SEC counsel agreed to adjourn Xia's deposition from its-then scheduled date of February 8, 2024, but asked that Defendants' make a rolling production of documents to comply with the January 22 production deadline, which had already passed. Defendants' counsel refused, saying, "Your proposal is insane" and "If you want to litigate whether a party can be forced to continue litigating after settling a case we'll do it." (*See* Exhibit 10 hereto (1/23/24 E-mail from A. Ford to C. Colorado).) SEC counsel made clear in response that Defendants were obligated to produce their document production in compliance with Judge Marutollo's Order. (*See* Exhibit 11 hereto (1/23/24 E-mail from C. Colorado to A. Ford).)

10

**The SEC's Additional Document Requests**

28.     On January 12, 2024 the SEC served an additional document request on Defendants.  (*See* Exhibit 12 hereto.)   Defendants have provided no written responses, objections, or substantive response to this request, and have produced no documents.

29.     On April 2, 2024, Xia himself e-mailed counsel for the SEC, saying that he had not yet considered the proposed amendment to the tentative settlement that SEC counsel sent to Defendants' counsel on March 8, 2024 and Xia requested until the end of April to consider that amendment.  (*See* Exhibit 13 hereto.)

* * *

30.     The following exhibits attached hereto are true and correct copies of the documents described:

| Exhibit | Document |
|---|---|
| 1 | E-mail from C. Colorado to M. Ford, A. Ford, R. Jarusinsky, dated December 4, 2023, regarding deficiencies in document productions by Xia and Fleet |
| 2 | E-mail from C. Colorado to A. Ford, M. Ford, R. Jarusinsky, dated January 12, 2024, attaching list of known email addresses (the two other attachments, a deposition notice and a document request, are omitted from Exhibit 2) |
| 3 | Affidavit of Richard Xia, dated December 20, 2023 |
| 4 | Affidavit of Richard Xia on Behalf of Fleet New York Metropolitan Regional Center, LLC, dated December 20, 2023 |
| 5 | E-mail from C. Colorado to A. Ford, dated December 21, 2023, regarding deficiencies in Affidavit |
| 6 | E-mail from C. Colorado to D. Amorosa, dated December 4, 2023 regarding deficiencies in document productions by Racanelli and Perini |
| 7 | Document titled "Affidavit of Xi Verfenstein on Behalf of Racanelli Construction Group," dated December 22, 2023 |
| 8 | Document titled "Affidavit of Xi Verfenstein on Behalf of Perini Construction Group," dated December 22, 2023 |
| 9 | E-mail from C. Colorado to A. Prasad, dated December 26, 2023, regarding deficiencies in documents titled, "Affidavit" |

| Exhibit | Document |
|---|---|
| 10 | E-mail from A. Ford to C. Colorado regarding Discovery, dated January 23, 2024 |
| 11 | E-mail from C. Colorado to A. Ford regarding Discovery, dated January 23, 2024 (this Exhibit 11 omits the attachment, which reflects substantive settlement terms subject to F.R.E. 408) |
| 12 | Plaintiff Securities and Exchange Commission's Eighth Request for the Production of Documents to Defendants, dated January 12, 2024 |
| 13 | E-mail from R. Xia to C. Colorado regarding Settlement, dated April 2, 2024 (this Exhibit includes redactions of settlement discussions protected by F.R.E. 408) |

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on April 2, 2024
New York, NY

                                                  s/ Kim Han
                                                  Kim Han