# **EXHIBIT 1**

|          |                                                                                                                                         |
|----------|-----------------------------------------------------------------------------------------------------------------------------------------|
| **From:**    | Colorado, Christopher                                                                                                                   |
| **To:**      | Matthew Aaron Ford; Adam C. Ford; Renee Jarusinsky                                                                                      |
| **Cc:**      | Stoelting, David; Han, Kim                                                                                                              |
| **Subject:** | SEC v. Xia et al., 21-cv-5350-PKC-JAM (EDNY) - Court Order and Deficiencies in Richard Xia"s Document Production                        |
| **Date:**    | Monday, December 4, 2023 12:57:00 PM                                                                                                    |
| **Attachments:** | image001.png<br>Missing Xia Entity Tax Returns.pdf                                                                                   |

Counsel:  In light of last week's Stipulation and Order, and the work you will be doing over the next few weeks regarding production of responsive documents in Mr. Xia's possession, custody, and control, we want to highlight several deficiencies in that production to date that must be addressed.  These issues are provided by way of example and are in no way exhaustive.  We reserve all our rights in this regard.

**Counsel's Involvement.**  First, we understand from Mr. Xia's testimony in other matters that he generally handles document collection on his own, and we further understand that that is how document production has thus far been handled in this matter.  As we made clear in our motion to compel papers, this is not acceptable and does not accord with the law in this Circuit.  We expect that counsel will be intimately involved in the process of designing a protocol for searching and collecting documents, identifying responsive documents, and producing them, and that you will not rely solely on Mr. Xia to do so.  We believe that such reliance has resulted in many of the deficiencies to date.  If the search, collection, and review process continues to be deficient, we will ask the Court to impose all appropriate remedies, including sanctions.

**Chinese Language.**  Because Mr. Xia conducted a portion of his work in the Chinese language, appropriate Chinese language search terms must also be used to search for and collect documents, and counsel must supervise the person(s) reviewing those documents and determining whether they are responsive or non-responsive.

**Tax Returns.**  Mr. Xia has failed to produce nearly 80 tax returns for his entities, detailed in the attached.  Additionally, for those tax returns that Mr. Xia has produced, almost none of them are signed.  Mr. Xia must produce tax returns, including the underlying schedules and attachments, as filed.  If, for some reason, Mr. Xia does not possess a particular tax return for a particular entity, he must obtain it from the IRS and/or NYS Department of Taxation and produce it in this litigation.

**E-mails Generally.**  We do not believe an appropriate search, collection, review, and production has been performed related to e-mail addresses under Mr. Xia's control.  We have identified at least 40 e-mail addresses for Mr. Xia and associated with Mr. Xia's entities, Fleet Financial Group and Fleet Architects.  Yet, Mr. Xia has produced fewer than 650 e-mails, half of which are dated from 2020 to the present.  A significant number of the other e-mails are with a single person, Sunil Aggarwal.  For many years during the relevant period, Mr. Xia has produced zero emails.  By contrast, non-parties, from whom we have requested limited productions, have produced more than 4,000 e-mails to or from those e-mail addresses.  E-mails under Mr. Xia's control have not been properly searched, collected, and reviewed for all categories of information requested by the SEC.

**Communications Regarding Potential Financing and Loans.**  Mr. Xia has testified repeatedly that he

communicated with many financial institutions regarding potential financing related to the Projects up to and including providing due diligence and exchanging draft term sheets, including with, among other entities, CTBC Bank, Banco Popular, East West Bank, Goldman Sachs, Hapoalim Securities, Loop Capital, M.R. Beal, and R. Seelaus.  Some of Mr. Xia's communications in this regard were with and made through Cushman & Wakefield.  Mr. Xia also sought financing in the form of tax credits.  Mr. Xia has produced next to no documents concerning, or communications with, any of these entities or purported financings.  By contrast, in response to narrow subpoenas to several of these entities, the entities produced hundreds of communications with Mr. Xia and persons working for him at the entities he controls.  Plainly, an appropriate search, collection, and production of such documents by Mr. Xia, including from e-mail addresses of persons working for him, has never happened.

**Communications with Xi Verfenstein.**  As you know, Ms. Verfenstein has worked closely with Mr. Xia for more than ten years.  We have requested all communications between Mr. Xia and Ms. Verfenstein.  They communicated by, at minimum, text message (including WeChat) and e-mail.  We have identified at least four e-mail addresses for Ms. Verfenstein, and at least six for Mr. Xia.  Yet, Mr. Xia has produced fewer than 25 e-mails and text messages between him and Ms. Verfenstein.  By contrast, in response to narrow subpoenas, third parties have produced nearly 300 e-mails in which Mr. Xia and Ms. Verfenstein are both included.  You must collect and produce all e-mails associated with any e-mail address controlled by Mr. Xia that include Ms. Verfenstein, and all other electronic communications in Mr. Xia's control that include Ms. Verfenstein.

