# **EXHIBIT 5**

| | |
|---|---|
| **From:** | Colorado, Christopher |
| **To:** | Adam Ford; Han, Kim; Stoelting, David |
| **Cc:** | Matthew Aaron Ford; Renée L. Jarusinsky |
| **Subject:** | Re: Fleet and XIa affidavits |
| **Date:** | Thursday, December 21, 2023 5:20:26 PM |

Adam:  The Affidavit from Mr. Xia does not comply with the Court's Order.

First, in paragraphs 2 and 3 of the Affidavit, with respect to the two e-mail addresses listed, the Affidavit fails to disclose where the data corresponding to those e-mail addresses has been stored, including at which server/host, or how that data has been preserved (*e.g.*, whether any auto-delete functionality at the e-mail host has been turned off and when such action was taken).  Nor does the affidavit set forth the number of mobile devices that have been searched, identify those mobile devices individually (e.g., by serial number, IEMI number, or other identifier), or how the data from each of the mobile devices has been preserved.  Additionally, we do not understand how the year of the IMAC computer is "unknown" because that information is readily available on the computer itself—an omission of this nature raises the question of whether, as before, counsel has not been intimately involved in the discovery process as required by Second Circuit law.

Second, paragraph 4 omits nearly all information required by the Court's Order.  The Court's Order requires more than a statement that searches for responsive material were conducted; it requires that the affidavit detail <u>how</u> the searches were conducted including, at minimum, disclosure of "any search terms, date ranges, or other limitations" comprising those searches.  As to any efforts by Greenberg Traurig (whose involvement ended in October 2020), the affidavit fails to identify the e-mail addresses for which corresponding data was provided to KL Discovery (including any date ranges associated with that data); how "responsive emails" were captured; or any details about how Greenberg Traurig conducted searches of that data, including, again at minimum, "any search terms, date ranges, or other limitations" comprising those searches.  Mr. Xia must obtain that information from Greenberg Traurig and include it in the affidavit.  Similarly, with respect to any searches by Mr. Xia, the affidavit fails to identify the e-mail addresses for which corresponding data was searched by him, or the steps he followed in conducting those searches.  The affidavit must detail all data repositories that Mr. Xia searched, the exact search terms he used in connection with each repository, all date ranges Mr. Xia used in those searches as to each repository (either date ranges he affirmatively applied or date ranges that may have been a product of the search tools he used), and other limitations imposed on the searches.  By way of example only, if Mr. Xia conducted a search of e-mail hosted by Google, then the affidavit must disclose, among other things, (i) whether the search was conducted from the user-facing search bar, from Google Vault (with or without administrator privileges), or extracted to a third-party repository, host, or tool and then searched; (ii) the exact search terms that were applied to the corpus of data searched, and the exact date limiters (if any) that were applied to that data; and (iii) all other limitations on the search (such as only searching the text of parent documents, not searching text of images, or not searching in foreign languages).  Searches of other devices (phones, iPads, computers, and hard copy files) must be similarly detailed.  Simply saying that Mr. Xia conducted some search of some electronic files using some undisclosed keywords does not comply with the Court's Order.

This failure to comply with the Court's Order is serious, and a revised affidavit detailing this

information must be provided immediately and not later than December 27. If a fulsome disclosure of the process for preserving, collecting, searching, and producing information that is or was in the possession, custody, and control of Mr. Xia is not provided, we intend to seek relief from the Court, including all appropriate sanctions and a turnover of all devices and electronic information for a forensic examination.

Additionally, the affidavit raises significant concerns that the searches conducted to date have been woefully deficient. Among many other things, the Affidavit omits many repositories of potentially responsive information that are in Mr. Xia's possession, custody, and control that have never been preserved, searched, collected, and produced. A meet and confer is required as soon as possible to discuss these deficiencies. Please let us know your availability for a call tomorrow.

We will respond to the insufficiencies in the Fleet affidavit separately.

Regards,
Chris Colorado

---

**From:** Adam Ford <aford@fordobrien.com>
**Sent:** Wednesday, December 20, 2023 10:11 PM
**To:** Colorado, Christopher <coloradoch@SEC.GOV>; Han, Kim <hanki@SEC.GOV>; Stoelting, David <StoeltingD@SEC.GOV>
**Cc:** Matthew Aaron Ford <mford@fordobrien.com>; Renée L. Jarusinsky <rjarusinsky@fordobrien.com>
**Subject:** Fleet and XIa affidavits

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Chris,

Please see the attached affidavits in compliance with the court's order. The fully notarized copies will arrive tomorrow.

Adam

Ford O'Brien Landy, LLP
275 Madison Avenue, 24th Floor
New York, NY 10016
aford@fordobrien.com
(212) 858-0040 (office)
(646) 479-3810 (mobile)