## **EXHIBIT 6**

| | |
|---|---|
| **From:** | Colorado, Christopher |
| **To:** | Dom Amorosa; lawoffices@dfamorosa.com |
| **Cc:** | Stoelting, David; Han, Kim |
| **Subject:** | SEC v. Xia et al., 21-cv-5350-PKC-JAM (EDNY) - Court Order and Racanelli"s and Perini"s Document Production |
| **Date:** | Monday, December 4, 2023 3:18:00 PM |
| **Attachments:** | image001.png |

Dom:  In light of the Court's Order on the motion to compel, and the work you will be doing over the next few weeks regarding production of responsive documents in the possession, custody, and control of Racanelli and Perini, we want to highlight several issues that must be addressed.  These issues are provided by way of example and are in no way exhaustive.  We reserve all our rights in this regard.

**Counsel's Involvement.**  We expect that counsel or an IT expert will be intimately involved in the process of searching for, collecting, reviewing, and producing responsive documents.  Self-collection by a client does not accord with the law in this Circuit.  Counsel or another subject matter expert must craft the protocol for obtaining and producing responsive documents, and must supervise or effect its implementation.  If Racanelli's and Perini's search, collection, and review process continues to be deficient, we will ask the Court to impose all appropriate remedies, including sanctions.

**E-mails Generally.**  All e-mail addresses associated with Racanelli and Perini must be searched, using appropriate search terms and time frames, overseen and/or administered by counsel.  We have identified at least 10 e-mail addresses for Racanelli and Perini.  These, and other e-mail addresses must be collected, searched, and reviewed, and response information produced.

**Electronic Devices.**  Relevant information must be collected from all computers, servers, phones, cloud storage (including Google Docs, Google Sheets, Dropbox, iCloud, or any similar storage area), iPads, removable media, or other devices within the possession, custody, or control of either Racanelli or Perini and their employees.  It is not sufficient to look solely at hard copy files.

**Chinese Language.**  Because Ms. Verfenstein conducted a portion of her work in the Chinese language, appropriate Chinese language search terms must also be used to search for and collect documents, and counsel must supervise the person(s) reviewing those documents and determining whether they are responsive or non-responsive.

**Accounting-Type Documents.**  Ms. Verfenstein testified about using Excel to track funds transfers and expenses related to Racanelli and Perini.  Those entities have failed to produce any of those (or similar) documents.  They must do so.

**Contracts and Invoices.**  Racanelli and Perini purport to have retained numerous third parties to perform work on the Projects—both entities controlled by Mr. Xia and others—and to have paid those third parties more than a hundred million dollars.  Racanelli and Perini must produce all contracts and invoices with those third parties, whether controlled by Mr. Xia or not.  For reference, attached is a document produced by Mr. Xia's external CFO, which we understand that he received from Mr. Xia, purporting to show expenses incurred by Racanelli.  While we will not attest to the accuracy of this document, it suggests that Racanelli should have a substantial number of invoices and contracts for the counterparties listed thereon.  These must all be produced.

**Tax Returns.**  Racanelli has failed to produce its federal and state tax returns for the period 2010 to the present, and Perini has failed to produce its federal and state tax returns for the period 2015 to the present.  They must do this as well.  If, for some reason, they do not have one or more of these documents in their files, then they must obtain them from the IRS and/or NYS Department of Taxation (or their accountant) and produce them.

**Native Files.**  Racanelli and Perini need to produce native versions of all responsive documents.  For example, to the extent they are producing invoices, contracts, or payment requisitions—or drafts thereof—those need to be produced in all formats in which they are kept, including Word and PDF, along with metadata showing, for example, when the documents were created and edited, and by whom.

Regards,
Chris Colorado

**Christopher M. Colorado**
Senior Trial Counsel
New York Regional Office
**OFFICE**     +1 212-336-9143
**MOBILE**   +1 267-734-5374
ColoradoCh@sec.gov

Title: SEC logo

