**EXHIBIT 9**

| | |
|---|---|
| **From:** | Colorado, Christopher |
| **To:** | Anjula Prasad |
| **Cc:** | Stoelting, David; Han, Kim |
| **Subject:** | RE: SEC v. Xia, 21-cv-5350 (EDNY) - Xi Verfenstein |
| **Date:** | Tuesday, December 26, 2023 10:55:00 AM |
| **Attachments:** | SEC v. Xia et al. 21-cv-5350-PKC-JAM (EDNY) - Court Order and Racanelli"s and Perini"s Document Production.msg |
| | image001.png |

Ms. Prasad:  The Affidavits from Racanelli and Perini do not comply with the Court's December 1 Order.

First, in paragraphs 2 and 3 of each Affidavit, with respect to the five e-mail addresses listed, the Affidavits fail to disclose where the data corresponding to those e-mail addresses has been stored, including at which server/host, or how that data has been preserved (*e.g.*, whether any auto-delete functionality at the e-mail host has been turned off and when such action was taken).  Nor do the Affidavits set forth the number of mobile devices that have been searched, identify those mobile devices individually (*e.g.*, by phone number and serial number, IEMI number, or other identifier), or disclose how the data from each of those mobile devices has been preserved.  Similarly, the Affidavits fail to disclose the number of Racanelli and Perini computers from which data has been preserved, searched, collected, and produced, fails to identify those computers by individual identifiers, and fails to disclose how data from each of those devices has been preserved.

Second, paragraph 4 omits nearly all information required by the Court's Order.  The Court's Order requires more than a statement that searches for responsive material were conducted; it requires that each Affidavit detail <u>how</u> the searches were conducted including, at minimum, disclosure of "any search terms, date ranges, or other limitations" comprising those searches.  Neither Affidavit includes any of this information.  For example, each Affidavit fails to detail, as required by the Court, the specific steps that were taken to search for and collect responsive documents—including the specific repositories of information searched (and not searched), the specific steps taken to conduct those searches (including all keywords and date ranges used), and how the data yielded by those searches was exported and reviewed for responsiveness, among other things.  The Affidavits must detail all of this information.  By way of example only, if data associated with any e-mail address for Racanelli or Perini was hosted by Google, then the Affidavit(s) must disclose, among other things, (i) whether the search was conducted from the user-facing search bar, from Google Vault (with or without administrator privileges), or extracted to a third-party repository, host, or tool and then searched; (ii) the exact search terms that were applied to the corpus of data searched, and the exact date limiters (if any) that were applied to that data; and (iii) all other limitations on the search (such as only searching the text of parent documents, not searching text of images, or not searching in foreign languages).  Searches of other devices (phones, iPads, computers, and hard copy files) must be similarly detailed.  Simply saying that Racanelli or Perini conducted some search of some electronic files using some undisclosed keywords does not comply with the Court's Order.

This failure to comply with the Court's Order is serious, and revised Affidavits detailing this information must be provided immediately and not later than <u>December 28.</u>  If a fulsome disclosure of the process for preserving, collecting, searching, and producing information that is or was in the possession, custody, and control of Racanelli or Perini is not provided, we intend to seek relief from

the Court, including all appropriate sanctions and a turnover of all devices and electronic information for a forensic examination.

Additionally, the Affidavits raise significant concerns that the searches conducted to date have been woefully deficient.  Among many other things, the Affidavits omit many repositories of potentially responsive information that are in Racanelli's and Perini's possession, custody, and control that have never been preserved, searched, collected, and produced, including e-mail addresses beyond the five listed in each of the Affidavits.  To that end, I have attached an e-mail sent to Racanelli's and Perini's prior counsel regarding deficiencies in those entities' productions.  A meet and confer is required as soon as possible to discuss these deficiencies.  Please let us know your availability for a call this week.

Regards,
Chris Colorado

**Christopher M. Colorado**
Senior Trial Counsel
New York Regional Office
**OFFICE**     +1 212-336-9143
**MOBILE**    +1 267-734-5374
ColoradoCh@sec.gov



**From:** Anjula Prasad <aprasad@fordobrien.com>
**Sent:** Friday, December 22, 2023 10:01 PM
**To:** Colorado, Christopher <coloradoch@SEC.GOV>
**Cc:** Stoelting, David <StoeltingD@SEC.GOV>; Han, Kim <hanki@SEC.GOV>
**Subject:** Re: SEC v. Xia, 21-cv-5350 (EDNY) - Xi Verfenstein

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Mr. Colorado:

Please see the attached affidavits in compliance with the Court's order.
The fully notarized copies will arrive early next week, at the latest.

