# **EXHIBIT 10**

| | |
|---|---|
| **From:** | Adam Ford |
| **To:** | Colorado, Christopher |
| **Cc:** | Han, Kim; Matthew Aaron Ford; Renee Jarusinsky; Stoelting, David |
| **Subject:** | Re: FW: Settlement agreement |
| **Date:** | Tuesday, January 23, 2024 2:11:16 PM |

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Chris,

Your proposal is insane. We are not continuing with discovery for 60 days. We just settled the case. If you want to litigate whether a party can be forced to continue litigating after settling a case we'll do it. I'd propose instead that we write to the judge to say we settled and therefore everything is held in abeyance until your client agrees to what you represented it would agree to.

Come on.

Adam

On Tue, Jan 23, 2024 at 1:47 PM Colorado, Christopher <coloradoch@sec.gov> wrote:

> Thanks. On page 10 of the PDF you sent, there is a box that says, "Type Text Here." I assume this is a ministerial error. Do you agree that we can substitute the page 10 that we sent previously?
>
> Separately, as to informing the Court, in an ordinary case, upon receipt of a signed consent, we might ask that the court stay discovery by 60 days to allow for our internal processes for seeking Commission approval. However, given the history of this case, we have serious concerns that Xia will back out of his offer to settle before the Court orders the final judgment, and we need assurances here that are different than our usual approach. If, for whatever reason, the settlement falls apart before judgment is entered, the SEC's current position cannot be prejudiced.
>
> Accordingly, we propose the conditions below. And, attached is a draft letter and stipulation and proposed order we are prepared to file, if you agree. If you do not agree, then the current deadlines must remain in place, and we will need to seek appropriate remedies for the failure by Defendants (and Verfenstein/Racanelli/Perini) to produce any (much less all) documents by the Court's ordered deadline of 1/22.
>
> - The parties will jointly request that the Court hold in abeyance its consideration of the receivership motion.
> - The parties will jointly request that the Court adjourn the February 12 discovery deadline by 60 days. Discovery will not be stayed.

- We will agree to adjourn Xia's deposition until sometime in late March/early April, and we can re-evaluate at a later time if that deposition needs to go forward.
- Xia, Fleet, Verfenstein, and Racanelli/Perini will produce documents on a rolling basis, including all tax returns requested.
- Xia will sign the IRS Form 8821, whether for you or us to obtain tax information from the IRS.  If he signs it authorizing your firm to obtain that information, you'll provide us with a copy and a representation that you are seeking those documents.
- Xia and Fleet will consent to extending the current expiration date of the preliminary injunction from December 8, 2024 by 60 days (that is, the amount of time by which the discovery, expert discovery, and summary judgment deadlines will be extended).

The intention of these conditions is to ensure that, if in 60 days the final judgment has not been entered, then the parties will be in essentially the same position as they are today.

Please let us know.

Thanks,

Chris

---

**From:** Adam Ford <aford@fordobrien.com>
**Sent:** Tuesday, January 23, 2024 1:30 PM
**To:** Colorado, Christopher <coloradoch@SEC.GOV>
**Cc:** Han, Kim <hanki@SEC.GOV>; Matthew Aaron Ford <mford@fordobrien.com>; Renee Jarusinsky <rjarusinsky@fordobrien.com>; Stoelting, David <StoeltingD@SEC.GOV>
**Subject:** Re: FW: Settlement agreement

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Please see attached

On Tue, Jan 23, 2024 at 9:00 AM Adam Ford <aford@fordobrien.com> wrote:

> Away from a computer for next hour+ will send as soon as I can.
>
> On Tue, Jan 23, 2024 at 8:52 AM Colorado, Christopher <coloradoch@sec.gov> wrote:
>
>> Can you please provide a version that has your signature as to the form of the document, and that say the capacity in which Mr. Xia has signed the document for Fleet (both page 17)?
>>
>> Assuming those are provided, we can draft a letter to the Court. I will get back to you shortly on that.
>>
>> ---
>>
>> **From:** Adam Ford <aford@fordobrien.com>
>> **Sent:** Tuesday, January 23, 2024 8:46 AM
>> **To:** Colorado, Christopher <coloradoch@SEC.GOV>; Han, Kim <hanki@SEC.GOV>; Stoelting, David <StoeltingD@SEC.GOV>
>> **Cc:** Matthew Aaron Ford <mford@fordobrien.com>; Renée L. Jarusinsky <rjarusinsky@fordobrien.com>
>> **Subject:** Settlement agreement
>>
>> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.
>>
>> Chris,
>>
>> Please find attached the signed settlement agreement. We should submit a joint letter to the judge informing the court of the settlement. Should you or I draft it?
>>
>> Adam

\--

Ford O'Brien Landy, LLP

275 Madison Avenue, 24th Floor

New York, NY 10016

aford@fordobrien.com

(212) 858-0040 (office)

(646) 479-3810 (mobile)

\--
Ford O'Brien Landy, LLP
275 Madison Avenue, 24th Floor
New York, NY 10016
aford@fordobrien.com
(212) 858-0040 (office)
(646) 479-3810 (mobile)