# **EXHIBIT 11**

| | |
|---|---|
| **From:** | Colorado, Christopher |
| **To:** | Matthew Aaron Ford |
| **Cc:** | Han, Kim; Renee Jarusinsky; Stoelting, David; Adam C. Ford |
| **Subject:** | RE: Settlement agreement |
| **Date:** | Tuesday, January 23, 2024 3:04:00 PM |
| **Attachments:** | RE Settlement Proposal F.R.E. 408.msg<br>image001.png |

This seems unnecessarily adversarial.  First, I note that the Stipulation and Proposed Order we sent only addresses points 1, 2, and 6 (points with which you are largely in agreement).

Next, to be clear, what we have reached is a settlement-in-principle, *i.e.*, terms that, as Commission counsel, we are willing to recommend to the Commission.  The five-member Commission will review those terms and consider our recommendation, and they will decide whether to accept our recommendation.  We have not made any representation as to what the Commission will or will not accept.  And, as in any SEC matter, there is no settlement until the Court enters a final judgment.  Xia can back out at any time before then—we have no assurances that that will not happen.  Courts routinely require us to continue to litigate while we are in the process of getting a recommendation to the Commission, notwithstanding a signed Consent.  Frankly, Judge Chen is very aware here of Xia's pattern of behavior and I am confident that the Court will agree with us that discovery should not be stayed.

Also, we never said we'd agree to a stay.  We said the opposite.  See my e-mail from 12/22, attached: "The process of seeking Commission review of a settlement recommendation generally takes between 6 to 8 weeks after a consent is signed.  If Defendants sign a mutually agreeable consent, then we will consider jointly seeking a stay of the Court's consideration of the receivership motion while the SEC's internal process regarding the settlement recommendation takes place.  We do not intend to stay fact or expert discovery during that time**.**"

We are offering a reasonable compromise that provides us with protections against Xia backing out: we relax the current deadlines, avoiding any near-term motion practice, while our team focuses on the internal work necessary to recommend the settlement to the Commission.  We reschedule Xia's deposition to the end of the extended discovery period, and if all goes smoothly, then the Commission will be presented with the recommendation before then.  A stay is a non-starter, as we need to be able to take discovery from third parties, if we think that is appropriate.  And we don't want to get to a point, 60 days from now, where Xia backs out of the settlement, but where Defendants need to further delay the schedule to allow for documents to be produced (which should have already been produced under the Court's Order).

If we can't agree, then we suggest that we inform the Court of the Consent, nothing more.  You can then separately request a stay or extension of the current deadlines, and we will respond.  That seems inefficient and a misuse of resources.

If you have some other approach that gives us comfort that, should a settlement not be consummated, Defendants will produce discovery immediately thereafter, then we are open to hearing it.

**Christopher M. Colorado**

Senior Trial Counsel
New York Regional Office
**OFFICE**   +1 212-336-9143
**MOBILE**   +1 267-734-5374

ColoradoCh@sec.gov



---

**From:** Matthew Aaron Ford <mford@fordobrien.com>
**Sent:** Tuesday, January 23, 2024 2:25 PM
**To:** Colorado, Christopher <coloradoch@SEC.GOV>
**Cc:** Han, Kim <hanki@SEC.GOV>; Renee Jarusinsky <rjarusinsky@fordobrien.com>; Stoelting, David <StoeltingD@SEC.GOV>; Adam C. Ford <aford@fordobrien.com>
**Subject:** Re: Settlement agreement

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Chris,
Here's where we are as to each point you raise:

1. Agreed
2. Agreed as to discovery extension, not agreed as to stay
3. Agreed
4. We do not agree
5. We do not agree
6. Agreed

This makes the most sense for everybody's time and resources. Sound good? If so, please circulate draft stip and we will sign so you can file with court.
Best,
Matt


Matthew Aaron Ford
Partner
Ford O'Brien Landy LLP
3700 Ranch Road 620 South
Suite B
Austin, Texas 78738
512.503.6388 (direct)

--
275 Madison Avenue
24th Floor
New York, New York 10016
212.858.0040
212.444.4886 (direct)
[mford@fordobrien.com](mford@fordobrien.com)
fordobrien.com


