# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

RICHARD XIA, a/k/a YI XIA, and FLEET NEW YORK METROPOLITAN REGIONAL CENTER, LLC, f/k/a FEDERAL NEW YORK METROPOLITAN REGIONAL CENTER, LLC,

Defendants,

JULIA YUE, a/k/a JIQING YUE;
XI VERFENSTEIN, and XINMING YU,

Relief Defendants.

21-cv-05350-PKC-JAM

---

**[PROPOSED] FINAL JUDGMENT AS TO DEFENDANTS RICHARD XIA AND FLEET NEW YORK METROPOLITAN REGIONAL CENTER LLC AND RELIEF DEFENDANT JULIA YUE**

The Securities and Exchange Commission having filed an Amended Complaint and Defendants Richard Xia ("Xia") and Fleet New York Metropolitan Regional Center LLC ("Fleet" collectively with Xia, "Defendants") and Relief Defendant Julie Yue a/k/a Jiqing Yue ("Relief Defendant" or "Yue") having entered general appearances; consented to the Court's jurisdiction over Defendants and Relief Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Amended Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph XI); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

1

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the

mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Sections 21(d)(1) and 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(1) and (5)], and Section 20(b) of the Securities Act [15 U.S.C. § 77t(b)], Defendants are permanently restrained and enjoined from, directly or indirectly, participating in the offer or sale of any security, including participating in the offer or sale of any security which constitutes an investment in a "commercial enterprise" under the EB-5 visa program administered by the United States Citizenship and Immigration Service ("USCIS"), and engaging in activities with a broker, dealer, or issuer, or a Regional Center designated by the USCIS, for purposes of issuing, offering, trading, or inducing or attempting to induce the purchase or sale of any such EB-5 investment;

provided, however, that such injunction shall not prevent Defendant Xia from (i) purchasing securities for, or selling securities from, his own personal account, or (ii) excluding EB-investors, raising capital from accredited investors as defined in 17 C.F.R. § 230.501(a) or qualified purchasers as defined in 15 U.S.C. § 80a-2(a)(51)(A) for the acquisition, development, or construction of real property, except that any prohibitions or limitations arising as a consequence of the injunction in paragraph I or paragraph II herein shall continue to apply, including the disqualification provisions of Regulation A, Regulation CF, and Regulation D.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Fleet and Xia are jointly and severally liable for disgorgement of $228,500,000 representing net profits gained as a result of the conduct alleged in the Amended Complaint, together with prejudgment interest thereon in the amount of $25,000,000, Relief Defendant Yue is jointly and severally liable with Defendants for $14,000,000 of the above disgorgement amount and $720,000 of the above prejudgment interest thereon, Defendant Fleet is liable for a civil penalty in the amount of $15,538,635, and Defendant Xia is liable for a civil penalty in the amount of $3,101,745, pursuant to Securities Act Section 20(d) [15 U.S.C. § 77t(d)] and Exchange Act Section 21(d)(3) [15 U.S.C. § 78u(d)(3)]. Defendants and Relief Defendant shall satisfy this obligation pursuant

to the terms of the payment schedule and instructions set forth in paragraph V herein after entry of this Final Judgment.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after the Second Payment Date, defined in paragraph V(b) herein.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action. Defendants and Relief Defendant shall pay post judgment interest on any amounts due after 30 days from the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Fleet and Xia and Relief Defendant Yue shall pay the total disgorgement, prejudgment interest, and penalty due of $272,140,380 to the Court's CRIS Registry System ("CRIS") in two installments according to the following schedule, and that the CRIS shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court:

(a) *First*, Defendant Fleet's and Defendant Xia's monetary obligations hereunder shall be satisfied, in part, by payment from $42,500,000 of Defendants' funds currently frozen ("Frozen Assets") pursuant to the Preliminary Injunction Freezing Assets entered by the Court on December 8, 2022, held by the following financial institutions: East West Bank, Popular Bank, Cathay Bank, Citibank, N.A., CTBC Bank, HSBC Bank USA, N.A., Signature Bank,

