**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | |
| **Plaintiff,** | |
| **v.** | |
| **RICHARD XIA, a/k/a YI XIA, and FLEET NEW YORK METROPOLITAN REGIONAL CENTER, LLC, f/k/a FEDERAL NEW YORK METROPOLITAN REGIONAL CENTER, LLC,** | **21-cv-05350-PKC-JAM** |
| **Defendants,** | |
| **JULIA YUE, a/k/a JIQING YUE; XI VERFENSTEIN, and XINMING YU,** | |
| **Relief Defendants.** | |

### CONSENT OF DEFENDANTS RICHARD XIA AND FLEET NEW YORK METROPOLITAN REGIONAL CENTER LLC AND RELIEF DEFENDANT JULIA YUE

1.     Defendants Richard Xia ("Xia") and Fleet New York Metropolitan Regional Center LLC ("Fleet," together with Xia, "Defendants") and Relief Defendant Julie Yue a/k/a Jiqing Yue ("Yue" or "Relief Defendant") acknowledge having been served with the Amended Complaint in this action, enter general appearances, and admit the Court's jurisdiction over Defendants and Relief Defendant and over the subject matter of this action.

2.     Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 15 and except as to personal and subject matter jurisdiction, which Defendants and Relief Defendant admit), Defendants and Relief Defendant hereby consent to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

1

(a)    permanently restrains and enjoins Defendants from violation of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], and Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)];

(b)    permanently restrains and enjoins Defendants from, directly or indirectly, participating in the offer or sale of any security, including participating in the offer or sale of any security which constitutes an investment in a "commercial enterprise" under the EB-5 visa program administered by the United States Citizenship and Immigration Service ("USCIS"), and engaging in activities with a broker, dealer, or issuer, or a Regional Center designated by USCIS, for purposes of issuing, offering, trading, or inducing or attempting to induce the purchase or sale of any such EB-5 investment; provided, however, that such injunction shall not prevent Defendant Xia from (i) purchasing securities for or selling securities from his own personal account, or (ii) excluding EB-5 investors, raising capital from accredited investors as defined in 17 C.F.R. 230.501(a) or qualified purchasers as defined in 15 U.S.C. § 80a-2(a)(51)(A) for the acquisition, development, or construction of real property, except that any prohibitions or limitations arising as a consequence of the injunction in Paragraph 2(a) shall continue to apply, including the disqualification provisions of Regulation A, Regulation CF, and Regulation D;

(c)     orders Defendants and Relief Defendant to pay, jointly and severally, disgorgement in the amount of $228,500,000, plus prejudgment interest thereon in the amount of $25,000,000 (except that Relief Defendant shall only be liable for $14,000,000 of the disgorgement and $720,000 of the prejudgment interest); and orders Xia to pay a civil penalty in the amount of $3,101,745 and Fleet to pay a civil penalty in the amount of $15,538,635 under Securities Act Section 20(d) [15 U.S.C. § 77t(d)] and Exchange Act Section 21(d)(3) [15 U.S.C. § 78u(d)(3)];

(d)     orders that Defendants' and Relief Defendant's obligations to pay disgorgement, prejudgment interest, and, as to Defendants, penalties hereunder shall be satisfied in two steps:

  i.     *First*, Defendant Fleet's and Defendant Xia's monetary obligations hereunder shall be satisfied, in part, by payment of $42.5 million from Defendants' funds currently frozen ("Frozen Assets") pursuant to the Preliminary Injunction Freezing Assets entered by the Court on December 8, 2022, held by the following financial institutions:  East West Bank, Popular Bank, Cathay Bank, Citibank, N.A., CTBC Bank, HSBC Bank USA, NA, Signature Bank, JP Morgan Chase Bank, NA, Flushing Bank, and Interactive Brokers LLC (collectively, the "Financial Institutions").  The Financial Institutions and accounts frozen at the Financial Institutions ("Frozen Accounts") that are the subject of this subparagraph are set forth in Appendix A attached hereto and

