**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

RICHARD XIA, a/k/a YI XIA, and FLEET NEW YORK METROPOLITAN REGIONAL CENTER, LLC, f/k/a FEDERAL NEW YORK METROPOLITAN REGIONAL CENTER, LLC,

Defendants,

JULIA YUE, a/k/a JIQING YUE;
XI VERFENSTEIN, and XINMING YU,

Relief Defendants.

21-cv-05350-PKC-JAM

---

**ORDER APPOINTING DISTRIBUTION ADMINISTRATOR**

**WHEREAS** this Court has entered a Final Judgment in this action as to Defendants Richard Xia ("Xia") and Fleet New York Metropolitan Regional Center ("Fleet"), and Relief Defendant Julia Yue ("Yue");

**WHEREAS** Plaintiff Securities and Exchange Commission ("SEC," "Commission," or "Plaintiff"), Defendants Xia and Fleet, and Relief Defendant Yue have jointly moved for the appointment of a distribution administrator for all funds paid by Defendants Xia and Fleet and Relief Defendant Yue pursuant to the Final Judgment; and,

**WHEREAS** the Court finds that, based on the record in these proceedings, the appointment of a distribution administrator in this action is necessary and appropriate for the purposes of preserving and distributing all funds paid by Defendants Xia and Fleet and Relief Defendant Yue pursuant to the Final Judgment, including post-judgment interest;

1

**WHEREAS** this Court has subject matter jurisdiction over this action and personal jurisdiction over the Defendants, and venue properly lies in this district; and

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. This Court hereby takes exclusive jurisdiction and possession of all funds to be paid by Defendants pursuant to the Final Judgment in this action, including post-judgment interest.

2. Until further Order of this Court, Robert Seiden, Esq. of Seiden Law LLC is hereby appointed to serve without bond as distribution administrator (the "Distribution Administrator") for all funds, including post-judgment interest, to be paid by or collected from Defendants pursuant to the Final Judgment and which, pursuant to the Final Judgment, shall remain in the Court's Registry Investment System ("CRIS") pending further order of the Court and until the Distribution Administrator is prepared to make distributions pursuant to the distribution plan.

**I.      Distribution Administrator's Authority and Duties**

3. The Distribution Administrator shall serve as the custodian of all funds, including post-judgment interest, paid by or collected from Defendants pursuant to the Final Judgment in this action ("Funds"), including any such funds added to any Fair Fund established by this Court ("Fair Fund").

4. The Distribution Administrator shall take all necessary steps to enable the Fair Fund to obtain and maintain the status of a taxable "Settlement Fund," within the meaning of Section 468B of the Internal Revenue Code and of the regulations.

5. The Distribution Administrator shall, among other things, provide the following services:

    a. Submit to the Court for approval a distribution plan that includes such terms as are described herein;

    b. Implement the Court-approved distribution plan;

    c. Administer the distribution of the Fair Fund;

    d. Coordinate with the Tax Administrator to prepare accountings and ensure that the Fair Fund complies with all legal and regulatory requirements; and

    e. Maintain accurate records concerning the Fair Fund.

6. The Distribution Administrator shall distribute the Fair Fund only (a) directly to or for the benefit of investors who suffered losses ("EB-5 Investors") in connection with the Eastern Mirage Project and the Eastern Emerald Project (the "Projects"), job-creating entities under the EB-5 visa program administered by the United States Citizenship and Immigration Service ("USCIS"), or (b) in accordance with the provisions of Paragraphs 16 through 23 of this Order for payment of approved compensation or reimbursement of expenses owing to the Distribution Administrator. Further, the Distribution Administrator shall distribute the Fair Fund to EB-5 Investors only pursuant to a distribution plan approved by this Court or otherwise ordered by this Court, and shall provide the Court with an accounting of the Funds so distributed. Any remaining Funds collected by the Distribution Administrator that are not distributed under a Court-approved plan shall be paid to the Commission.

