

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 Pearl Street, Suite 20-100
New York, NY 10004-2616

New York
Regional Office

October 29, 2024

**VIA ECF**
The Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East, Chambers N 631
Brooklyn, NY 11201

  Re: <u>SEC v. Richard Xia, et al.</u>, 21-cv-05350-PKC-JAM

Dear Judge Chen:

  Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this letter pursuant to the Court's Order directing the SEC to respond to Defendants' letter filed yesterday (ECF No. 496 ("Letter")). The Letter followed Defendants' October 25, 2024, motion requesting the release of assets currently frozen to pay three years of EB-5 Integrity Fund fees ($60,000) and three years of Form I-956G fees ($13,420) to the United States Citizenship and Immigration Services ("USCIS") and to pay $33,000 in attorney's fees to Defendants' EB-5 counsel (ECF No. 494 ("Motion")).[1] Defendants' Motion represents that its carve-out request was made on the SEC's "consent." And the Motion and Letter, which Defendants submitted after the SEC filed a letter pointing out that it had *not* consented (ECF No. 495), each state that the SEC deferred to the Monitor as to the propriety of the requested carve-out. For the reasons below, the SEC consents in part and opposes in part Defendants' Motion.

  As an initial matter, the Motion and Letter both misstate the SEC's position. The SEC has never previously consented to the Motion, nor has the SEC deferred to the Monitor as to the propriety of the carve-out the Motion seeks, the details of which Defendants did not disclose to SEC counsel before they made their request to the Court. On October 21, 2024, Defendants' counsel sent an email to SEC counsel seeking consent to a "motion for the release of funds" to pay two items: some unspecified amount of USCIS Integrity fees and I-956G filing fees. That email said nothing about a carve-out for attorneys' fees. Nor did it specify amounts to be paid or sources of funds for those payments. Rather than consent to this request, SEC counsel suggested that Defendants' counsel contact the Monitor about any application to release frozen funds, given the Monitor's role regarding requests to use frozen funds in Part V of the Order Freezing Assets dated December 9, 2022 (ECF No. 227). Far from deferring to the Monitor, we merely advised adherence to long-established protocols for the release of frozen funds. Under these protocols and prior practice, such as the SEC's role in reviewing the Monitor's fee applications, the SEC's

---

[1] The total amount requested --$107,400—also includes "Administration Costs (3% attorney's fees)" of $990. ECF No. 494-3.

decision to consent or object has been based on review of a full set of motion papers rather than a brief email with scant details.

Having now reviewed the Motion, the SEC does not object to the release of funds to pay the Integrity Fund fees and the I-956G filing fees based on Defendants' representations that such fees are necessary to maintain the status quo regarding Fleet as a Regional Center in the EB-5 Program in advance of Defendant Richard Xia's relinquishment of his ownership of Fleet to new ownership and a subsequent application by Fleet to USCIS to review and approve Fleet's operation under that new ownership, as required by the Final Judgment. And contrary to the terms of the Final Judgment, moreover, Xia has not yet provided any information to the SEC concerning his transfer of ownership of Fleet or any application by Fleet to USCIS to remain in good standing and operate under that new ownership.

The SEC opposes the Motion's requested carve-out for attorneys' fees. Neither the Motion nor the Letter provide much, if any, information upon which the parties or the Court can assess that portion of the application. The bare-bones "Invoice" (ECF No. 494-3), for example, simply lists a fee of $33,000 to "[p]repare and file" the two items. SEC counsel cannot assess this portion of Defendants' application without further substantiation of the requested attorneys' fees, including copies of billing timesheets with hourly rates, personnel, and work performed (with redactions for privileged material if necessary). In addition, Part V of the Order Freezing Assets requires that a request for a release of frozen funds to pay attorney fees demonstrate that those funds are not derived from or associated with any alleged fraud and that the investors' interests would be served by the release of the requested funds. The Motion and Letter do not do so.

        Respectfully submitted,

        /s/ *David Stoelting*
        Christopher M. Colorado
        David Stoelting
        Kim Han

        *Attorneys for Plaintiff*

cc:    All counsel (via ECF)
       Julia Yue (via UPS Overnight)
       Xinming Yue (by email)