

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

NEW YORK
REGIONAL OFFICE

January 24, 2025

**VIA ECF**
The Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East, Chambers N 631
Brooklyn, NY 11201

    Re:    <u>*SEC v. Xia, et al.*, 21-cv-05350-PKC-JAM</u>

Dear Judge Chen:

    Plaintiff Securities and Exchange Commission ("SEC") respectfully responds to the Court's docket orders requesting the SEC to communicate with John Leo ("Leo") regarding the proposed sale of Fleet New York Metropolitan Regional Center, LLC ("Fleet") as required by the Final Judgment.  *See* ECF Docket Orders dated Jan. 14, 2025 and Dec. 11, 2024.

## Background

    The Final Judgment entered on July 26, 2024, required Defendant Richard Xia ("Xia"), to certify under oath by September 25, 2024, that he has relinquished control and ownership of Fleet, and to provide written evidence of compliance including all documents and exhibits comprising the transaction.  ECF No. 460 at 9.  On November 23, 2024, Xia and Leo filed affidavits representing that they "reached an agreement" in late September 2024 for the transfer of control and ownership of Fleet.  ECF No. 525-2, 525-3.  Two days later, the Court directed Xia to "execute the transfer of ownership agreement . . . by December 31, 2024."  After Xia missed this deadline, the Court *sua sponte* extended it to January 10, 2025.  That day, Xia filed a letter stating that Leo had concerns about "legal exposure" and that the SEC had asked Leo to provide specific proposed language that might address his concerns.  ECF No. 538.  SEC counsel received Leo's proposal on January 14, and responded to Leo on January 16, stating that the SEC was unable to support his proposal.

## Leo's Proposal

    SEC counsel understands Leo's concern to be that, if he acquires Fleet on the terms he previously discussed with Xia, then he may be personally named as a defendant in currently pending or future lawsuits involving Fleet and that, because he is a registered representative in the securities industry, he would then have a duty to report that lawsuit

Hon. Pamela K. Chen
January 24, 2025
Page 2

to regulators.  To address that possibility, Leo proposed to the SEC that it consent to a broad release, to be entered by the Court, protecting him and his "officers, directors, employees and affiliates" from being named in any legal proceeding involving Fleet or related entities by any person for any reason.  The proposed language is attached.

A Court order with such a broad release is inappropriate.  Leo's proposal provides sweeping protections that would essentially immunize him from even being named as a party in any lawsuit of any kind, regardless of the allegations, and the Court would then have a duty to enforce such an immunity order for the duration of Leo's ownership of Fleet.  Such a provision far exceeds the protections afforded Court-appointed persons in SEC actions.  For example, the Monitor Order in this action states that the Monitor and his agents shall "[not] be liable to anyone for their good faith compliance with their duties and responsibilities," ECF No. 11-1 at 8, but does not prevent the Monitor from being named in a lawsuit.  Moreover, Sections 2.2 and 4.1 of the September 2024 "agreement" referred to by Xia and Leo in their affidavits, *infra* at 1, offer Leo certain protections (Xia filed the agreement under seal, *see* ECF Nos. 525, 526).

In our response to Leo on January 16, we proposed, as an alternative to such a broad release, having the Court issue an order directing all persons with objections to the sale to file their claims or objections within a specified period of time under the Court's jurisdiction.  This would allow such claims to be resolved by Xia, as he would be required to do in any event, and also allow Leo to assert a waiver in defense to any such claims.  Leo has not yet responded to this proposal.

Respectfully submitted,

/s/ *David Stoelting*
David Stoelting
Christopher M. Colorado
Kim Han
Securities and Exchange Commission
Attorneys for Plaintiff

Attachment: Release proposed by John Leo

cc:   All defense counsel (by ECF)

## **ATTACHMENT**

**Release to be entered by the Court, proposed by John Leo**

Any person or entity, including, without limitation, investors and creditors of the Entities, or any person or entity claiming by or through such persons and/or the Entities, all and individually, from directly, indirectly, or through a third party, is hereby **PERMANENTLY BARRED, RESTRAINED AND ENJOINED** from naming, instituting, reinstituting, intervening in, initiating, commencing, maintaining, continuing, filing, encouraging, soliciting, supporting, participating in, collaborating in, otherwise prosecuting, or otherwise pursuing or litigating in any manner any action, lawsuit, cause of action, claim, investigation, demand, complaint, or proceeding of any nature, including, but not limited to, litigation, arbitration, or other proceeding, **against John Leo, which includes his officers directors, employees and affiliates**, in any forum, whether individually, derivatively, on behalf of a class, as a member of a class, or in any other capacity whatsoever, against any or all of successors, assigns and officers and directors of such successors or assigns (the "Successors") from (in each case, whether pre-judgment or post-judgment) enforcing, levying, employing legal process, attaching, garnishing, sequestering, bringing proceedings supplementary to execution, collecting or otherwise recovering, by any means or in any manner, based upon any liability or responsibility, or asserted or potential liability or responsibility, directly or indirectly, of the Successors, that in any way relates to, is based upon, arises from, or is connected with the Entities.