UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>       Plaintiff,<br><br>  -against-<br><br>RICHARD XIA, a/k/a YI XIA, and FLEET NEW YORK METROPOLITAN REGIONAL CENTER, LLC, f/k/a FEDERAL NEW YORK METROPOLITAN REGIONAL CENTER, LLC,<br><br>       Defendants,<br><br>  -and-<br><br>JULIA YUE, a/k/a JIQING YUE,<br>XI VERFENSTEIN, and XINMING YU,<br><br>       Relief Defendants. | 21-cv-05350-PKC |

**[PROPOSED] ORDER REGARDING TRANSFER OF OWNERSHIP OF DEFENDANT FLEET NEW YORK METROPOLITAN REGIONAL CENTER LLC**

  **WHEREAS** on July 26, 2024, this Court entered the Final Judgment as to Defendants Richard Xia ("Xia") and Fleet New York Metropolitan Regional Center LLC ("Fleet") and Relief Defendant Julia Yue (ECF No. 460) (the "Judgment"), together with the Consent of Defendants Xia and Fleet (ECF No. 459) ("Consent"), which provided that, among other things, Xia must relinquish all direct and indirect control and ownership of Fleet;

  **WHEREAS,** in October 2010, the United States Customs and Immigration Service ("USCIS") designated Fleet as a Regional Center under the EB-5 Immigrant Investor Program;

  **WHEREAS**, the Judgment requires Xia to transfer his ownership and control of Fleet and Xia intends to comply with the Judgment by transferring such ownership and control to John Leo ("Leo"), with Xia retaining all liabilities associated with or of Fleet arising from facts or

events that occurred before the effective date of the transfer ("Transfer Date") and Xia has agreed to indemnify Leo as to any such claims concerning Fleet, including any liabilities of Fleet associated with the Eastern Mirage Project, 42-31 Union Street, Flushing, NY 11355, and the Eastern Emerald Project, 112-21 Northern Blvd., Corona, NY;

**WHEREAS**, on July 26, 2024, the Court entered an Order appointing Robert Seiden as the Distribution Administrator (ECF No. 461);

**WHEREAS**, on [INSERT DATE], Xia and Leo entered into an agreement pursuant to which Leo has acquired Fleet from Xia ("Transfer Agreement");[1]

**WHEREAS**, the Court finds that the completion of the transfer of Fleet is in the interests of Fleet's investors,

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Within three business days of entry of this Order, Xia shall file with the Court documents, including all documents and information required by Part 3(c) of the Consent, showing that the transfer of Fleet from Xia to Leo has been completed and the Transfer Date.

2. Within ten days after the Transfer Date, the Distribution Administrator shall publicly post a copy of this Order on the website maintained for this action and send by mail or other electronic means a copy of this Order, along with a Notice, informing the EB-5 investors in the Eastern Mirage Project and the Eastern Emerald Project that the ownership of Fleet has been transferred from Xia to Leo, and that any objections to the transfer, including the terms of this Order, must be received by the Court within sixty days from the date of this Order (the "Objection Period"), and that any objections received after sixty days would not be considered and will be deemed to have been waived.

---

[1] The date in this clause is to be inserted after Xia and Leo enter a new Transfer Agreement.

3. After the close of the Objection Period, the Court will determine whether Xia received fair value and the transfer was done in good faith.

4. After the Transfer Date, in accordance with the Transfer Agreement, subject to any valid objections made during the Objection Period, (a) all liabilities, claims, disputes, and obligations associated with Fleet, the Eastern Mirage Project and Eastern Emerald Project that arise from facts or events that occurred before the Transfer Date shall be retained by Xia and not transferred to Leo; and (b) Leo shall be defended, indemnified and held harmless by Xia against all losses, claims, judgments, costs, liabilities and reasonable expenses including legal fees which Leo may incur or may become subject to in connection with any action, suit, proceeding or investigation that is brought or threatened against Leo in respect of his actions or inactions as the owner of Fleet arising from facts or events from the beginning of time to the Transfer Date, except for any actions that are determined by a final order of this Court that have arisen primarily from Leo's gross negligence, willful misconduct, fraud, and/or willful breach of fiduciary duty.

5. After the Transfer Date, Leo shall not be liable to any person or entity for his own good faith compliance with any order of this Court, rule, law, judgment, or decree.

6. Nothing in this Order is intended to, and this Order does not, limit or abridge (a) Leo's fiduciary, contractual, or other duties to any person related to or arising from facts or events occurring on or after the Transfer Date; or (b) any review, approval, denial, or other action by USCIS with respect to Fleet, including with respect to the transfer of ownership of Fleet described herein.

7. This Court shall retain exclusive jurisdiction over (a) any action filed against Leo based upon acts or omissions committed in his capacity as the owner of Fleet arising from facts

or events, in whole or in part, that occurred before the Transfer Date; or (b) in connection with any action filed by Leo asserting an indemnity claim against Xia.

_____
UNITED STATES DISTRICT JUDGE
