UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____ x

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

RICHARD XIA, a/k/a YI XIA, and
FLEET NEW YORK METROPOLITAN
REGIONAL CENTER, LLC f/k/a
FEDERAL NEW YORK METROPOLITAN
REGIONAL CENTER, LLC,

    Defendants,

    -and-

JULIE YUE a/k/a JIQING YUE: XI
VERFENSTEIN; and XINMING YU,

    Relief Defendants.
_____ x

CASE NO.: 1:21-cv-05350 (PKC)(JAM)

**DEFENDANTS' MOTION TO MODIFY FINAL JUDGMENT; CONTINUE MARCH 26, 2025 DEADLINE FOR FINAL PAYMENT OF DISGORGEMENT, INTEREST, AND PENALTY AMOUNTS; AND RELEASE FROZEN FUNDS FOR COMPLETION AND MAINTENANCE OF "EASTERN MIRAGE" PROJECT MIRAGE" AND "EASTERN EMERALD" PROJECTS**

    **COME NOW**, the Defendants and Relief Defendants, by and through the undersigned counsel, and hereby file this, the Defendants' Motion to Modify Final Judgment; Continue March 26, 2025, Deadline for Final Payment of Disgorgement, Interest, and Penalty Amounts, and to Release Frozen Funds for Completion and Maintenance of "Eastern Mirage" and Eastern Emerald" Projects.

    This motion is filed at the direction of Defendants and is supported by the Declaration of George Murray Hudson, Esq., along with supporting documents from U.S. Capital Global Partners, LLC, and a letter from Nexus NYC Construction detailing the estimated time required to complete the underlying projects.

1

1. On September 27, 2021, the Securities and Exchange Commission ("SEC"), filed a Complaint against the Defendants and Relief Defendants, which raised claims concerning the use of funds that were raised from foreign investors pursuant to the EB-5 Immigrant Investor Program to develop real property investment projects known as the "Eastern Mirage" and "Eastern Emerald" projects in Queens, New York.

2. Pursuant to the SEC's initial and subsequent filings, this Court froze approximately $82 million of assets ("Frozen Assets"), held by various entities owned or controlled by the Defendants.

3. On July 26, 2024, all claims within the lawsuit were settled with no admission of guilt or any stipulated fact adverse to the Defendants.

4. In addition, the Defendants agreed to pay into the Court's Registry the total amount of $272,140,380.00, pursuant to a payment schedule. According to such, $42.5 million dollars of the Frozen Assets were transferred to the Court's Registry, and the remaining amount due ($229,640,380.00), is to be paid into the Court's Registry on or before March 26, 2025 (245 days from the entry of the Final Judgment)[1] These funds include civil penalties, presumably payable to the SEC, of $3,101,745 from Mr. Xia, and $15,538,635 from Fleet New York Metropolitan Regional Center ("Fleet"), (totaling $18,640,380.00, in civil penalties) The remaining amount due is for "disgorgement" and interest. *Dkt# 459, pgs. 3-4, ¶¶(c), (d)I, (d)ii.*

5. Further, frozen assets that are not paid into the Court's Registry may be used by the Court-appointed Monitor for the purpose of preserving the value of the Projects. *Dkt# 459, pg.5, ¶¶(e).* The "Projects" are undefined in the Consent Agreement but are intended as the Eastern Emerald and Eastern Mirage projects.

---

[1] See, "Consent of Defendants Richard Xia and Fleet New York Metropolitan Regional Center LLC and Relief Defendant Julie Yue", Dkt # 459, pg. 4, ¶(d)ii, and Final Judgment.

6. On September 20, 2024, this Court rendered a Final Judgment in the case which adopted the terms and conditions of the Consent agreement. The initial payment obligation of $42.5 million was accomplished as agreed and ordered without delay or incident. The Defendants have also engaged in good faith efforts to raise the remaining balance due so as to comply with the Consent Agreement and Final Judgment

**The Need for A Postponement of the March 26, 2025 Final Payment Deadline.**

7. On July 13, 2023, Eastern Emerald Group, LLC and X&Y Development Group, LLC, via Mr. Xia as their Managing Member, engaged US Capital Global Partners, LLC ("USCP") to locate a $260 Million dollar term loan "to payback EB-5 investors and other property and transaction related expenses" using the Eastern Mirage and Eastern Emerald Projects as collateral. *See Hudson Declaration and USCP Engagement Agreement, 7/31/23, Schedule 4 "Credit Term Sheet".* The financing, of course, was subject to the approval of this Court.[2] On June 12, 2024, the same parties entered into a new agreement whereby the entities engaged USCP to prospect finance sources in addition to a lending facility, including equity investment alternatives. *See Hudson Declaration USCP Engagement Agreement, 6/12/24, Schedule 4 "Credit Term Sheet".*

8. As of December 27, 2024, USCP marketed the Eastern Mirage Project for loans or equity financing to 295 potential lenders, which resulted in personal engagements and presentations to 43 potential lenders/investors. *See, Hudson Declaration para. 5.* However, as completion of the Eastern Mirage building at 42-31 Union Street in Flushing, remains in its final stages, USCP has been unable to secure lenders or investors who are willing to commit the funds necessary to satisfy the Final Payment amount ($229,640,380.00). This is evidenced by

---

[2] *USCP Engagement Agreement, 7/31/23, Schedule 4 "Additional Consideration".*

correspondence from USCP dated January 17, 2025 and attached hereto. *See Hudson Declaration, USCP correspondence, 1/17/2025.*

9. Of the two Projects, the Eastern Mirage building at 42-31 Union Street is closest to completion and upon the issuance of a certificate of occupancy, it is expected that the efforts of USCP will result in a successful raise of capital sufficient to satisfy the final payment obligation. *See Hudson Declaration, USCP correspondence, 1/17/2025.* Specifically, USCP believes that "[a]fter the building is complete, we should be able to refinance it after about 120 [d]ays." *Id.*

10. To complete that Project, Eastern Emerald Group, LLC and X&Y Development Group, LLC would like to engage Nexus NYC Construction, ("Nexus"), a New York licensed and insured general contractor with substantial experience in commercial, public and private sector real estate development and remediation projects throughout New York, including working on the World Trade Center (NY License # 619584). See, www.nexus-nyc.com. Nexus' management team consists of project managers, civil engineers, and a licensed architect.

