**Robert W. Seiden**
Court-Appointed Fund Distribution Administrator
Pursuant to the Order of The Honorable Judge
Pamela K. Chen of the United States District Court,
Eastern District of New York

![SEIDEN | LAW]

<u>VIA ECF</u>   March 26, 2025
Hon. Pamela K. Chen
Courtroom 4F
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: Securities and Exchange Commission v. Richard Xia, a/k/a Yi Xia et. al.
     21-cv-05350-PKC-JAM

Dear Judge Chen:

  I write pursuant to the Order appointing me as the Fund Distribution Administrator ("**Distribution Administrator**"), dated July 26, 2024 (the "**Appointment Order**"; ECF 461), to seek relief from the Court for Defendants Richard Xia ("**Xia**") and Fleet New York Metropolitan Regional Center's ("**Fleet,**" collectively "**Defendants**") incomplete production of EB-5 Investor contact information.[1] We respectfully request that the Court issue an Order directing that Defendants produce a complete EB-5 Investor contact list and/or documents sufficient to show the mailing address, email address, phone number, WeChat account number and immigration counsel contact information for the 142 EB-5 Investors identified on Exhibit 1 to this Letter.

*Relevant Factual Background*

  Upon the Court's appointment, my team and I contacted the Plaintiff, the Securities and Exchange Commission (the "**SEC**"), and they provided us with a contact information list that contains addresses for EB-5 Investors and/or their immigration attorneys as of approximately 10 years ago (the "**SEC List**"). *See* ECF 500-3 at ¶ 50. Shortly after the Court's approval of my proposed distribution plan (the "**Plan**"), my office started attempting to serve the Plan, the Distribution Notice, the Proof of Claim Form, and a document checklist on all known EB-5 Investors based on the contact information (mailing addresses) provided by the SEC, but a significant number of packages have returned as undeliverable.

  As I previously reported to the Court, my team and I also requested that Defendants Fleet and Xia provide me with the EB-5 Investors' contact information that they possessed. ECF 500-3 at ¶ 51. After a failed informal attempt on October 21, 2024, my office sent Defendants' counsel a demand letter, dated January 27, 2025, requesting "any documentation that [Defendants] possess or control reflecting EB-5 Investor contact information, including but not limited to phone numbers, email addresses, and mailing addresses, as well as said contact information for the immigration counsel, if any, for each EB-5 Investor." Exhibit 2. On February 3, 2025, Mr. Qitao

---

[1] Unless otherwise defined, the Distribution Administrator incorporates by reference the Definitions set forth in his Distribution Plan (ECF 500-3).

1

SEIDEN | LAW

Robert W. Seiden
Court-Appointed Fund Distribution Administrator
Pursuant to the Order of The Honorable Judge
Pamela K. Chen of the United States District Court,
Eastern District of New York

Wu ("**Mr. Wu**"), a law clerk from Defendants' counsel's office, emailed my office an Excel spreadsheet that only identified EB-5 Investors' email addresses. *Id*. In response, on February 10, 2025, my office followed up with Mr. Wu and described the deficiencies in Xia and Fleet's production, including but not limited to: (1) the document did not contain any mailing addresses or other contact information, and (2) contact information for 51 EB-5 Investors was missing entirely. *Id*. At the Court's February 12 Status Conference, my staff, Xintong Zhang, reported my concerns about Xia and Fleet's incomplete production and the importance of Xia and Fleet's production to the Court. In response, Mr. Robert Hantman, Xia and Fleet's counsel, represented to the Court that he "will work this out with [me]." On February 14, 2025, Mr. Wu provided us with an "updated list of contacts" they "collected" from their clients. Exhibit 2. However, this "updated list of contacts," again, contains *only* email addresses. Later that day, my office made a final good-faith effort to request a complete document production from Xia and Fleet. *Id*. In response, on February 19, 2025, Mr. Wu stated that they "have forwarded [us] with everything Mr. Xia has in his possession" and "as per Mr. Xia, he does not have any mailing address from the EB-5 Investors." *Id*.

Article 6.8 of the Limited Partnership Agreement of the NCE, EMMCO, L.P. ("**EMMCO Agreement**") entered into by Xia, Fleet and the EB-5 Investors provides that the General Partner, *i.e.*, Fleet, "shall maintain a record" of each EB-5 Investor's "***surname, given name, and residential address or address for services***, including municipality, street and number, if any, and postal code." Exhibit 3 at 16-17 (emphasis added). Also, the EB-5 Investor signature block at the end of each EMMCO Agreement requires the EB-5 Investor's residential address, telephone number, and facsimile number. *Id*. at 34. Furthermore, we understand from our immigration expert, Mr. Robert Divine, that it is industry standard and reasonable practice for at least the NCE to maintain good contact information for investors and to require the investors to update them with any address changes. Nonetheless, counsel for Defendants informed us that they are not in possession of the requested contact information.

