# HANTMAN & ASSOCIATES
ATTORNEYS AT LAW
1120 Avenue of the Americas
4th Floor
New York, New York 10036
(P) 212-684-3933
(F) 212-465-2192
www.Hantmanlaw.com

**ROBERT J. HANTMAN**
rhantman@hantmanlaw.com
New York, New Jersey, & Florida Bars

**BY ECF**  April 1, 2025

The Honorable Pamela K. Chen
United States District Judge
United States District Court, Eastern District
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: *Securities Exchange Commission v. Xia, et al.* U.S. Dist. Ct., Dkt. No. 21-Civ-5350 (PKC)

Dear Judge Chen,

  We represent Defendants Richard Xia ("Xia") and Fleet New York Metropolitan Regional Center, LLC ("Fleet") in the above-referenced matter. We write in advance of the April 2, 2025 status conference to provide a consolidated update on recent developments and forthcoming filings. This submission also serves as a reply to the SEC's consolidated opposition to Non-Party John Leo's letter and Defendants' motion to modify the Final Judgment.

  **I.** **Use of Frozen Funds**

  All frozen funds, including the $42.5 million transferred to the Court's CRIS account, should have been used solely to satisfy the primary purpose of this action—namely, the completion of the Eastern Mirage Project, which is necessary to protect the interests of the EB-5 investors (including related reasonable expenses). The parties' Consent Agreement of July 26, 2024, upon which the Final Judgment is based, provides that the $42.5 million transfer was to "be first applied to Defendants' obligation to pay disgorgement and prejudgment interest and shall be held by the CRIS… until further order of the Court" (Consent Agreement, Dkt. No. 459, ¶2(c)(i)). Presumably, "disgorgement" is intended to serve as a remedy for the affected investors, which logically requires that the funds be applied toward completing the project.

  **II.** **Choice of Contractor**

  At this stage, Defendants' proposed general contractor may be irrelevant if not accepted by the Court. As Mr. Leo is in line to assume control of Fleet, the Defendants do not object to the

FLORIDA
HANTMAN & ASSOCIATES
650 WEST AVENUE
SUITE 2408
MIAMI BEACH, FL 33139

NEW JERSEY
JOSEPH J. FERRARA
OF COUNSEL
111 PATERSON AVENUE
HOBOKEN, NJ 07030

FLORIDA
ENTIN & DELLA FERA, P.A.
OF COUNSEL
110 SE 6TH ST., SUITE 1970
FORT LAUDERDALE, FL 33301

PLEASE SEND ALL CORRESPONDENCE TO THE NEW YORK, NY ADDRESS LISTED ABOVE.

Court allowing Mr. Leo to designate a general contractor of his choosing, subject to oversight, for project completion.

Nevertheless, to assist the Court in evaluating available alternatives, we are submitting (i) a declaration from Mr. Xia providing background on the proposed contractor's qualifications and corporate lineage, and (ii) a signed letter from Craig Nassi, a seasoned New York general contractor who is willing and able to step in under a 12-month cost-plus arrangement, subject to Court approval.

### III.     Transfer to Mr. Leo

Mr. Leo has been actively engaged in assuming control and management of Fleet since November 2024. Defendants anticipated that his appointment would proceed efficiently; unfortunately, this has not occurred, in part due to SEC opposition. Defendants expected that Leo's assumption of control would expedite project completion and attract viable investor interest.

### IV.     Modification Request

US Capital has marketed the Eastern Mirage project since July 2023, and while interest remains, it has become evident that as long as Defendants remain formally involved, third-party financing will not materialize until the project is near completion. This was communicated to Mr. Xia in January 2025. It is our good-faith hope that Mr. Leo's formal appointment, along with his independent control over Fleet and the project, will catalyze investor participation.

The pending motion to modify the Final Judgment was filed after it became clear that the SEC intended to block Mr. Leo's appointment indefinitely. Our objectives in seeking modification and postponement of the final payment deadline are: (1) to prevent further disproportionate penalty to Defendants (who already face over $18.5 million in penalties despite no finding of fault), (2) to ensure all frozen funds are used for their intended purpose—completing the project for the benefit of EB-5 investors, and (3) to accomplish this in a reasonable time frame, where no party or investor is prejudiced.

As part of our submission, we will also file (iii) declarations from Mr. John Leo addressing the MSEK funds and CRIS transfer, and (iv) a declaration from George Murray Hudson, on behalf of US Capital, confirming that investor interest remains contingent upon project completion.

We thank the Court's continued attention to this matter.

> Respectfully submitted,
> /s/ Robert J. Hantman, Esq.
> *Attorney for Defendant Xia and Fleet*