UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>         Plaintiff,<br><br>  v.<br><br>RICHARD XIA, a/k/a YI XIA, et al.,<br><br>         Defendants,<br>     and<br>JULIA YUE, a/k/a JIQUING YUE, et al.,<br><br>         Relief Defendants. | No. 21-cv-05350-PKC-JAM |

**DECLARATION OF RICHARD XIA**

**IN RESPONSE TO PLAINTIFF'S OPPOSITION MOTION DATED MARCH 26, 2025**

I, Richard Xia, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am a named Defendant in the above-captioned action and respectfully submit this declaration to clarify and correct mischaracterizations made by the Securities and Exchange Commission ("SEC") in its opposition dated March 26, 2025 (ECF No. 567), particularly with respect to the proposed completion of the Eastern Mirage development project located at 42-31 Union Street, Flushing, NY.

2. In its opposition, the SEC repeatedly questioned the qualifications of the general contractor I proposed, Nexus NYC Construction LLC ("Nexus"), asserting that the firm was recently formed, had not completed prior work, and was unlikely to meet its stated timeline. These allegations are unfounded.

3. Nexus is not a newly formed firm, as the SEC misleadingly suggests. It is the successor entity to EFIN Management Corp. ("EFIN"), which itself followed JLS Designs

1

Architecture & Planning, P.C. ("JLS"), a licensed New York architectural and general contracting firm founded and operated by Joseph Sultana, Jr. JLS was incorporated in 2000 (Exhibit 3) and held an active professional license as a Domestic Professional Service Corporation with the New York Department of State (DOS ID: 2524915).

4. As shown in DOB contractor records (Exhibit 2), JLS maintained active general liability, workers' compensation, and disability insurance policies through January 2026. Mr. Sultana's registration with the NYC Department of Buildings confirmed his status as a licensed general contractor from 2012 through 2023 (Exhibit 2).

5. EFIN Management Corp., formed in 2015 (Exhibit 1), lists its principal executive office as 136-33 37th Ave, Unit 8B, Flushing, NY 11354, the same Flushing address Nexus later used. Its registered CEO is Fanggang Wang. This corporate continuity and address linkage confirm the evolution from JLS to EFIN and finally to Nexus. JLS, EFIN, and Nexus have all been involved in projects under the same leadership and operational team.

6. One of the most apparent examples of this continuity is the Star Tower, a 25-story luxury condominium at 27-17 42nd Road, Long Island City, NY 11101. Public DOB records show that this project was filed by Joseph Sultana as the Applicant of Record, listing JLS Designs as the business and license holder (Exhibit 4). Star Tower was approved on March 14, 2008, and signed off on December 23, 2020, with Joseph Sultana responsible for design and compliance filings.

7. In promotional and portfolio materials, all three entities—JLS, EFIN, and Nexus—publicly claim association with the Star Tower project. On the JLS Designs website, the Star Tower is featured under "NY Mixed Use Projects" (Exhibit 5). EFIN lists it on its corporate website at https://www.efinmanagement.com/star-tower, and Nexus does so at nexus-

2

nyc.com/project. These listings are consistent with their roles in architecture, project management, and construction for the same development, further evidencing their direct lineage and cumulative track record.

8. The SEC's suggestion that Nexus lacks relevant experience ignores the clear and well-documented lineage of the team involved. The firm's principals have consistently operated under JLS, EFIN, and now Nexus. Their collective portfolio—including the Star Tower project—has been acknowledged across public platforms and official filings. The websites of JLS and Nexus each independently list the Star Tower project as part of their development and architectural history (see Exhibits 5 & 6). These references reflect the team's long-standing presence and execution capabilities.

9. While Nexus as an entity may be recent, the experience of its personnel and corporate predecessors is substantial and well-documented. The general contractor license number cited by the SEC—#619584—is affiliated with EFIN and reflects the continuation of this longstanding contracting practice. (See Exhibits 1 & 2.)

10. The SEC also mischaracterized my statements concerning the construction timeline. My March 11, 2025 submission explained that "the remaining workload for 42-31 Union Street is four months to complete once remobilized."

11. I did not represent that construction would be completed by July 2025 unconditionally. That timeline is dependent on remobilization, which, as the SEC has recognized, is presently stalled.

12. As for the issuance of a Certificate of Occupancy ("CO"), the SEC's suggestion that the process would take an inordinate amount of time is speculative. Once construction is

completed and inspected, the CO issuance is procedural. It merely reflects that the completed work conforms to all applicable laws.

13. The SEC also claims that the proposed contractor (Nexus) asserted it would "refinance" the building within 120 days and pay off all money judgments owed to the SEC. This is inaccurate. The 120-day reference concerns potential refinancing post-completion; it was not a representation that Nexus—or I—could guarantee funds for any court judgment within that time frame.

14. Despite these mischaracterizations, I have acted in good faith in proposing a qualified contractor. Nevertheless, if the Court has any continued concern regarding Nexus, I am now prepared to support an alternative contractor.

15. Specifically, Mr. Craig Nassi, a general contractor licensed in New York City with years of experience, has submitted a letter confirming his readiness to complete the Eastern Mirage project. He holds the necessary license and insurance and has offered to finish the job under a cost-plus arrangement with a 12-month completion guarantee. His proposal is attached as Exhibit 7.

16. Alternatively, and in the interest of expediency, if the Court does not approve the appointment of Nexus or Mr. Nassi, I am willing to defer the contractor selection to Mr. John Leo, who may propose a qualified subcontractor of his choosing, subject to oversight by the Monitor and Court.

17. I respectfully submit this declaration to rebut the SEC's unsupported and misleading assertions and to reaffirm my willingness to cooperate fully with the Court's objectives in completing the Eastern Mirage project for the benefit of the EB-5 investors.

I declare under penalty of perjury that this information is true and correct.

Dated:   March 31, 2024
         Beijing, China

                                                          */s/ Richard Y. Xia*
                                                          Richard Xia