# HANTMAN & ASSOCIATES
ATTORNEYS AT LAW
1120 Avenue of the Americas
4th Floor
New York, New York 10036
(P) 212-684-3933
(F) 212-465-2192
www.Hantmanlaw.com

**ROBERT J. HANTMAN**
rhantman@hantmanlaw.com
New York, New Jersey, & Florida Bars

April 10, 2025

**BY ECF**

The Honorable Pamela K. Chen
United States District Judge
United States District Court, Eastern District
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Securities Exchange Commission v. Xia, et al.* U.S. Dist. Ct., Dkt. No. 21-Civ-5350 (PKC) (JAM)

Dear Judge Chen:

We represent Defendants Richard Xia ("Xia") and Fleet New York Metropolitan Regional Center, LLC ("Fleet") in the above-referenced matter. We write to bring to the Court's attention a development that may bear on the parties' upcoming joint status report, due April 16, 2025.

Following the April 2, 2025 status conference, Defendants have extended efforts to identify alternative legitimate funding sources to satisfy the Final Judgment. One such effort involves a prospective third-party investor, introduced by Mr. John Leo—the proposed transferee of Fleet (see ECF No. 570-11, Leo Decl. ¶ 1)—who is entirely independent of Mr. Xia. The investor has completed a site visit, begun due diligence, and expressed interest in a transaction that could satisfy the judgment. As part of that process, the investor has requested a brief call with Securities and Exchange Commission ("SEC") staff, Mr. Leo, and counsel, which we believe is a reasonable step given the timeline and the potential for resolution.

However, we understand that the SEC has declined to participate in such a discussion unless Mr. Xia first agrees to (i) withdraw his pending appeal and (ii) pre-authorize the appointment of a liquidation agent with authority to sell significant assets. We were further informed that the SEC has requested a response by April 10—prior to the Court's April 16 deadline for a joint status update.

We respectfully submit that engaging with an unaffiliated investor, particularly one who may help satisfy the Final Judgment, should not hinge on waiving appeal rights or preemptively

FLORIDA
HANTMAN & ASSOCIATES
650 WEST AVENUE
SUITE 2408
MIAMI BEACH, FL 33139

NEW JERSEY
JOSEPH J. FERRARA
OF COUNSEL
111 PATERSON AVENUE
HOBOKEN, NJ 07030

FLORIDA
ENTIN & DELLA FERA, P.A.
OF COUNSEL
110 SE 6TH ST., SUITE 1970
FORT LAUDERDALE, FL 33301

PLEASE SEND ALL CORRESPONDENCE TO THE NEW YORK, NY ADDRESS LISTED ABOVE.

authorizing a liquidation process. Such conditions seem at odds with the spirit of the Final Judgment and the Court's directive to allow the parties time to pursue a resolution. They also risk obscuring the nature of Defendants' ongoing compliance efforts by overlooking timely and viable financing developments.

      As of this filing, the SEC has reiterated its refusal to engage, despite repeated clarification that the investor was introduced solely by Mr. Leo—an independent party with no connection to Mr. Xia—and is pursuing a legitimate investment following a site visit and due diligence. While the SEC has referenced prior proposals as justification, this effort involves an entirely new, unaffiliated party and represents a good-faith attempt to fulfill the Final Judgment. To date, the SEC has not provided a clear legal or policy basis for declining even preliminary dialogue with a potential capital partner. This stance risks foreclosing alternative avenues for compliance without meaningful consideration.

      It also appears inconsistent with the Court's April 2 directive to work toward a joint resolution by April 16, rather than implementing unilateral measures in advance of that deadline.

      Respectfully, if the SEC continues to decline engagement with qualified outside investors—particularly where no prior concerns are implicated—we may be compelled to seek the Court's guidance confirming that such efforts warrant consideration as legitimate steps toward satisfying the Final Judgment.

      While we understand the Court does not intend to oversee day-to-day negotiations, the SEC's current posture may frustrate meaningful progress. Accordingly, we respectfully request a brief conference if the SEC persists in its refusal to engage.

      We appreciate the Court's attention to this matter and thank Your Honor for the continued consideration of the parties' efforts toward reaching a mutually agreeable means to satisfy the Final Judgment.

      Respectfully submitted,

      /s/ Robert J. Hantman, Esq.
*Attorney for Defendant Xia and Fleet*