



**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
100 Pearl Street, Suite 20-100
New York, NY 10004-2616

New York
Regional Office

April 25, 2025

**VIA ECF**
The Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East, Chambers N 631
Brooklyn, NY 11201

     Re:    <u>*SEC v. Richard Xia, et al.*, 21-cv-05350-PKC-JAM (E.D.N.Y)</u>

Dear Judge Chen:

     Plaintiff Securities and Exchange Commission ("SEC") respectfully responds to the request by Defendants Richard Xia ("Xia") and Fleet New York Metropolitan Center LLC ("Fleet," together with Xia, "Defendants"), and their counsel Hantman & Associates ("Hantman"), to lift the asset freeze to pay certain legal fees. (ECF No. 573.) The request for a carve-out should be denied.

     On April 9, 2025, Hantman made its *fifth* submission concerning a carve-out from the asset freeze for attorneys' fees. (ECF Nos. 420, 424, 464, 559, 573.) The SEC previously opposed Hantman's application because it failed to comply with the terms of the asset freeze and applicable law, and because the proposed carve-out did not serve the interests of defrauded investors. (ECF No. 423.) The Court did not grant Hantman's earlier applications; it either denied them or held them in abeyance until Defendants satisfied their obligations under the Final Judgment. (*See, e.g.*, ECF No. 425; ECF Text Order, 8/27/2024; ECF Text Order, 3/4/2025.) The Court also has denied similar applications from other counsel for Defendants. (ECF Text Order, 7/25/2022; ECF No. 227; ECF Text Order, 2/4/2024; ECF Text Order, 8/27/2024.)

     The Court likewise should deny Hantman's latest carve-out request. Like its prior requests, this application fails to comply with the terms of the asset freeze and applicable law. Among other things, it fails to identify any source of funds to pay the requested legal fees; nor does it make any showing that those funds are unrelated to, and not a product of, the alleged fraud. In addition, the requested carve-out remains contrary to the interests of the defrauded investors. Under the Final Judgment, Defendants agreed to pay $228.5 million in disgorgement, plus $25 million in pre-judgment interest, for the benefit of the harmed investors.[1] Only $42.5 million of that amount has been satisfied, and Defendants now suggest that they will not or cannot pay the amount they still owe. Thus, it is "unclear whether sufficient funds would remain to compensate the investors and pay prejudgment interest." (ECF Text Order, 2/4/2024 (citing *SEC v. Wojeski*, No. 10-cv-457 (GLS/DRH), 2011 WL 13136029, at *2 (N.D.N.Y. Feb. 11,

---

[1] Defendants also agreed to pay a total of more than $22 million in civil penalties and post-judgment interest, none of which has been paid to date.

Hon. Pamela K. Chen  Page 2
April 25, 2025

2011).)  Thus, it is critical that all frozen funds be preserved for distribution to or for the benefit of harmed investors.

      For these reasons, the SEC respectfully requests that the Court deny Defendants' and Hantman's request for a carve-out.

      Respectfully submitted,

      /s/ Christopher M. Colorado
      Christopher M. Colorado
      David Stoelting
      Kim Han
      Securities and Exchange Commission

      *Attorneys for Plaintiff*

cc:    All defense counsel (by ECF)