

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
100 Pearl Street, Suite 20-100
New York, NY 10004-2616

New York
Regional Office

April 25, 2025

**VIA ECF**
The Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East, Chambers N 631
Brooklyn, NY 11201

   Re: *SEC v. Richard Xia, et al.*, 21-cv-05350-PKC-JAM (E.D.N.Y)

Dear Judge Chen:

  Pursuant to the Court's instruction, plaintiff Securities and Exchange Commission ("SEC") respectfully provides this status report. As discussed below, the SEC proposes to provide the Court with a further update concerning enforcement of the Final Judgment and appointment of an agent to market and sell certain properties owned by defendant Richard Xia ("Xia") on or before Friday, May 23, 2025.[1]

  During the April 2, 2025 conference with the parties, and non-party John Leo, the Court denied the motion by Xia and defendant Fleet New York Metropolitan Regional Center LLC (together with Xia, "Defendants") to modify the Final Judgment to extend by eight months their deadline to pay the more than $230 million they still owe. (ECF Text Order, 4/2/2025.) After that conference, the SEC informed Defendants that it would support a request to the Court to extend Defendants' payment deadline by ten weeks, on two conditions: (1) that Defendants dismiss their appeal of the Court's December 8, 2022 Preliminary Injunction Order, which remains pending despite Defendants having subsequently consented to the terms of the Preliminary Injunction Order as part of the Final Judgment;[2] and (2) that, if Defendants failed to pay the full monetary relief on or before the proposed extended deadline, Defendants would consent to the appointment of a liquidation agent to market and sell certain of Xia's properties to satisfy some or all of the monetary relief Defendants owe. The SEC intended this proposal as a final effort to afford Defendants an additional period—beyond the nine months they already have had—to obtain financing to pay the Final Judgment, but also to streamline monetizing certain properties to satisfy the Final Judgment if Defendants fail to meet their payment obligation. Defendants did not accept the proposal.

  On April 10, 2025, Defendants filed a letter requesting "a brief conference" if the SEC did not engage with "a prospective third-party investor, introduced by Mr. John Leo." (ECF No.

---

[1] The SEC contacted Defendants' counsel yesterday and asked for Defendants' input to this status report to make it a joint submission but the SEC did not receive a response.

[2] That appeal is currently being held in abeyance.

Hon. Pamela K. Chen  Page 2
April 25, 2025

574.)  On April 22, the SEC spoke with that individual, who did not offer any proposal to facilitate a financing or other investment that would allow Defendants to pay the amount they owe under the Final Judgment.  Rather, the individual suggested that the construction plans for the Eastern Emerald or Eastern Mirage properties be substantially changed (in some yet to be determined manner), and that the properties be used as collateral to finance that construction (from yet to be identified financing sources), while Defendants pay *none* of the more than $230 million they owe under the Final Judgment.

The SEC opposes such a process because it would be directly contrary to the terms of the parties' negotiated settlement and the Final Judgment.  Moreover, it would be contrary to investor interests both because it would require subordinating the Final Judgment (and investor financial interests) to any new financing, and because material changes to the current construction plans—previously reviewed and approved by the United States Citizen and Immigration Services ("USCIS")—would create additional risks to the EB-5 investors' ability to obtain citizenship benefits under applicable USCIS and EB-5 program laws and regulations.  Thus, unfortunately, the individual identified by Defendants as a "prospective third-party investor" did not offer a viable path forward.

For these reasons, the SEC is exploring steps to enforce the Final Judgment by seeking a Court-appointed agent to market and sell three properties.  Specifically, those properties to which Xia previously conveyed a senior security interest to the SEC for the purpose of satisfying the Final Judgment—*i.e.*, the Kings Point mansion, the Eastern Emerald project, and the Eastern Mirage project.  The SEC has begun the process of identifying suitable candidates to propose as a liquidation agent.  However, because the Eastern Emerald and Eastern Mirage properties have unique characteristics, such as the partially-built structure at Eastern Mirage, we anticipate that identifying the correct agent to market and sell them may take some time.  The SEC therefore proposes that it provide the Court with a further status update on or before Friday, May 23, 2025.

Respectfully submitted,

/s/ Christopher M. Colorado
Christopher M. Colorado
David Stoelting
Kim Han
Securities and Exchange Commission

*Attorneys for Plaintiff*

cc:   All defense counsel (by ECF)