# HANTMAN & ASSOCIATES
ATTORNEYS AT LAW
1120 Avenue of the Americas
4th Floor
New York, New York 10036
(P) 212-684-3933
(F) 212-465-2192
www.Hantmanlaw.com

**ROBERT J. HANTMAN**
rhantman@hantmanlaw.com
New York, New Jersey, & Florida Bars

**BY ECF**  April 25, 2025

The Honorable Pamela K. Chen
United States District Judge
United States District Court, Eastern District
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Securities Exchange Commission v. Xia, et al.* U.S. Dist. Ct., Dkt. No. 21-Civ-5350 (PKC) (JAM)

Dear Judge Chen:

We represent Defendants Richard Xia ("Xia") and Fleet New York Metropolitan Regional Center, LLC ("Fleet") in the above-referenced matter. After consultation with our clients, we write in response to the Securities and Exchange Commission's ("SEC") April 25, 2025 status report, in which the SEC proposes to identify and appoint a liquidation agent to market and sell certain properties pledged as collateral under the Final Judgment; and it is respectfully submitted that the SEC's proposal lacks legal foundation and exceeds the scope of authority granted by the Final Judgment and the underlying mortgage liens.

1. <u>The SEC Has No Right to Unilateral Liquidator Appointment Under the Settlement or Mortgage Instruments.</u>

Neither the Settlement Agreement (ECF No. 459) nor the Final Judgment (ECF No. 460) has granted the SEC any unilateral authority to identify or nominate a liquidation agent. Furthermore, the mortgage and security instruments executed in favor of the SEC merely create a *secured lien*, governed under the laws of the State of New York. Those liens do not transfer ownership of the properties, nor confer enforcement mechanisms outside of state foreclosure procedures.

If the SEC wishes to enforce its mortgage rights, the appropriate remedy is to initiate a foreclosure proceeding in New York State Supreme Court, a judicial forum where statutory notice requirements and procedural protections apply under the New York Real Property Actions and Proceedings Law (RPAPL). Attempting to bypass that process by seeking federal court

FLORIDA
HANTMAN & ASSOCIATES
650 WEST AVENUE
SUITE 2408
MIAMI BEACH, FL 33139

NEW JERSEY
JOSEPH J. FERRARA
OF COUNSEL
111 PATERSON AVENUE
HOBOKEN, NJ 07030

FLORIDA
ENTIN & DELLA FERA, P.A.
OF COUNSEL
110 SE 6TH ST., SUITE 1970
FORT LAUDERDALE, FL 33301

PLEASE SEND ALL CORRESPONDENCE TO THE NEW YORK, NY ADDRESS LISTED ABOVE.

authorization to unilaterally appoint a liquidation agent infringes on the property rights of the title holder and contravenes well-established principles of mortgage enforcement.

    2.  <u>The Prior Monitor Raises Serious Concerns About Conflicts of Interest.</u>

Our clients perceive that the SEC's suggestion that it is "identifying suitable candidates" to serve as liquidator is especially troubling, given its prior appointment of the court-appointed monitor who, per our clients' view, had conflicts of interest, which cast doubt on his neutrality and reinforce Defendants' concern that any future nomination process risks becoming an instrument for insider-controlled liquidation, rather than an independent, fair-market exercise.

As such, permitting the SEC to unilaterally appoint such an agent without statutory authority would materially prejudice Defendants' rights and risk distressed-value liquidation that would harm both Defendants and the EB-5 investors the SEC purports to protect.

    3.  <u>The SEC's Attempt to Circumvent State Foreclosure Law Is Improper.</u>

Defendants also contend that the SEC's attempt to convert a consensual judgment lien into a nonjudicial liquidation process—outside of state foreclosure law and without judicial sale procedures—constitutes an impermissible jurisdictional overreach. It is fundamental that real property subject to mortgage liens must be disposed of through lawful state foreclosure mechanisms, not through non-adversarial federal court proceedings.

**Defendants' Status Report Update**

Defendants dispute the request and many of the characterizations set forth in the SEC's status report, but acknowledge that the SEC did, in fact, finally agree to meet one of the prospective third-party investors—after previously twice refusing. In any event, Defendants continue to pursue several other promising opportunities to secure the necessary funds from additional lenders, with meetings scheduled over the next couple of weeks.

In addition to the Objections and averments to the SEC's Proposed Appointment of Liquidation Agent, Defendants respectfully apprise the Court of their intention to file, in the coming weeks, a challenge to the continued enforcement of the Final Judgment— as currently interpreted by the SEC and the Court—pursuant to the Federal Rules of Civil Procedure and other applicable laws. This forthcoming Motion will address several intervening events that have transpired since Defendants originally signed and proposed the Consent Judgment, as well as issues currently pending on appeal.

We are advised that this forthcoming Motion, prepared by a different law firm, will set forth specific and compelling legal grounds. It will also be accompanied by an urgent motion to stay enforcement. Defendants believe that the repeated denials of reasonable requests to release funds for defense costs, including funds held in personal accounts wholly unrelated to the EB-5

claims—have materially hindered their ability to properly defend Defendants' rights and have impeded the raising of critical legal arguments. Payments have not been released even for services rendered in the best interests of the EB-5 investors. Defendants believe this has contributed to their inability to fully and fairly present their defenses.

It is also believed that the current application and enforcement of the Final Judgment would affect the significant legal rights and livelihoods of the Defendants and numerous third parties, including EB-5 investors whose immigration status remains at risk. These investors have voiced their concerns on the record. Additionally, Defendants continue to await the written order detailing the Court's reasoning for denying their narrower request for additional time to pay, as referenced in the Court's April 2, 2025 Minute Entry.

Given the complexity and magnitude of the rights involved, it is not surprising that our clients seek a full and fair opportunity for these matters to be heard in accordance with due process.

Notwithstanding the foregoing, it is our firm's position that an accommodation can be reached that would not result in a "fire sale," extravagant costs and expenses being incurred.

We are also hopeful that our firm's recent Fee Application is not left "in limbo," as we have remained fully dedicated to working with the Court, the Monitor, and the SEC, and in the best interests of the EB-5 investors and in helping manage the Project, while seeking compensation at rates substantially lower than those approved for the Monitor and other law firms.

It was over a year ago when we first appeared in this matter, at which time the Defendants were advised by the Court that the best alternative was to sign the Agreement and were encouraged to do so with the expectation that counsel would be fairly compensated and not receive anything for over a year's work.

We appreciate the Court's attention to this matter and thank Your Honor for the continued consideration of Defendants' efforts.

Respectfully submitted,

/s/ Robert J. Hantman, Esq.
*Attorney for Defendant Xia and Fleet*

3