

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
100 Pearl Street, Suite 20-100
New York, NY 10004-2616

NEW YORK
REGIONAL OFFICE

May 23, 2025

**VIA ECF**
The Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East, Chambers N 631
Brooklyn, NY 11201

  Re: <u>*SEC v. Richard Xia, et al.*, 21-cv-05350-PKC-JAM (E.D.N.Y)</u>

Dear Judge Chen:

  Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this status update regarding its efforts to locate and propose an appropriate agent to market and sell Eastern Mirage, Eastern Emerald, and the Kings Point Mansion (the "properties"). The SEC's efforts are ongoing, and we propose the following next steps to advance our enforcement of the Final Judgment (ECF No. 460), while addressing concerns raised by defendants Richard Xia and Fleet New York Metropolitan Regional Center LLC (together, "Defendants").

*Proposed Next Steps*

  As demonstrated in the SEC's memorandum of law filed concurrently with this status report, the SEC has broad authority to seek the appointment of an agent to market and sell the properties, and the Court has authority to make such an appointment without Defendants' consent. Nevertheless, in the spirit of compromise, the SEC proposes a process that would afford Defendants input on selection of the sales agent. Specifically, we propose filing a motion seeking an order that: (1) determines that the appointment of a sales agent is necessary and appropriate; and (2) directs the parties to confer and agree on a sales agent to appoint or, if the parties are unable to agree, to submit competing proposals to the Court. The appointed sales agent would be responsible for marketing and effecting sale of the properties pursuant to a Court-approved process, with the proceeds to be held subject to the Final Judgment's asset freeze, pending further order of the Court.

*Effect of Defendants' Pending Appeal*

  For the following reasons, Defendants' appeal of the Court's December 8, 2022 preliminary injunction freezing assets should not affect the SEC's proposed process. On December 8, 2022, the Court entered a preliminary injunction with an asset freeze. (ECF No. 217.) On December 22, 2022, Defendants appealed the asset freeze Order to the Second Circuit. (ECF No. 219) On June 21, 2024, the parties notified this Court that they had reached a settlement-in-principle, which the SEC's five-member Commission had approved. (ECF No. 443.) On June 22, 2024, the SEC, with Defendants' consent, asked the Second Circuit to place

Hon. Pamela K. Chen  Page 2
May 23, 2025

the appeal in abeyance, which the Second Circuit did. *SEC v. Xia*, No. 22-317 (2d Cir.), Dkt Nos. 138, 141. On July 28, 2024, the Court entered the Final Judgment (to which Defendants consented), which expressly continues the asset freeze and waives any right Defendants might have had to appeal the Final Judgment. (ECF No. 460 at 1, 8.)

Since entry of the Final Judgment, Defendants have done little to pursue their appeal but nonetheless have refused to withdraw it.[1] In any event, because the Final Judgment expressly continues the asset freeze, without qualification, and also expressly waives any rights Defendants might have had to appeal the Final Judgment—and the preliminary injunction has merged into the Final Judgment—Defendants' appeal is moot. *See LaForest v. Honeywell Int'l*, 569 F.3d 69, 73-74 (2d Cir. 2009) (holding that party waives appeal rights by entering consent settlement unless those rights are expressly reserved); *Webb v. GAF Corp.*, 78 F.3d 53, 56 (2d Cir. 1996) (holding that a final judgment which includes injunctive relief moots an appeal from a prior preliminary injunction). Accordingly, the SEC has now filed a motion to dismiss the appeal on these grounds. *See Xia v. SEC*, 22-3137, Dkt. No. 162 (2d Cir. May 16, 2025) (Motion to Dismiss).

The pending appeal should not limit the Court's ability to implement the SEC's proposed next steps. (*See, e.g.*, ECF Text Order, March 23, 2023 (citing cases affirming the Court's ability to maintain the status quo during pendency of appeal).) That is because the SEC has a narrowly-tailored proposal—the appointment of a sales agent or receiver to market and sell the properties for fair market value. Any sales will be subject to later court approval, with the proceeds held by the Court pending a further order. This would not alter the status quo since it will avoid further deterioration and diminishment in value of the properties.

For the foregoing reasons, the SEC respectfully requests that the Court adopt the SEC's proposal to advance its enforcement of the Final Judgment without altering the status quo.

Respectfully submitted,

/s/ Christopher M. Colorado
Christopher M. Colorado
David Stoelting
Kim Han
Securities and Exchange Commission

*Attorneys for Plaintiff*

cc:   All defense counsel (by ECF)

---

[1] On May 22, 2025, Defendants informed the Second Circuit that they intend to oppose the SEC's motion to dismiss. *SEC v. Xia*, No. 22-3137 (2d Cir.), Dkt No. 168.