UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                 Plaintiff,<br><br>     -against-<br><br>RICHARD XIA, a/k/a YI XIA; and FLEET NEW YORK METROPOLITAN REGIONAL CENTER, LLC, f/k/a FEDERAL NEW YORK METROPOLITAN REGIONAL CENTER, LLC,<br><br>                 Defendants,<br><br>     -and-<br><br>JULIA YUE, A/K/A JIQING YUE; XI VERFENSTEIN; and XINMING YU,<br><br>                 Relief Defendant. | 21 Civ. 5350 (PKC) |

## DECLARATION OF KIM HAN

Kim Han, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am an attorney with the Securities and Exchange Commission ("SEC"). I respectfully submit this Declaration in support of the SEC's Memorandum of Law Concerning Its Authority to Seek Appointment of a Sales Agent and in Opposition to Defendants' Motion to Stay. I make this Declaration based on my personal knowledge.

2. On April 8, 2025, Richard Hecker, an individual whom Richard Xia ("Xia") identified as a potential lender, sent an email to SEC counsel, concerning his interest in work on the projects. In that email, Mr. Hecker said that Eastern Mirage "has structural failures and it is withering away. There is a chance both sites [Eastern Mirage and Eastern Emerald] will need to

be torn down and rebuilt from the ground up." Mr. Hecker also said that part of Xia's "plans won't work at all such as non union hotel (not possible) and office (zero demand) since they are plans from another era[.]" Mr. Hecker's email is attached hereto as Exhibit 4.

3. Subsequently, Xia demanded that the SEC speak with Mr. Hecker, whom Xia referred to as "a prospective third-party investor . . . who is entirely independent of Mr. Xia" and who has "completed a site visit, begun due diligence, and expressed interest in a transaction that could satisfy the judgment." (*E.g.*, ECF No. 574.)

4. On April 22, 2025, I, along with my colleagues Christopher Colorado and David Stoelting, participated in a telephone call with Richard Hecker. During the call, Mr. Hecker explained that he was a real estate developer who may be interested in developing the Eastern Mirage and Eastern Emerald properties.

5. Mr. Hecker said that although he could not provide an exact value for the Eastern Mirage and Eastern Emerald properties, those properties, in his opinion, were worth "nowhere near" $229 million. Mr. Hecker explained that their current value was less than $229 million due to, among other things, changes in the real estate demand in Queens, New York, including a decrease in demand for office space, and the fact that Xia's projects had been "built on assumptions that are not true anymore," like the current inability to build a non-union hotel.

6. The following exhibits attached hereto are true and correct copies of the documents described:

| Exhibit | Document |
|---|---|
| 1 | Mortgage by X&Y Development Group, LLC to the SEC for 42-31 Union Street, Queens, New York, dated June 11, 2024 |

| Exhibit | Document |
|---|---|
| 2 | Mortgage by Eastern Emerald Group, LLC to the SEC for 112-21 Northern Boulevard, Queens, New York, dated June 11, 2024 |
| 3 | Mortgage by JiQing Yue (a/k/a Julia Yue) to the SEC for 144 Kings Point Drive, Kings Point, Town of Hempstead, New York, dated June 11, 2024 |
| 4 | Email from R. Hecker to C. Colorado, D. Stoelting, K. Han, J. Leo, R. Hantman, Q. Wu, dated April 8, 2025 |
| 5 | Excerpt of Transcript of Status Conference, April 2, 2025, *SEC v. Xia et al.*, 21-cv-5350 (PKC) (E.D.N.Y.) |
| 6 | Consent Order, dated September 23, 2019, *SEC v. Schantz*, No 1:17-cv-03115-RBK-JS (D.N.J.) (ECF No. 45) |

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on May 23, 2025
New York, NY

_____
Kim Han