# **Exhibit 5**

```
                                                                    1

 1              IN THE UNITED STATES DISTRICT COURT
               FOR THE EASTERN DISTRICT OF NEW YORK
 2

 3   SECURITIES AND EXCHANGE              )
     COMMISSION,                          )
 4                                        )
                 Plaintiff,               )
 5                                        ) Civil Action
     vs.                                  ) No. 21-5350 (PKC)
 6                                        )
     RICHARD XIA, a/k/a YI XIA,           )
 7   and FLEET NEW YORK                   )
     METROPOLITAN REGIONAL CENTER,        )
 8   LLC, f/k/a FEDERAL                   )
     NEW YORK METROPOLITAN                ) STATUS CONFERENCE
 9   REGIONAL CENTER, LLC,                ) (held via video
                                          ) conference)
10               Defendants,              )
                                          )
11   vs.                                  )
                                          )
12   JULIA YUE, a/k/a JIQING YUE,         ) Brooklyn, New York
     XI VERFENSTEIN, and XINMING          ) Date:  April 2, 2025
13   YU,                                  ) Time:  10:00 a.m.
                                          )
14               Relief Defendants.       )
     ─────────────────────────────────────
15
                TRANSCRIPT OF STATUS CONFERENCE
16             HELD VIA VIDEOCONFERENCE BEFORE
             THE HONORABLE JUDGE PAMELA K. CHEN
17                UNITED STATES DISTRICT JUDGE
     ─────────────────────────────────────
18

19                   A P P E A R A N C E S

20   For the Plaintiff:       Christopher M. Colorado, Esq.
                              David P. Stoelting, Esq.
21                            Kim Han, Esq.
                              Securities and Exchange Commission
22                            100 Pearl Street
                              New York, New York  10004
23                            212-336-9143


24   (Appearances continued on the next page.)

25   COURT REPORTER:          Annette M. Montalvo
                              Office:  718-804-2711
```

*Annette M. Montalvo, CSR, RDR, CRR*
*Official Court Reporter*

```
 1   APPEARANCES:   (Cont'd)

 2

 3   For Defendant            Robert J. Hantman, Esq.
     Richard Xia:             Hantman & Associates
 4                            1120 Avenue of the Americas
                              4th Floor
 5                            New York, New York  10036
                              212-684-3933
 6

 7   Also Present:

 8   Richard Xia

 9   John Leo, Potential Purchaser of Regional Center

10   Dan Lundy, Immigration Counsel

11   Robert Seiden, Esq.
          Court-Appointed Fund Distribution Administrator
12
     Craig Nassi, BCN Development
13

14

15

16

17

18   Proceedings reported by machine shorthand, transcript produced
     by computer-aided transcription.
19   _____

20   Court Reporter:          Annette M. Montalvo, CSR, RDR, CRR
                              Official Court Reporter
21                            United States Courthouse, Room N375
                              225 Cadman Plaza East
22                            Brooklyn, New York  11201
                              718-804-2711
23

24

25
```

3

1     (Proceedings commenced at 10:09 a.m., in open court,
2  via videoconference, to wit:)
3             THE COURT:  Okay, Fida.
4             THE COURTROOM DEPUTY:  Thank you, Judge.
5             Civil cause for a status conference, Docket
6  21-CV-5350, *Securities and Exchange Commission v. Xia, et al.*
7             Before asking the parties to state their appearance,
8  I would like to note the following:
9             Persons granted remote access to proceedings are
10 reminded of the general prohibition against photographing,
11 recording, and rebroadcasting of court proceedings.  Violation
12 of these prohibitions may result in sanctions, including
13 removal of court-issued media credentials, restricted entry to
14 future hearings, denial of entry to future hearings, or any
15 other sanctions deemed necessary by the court.
16            Will the parties please state their appearances for
17 the record, starting with plaintiff.
18            MR. COLORADO:  Good morning, Your Honor.
19            On behalf of plaintiff Securities and Exchange
20 Commission, you have Chris Colorado, David Stoelting, and Kim
21 Han.
22            THE COURT:  Good morning.
23            MR. HANTMAN:  Good morning, Your Honor.
24            On behalf of defendants, Robert Hantman, Hantman
25 Associates.

