# **Exhibit 6**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM R. SCHANTZ, III,<br>VERTO CAPITAL MANAGEMENT LLC,<br><br>Defendants. | 1:17-Civ. 3115 (RBK) |

Consent ORDER

On July 1, 2019, the Court found William R. Schantz III ("Schantz") in contempt and stayed the imposition of sanctions until September 3, 2019 (Doc. No. 28) so that Schantz could cure his contempt. As the contempt has not been cured,

IT IS HEREBY ORDERED that the Commission's request to appoint a liquidation agent to liquidate the property located at 1040 Riverton Road, Moorestown, New Jersey (the "Property" is granted. Mary Victoria Sewell of Coldwell Banker is hereby appointed as the authorized ~~Liquidation~~ real estate agent ("~~Liquidation~~ Agent") to sell the Property.

IT IS FURTHER ORDERED that the Liquidation Agent shall have the authority to arrange for the sale of the Property, subject to confirmation by this Court and subject to the terms of the Court's Order. The terms of any purchase agreement shall include the balance of the purchase price paid at closing and may include an earnest money deposit, in an amount to be approved by the Commission, forfeitable upon the purchaser's failure to perform. The closing shall not occur until after the sale has been confirmed by further order of this Court, but in no event will the closing occur in less than 30 days after a contract for sale is executed. At closing, the purchaser or purchasers shall receive a ~~quitclaim~~ bargain and sale deed to the Property executed by the ~~Liquidation~~ Agent and Schantz and Phyllis Schantz. In the event a closing takes place prior to an order of this Court regarding the distribution of proceeds, the ~~Liquidation~~ Agent shall hold all of the proceeds of any sales of the

Property, net of any closing costs, mortgages, reasonable sale expenses, and bona fide liens, including any earnest money deposits, in an interest-bearing account until such time as this Court shall make a further order regarding distribution of those proceeds. The distribution will include satisfaction of the Commission's mortgage, which secures the disgorgement and penalty due in the Commission's action.

IT IS FURTHER ORDERED that the ~~Liquidation~~ Agent shall have all the rights and powers necessary to fulfill its obligations under this order, specifically including, but not necessarily limited to, the power to enter onto the Property (upon reasonable notice to the Property's occupants), to manage the Property, to advertise the sale of the Property, and to take any actions reasonably necessary to protect and preserve the value of the Property prior to sale. The Liquidation Agent shall have the rights and powers to retain counsel to handle any legal issues that may arise and handle the closing of title on the Property.

IT IS FURTHER ORDERED that the ~~Liquidation~~ Agent shall be compensated from the proceeds of the sale a) in an amount equal to five percent of the gross sale proceeds, and b) for its reasonable and necessary expenditures to protect and preserve the value of the Property, and c) reasonable legal fees approved by the Court that may arise to administer the sale of the Property.

IT IS FURTHER ORDERED that Schantz [and Phyllis Schantz] promptly and fully accommodate any request by the ~~Liquidation~~ Agent for any items the ~~Liquidation~~ Agent deems necessary in fulfilling the scope of its appointment over the Property, including, but not limited to: [executing documents and contracts,] keys, deeds, site plan approvals, architectural drawings and/or tax records of the Property and, in the meantime, preserving any and all such items. Schantz shall maintain insurance (acceptable to ~~Liquidation~~ Agent) on the Property in the manner and at the value that it is currently being maintained and

shall take all reasonable and necessary efforts to name the Liquidation Agent as an additional insured and loss payee on such insurance through the time of closing on the Property.

IT IS FURTHER ORDERED that Schantz, Phyllis Schantz and all persons acting in concert with or on his behalf, are hereby restrained and enjoined from interfering in any way with the sale of the Property, or with the Liquidation Agent, or with the Liquidation Agent's efforts to comply with its obligations under this Order.

IT IS FURTHER ORDERED that in recognition of the Court's equitable powers and its appointment of an ~~a Liquidation~~ Agent charged with marketing and obtaining the highest practicable value for the Property, the sale of the Property is exempt from the procedures set forth in 28 U.S.C. §§ 2001-2006.

@ IT IS FURTHER ORDERED that if and when appropriate, sua sponte or upon application of the Commission, the Court will impose additional sanctions.

Dated:      Camden, New Jersey

September 20, 2019

_____
UNITED STATES DISTRICT JUDGE

(the "Debt")

@ It is furthered ordered that Schantz or Phyllis Schantz may satisfy all disgorgement, penalty and applicable interest due to the Commission in connection with the Amended Judgment (DN 13) issued by this Court ~~before~~ a contract of sale is executed by a potential purchaser of the Property. If the Debt is fully satisfied before such execution, Schantz or Phyllis Schantz may retain the Property and must compensate the Agent ~~with~~ a percentage of the listing ~~If Sch~~ price set by the Agent. The percentage shall be 25% within 30 days of the $ execution of this consent order; 50% within 60 days of the execution of this consent order; 100% ~~within~~ on or after 90 days of the ~~execution of~~ this consent order. Commission on the

- 3 -