**Aras Law LLC**

Jon-Jorge Aras, Founder
610 Bainbridge Street, 3rd Floor
Philadelphia, PA 19147
Phone: 484-431-0250
Email: jonjorge@aras-law.com

June 27, 2025

Honorable Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Pre-Motion Letter Regarding Request for Relief from Administrator's Distribution Plan, Case No.: 21-cv-05350-pkc-jam

Dear Honorable Judge Chen,

  I am writing on behalf of my clients, Shahram Kahzan, and Fabric and Fabric, Inc., in the above-referenced matter. Pursuant to the Court's rules, I respectfully seek permission and/or to have a conference to file a motion requesting an exception from the Administrator's Distribution Plan ("Plan") established in connection with the Fleet New York Metropolitan Regional Center ("Fleet") Distribution Fund.

  As you are aware, the Fleet Distribution Fund was created to distribute funds, including disgorgement, pre-judgment interest, civil penalties, and post-judgment interest, collected and to be collected from the Defendants Richard Xia, a/k/a Yi Xia, and Fleet New York Metropolitan Regional Center, LLC, f/k/a Federal New York Metropolitan Regional Center, LLC (collectively, the "Defendants"), and Relief Defendant Julia Yue, a/k/a JiQing Yue (the "Relief Defendant"), in satisfaction of their monetary obligations under the Final Judgment. The Distribution Fund is intended to benefit investors who were harmed by the Defendants' alleged fraudulent offer and

sale of limited partnership interests in two real estate projects through the EB-5 Investor Program.

My clients, Shahram Kahzan and Fabric and Fabric, Inc., hold a limited partner interest in EMMCO NQMC, L.P., which they obtained from Yin Ping Chen, an EB-5 investor, through a confession of judgment entered in New York on October 27, 2020, in the amount of $500,000.00. A copy of the confession of judgment is attached for the Court's reference. Although my clients were not EB-5s investors, they hold an interest that is tied to the fraudulent scheme affecting EB-5 investors. In essence, my clients are standing in the shoes of the EB-5 investor and are directly impacted by the same fraudulent conduct that harmed the EB-5 investors. The Administrator of the Distribution Fund has informed me that, pursuant to the terms of the Court-approved Distribution Plan, the Distribution Administrator is not authorized to consider my client's claim because my client (Mr. Kahzan) does not qualify as an "EB-5 Investor."

Given these unique circumstances, I respectfully request that the Court grant an exception to the terms of the Distribution Plan and treat my client as an EB-5 investor, allowing him to be considered for receipt of funds from the Fleet Distribution Fund, even though he does not fall within the Plan's definition of "EB-5 investor." The Plan, as currently drafted, unfairly precludes my clients from recovering funds to which they are entitled, even though their interest in EMMCO NQMC, L.P. puts them in the same position as the defrauded EB-5 investor.

**Legal Grounds for Exception**

1. **Equitable Relief and Exceptions in Distribution Plans**

   Courts in the Second Circuit have broad equitable powers to approve plans and provide exceptions when fairness requires it. For example, in *In re Purdue Pharma L.P.*, 2023 WL 3451335 (2d Cir. May 15, 2023), the Second Circuit affirmed the bankruptcy court's approval of a plan that included non-consensual third-party releases, emphasizing the court's authority to make equitable determinations.

2. **Application of Equitable Principles**

   The Second Circuit has also recognized the importance of applying equitable principles in cases where strict adherence to procedural rules might result in unjust outcomes. In *Fund Liquidation Holdings LLC v. Bank of America Corp.*,

2021 WL 1045420 (2d Cir. Mar. 17, 2021), the court highlighted the flexibility courts have in ensuring fairness, even in the context of class actions, which can be analogous to this matter where fairness may require granting an exception.

3. **Unique Position of My Client**

   My clients hold a unique position as a limited partner in EMMCO NQMC, L.P., which was received from Yin Ping Chen, an EB-5 investor, through a confession of judgment entered in New York on October 27, 2020, in the amount of $500,000.00. Their position places them in a situation that directly ties to the fraudulent conduct at the heart of the Fleet Distribution Fund. As such, my clients are effectively standing in the shoes of the EB-5 investor and should be entitled to participate in the distribution. Given the fairness and equity concerns in this matter, it is just and appropriate for the Court to grant my clients an exception, ensuring their rights to participate in the distribution are recognized.

The proposed motion would address the following issues:

1. **Eligibility for Fund Distribution** – Despite being a non-EB-5 investor, my clients hold a valid limited partner interest in EMMCO NQMC, L.P., which is tied to the fraudulent conduct involving the EB-5 investors. We respectfully request an exception to allow for participation in the Distribution Fund.

2. **Administrator's Statement on Application** – The Distribution Administrator has indicated that while my client may submit a claim, under the terms of the Plan, the Distribution Administrator is not authorized to consider his claim because my client is not an "EB-5 Investor," as that term is defined under the Plan. My clients seek the Court's intervention to permit them to be treated as EB-5 investors under the Plan.

3. **Legal Grounds for Exception** – We will provide the legal basis for the requested exception, emphasizing that fairness and equity support allowing a non-EB-5 investor like my clients to be treated as an EB-5 investor to recover funds given the connection of the limited partner interest to the fraudulent EB-5 investment.

   We respectfully request the Court's guidance on the scheduling of this motion and any other procedural considerations necessary to proceed.

Should Your Honor require any additional information or documentation, we would be happy to provide it. Thank you for your attention to this matter.

Respectfully Submitted,

*/s/ Jon-Jorge Aras*

Case 1:21-cv-05350-PKC-JAM    Document 609    Filed 06/27/25    Page 4 of 4 PageID #: 27864