**Communications With or Regarding EB-5 Brokers.**  Mr. Xia testified that he worked with wholesale and retail brokerage firms in Taiwan and China, among other places, that assisted him with recruiting investors for the Projects.  Xia says that he provided them with information regarding the Projects, had upwards of a hundred meetings with them, and paid them millions of dollars for this work.  But Mr. Xia has produced few, if any, documents regarding the EB-5 brokers, and no communications with them.  He needs to do so.

**Communications With or Regarding Edward Chan.**  Mr. Xia testified that Edward Chan is someone with whom he has worked since before 2010 related to financing for the Projects.  Mr. Xia produced next to no communications with Mr. Chan.  Again, by contrast, Mr. Chan produced several e-mails that he had with Mr. Xia.  Still further, other third parties have produced e-mails featuring both Mr. Xia and Mr. Chan—which neither of them produced.  The fact that Mr. Xia failed to produce these, and other communications like them (such as internal communications regarding Mr. Chan), including text messages, also underscores that no appropriate search, collection, and production has happened.

**Communications With or Regarding Walter Verfenstein**.  Mr. Xia testified that Walter Verfenstein was the Executive Director of EMMCO LP, that Walter Verfenstein worked for Xia to promote the Projects to EB-5 brokers (including traveling to China), and that Walter Verfenstein communicated with Xia by e-mail.  Mr. Xia produced no e-mails or other communications with Walter Verfenstein.  In response to a subpoena, Walter Verfenstein produced such communications.  Mr. Xia must similarly search for, collect, and produce all responsive documents, whether emails, text messages, or other, concerning Walter Verfenstein.

**Bank Records.**  Mr. Xia has failed to produce bank records for his entities for 2010 to 2012.  He must do so.  If he does not maintain them in his files, then he must obtain them from his banks and produce them.

**Credit Cards Statements.**  Mr. Xia has failed to produce statements for all credit cards he and Julia Yue used during the relevant period, including personal credit cards.  He must do so.  If he does not maintain them in his files, then he must obtain them from the issuing entities and produce them.

**Accounting-Type Documents.**  Mr. Xia has testified about using Excel to track funds transfers and expenses related to the Projects.  Notably, Mr. Xia provided certain of these documents to his external CFO, Mr. Amideo in 2021 or 2022, and Mr. Amideo produced them in response to a subpoena.  But Mr. Xia has never produced this category of information to the SEC.  He must do so.

**Attorney Fees Documents.**  Since September 27, 2021, and the initial freeze of assets, Mr. Xia has had many law firms represent him.  He has produced nothing responsive to our request for documents concerning his payments or transfers of funds related to paying attorney fees.  Xia must produce these, too.

**Native Files.**  Mr. Xia has failed to produce native versions of many documents.  For example, he has produced "invoices" that his entities supposedly provided to Racanelli and Perini only in scanned PDF format without metadata.  He has failed to produce the native versions of these documents with full metadata, that would show, among other things, when they were created and edited, and by whom.  Native files must be produced for all responsive documents.

**Other Devices.**  We know that Mr. Xia uses his phone and an iPad for work purposes.  Relevant information from these devices has also not been properly collected and produced.  For example, in response to our request for all communications with investors, Xia has produced only what appear to be screenshots that Xia took of some WeChat messages.  But those WeChat messages must be produced in native format so that they include all embedded files, including documents and audio files that Mr. Xia sent to or received from investors via WeChat.  The screenshots omit this information.  The same needs to happen with all other methods of non-email communication for the entirety of the relevant period.  And, as above, an attorney or other IT specialist working at an attorney's direction needs to be involved in this process.  Similarly, responsive non-communication information must be collected and produced from all mobile devices.