Enjoy the holiday.

Best,

Anjula S. Prasad
FORD O'BRIEN LANDY LLP
275 Madison Avenue, 24th Fl.
New York, NY 10016
Tel: + 1 (212) 858-0040

aprasad@fordobrien.com
www.fordobrien.com

| | |
|---|---|
| **From:** | Colorado, Christopher |
| **To:** | Dom Amorosa; lawoffices@dfamorosa.com |
| **Cc:** | Stoelting, David; Han, Kim |
| **Subject:** | SEC v. Xia et al., 21-cv-5350-PKC-JAM (EDNY) - Court Order and Racanelli"s and Perini"s Document Production |
| **Date:** | Monday, December 4, 2023 3:18:00 PM |
| **Attachments:** | image001.png |

Dom: In light of the Court's Order on the motion to compel, and the work you will be doing over the next few weeks regarding production of responsive documents in the possession, custody, and control of Racanelli and Perini, we want to highlight several issues that must be addressed. These issues are provided by way of example and are in no way exhaustive. We reserve all our rights in this regard.

**Counsel's Involvement.** We expect that counsel or an IT expert will be intimately involved in the process of searching for, collecting, reviewing, and producing responsive documents. Self-collection by a client does not accord with the law in this Circuit. Counsel or another subject matter expert must craft the protocol for obtaining and producing responsive documents, and must supervise or effect its implementation. If Racanelli's and Perini's search, collection, and review process continues to be deficient, we will ask the Court to impose all appropriate remedies, including sanctions.

**E-mails Generally.** All e-mail addresses associated with Racanelli and Perini must be searched, using appropriate search terms and time frames, overseen and/or administered by counsel. We have identified at least 10 e-mail addresses for Racanelli and Perini. These, and other e-mail addresses must be collected, searched, and reviewed, and response information produced.

**Electronic Devices.** Relevant information must be collected from all computers, servers, phones, cloud storage (including Google Docs, Google Sheets, Dropbox, iCloud, or any similar storage area), iPads, removable media, or other devices within the possession, custody, or control of either Racanelli or Perini and their employees. It is not sufficient to look solely at hard copy files.

**Chinese Language.** Because Ms. Verfenstein conducted a portion of her work in the Chinese language, appropriate Chinese language search terms must also be used to search for and collect documents, and counsel must supervise the person(s) reviewing those documents and determining whether they are responsive or non-responsive.

**Accounting-Type Documents.** Ms. Verfenstein testified about using Excel to track funds transfers and expenses related to Racanelli and Perini. Those entities have failed to produce any of those (or similar) documents. They must do so.

**Contracts and Invoices.** Racanelli and Perini purport to have retained numerous third parties to perform work on the Projects—both entities controlled by Mr. Xia and others—and to have paid those third parties more than a hundred million dollars. Racanelli and Perini must produce all contracts and invoices with those third parties, whether controlled by Mr. Xia or not. For reference, attached is a document produced by Mr. Xia's external CFO, which we understand that he received from Mr. Xia, purporting to show expenses incurred by Racanelli. While we will not attest to the accuracy of this document, it suggests that Racanelli should have a substantial number of invoices and contracts for the counterparties listed thereon. These must all be produced.

**Tax Returns.**  Racanelli has failed to produce its federal and state tax returns for the period 2010 to the present, and Perini has failed to produce its federal and state tax returns for the period 2015 to the present.  They must do this as well.  If, for some reason, they do not have one or more of these documents in their files, then they must obtain them from the IRS and/or NYS Department of Taxation (or their accountant) and produce them.

**Native Files.**  Racanelli and Perini need to produce native versions of all responsive documents.  For example, to the extent they are producing invoices, contracts, or payment requisitions—or drafts thereof—those need to be produced in all formats in which they are kept, including Word and PDF, along with metadata showing, for example, when the documents were created and edited, and by whom.

Regards,
Chris Colorado

**Christopher M. Colorado**
Senior Trial Counsel
New York Regional Office
**OFFICE**     +1 212-336-9143
**MOBILE**    +1 267-734-5374
ColoradoCh@sec.gov

Title: SEC logo