> On Jan 23, 2024, at 1:10 PM, Adam Ford <aford@fordobrien.com> wrote:
>
> Chris,
>
> Your proposal is insane.  We are not continuing with discovery for 60 days.  We just settled the case.  If you want to litigate whether a party can be forced to continue litigating after settling a case we'll do it.  I'd propose instead that we write to the judge to say we settled and therefore everything is held in abeyance until your client agrees to what you represented it would agree to.
>
> Come on.
>
> Adam
>
> On Tue, Jan 23, 2024 at 1:47 PM Colorado, Christopher <coloradoch@sec.gov> wrote:
>
>> Thanks.  On page 10 of the PDF you sent, there is a box that says, "Type Text Here."  I assume this is a ministerial error.  Do you agree that we can substitute the page 10 that we sent previously?
>>
>> Separately, as to informing the Court, in an ordinary case, upon receipt of a signed consent, we might ask that the court stay discovery by 60 days to allow for our internal processes for seeking Commission approval.  However, given the history of this case, we have serious concerns that Xia will back out of his offer to settle before the Court orders the final judgment, and we need assurances here that are different than our usual approach.  If, for whatever reason, the settlement falls apart before judgment is entered, the SEC's current position cannot be prejudiced.
>>
>> Accordingly, we propose the conditions below.  And, attached is a draft letter and stipulation and proposed order we are prepared to file, if you agree.  If you do not agree, then the current deadlines must remain in place, and we will need to seek appropriate remedies for the failure by Defendants (and Verfenstein/Racanelli/Perini) to produce any (much less all) documents by the Court's ordered deadline of 1/22.
>>
>> - The parties will jointly request that the Court hold in abeyance its consideration of the receivership motion.
>> - The parties will jointly request that the Court adjourn the February 12 discovery deadline by 60 days.  Discovery will not be stayed.
>> - We will agree to adjourn Xia's deposition until sometime in late March/early April, and we can re-evaluate at a later time if that deposition needs to go forward.
>> - Xia, Fleet, Verfenstein, and Racanelli/Perini will produce documents on a rolling basis,

- including all tax returns requested.
- Xia will sign the IRS Form 8821, whether for you or us to obtain tax information from the IRS. If he signs it authorizing your firm to obtain that information, you'll provide us with a copy and a representation that you are seeking those documents.
- Xia and Fleet will consent to extending the current expiration date of the preliminary injunction from December 8, 2024 by 60 days (that is, the amount of time by which the discovery, expert discovery, and summary judgment deadlines will be extended).

The intention of these conditions is to ensure that, if in 60 days the final judgment has not been entered, then the parties will be in essentially the same position as they are today.

Please let us know.

Thanks,
Chris

---

**From:** Adam Ford <aford@fordobrien.com>
**Sent:** Tuesday, January 23, 2024 1:30 PM
**To:** Colorado, Christopher <coloradoch@SEC.GOV>
**Cc:** Han, Kim <hanki@SEC.GOV>; Matthew Aaron Ford <mford@fordobrien.com>; Renee Jarusinsky <rjarusinsky@fordobrien.com>; Stoelting, David <StoeltingD@SEC.GOV>
**Subject:** Re: FW: Settlement agreement

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Please see attached

On Tue, Jan 23, 2024 at 9:00 AM Adam Ford <aford@fordobrien.com> wrote:

> Away from a computer for next hour+ will send as soon as I can.
>
> On Tue, Jan 23, 2024 at 8:52 AM Colorado, Christopher <coloradoch@sec.gov> wrote:
>
>> Can you please provide a version that has your signature as to the form of the document, and that say the capacity in which Mr. Xia has signed the document for Fleet (both page 17)?
>>
>> Assuming those are provided, we can draft a letter to the Court. I will get back to you shortly on that.
>>
>> ---
>>
>> **From:** Adam Ford <aford@fordobrien.com>
>> **Sent:** Tuesday, January 23, 2024 8:46 AM
>> **To:** Colorado, Christopher <coloradoch@SEC.GOV>; Han, Kim <hanki@SEC.GOV>; Stoelting, David <StoeltingD@SEC.GOV>
>> **Cc:** Matthew Aaron Ford <mford@fordobrien.com>; Renée L. Jarusinsky <rjarusinsky@fordobrien.com>
>> **Subject:** Settlement agreement
>>
>>> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.
>>
>> Chris,

> Please find attached the signed settlement agreement. We should submit a joint letter to the judge informing the court of the settlement. Should you or I draft it?
>
> Adam

--

# Ford O'Brien Landy, LLP

275 Madison Avenue, 24th Floor
New York, NY 10016
aford@fordobrien.com
(212) 858-0040 (office)
(646) 479-3810 (mobile)

--

# Ford O'Brien Landy, LLP

275 Madison Avenue, 24th Floor
New York, NY 10016
aford@fordobrien.com
(212) 858-0040 (office)
(646) 479-3810 (mobile)