5

N.A., JP Morgan Chase Bank, N.A., Flushing Bank, and Interactive Brokers LLC (collectively, the "Financial Institutions").  The Financial Institutions and accounts frozen at the Financial Institutions ("Frozen Accounts") that are the subject of this paragraph V(a) are set forth in Appendix A to the Consent and incorporated herein by reference.  Upon a motion by the Commission and order of the Court, such Financial Institutions as are directed by the Court shall pay assets from the Frozen Accounts to the CRIS as follows:  within five business days of being served with a copy of the Court's order, the amount(s) ordered by the Court shall be paid by each Financial Institution so ordered from the Frozen Account(s) into the Court's registry by a cashier's check, certified check or postal money order drawn to the order of "Clerk, United States District Court, E.D.N.Y.," or by wire transfer to the same, whereupon the Clerk of the Court shall deposit such funds into an interest bearing account for this case with the CRIS ("CRIS Escrow Account").  Upon payment of funds by the respective Financial Institutions to the CRIS, Defendants shall be deemed to have relinquished all legal and equitable title and interest in such funds and no part of such funds shall be returned to Defendants.  These payments from the Frozen Accounts shall be first applied to Defendants' obligation to pay disgorgement and prejudgment interest, and shall be held by the CRIS, together with any interest and income earned thereon, until further order of the Court; and

   (b) *Second*, Defendant Fleet's and Defendant Xia's remaining monetary obligations and Relief Defendant Yue's monetary obligations hereunder shall be satisfied by payment by Defendants and/or Relief Defendant, made no later than 245 days from entry of this Final Judgment (the "Second Payment Date") of the disgorgement and prejudgment interest—and as to Defendant Fleet and Defendant Xia, penalty amounts—then still owed of $229,640,380, plus any post-judgment interest thereon, to the Court's CRIS.  Defendants and Relief Defendant may

6

transmit payment or cause payment to be made into the Court's registry by a cashier's check, certified check, or postal money order drawn to the order of "Clerk, United States District Court, E.D.N.Y.," or by wire transfer to the same, whereupon the Clerk of the Court shall deposit such funds into the CRIS Escrow Account.  Defendants and Relief Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  These funds, together with any interest and income earned thereon, shall be held by the CRIS until further order of the Court.  By making this payment, or causing such payment to be made, Defendants and Relief Defendant relinquish all legal and equitable title and interest in such funds and no part of such funds shall be returned to Defendants or Relief Defendant.

Payments shall be deemed made on the date they are received into the CRIS and shall be applied first to post-judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Final Judgment.  Prior to making the final payment set forth herein, Defendants and Relief Defendant shall contact the staff of the Commission for the amount due for the final payment.  If Defendants and/or Relief Defendant fail to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

Any Frozen Assets not paid from the Frozen Accounts to the Court's CRIS under this paragraph V may be used as permitted under the Order Appointing Monitor entered by the Court on September 27, 2022 ("Monitor Order"), and the Preliminary Injunction Freezing Assets entered by the Court on December 8, 2022 ("Preliminary Injunction") including, to the extent

7

permitted, to preserve the value of the Projects. For the avoidance of doubt, nothing in this paragraph V is intended to, and this paragraph V does not, supersede the Monitor Order or Preliminary Injunction.

The Monitor Order and the Preliminary Injunction, shall remain in full force and effect until the monetary obligation of Defendants and Relief Defendant hereunder have been satisfied by the deposit of the amounts ordered to be paid into the CRIS. The Monitor Order and Preliminary Injunction shall be vacated upon motion by the Defendants or the Commission upon confirmation by the Court of all payments required hereunder, notice to the Commission's counsel of confirmation of such payments, and acknowledgement by the Commission's counsel to Defendants of such payments, which acknowledgment shall be provided within five business days and shall not be unreasonably withheld.