3

incorporated herein by reference.  Upon a motion by the Commission and order of the Court, such Financial Institutions as are directed by the Court shall pay assets from the Frozen Accounts to the Court's Court Registry Investment System ("CRIS") as follows:  within five business days of being served with a copy of the Court's order, the amount(s) ordered by the Court shall be paid by each Financial Institution so ordered from the Frozen Account(s) into the Court's registry by a cashier's check, certified check or postal money order drawn to the order of "Clerk, United States District Court, E.D.N.Y.," or by wire transfer to the same, whereupon the Clerk of this Court shall deposit such funds into an interest bearing account for this case with the CRIS ("CRIS Escrow Account").  Defendants agree that they shall be deemed to have relinquished all legal and equitable title, and interest in, such monies paid from the Frozen Accounts as contemplated by this subparagraph, and no part of such funds shall be returned to Defendants.  These payments from the Frozen Accounts shall be first applied to Defendants' obligation to pay disgorgement and prejudgment interest, and shall be held by the CRIS, together with any interest and income earned thereon, until further order of the Court; and

ii.     *Second*, Defendant Fleet's and Defendant Xia's remaining monetary obligations and Relief Defendant Yue's monetary

4

obligations hereunder shall be satisfied by payment by Defendants and/or Relief Defendant made no later than 245 days from entry of the Final Judgment of the disgorgement and prejudgment interest—and as to Defendant Fleet and Defendant Xia, penalty amounts—then still owed of $229,640,380, plus any post-judgment interest thereon, to the Court's CRIS. Defendants and Relief Defendant may transmit payment or cause payment to be made into the Court's registry by a cashier's check, certified check, or postal money order drawn to the order of "Clerk, United States District Court, E.D.N.Y.," or by wire transfer to the same, whereupon the Clerk of this Court shall deposit such funds into the CRIS Escrow Account. These funds, together with any interest and income earned thereon, shall be held by the CRIS until further order of the Court. By making this payment, or causing this payment to be made, Defendants and Relief Defendant agree that they shall be deemed to have relinquished all legal and equitable title, and interest in, such funds and no part of such funds shall be returned to Defendants or Relief Defendant;

(e)     orders that any Frozen Assets not paid from the Frozen Accounts to the Court's CRIS under Paragraph 2(d)(i) may be used as permitted under the Order Appointing Monitor entered by the Court on September 27, 2021 ("Monitor Order"), and the Preliminary Injunction Freezing Assets entered by the Court on December 8, 2022 ("Preliminary Injunction") including,

5

to the extent permitted, to preserve the value of the Projects.  For the
avoidance of doubt, this subparagraph is not intended to and does not
supersede the Monitor Order or Preliminary Injunction;

(f)      orders that Defendants shall provide reasonable cooperation to the EB-5
investors related to any such investor's efforts to obtain benefits under the
EB-5 program including, but not limited to, providing information and
documentation necessary for the EB-5 investor to apply for and obtain
such benefits;

(g)      orders that the Monitor Order and Preliminary Injunction shall each
remain in full force and effect until the monetary obligation of Defendants
and Relief Defendant hereunder have been satisfied by the deposit of the
amounts ordered to be paid into the Court's CRIS.  The Monitor Order and
Preliminary Injunction shall be vacated upon motion by the Defendants or
the Commission upon confirmation by the Court of all payments required
hereunder, notice to the Commission's counsel of confirmation of such
payments, and acknowledgement by the Commission's counsel to
Defendants of such payments, which acknowledgment shall be provided
within five business days and shall not be unreasonably withheld; and

(h)      orders that, to the extent any Defendant and/or Relief Defendant seek to
satisfy their monetary obligations hereunder through a third-party
financing, they shall provide Commission counsel with the documentation
governing such financing for review and approval by Commission counsel
no fewer than ten business days before any such documentation is

executed, which approval by Commission counsel shall not be

unreasonably withheld; and

(i)     orders Defendant Xia to relinquish any direct and/or indirect control and

ownership of Defendant Fleet within 60 days of the entry of the Final

Judgment.