7. Upon an order of this Court or no later than 90 days following the date of appointment, the Distribution Administrator shall propose a distribution plan for the disposition of the Fair Fund. The distribution plan shall provide that the Fair Fund be distributed pursuant to Section 308(a) of the Sarbanes-Oxley Act of 2002.

8. The distribution plan shall include a process by which each EB-5 Investor may elect whether to receive their *pro rata* share of any distribution in the form of a distribution payment or, instead, to have their *pro rata* share of any distribution returned to the respective "new commercial enterprise" in which they previously invested (*i.e.*, EMMCO, L.P., EMMCO Tower, L.P., EMMCO NQMC, L.P., EEGH, L.P., or EEGH II, L.P, together the "NCEs") for use in developing the Projects. However, the election process shall include the following limitation: any EB-5 Investor's *pro rata* share of any distribution may only be returned to an NCE for use in developing the Projects if all the following conditions are first met:

    a. Defendant Xia has relinquished all ownership and control of Defendant Fleet, and provided a certification described in Paragraph VIII(b) of the Final Judgment;

    b. Defendant Fleet has filed an application on Form I-956 with USCIS requesting approval of the new ownership of Fleet and designation of Fleet as a regional center in the EB-5 program; and

    c. USCIS has approved Defendant Fleet's Form I-956 application, and any conditions required in connection with such approval have been satisfied, and USCIS must not have taken adverse action against Fleet up to and including termination.

9. The distribution plan shall also include a process by which, in the event that USCIS terminates or debars Defendant Fleet, then an EB-5 investor may elect to attempt to exercise their rights, if any, under Section 203(b)(5)(M)(ii) of the Immigration and Nationality Act ("Section M Rights"), [8 U.S.C. § 1153(b)(5)(M)(ii)], including as set forth in paragraph 10.

10. The distribution plan shall provide that if USCIS terminates or debars Defendant Fleet, then the Distribution Administrator shall:

    a. *first*, take reasonably practicable steps to evaluate what actions, if any, the EB-5 investors who have elected to have their *pro rata* share of any distribution returned to the EB-5 program, as contemplated by Paragraphs 8 and 9, may take to attempt to exercise any Section M Rights such investors may have. This may include, for example and among other things, the Distribution Administrator's communication with USCIS, review of USCIS guidance, consultation with counsel with expertise in EB-5 matters, and solicitation of instructions from EB-5 investors concerning the disposition of their respective *pro rata* shares of any distribution consistent with their Section M Rights; and

    b. *second*, within 120 days of USCIS's termination or debarment of Fleet, file with the Court a proposed plan for the EB-5 investors to attempt to exercise their Section M Rights, if practicable, or if the Distribution Administrator determines in its discretion that such exercise is not practicable, explaining why such exercise is not practicable, in which case the Distribution Administrator shall distribute each investor's *pro rata* share of the settlement to the investor.

11. The distribution plan shall also provide that if USCIS does not terminate or debar Defendant Fleet, but the conditions set forth in Paragraphs 8(a), (b), or (c) are not otherwise

5

satisfied, then the Distribution Administrator shall distribute each investor's *pro rata* share of the settlement to the investor.

12. Upon an order of this Court or no later than 90 days following the date of appointment, the Distribution Administrator shall submit to the Court for approval a proposed notice to the EB-5 Investors regarding each EB-5 Investor's rights concerning the potential distribution contemplated by Paragraphs 8 to 11, including each EB-5 Investor's right to elect to have their *pro rata* share of any distribution returned to the respective NCE for use in developing the Projects (and the limitations on such rights), and requesting that each EB-5 Investor provide a response and election regarding their potential rights to any distribution (the "Notice"), and the Notice shall provide that each EB-5 Investor may make their election within 45 days unless the Distribution Administrator determines, in its discretion, that additional time is necessary, in which case the Distribution Administrator may require each EB-5 Investor to make their election within up to 75 days. In the Notice, the Distribution Administrator shall establish a process for each EB-5 Investor to respond.