11. Nexus recently inspected the Projects and has offered to complete each, and particularly the 42-31 Union Street building with assurances of appropriate sub-contracting, permitting and the resolution of any prior violations. They will engage in a transparent bidding process for each area of concern.  Their fee is 5% of the construction budget "for the work and liability", and they propose that the Eastern Mirage project at 42-31 Union Street, Flushing, can be completed within four (4) months after engagement. *See Exhibit 1 – Nexus NYC Construction correspondence, 1/22/2025.*

12. Thus, it is evident that **four (4) months** is needed to re-start and complete the Eastern Mirage building so as to obtain a certificate of occupancy and create a marketable investment project for outside investors. An **additional four months** is the estimated time necessary to close on a successful credit facility sufficient to pay the final payment amount due.

4

**Use of Frozen Assets to Complete the Project and Benefit the EB-5 Investors**

13. It is believed that there are sufficient funds in the Frozen Assets to pay, or in the least contribute substantially, to costs necessary to complete the Eastern Mirage building. The result serves the interests of all concerned, particularly the EB-5 Investors. The completion of the building also serves the interests of the Court- appointed Monitor who is tasked with preserving the value of the Projects. *Dkt# 459, pg.5, ¶¶(e).*

14. The requested release of funds on an as-needed basis, will be disclosed to all concerned and approved by the Court. In deciding to modify asset freezes and release funds Courts within the Second Circuit assess whether "the interests of investors in preserving assets for possible later restitution [are] outweighed by the interests [of defendants] in facilitating equitable resolutions." *SEC v. Wojeski*, No. 10-CV-457 (GLS/DRH), 2011 WL 13136029, at *2 (N.D.N.Y. Feb. 11, 2011). See also *SEC v. Manor Nursing Centers, Inc.*, 458 F.2d 1082, 1106 (2d Cir. 1972) (noting the need to weigh the deleterious effects of an asset freeze against its necessity).

15. Moreover, the court must "consider whether the requested modification would be 'in the best interests of the defrauded investors.'" *Xia*, 2024 WL 964676 at *35 (quoting *Manor Nursing*, 458 F.2d at 1106; *SEC v. McGinn, Smith & Co., Inc.*, No. 10-CV-457 (GLS) (CFH), 2014 U.S. Dist. 2014 WL 675611, at *3 (N.D.N.Y. Feb. 21, 2014)). In this instance the interests of the EB-5 investors and the Defendants are aligned. (the Eastern Mirage asset is preserved and improved for the investor's benefit, and the project completion allows the Defendants to finance the Final Payment amount).

16. This Court too has already shown flexibility vis- a- vis the Frozen Assets and use of funds for both preserving the properties and benefitting the EB-5 investors. As example, the Court previously granted the Monitor's motion to release funds for property tax payments related

5

to Fleet's projects, including Eastern Mirage (*SEC v. Xia* Dkt. No. 532). Similarly, on December 2, 2024, the Court approved the release of $118,785 for USCIS' filing expenses and attorneys' fees to ensure regulatory compliance for Fleet's transfer *Dkt#. 529*. The Court also approved a third -party intervention (CTBC Bank) and modified the asset freeze for the purpose of preserving the value of deteriorating loan collateral that does not directly benefit the EB-5 investors. *Dkt# 452.*

17. Additionally, the transfer of ownership and control of Fleet, as required by the Consent agreement and Final Order, is now in its final stages subject to the approval of Fleet's prospective buyer (on or before 3/6/2025), and the Court, of a 60-day objection period to be afforded all affected EB-5 investors in which to object, if at all, to the new buyer's assumption of ownership and control of Fleet. Thus, a new owner/manager of Fleet will not be confirmed no sooner than 60 days from the date of Court approval of the Fleet transfer. Presumably, if approved, the new buyer will seek its input into the financing and completion prospects of the two projects.

18. Notwithstanding, the use of frozen funds sought here not only preserves the value of the Projects, they will be used to complete the Projects thereby increasing such value and providing a means for which the Final Payment obligation can be satisfied and the EB-5 Investors rights, interests and expectations met, which is consistent with the intent and purpose of this entire litigation process.

**WHEREFORE**, the Defendants and Relief Defendants respectfully request this Court to modify the Final Judgment, and

1) Continue the Final Payment Deadline of March 26, 2025 until November 26, 2025;

2) Authorize the Defendants to apply for payment from the Frozen Assets of the contracting and related costs and expenses necessary to complete the Eastern Mirage building

at 42-31 Union Street in Flushing, and order that the Frozen Assets may be used for that purpose upon Court approval.

Dated: March 14, 2025
     New York, New York

    Respectfully submitted,
    By: */s/* Robert J. Hantman
    Robert J. Hantman, Esq.
    HANTMAN & ASSOCIATES
    www.hantmanlaw.com
    1120 Avenue of the Americas 4th Floor
    New York, NY 10036
    Tel: (212) 684-3933
    rhantman@hantmanlaw.com
    *Attorney for Defendants Richard Xia and Fleet New York Metropolitan Regional Center LLC*