***Status of Missing Contact Information***

As of today, there are 142 EB-5 Investors for whom we do not have email addresses and/or useable mailing addresses, causing hardship for the Distribution Administrator and his team to complete service of the Plan and other relevant documents. The attached Exhibit 1 identifies those EB-5 Investors and the contact information that is missing.[2] As explained below, the Court's immediate judicial intervention is warranted under the current circumstances.

---

[2] The Distribution Administrator and his team narrowed the missing contact information by confirming with the investors, and their immigration agents and/or counsel.

2

**SEIDEN | LAW**

Robert W. Seiden
Court-Appointed Fund Distribution Administrator
Pursuant to the Order of The Honorable Judge
Pamela K. Chen of the United States District Court,
Eastern District of New York

*Law and Argument*

Federal courts may grant a court-appointed receiver or administrator power to conduct certain "expedited discovery" under Federal Rules of Civil procedure and Local Rules. *S.E.C. v. David M. MOBLEY, et al*, 2000 WL 34012864 (S.D.N.Y. June 21, 2000) (granting the receiver power to conduct expedited discovery). Particularly, federal courts routinely grant a receiver or administrator's motion to compel the defendant to produce documents in connection with the performance of the receiver or administrator's duties. *See S.E.C. v. Amerindo Inv. Advisors Inc.*, 2015 WL 13678845 (S.D.N.Y. Aug. 14, 2015) (granting receiver's motion to compel third-party to produce documents reflecting assets owned by defendants); *Stephenson Equity Co. v. Credit Bancorp., Ltd.*, 2002 WL 59418 (S.D.N.Y. Jan. 16, 2002) (granting court-appointed receiver's motion to compel and directed the defendant to produce the requested documents); *United States Sec. & Exch. Comm'n v. Ahmed*, 2018 WL 6737318 (D. Conn. Dec. 20, 2018) (the receiver "shall have authority to issue subpoenas to compel testimony of person or production of records, consistent with the Federal Rules of Civil Procedure and applicable Local Rules").

Here, documents reflecting EB-5 Investor contact information possessed or controlled by Xia and Fleet are critical for the Distribution Administrator to fulfill his duties under the Appointment Order and the Plan, particularly for serving the essential documents on the EB-5 Investors. In light of the Limited Partnership Agreements between Fleet (and its NCEs) and the EB-5 Investors, Defendants' claim that they do not possess any EB-5 Investor contact information beyond a list of email addresses is not tenable. As noted above, the agreements executed by EB-5 Investors and Defendants (and Fleet's NCEs) expressly obligate Fleet to collect and maintain EB-5 Investors' contact information, including "**residential address or address of service.**" And, the Limited Partnership Agreements should reflect the investors' contact information in the signature blocks. However, Xia and Fleet have failed to produce documents containing EB-5 Investors' mailing addresses and phone numbers. Nor did they produce any documents reflecting the contact information of the EB-5 Investors' immigration counsel.

In order to effectively serve the distribution notice packages on all EB-5 Investors and complete the fund distribution, it is critical to collect any additional contact lists and/or relevant documents containing EB-5 Investor contact information from Xia and Fleet for the investors identified on Exhibit 1. Moreover, as reflected by Defendants' submissions (ECF 543) and according to their statements at the Court's February 12 Status Conference, it is clear that Defendants have alternative communication channels to communicate with the EB-5 Investors, such as WeChat. Accordingly, Defendants should also produce EB-5 Investors' alternative contact information, including but not limited to EB-5 Investors' WeChat identification numbers, WeChat group numbers, and WhatsApp identification numbers.

*Relief Requested*

For the foregoing reasons, I respectfully request that this Court enter an Order directing that Defendants produce a complete EB-5 Investor contact list and/or other documents sufficient

**SEIDEN | LAW**

Robert W. Seiden
Court-Appointed Fund Distribution Administrator
Pursuant to the Order of The Honorable Judge
Pamela K. Chen of the United States District Court,
Eastern District of New York

to show the mailing address, email address, phone number, WeChat account number and immigration counsel contact information for the EB-5 Investors listed on Exhibit 1. A true and correct copy of the proposed form of Order Compelling Defendants Fleet and Xia to Produce Information and Documents is attached hereto as Exhibit 4.

Respectfully,

_____
Robert W. Seiden, Esq.

The Court-Appointed Fund Distribution Administrator

4