1           THE COURT:  Good morning, Mr. Hantman.
2           And then we also have Mr. Lundy, you're here on
3  behalf of Mr. Leo; is that right?
4           MR. LUNDY:  Yes.  On behalf of John Leo.
5           THE COURT:  And I also note that Mr. Leo is here as
6  well.
7           Okay.  So we have a number of requests that are
8  pending before me that are going to be the subject of today's
9  conference.
10          Let me start off, first of all, Mr. Hantman, I do
11 want to tell you that it is not helpful to me if you send a
12 fairly substantive submission at 5:00 or later on the night
13 before a conference.  It really doesn't give me much time to
14 consider what it is you are including.  So it would certainly
15 have been far better if you submitted it before last night.
16 Obviously, though, I have received it and had a chance to
17 quickly review it.
18          But going to the first request that I want to
19 address, since it's the most straightforward and I am going to
20 grant it, that's a request of Robert Seiden, the distribution
21 administrator, to compel defendants to turn over the requested
22 identifying and contact information for the 142 investors that
23 Mr. Seiden seeks information for.
24          I do understand that defendants have responded or
25 claimed that Mr. Xia has given anything in his possession, but

1 explain everything to you before we make decision here.

2 　　　　　THE COURT: All right, Mr. Xia. So you have had
3 your say, and I do want to note and the record reflects that
4 you have had at least, I think, eight or nine different
5 attorneys, who, as far as I can tell, were quite competent.
6 So I don't think this is a lack of competent or vigorous
7 representation.

8 　　　　　You seem to be in denial about the fundamental facts
9 that brought you here. I am not going to repeat them to you.
10 And I have given your case a lot of consideration over the
11 course of almost four years now. So don't for a moment think
12 that I have not. Nor have I -- rather, I have tried to give
13 you and your counsel ample opportunity to try to negotiate
14 some deal or way to satisfy the SEC. And that's what produced
15 the agreement that you entered into.

16 　　　　　If you are unhappy with your lawyers, you can sue
17 them for malpractice. I do not endorse that view that you
18 have. And, again, as I have said to you also, besides
19 acknowledging that you seem to have skill and passion for what
20 you do, that you committed fraud based on the evidence I saw.
21 And that's why we're here. You sent money to accounts that
22 had nothing to do with the projects. You actually used some
23 of the money to try to collateralize or to collateralize
24 luxury homes for yourself and for a relative and also for a
25 colleague.

54

1    So none of what you did was appropriate from the
2 beginning, and that is why you are here.  The best lawyers in
3 the world cannot avoid bad facts.  They can try, as your
4 lawyers have mightily attempted to do to convince me not to
5 make adverse findings against you.  But we have reached the
6 end of the road here, Mr. Xia.
7    You had an opportunity to litigate, you chose to
8 settle this.  We are now at the point that you have not
9 complied with the settlement you entered into and I issued as
10 part of a final judgment.
11    You are correct that you could still try to run
12 these projects.  Perhaps you can figure out a way behind the
13 scenes or outside in the real world to get someone to invest
14 in them and maybe buy them, if the SEC decides to liquidate
15 the assets.
16    What I only want to address right now is how to
17 proceed.
18    Does the SEC intend, and I actually don't know the
19 answer, intend to move to enforce the final judgment and to
20 liquidate the properties or seek whatever relief or remedies
21 allowed for under the agreement?  Because one thing I want to
22 say, I want to build in a little bit of time for that process
23 to both start and become finalized, and allow you folks to go
24 back and talk, if you want to, in that intervening period, to
25 see if you can make a deal that satisfies everyone involved.