Regards,
Chris Colorado

**Christopher M. Colorado**
Senior Trial Counsel
New York Regional Office
**OFFICE**   +1 212-336-9143
**MOBILE**   +1 267-734-5374
ColoradoCh@sec.gov



Missing Tax Returns for Entities Controlled By Defendants

|    | A                                           | B    |
|----|---------------------------------------------|------|
| 1  | **Entity**                                  | **Year** |
| 2  | Amazon River LLC                            | 2015 |
| 3  | Amazon River LLC                            | 2016 |
| 4  | Amazon River LLC                            | 2017 |
| 5  | Amazon River LLC                            | 2018 |
| 6  | Amazon River LLC                            | 2019 |
| 7  | Amazon River LLC                            | 2020 |
| 8  | Eastern Emerald Group LLC                   | 2020 |
| 9  | Eastern Emerald Group LLC                   | 2021 |
| 10 | EEGH LP                                     | 2019 |
| 11 | EEGH LP                                     | 2020 |
| 12 | EEGH II LP                                  | 2019 |
| 13 | EEGH II LP                                  | 2020 |
| 14 | EMMCO LP                                    | 2019 |
| 15 | EMMCO LP                                    | 2020 |
| 16 | EMMCO NQMC LP                               | 2019 |
| 17 | EMMCO NQMC LP                               | 2020 |
| 18 | EMMCO Tower LP                              | 2019 |
| 19 | EMMCO Tower LP                              | 2020 |
| 20 | Fleet Equipment Inc.                        | 2019 |
| 21 | Fleet Equipment Inc.                        | 2020 |
| 22 | Fleet Equipment Inc.                        | 2021 |
| 23 | Fleet Financial Group                       | 2017 |
| 24 | Fleet Financial Group                       | 2018 |
| 25 | Fleet Financial Group                       | 2019 |
| 26 | Fleet Financial Group                       | 2020 |
| 27 | Fleet Financial Group                       | 2021 |
| 28 | Fleet General Insurance Group Inc.          | 2017 |
| 29 | Fleet General Insurance Group Inc.          | 2018 |
| 30 | Fleet General Insurance Group Inc.          | 2019 |
| 31 | Fleet General Insurance Group Inc.          | 2020 |
| 32 | Fleet New York Metropolitan Regional Center | 2021 |
| 33 | Fleet Real Estate Group Inc.                | 2019 |
| 34 | Fleet Real Estate Group Inc.                | 2020 |
| 35 | Fleet Real Estate Group Inc.                | 2021 |
| 36 | JiQing Development Group Inc.               | 2011 |
| 37 | JiQing Development Group Inc.               | 2012 |
| 38 | JiQing Development Group Inc.               | 2013 |
| 39 | JiQing Development Group Inc.               | 2014 |
| 40 | JiQing Development Group Inc.               | 2015 |
| 41 | JiQing Development Group Inc.               | 2016 |
| 42 | LaGuardia Performance Center LLC            | 2015 |
| 43 | LaGuardia Performance Center LLC            | 2016 |
| 44 | LaGuardia Performance Center LLC            | 2017 |

Missing Tax Returns for Entities Controlled By Defendants

|    | A | B |
|----|---|---|
| 1  | **Entity** | **Year** |
| 45 | LaGuardia Performance Center LLC | 2018 |
| 46 | LaGuardia Performance Center LLC | 2019 |
| 47 | LaGuardia Performance Center LLC | 2020 |
| 48 | LaGuardia Performance Center LLC | 2021 |
| 49 | Manekinko Group LLC | 2011 |
| 50 | Manekinko Group LLC | 2018 |
| 51 | Manekinko Group LLC | 2019 |
| 52 | Manekinko Group LLC | 2020 |
| 53 | Manekinko Group LLC | 2021 |
| 54 | Samuel Development Group LLC | 2011 |
| 55 | Samuel Development Group LLC | 2012 |
| 56 | Samuel Development Group LLC | 2018 |
| 57 | Shangri-La 9D Inc. | 2017 |
| 58 | Shangri-La 9D Inc. | 2018 |
| 59 | Shangri-La 9D Inc. | 2019 |
| 60 | Shangri-La 9D Inc. | 2020 |
| 61 | Shangri-La 9D Inc. | 2021 |
| 62 | Shangri-La 9F Inc. | 2018 |
| 63 | Shangri-La 9F Inc. | 2019 |
| 64 | Shangri-La 9F Inc. | 2020 |
| 65 | Shangri-La 9F Inc. | 2021 |
| 66 | Shangri-La Green Inc. | 2011 |
| 67 | Shangri-La Green Inc. | 2018 |
| 68 | Shangri-La Green Inc. | 2019 |
| 69 | Shangri-La Green Inc. | 2020 |
| 70 | Shangri-La Green Inc. | 2021 |
| 71 | X&Y Development Group LLC | 2011 |
| 72 | X&Y Development Group LLC | 2012 |
| 73 | X&Y Development Group LLC | 2018 |
| 74 | X&Y Development Group LLC | 2019 |
| 75 | X&Y Development Group LLC | 2020 |
| 76 | X&Y Development Group LLC | 2021 |
| 77 | Richard Xia and Julia Yue | 2021 |