To the extent any Defendant and/or Relief Defendant seek to satisfy their monetary obligations hereunder through a third-party financing, they shall provide Commission counsel with the documentation governing such financing for review and approval by Commission counsel no fewer than 10 business days before any such documentation is executed, which approval by Commission counsel shall not be unreasonably withheld.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Commission shall propose, or cause to be proposed, a plan to distribute the Fund subject to the Court's approval. Such a plan shall provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Court determines that a distribution of the Fund, or any portion thereof, is infeasible, the Commission

may petition the Court to send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' or Relief Defendant's payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Amended Complaint in this action.

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, within 60 days of the entry of this Final Judgment, Defendant Xia shall relinquish any direct and/or indirect control and ownership of Defendant Fleet.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant Xia shall comply with all of the undertakings and agreements set forth therein, including, but not limited to, the undertaking to:

(a) within 30 days of the entry of this Final Judgment, certify, in writing and under oath, that he waives his rights, if any, to the Frozen Assets in the accounts set forth in Appendix B to the Consent and incorporated herein by reference. Defendant Xia shall submit the certification to Judith Weinstock Esq., Assistant Regional Director, New York Regional Office, with a copy to the Office of Chief Counsel of the Enforcement Division; and

(b) within 60 days of the entry of this Final Judgment, certify, in writing and under oath, that he has relinquished control and ownership, directly or indirectly, of Fleet, and detailing the person(s) or entity(ies) who have assumed control and ownership of Fleet and who must be independent of Xia, and that Xia shall not seek to regain control and/or ownership, directly or indirectly, of Fleet until the Projects are complete and all EB-5 investors in the Projects have received their permanent green cards. The certification shall identify the undertaking, provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance including, but not necessarily limited to, a sworn affidavit from Xia, a sworn affidavit from the acquirer of Fleet, and all documents and exhibits comprising the transaction. Xia shall submit the certification to Judith Weinstock Esq., Assistant Regional Director, New York Regional Office, with a copy to the Office of Chief Counsel of the Enforcement Division.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant Fleet shall comply with all of the undertakings and agreements set forth therein, including, but not limited to, the undertaking to:

(a)   within 30 days of the entry of this Final Judgment, certify, in writing and under oath, that it waives its rights, if any, to the Frozen Assets in the accounts set forth in Appendix B to the Consent and incorporated herein by reference.  Defendant Fleet shall submit the certification to Judith Weinstock Esq., Assistant Regional Director, New York Regional Office, with a copy to the Office of Chief Counsel of the Enforcement Division; and

(b)   between 270 days and 365 days of the entry of this Final Judgment, certify, in writing and under oath, that subsequent to Xia relinquishing control and ownership of Fleet, as contemplated by paragraphs VI(a) and VII(b) herein, that Xia has had no ownership of, or control or influence over, Fleet, directly or indirectly.  The certification shall identify the undertaking, provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance.  Fleet shall submit the certification to Judith Weinstock Esq., Assistant Regional Director, New York Regional Office, with a copy to the Office of Chief Counsel of the Enforcement Division.

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants shall provide reasonable cooperation to the EB-5 investors related to any such investor's efforts to obtain benefits under the EB-5 program including, but not limited to, providing information and documentation necessary for the EB-5 investor to apply for and obtain such benefits.

11

Nothing herein is intended to, and it does not, bar Defendant Fleet from continuing to serve as a Regional Center for the Projects, as well as any redeployment activities of the above Projects, subject to any action of or decision by USCIS, so long as Fleet is controlled, directly and indirectly, by a person or persons other than and who are independent from Xia, until those Projects are complete and all EB-5 investors in the Projects have received their permanent green cards.

XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Amended Complaint are true and admitted by Defendants and Relief Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants and Relief Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

XIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, 2024

_____
Hon. Pamela K. Chen
United States District Judge

13