3.      Defendant Xia undertakes to:

(a)     Within 21 days of signing this Consent, grant and assign to the

Commission, in a form agreeable to the Commission, as security for

Defendants' payment and performance of their obligations under

Paragraph 2(d)(ii) of this Consent, a senior security interest in all of

Defendants' rights, directly and indirectly, in and to the assets more

particularly described on Appendix C attached hereto and incorporated

herein by reference (collectively, the "Collateral").  Defendant shall also

cause any entities that own the Collateral to grant and assign to the

Commission a senior security interest in all of those entities' rights to the

Collateral equal to the full amount of the money obligation owed under

Paragraphs 2(c) and 2(d) above.  Such senior security interest shall be

senior in all respects to subordinate security interests in the Collateral

whether now in existence or hereafter granted, except as to the security

interest described in Appendix D attached hereto and incorporated herein

by reference.  Xia shall, within 21 days of signing this Consent, provide

the Commission with documentation, in a form agreeable to the

Commission, sufficient to convey the senior security interest to the

Commission contemplated by this subparagraph.  The documentation may reflect that the conveyance of the senior security interest is contingent upon the Court's entry of the Final Judgment, and that the senior security interest shall become null and void upon Defendants' full and timely performance of its obligations under Paragraph 2(d)(ii) above.  Defendant Xia shall submit the documentation to Judith Weinstock Esq., Assistant Regional Director, New York Regional Office, with a copy to the Office of Chief Counsel of the Enforcement Division;

(b)    within 30 days of entry of the Final Judgment, certify, in writing and under oath, that Defendants waive their rights, if any, to the Frozen Assets in the accounts set forth in Appendix B attached hereto and incorporated herein by reference.  Defendants shall submit the certifications to Judith Weinstock Esq., Assistant Regional Director, New York Regional Office, with a copy to the Office of Chief Counsel of the Enforcement Division; and

(c)    within 90 days of entry of the Final Judgment, certify, in writing and under oath, that defendant Xia has relinquished control and ownership, directly or indirectly, of Fleet, and detailing the person(s) or entity(ies) who have assumed control and ownership of Fleet and who must be independent from Xia, and that Xia shall not seek to regain control and/or ownership, directly or indirectly, of Fleet until the Projects are complete and all EB-5 investors in the Projects have received their permanent green cards.  The certification shall identify the undertaking, provide written

8

evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance including, but not necessarily limited to, a sworn affidavit from Xia, a sworn affidavit from the acquirer of Fleet, and all documents and exhibits comprising the transaction. Xia shall submit the certification to Judith Weinstock Esq., Assistant Regional Director, New York Regional Office, with a copy to the Office of Chief Counsel of the Enforcement Division.

4. Relief Defendant Yue undertakes to, within 21 days of signing this Consent, grant and assign to the Commission, in a form agreeable to the Commission, as security for Defendants' payment and performance of their obligations under Paragraph 2(d)(ii) of this Consent, a senior security interest in all of Relief Defendant's rights, directly and indirectly, in any of the Collateral. Such senior security interest shall be senior in all respects to subordinate security interests in the Collateral whether now in existence or hereafter granted. Yue shall, within 21 days of signing this Consent, provide the Commission with documentation, in a form agreeable to the Commission, sufficient to convey the senior security interest to the Commission contemplated by this Paragraph. The documentation may reflect that the conveyance of the senior security interest is contingent upon the Court's entry of the Final Judgment, and that the senior security interest shall become null and void upon Defendants' full and timely performance of its obligations under Paragraph 2(d)(ii) above. Relief Defendant Yue shall submit the documentation to Judith Weinstock Esq., Assistant Regional Director, New York Regional Office, with a copy to the Office of Chief Counsel of the Enforcement Division;

5. Defendant Fleet undertakes to, between 270 days and 365 days of entry of the Final Judgment, certify, in writing and under oath, that subsequent to Xia relinquishing control

9

and ownership of Fleet, as contemplated by Paragraphs 2(i) and 3(c) above, that Xia has had no

ownership of, or control or influence over, Fleet, directly or indirectly.  The certification shall

identify the undertaking, provide written evidence of compliance in the form of a narrative, and

be supported by exhibits sufficient to demonstrate compliance.  Fleet shall submit the

certification to Judith Weinstock Esq., Assistant Regional Director, New York Regional Office,

with a copy to the Office of Chief Counsel of the Enforcement Division.