13. The Distribution Administrator shall respond to EB-5 Investor inquiries regarding any distribution.

14. The Distribution Administrator shall cause all distributions to be made within two years of this Order, unless such date is extended by the Court, and all distributions contemplated hereunder shall be subject to any claims process stated in the distribution plan. If, notwithstanding any investor's election to have their *pro rata* share of any distribution returned to the EB-5 program, the Distribution Administrator is unable to direct the investor's *pro rata* share back to the EB-5 program within the two year time period provided for in this Paragraph (including, but not limited to, due to any action or absence of action by USCIS), then the

6

Distribution Administrator shall distribute the investor's *pro rata* share of the settlement to the investor. Any Funds that are not returned to any investor or that are unclaimed after six months from the date for the completion of all distributions shall be treated as not distributed pursuant to the last sentence of Paragraph 6.

15. The Distribution Administrator shall have the discretion to apply to the Court to modify the deadlines in Paragraphs 7, 10, 12, and 14.

## II. Distribution Administrator's Fees, Expenses and Accountings

16. The Distribution Administrator shall obtain Court approval prior to the disbursement of Funds for expenses incurred in the ordinary course of performing its duties hereunder, and for payment of applicable federal, state, or local taxes.

17. The Distribution Administrator is authorized to engage persons and entities ("Retained Personnel") to assist them in carrying out the duties and responsibilities described in this Order. The Distribution Administrator shall not engage any Retained Personnel without first obtaining an Order of the Court authorizing such engagement.

18. The Distribution Administrator and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Funds as described in the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the "Billing Instructions") agreed to by the Distribution Administrator, attached as Exhibit 1. Such compensation shall require the prior approval of the Court.

19. Within forty-five (45) days after the end of each calendar quarter, the Distribution Administrator and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Funds (the "Quarterly Fee Applications"). At least thirty (30) days prior to filing each Quarterly Fee Application with the Court, the Distribution Administrator shall

7

serve upon counsel for the SEC a complete copy of the proposed Application, together with all exhibits and relevant billing information in a format to be provided by SEC staff.

20. All Quarterly Fee Applications shall be interim and shall be subject to final review upon the Distribution Administrator's completion of their duties hereunder. Upon the Distribution Administrator's completion of their duties hereunder, the Distribution Administrator shall file a final fee application, describing in detail the costs and benefits associated with all actions pursued by the Distribution Administrator during the course of their exercise of their obligations hereunder.

21. Each Quarterly Fee Application shall:

   a. Comply with the terms of the Billing Instructions agreed to by the Distribution Administrator; and,

   b. Contain representations (in addition to the Certification required by the Billing Instructions) that: (i) the fees and expenses included therein were incurred in the best interests of the EB-5 Investors; and, (ii) with the exception of the Billing instructions, the Distribution Administrator has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Funds, or any sharing thereof.

22. Upon the Distribution Administrator's completion of their duties hereunder, the Distribution Administrator shall submit a final report, in a format to be provided by SEC staff or by the Court, as well as the Distribution Administrator's final application for compensation and expense reimbursement.

23. The Distribution Administrator and all persons who may be engaged or employed by the Distribution Administrator to assist them in carrying out their duties and obligations hereunder shall not be liable for any act or omission of the Distribution Administrator or such person, respectively, or any of their partners, employees, agents, unless it shall be proven that the Distribution Administrator or such other person in acted or omitted to act in bad faith. This provision shall apply to claims based on conduct during the term of any agreement that may be entered into between the Distribution Administrator and any other person who may be engaged by the Distribution Administrator hereunder, even if such claims are filed after the termination of any such agreement.

**IT IS SO ORDERED, this <u>26th</u> day of July, 2024,**

/s/ *Pamela K. Chen*
Hon. Pamela K. Chen
United States District Judge