1    Because I am not saying you can't negotiate
2  something else that's not part of the settlement and make the
3  money appear as it's supposed to.  But that's really going to
4  be on you folks to decide on your own.  I am just going to
5  deal with the legal matter before me, which at this point is
6  ripe for some kind of an enforcement action.
7         MR. HANTMAN:  Well, Your Honor, if I may, if I could
8  just interject something.
9         Since Mr. Colorado reached out to us with a proposed
10 settlement, okay, and we just got it, I think, two days ago
11 and haven't had a chance to discuss it with all the parties,
12 perhaps if you can reserve decision today on what you might
13 have done, just put it off for a month and give us an
14 opportunity to speak to Mr. Colorado to see if we can do as
15 you suggested, reach an agreement.
16         THE COURT:  I feel like this is death by a thousand
17 cuts, folks.
18         MR. HANTMAN:  I believe it, too.  Million cuts.
19         THE COURT:  So let me ask the SEC.  Do you want to
20 put this over?  Not for four weeks, but two weeks, you let me
21 know if you have entered into this side deal for a ten-week
22 reprieve, is essentially what's being negotiated, and the two
23 weeks, I think, will start running from whenever you folks
24 agree the ten weeks will start running, but I'll give you two
25 weeks to let me know if I should hold off on taking any

56

1  action.  And then, if not, the SEC will tell me if they intend
2  to file a motion, you know, to enforce and to liquidate.
3         I am not sure you necessarily need to, but I think
4  that I should at least give some process to the other side to
5  argue why that shouldn't happen, although, I feel like we have
6  already gone through that under a different guise, namely, the
7  motion to modify the agreement.
8         MR. COLORADO:  Your Honor, so I think that there's
9  no reason to hold off on ruling on the current applications.
10 Those -- whether or not they are pending does not impact in
11 any way whether or not we reached some agreement.
12        THE COURT:  Well, let me say this.  I am denying
13 everything, with the exception of the request by Mr. Seiden to
14 compel the investor -- EB-5 investor information.
15        The question of enforcement still looms out there.
16        MR. COLORADO:  Sure.  I think what we would propose
17 to do is to file with Your Honor a status update in two weeks.
18 During that time, we will speak with Mr. Hantman about whether
19 or not there is some mutually agreeable terms on which we
20 would extend the payment date for some short period of time.
21        If that agreement does not happen, we would put in
22 our status update what our proposed next steps are.  I think
23 we are in agreement that there should be briefing on the
24 liquidation, and I just think it makes for a good record.  So
25 we are in agreement there.

57

1  So what we propose to do is a status update in two
2  weeks.
3  THE COURT:  All right.  That sounds fine.
4  So two weeks from now is the 16th of April.  I will
5  hear from the parties on where things stand.
6  I said a moment ago that I am denying all the
7  pending requests, except for Mr. Seiden's.
8  I will issue a written decision formally explaining
9  why I am denying all the other requests.  So that will be
10 forthcoming.
11 But just so you know, as you enter into this next
12 phase of discussions, where things stand on those pending
13 requests, those are all being denied, okay.
14 Let me just say this.  About the language for the
15 immunity indemnification agreement, I mean, I'm not -- I don't
16 have a role in formally saying anything about it, so you folks
17 can continue to discuss that if the Fleet transfer is still on
18 the table.  But I am not going to render any opinion other
19 than some of it didn't quite make sense to me, the new
20 language, but you folks can sort that out, okay?  That's not
21 for me to opine about and I'm not going to issue a decision
22 one way or the other about that, okay?
23 All right.  Thank you, everyone.  I appreciate your
24 thoughts.
25 MR. COLORADO:  Thank you.

58

1  MR. HANTMAN:  Thank you.

2  MR. LEO:  Thank you.

3  MR. LUNDY:  Thank you.

4  MR. XIA:  Thank you.

5  (Proceedings concluded at 11:31 a.m.)

\* \* \* \* \*

**REPORTER'S CERTIFICATE**

I, ANNETTE M. MONTALVO, do hereby certify that the above and foregoing constitutes a true and accurate transcript of my stenographic notes and is a full, true and complete transcript of the proceedings.

Dated this 22nd day of May, 2025.

/s/Annette M. Montalvo
Annette M. Montalvo, CSR, RDR, CRR
Official Court Reporter