6.     Notwithstanding the foregoing, nothing herein is intended to, and it does not, bar

Fleet from continuing to serve as a Regional Center for the Projects, as well as any redeployment

activities of the above Projects, subject to any action of or decision by USCIS, so long as Fleet is

owned and controlled, directly and indirectly, by a person or persons other than and who are

independent from Xia, until those Projects are complete and all EB-5 investors in the Projects

have received their permanent green cards.

7.     Defendants acknowledge that the civil penalty paid pursuant to the Final

Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the

Sarbanes-Oxley Act of 2002.  Regardless of whether any such Fair Fund distribution is made, the

civil penalty shall be treated as a penalty paid to the government for all purposes, including all

tax purposes.  To preserve the deterrent effect of the civil penalty, Defendants agree that they

shall not, after offset or reduction of any award of compensatory damages in any Related

Investor Action based on Defendants' and Relief Defendant's payment of disgorgement in this

action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such

compensatory damages award by the amount of any part of Defendants' payment of a civil

penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such

a Penalty Offset, Defendants agree that they shall, within 30 days after entry of a final order

granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Amended Complaint in this action.

8.    Defendants agree that they shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amount that Defendants pay pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.  Defendants further agree that they shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendants pay pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

9.    Defendants and Relief Defendant waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

10.    Defendants and Relief Defendant waive the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

11.    Defendants and Relief Defendant enter into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission

or any member, officer, employee, agent, or representative of the Commission to induce Defendants or Relief Defendant to enter into this Consent.

12.     Defendants and Relief Defendant agree that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

13.     Defendants and Relief Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waive any objection based thereon.

14.     Defendants and Relief Defendant waive service of the Final Judgment and agree that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendants and Relief Defendant of its terms and conditions.  Defendants and Relief Defendant further agree to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendants and Relief Defendant have received and read a copy of the Final Judgment.

15.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendants and Relief Defendant in this civil proceeding.  Defendants and Relief Defendant acknowledge that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.  Defendants and Relief Defendant waive any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendants further acknowledge that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules

and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendants understand that they shall not be permitted to contest the factual allegations of the complaint in this action.

16.     Defendants and Relief Defendant understand and agree to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that it neither admits nor denies the allegations." As part of Defendants' and Relief Defendant's agreement to comply with the terms of Section 202.5(e), Defendants and Relief Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that they do not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendants and Relief Defendant do not deny the allegations; (iii) upon the filing of this Consent, Defendants and Relief Defendant hereby withdraw any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code,

11 U.S.C. § 523, that the allegations in the complaint are true, and further, that any debt for

disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants or Relief

Defendant under the Final Judgment or any other judgment, order, consent order, decree or

settlement agreement entered in connection with this proceeding, is a debt for the violation by

Defendants of the federal securities laws or any regulation or order issued under such laws, as set

forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).  If any of the

Defendants or Relief Defendant breach this agreement, the Commission may petition the Court

to vacate the Final Judgment and restore this action to its active docket.  Nothing in this

paragraph affects Defendants' or Relief Defendant's:  (i) testimonial obligations or rights; or

(ii) right to take legal or factual positions in any litigation or other legal proceedings in which the

Commission is not a party.

17.     Defendants and Relief Defendant hereby waive any rights under the Equal Access

to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other

provision of law to seek from the United States, or any agency, or any official of the United

States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's

fees or other fees, expenses, or costs expended by Defendants or Relief Defendant to defend

against this action.  For these purposes, Defendants and Relief Defendant agrees that they are not

the prevailing party in this action since the parties have reached a good faith settlement.

18.     Defendants and Relief Defendant agree that the Commission may present the

Final Judgment to the Court for signature and entry without further notice.

19.     Defendants and Relief Defendant agree that this Court shall retain jurisdiction

over this matter for the purpose of enforcing the terms of the Final Judgment.

**Richard Xia**

Dated: ~~March~~ April 24, 2024

By: Richard Xia
Address:

On ~~March~~ April 12, 2024, _Richard Xia_, a person known to me, personally

appeared before me and acknowledged executing the foregoing Consent.

ELLIOT S COHEN
Notary Public, State of New York
No. 01CO6376862
Qualified in Nassau County
Commission Expires June 18, 20 26

Notary Public
Commission expires: 06/18/ 2026

[REMAINDER OF PAGE INTENTIONALLY BLANK]

**Fleet New York Metropolitan
Regional Center LLC**

Dated: ~~March~~ April /2, 2024

By: Richard Xia
Title:
Address:

On ~~March~~ April /2, 2024, R. Chord Xia , a person known to me, personally

appeared before me and acknowledged executing the foregoing Consent with full authority to do

so on behalf of Fleet New York Metropolitan Regional Center LLC as its _Prrsidul_.

ELLIOT S COHEN
Notary Public, State of New York
No. 01CO6376862
Qualified in Nassau County
Commission Expires June 18, 20 2 6

Notary Public
Commission expires: 06/ 18/ 2026

**Julia Yue a/k/a Jiqing Yue**

Dated: ~~March~~ April /2 2024

By: Julia Yue
Address:

On ~~March~~ April /2, 2024, Julig Yuy , a person known to me, personally

appeared before me and acknowledged executing the foregoing Consent.

ELLIOT S COHEN
Notary Public, State of New York
No. 01CO6376862
Qualified in Nassau County
Commission Expires June 18, 20 2 6

Notary Public
Commission expires: 06/18/ 2026

Approved as to form:

Adam Ford

Adam Ford
Ford O'Brien Landy LLP
Attorney for Defendants and Relief Defendant

## Appendix A

The following are the Financial Institutions and Frozen Accounts as described in paragraph 2 of the Consent of Defendants Richard Xia and Fleet New York Metropolitan Regional Center LLC and Relief Defendant Julia Yue:

| **Financial Institution** | **Account Owner** | **Frozen Account No. Last Four Digits** |
|---|---|---|
| Cathay Bank | EEGH LP | x8260 |
| Cathay Bank | Manekineko Group LLC | x3112 |
| Cathay Bank | Shangri-La 9F Inc | x2212 |
| Cathay Bank | Shangri-La Green Inc | x3302 |
| Cathay Bank | Shangri-La Green Inc | x9100 |
| Cathay Bank | Shangri-La Green Inc | x0100 |
| Cathay Bank | Shangri-La Green Inc | x7100 |
| Citibank, N.A. | JiQing Yue | x4308 |
| Citibank, N.A. | JiQing Yue & Guangyu Xia | x1502 |
| Citibank, N.A. | JiQing Yue IRA | x8213 |
| Citibank, N.A. | JiQing Yue IRA | x8192 |
| Citibank, N.A. | Yi Xia & JiQing Yue | x0569 |
| Citibank, N.A. | Yi Xia & JiQing Yue | x2377 |
| Citibank, N.A. | Yi Xia IRA | x8168 |
| CTBC Bank | Eastern Emerald Group LLC | x5180 |
| CTBC Bank | Eastern Emerald Group LLC | x0808 |
| CTBC Bank | Eastern Emerald Group LLC | x9577 |
| CTBC Bank | Eastern Emerald Group LLC | x3677 |
| CTBC Bank | Eastern Emerald Group LLC | x1217 |
| CTBC Bank | Eastern Emerald Group LLC | x2477 |
| CTBC Bank | Fleet General Insurance | x2892 |
| CTBC Bank | Fleet General Insurance | x4377 |
| CTBC Bank | Julia Yue | x2277 |
| CTBC Bank | LaGuardia Performance Center LLC | x0816 |
| CTBC Bank | LaGuardia Performance Center LLC | x0899 |
| CTBC Bank | LaGuardia Performance Center LLC | x2777 |

| Financial Institution | Account Owner | Frozen Account No. Last Four Digits |
|---|---|---|
| CTBC Bank | LaGuardia Performance Center LLC | x9799 |
| CTBC Bank | Manekineko Group LLC | x8697 |
| CTBC Bank | Shangri La 9F Inc | x2757 |
| CTBC Bank | Shangri La Green Inc | x4357 |
| CTBC Bank | X&Y Development Group LLC | x5097 |
| CTBC Bank | Fleet General Insurance Group Inc. | LN#41x* |
| CTBC Bank | Manekineko Group LLC | LN#41x* |
| CTBC Bank | Shangri-La Green Inc. | LN#41x* |
| CTBC Bank | Eastern Emerald Group LLC | LN#41x* |
| East West Bank | Amazon River LLC | x6158 |
| East West Bank | Eastern Emerald Group LLC | x3379 |
| East West Bank | Eastern Emerald Group LLC | x6026 |
| East West Bank | Eastern Emerald Group LLC | x8618 |
| East West Bank | EEGH II LP | x6968 |
| East West Bank | EEGH II LP | x8568 |
| East West Bank | EEGH II LP | x0689 |
| East West Bank | EEGH LP | x5168 |
| East West Bank | EEGH LP | x5366 |
| East West Bank | EEGH LP | x6208 |
| East West Bank | EEGH LP | x0598 |
| East West Bank | EEGH LP ( R) | x6828 |
| East West Bank | EEGH LP (Operating A/C) | x6166 |
| East West Bank | EMMCO LP | x3048 |
| East West Bank | EMMCO LP | x1159 |
| East West Bank | EMMCO NQMC LP | x0896 |
| East West Bank | EMMCO Tower LP | x1316 |
| East West Bank | EMMCO Tower LP | x1795 |
| East West Bank | EW Escrow Inc | x3569 |
| East West Bank | Fleet Equipment Inc | x8899 |
| East West Bank | Fleet Financial Group Inc (I) | x0375 |
| East West Bank | Fleet Financial Group Inc (II) | x1183 |

---

* The account numbers beginning with 'LN' at CTBC include the account type ("LN") and first two digits of the account number.

| **Financial Institution** | **Account Owner** | **Frozen Account No. Last Four Digits** |
|---|---|---|
| East West Bank | Fleet Financial Group Inc (III) | x5085 |
| East West Bank | Fleet Financial Group Inc (Payroll A/C) | x5119 |
| East West Bank | Fleet Hospitality Management Inc | x0028 |
| East West Bank | Fleet Hospitality Management Inc (I) | x4517 |
| East West Bank | Fleet New York Metropolitan Regional Center LLC | x3089 |
| East West Bank | Fleet Real Estate Group Inc | x6398 |
| East West Bank | The Grand Eastern Mirage Group LLC | x3379 |
| East West Bank | The Grand Eastern Mirage Group LLC | x6026 |
| East West Bank | The Grand Eastern Mirage Group LLC | x8618 |
| East West Bank | Julia Yue | x5447 |
| East West Bank | LaGuardia Performance Center LLC | x2677 |
| East West Bank | LaGuardia Performance Center LLC | x2727 |
| East West Bank | LaGuardia Performance Center LLC | x4277 |
| East West Bank | Manekineko Group LLC | x1225 |
| East West Bank | Samuel Development Group LLC | x0235 |
| East West Bank | Shangri-La 9D Inc | x5226 |
| East West Bank | Shangri-La 9D Inc | x8758 |
| East West Bank | Shangri-La 9D Inc | x9608 |
| East West Bank | Shangri-La 9F Inc | x1977 |
| East West Bank | Shangri-La Green Inc | x0268 |
| East West Bank | Shangri-La Green Inc | x8808 |
| East West Bank | Shangri-La Green Inc | x9798 |
| East West Bank | X & Y Development Group LLC | x0367 |
| East West Bank | Yi Xia | x5906 |
| Flushing Bank | Eastern Emerald Group LLC | X6096 |
| Flushing Bank | Fleet General Insurance Group | X1790 |
| HSBC Bank USA, NA | Amazon River LLC | x0301 |
| HSBC Bank USA, NA | Manekineko Group LLC | x0913 |
| HSBC Bank USA, NA | Samuel Development Group LLC | x0310 |
| HSBC Bank USA, NA | Shangri-La 9D Inc | x0875 |
| HSBC Bank USA, NA | Shangri-La 9F Inc | x0883 |
| HSBC Bank USA, NA | Shangri-La Green Inc | x0743 |

| **Financial Institution** | **Account Owner** | **Frozen Account No. Last Four Digits** |
|---|---|---|
| HSBC Bank USA, NA | The Grand Eastern Mirage Group LLC | x0708 |
| HSBC Bank USA, NA | The Grand Eastern Mirage Group LLC | x0686 |
| Interactive Brokers LLC | Eastern Emerald Group LLC | x5119 |
| Interactive Brokers LLC | EEGH, LP | x4932 |
| Interactive Brokers LLC | LaGuardia Performance Center, LLC | x5399 |
| JP Morgan Chase Bank, NA | Amazon River LLC | x9316 |
| JP Morgan Chase Bank, NA | Amazon River LLC | x0985 |
| JP Morgan Chase Bank, NA | Fleet Equipment, Inc | x3335 |
| JP Morgan Chase Bank, NA | Fleet Financial Group, Inc. | x6665 |
| JP Morgan Chase Bank, NA | Fleet General Insurance Group | x5320 |
| JP Morgan Chase Bank, NA | Julia Yue | x7632 |
| JP Morgan Chase Bank, NA | Julia Yue | x1825 |
| JP Morgan Chase Bank, NA | LaGuardia Performance Center LLC | x6902 |
| JP Morgan Chase Bank, NA | Shangri-La 9D Inc | x8715 |
| JP Morgan Chase Bank, NA | Shangri-La 9D Inc | x6068 |
| JP Morgan Chase Bank, NA | Shangri-La Green Inc | x6733 |
| JP Morgan Chase Bank, NA | Shangri-La Green Inc | x5612 |
| JP Morgan Chase Bank, NA | Shangri-La Tower Homeowner Ass'n Inc. | x3531 |
| JP Morgan Chase Bank, NA | Yi Xia | x8393 |
| JP Morgan Chase Bank, NA | Yi Xia | x9518 |
| Popular Bank | LaGuardia Performance Center LLC | x6909 |
| Popular Bank | LaGuardia Performance Center LLC | x6469 |
| Popular Bank | LaGuardia Performance Center LLC | x6486 |
| Popular Bank | LaGuardia Performance Center LLC | x5042 |
| Popular Bank | LaGuardia Performance Center LLC | x9291 |
| Signature Bank | Eastern Emerald Group LLC | x5320 |
| Signature Bank | LaGuardia Performance Center LLC | x9927 |

## Appendix B

The following are the Financial Institutions and Frozen Accounts as to which Defendants waive their rights, if any:

| **Financial Institution** | **Account Owner** | **Frozen Account No. Last Four Digits** |
|---|---|---|
| East West Bank | Perini Group Inc | x6786 |
| East West Bank | Perini Group Inc | x8998 |
| East West Bank | Perini Group Inc | x9996 |
| East West Bank | Racanelli Construction Group Inc | x2538 |
| East West Bank | Racanelli Construction Group Inc | x2660 |
| East West Bank | Racanelli Construction Group Inc | x5028 |
| East West Bank | Racanelli Construction Group Inc | x5259 |
| East West Bank | Racanelli Construction Group Inc | x5283 |
| East West Bank | Racanelli Construction Group Inc | x6109 |
| Interactive Brokers LLC | Perini Construction Group Inc | x5540 |
| JP Morgan Chase Bank, NA | Perini Group, Inc | x3397 |
| Signature Bank | Perini Group | x3796 |
| Signature Bank | Perini Group | x4512 |

**<u>Appendix C</u>**

The following constitutes the Collateral as to which Defendant Richard Xia shall grant to

Commission a senior security interest:

1.      The Eastern Mirage Project, located at 42-31 Union Street, including all buildings, real estate, equipment, and other property.

2.      The Eastern Emerald Project, located at 112-51 Northern Boulevard, including all buildings, real estate, equipment, and other property.

3.      The property located at 144 Kings Point Drive, Kings Point, Town of West Hempstead, New York 11024, including all buildings, real estate, equipment, and other property.

## **Appendix D**

The following entity has a security interest in the Eastern Mirage Project as of the date of the Consent:

Emerald Creek Capital LLC