

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
100 Pearl Street, Suite 20-100
New York, NY 10004-2616

New York
Regional Office

July 30, 2025

**VIA ECF**
The Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East, Chambers N 631
Brooklyn, NY 11201

      Re:    <u>SEC v. Richard Xia, et al., 21-cv-05350-PKC-JAM (E.D.N.Y)</u>

      Plaintiff Securities and Exchange Commission ("SEC") respectfully responds to the request by Defendants Richard Xia ("Xia") and Fleet New York Metropolitan Regional Center LLC ("Fleet," together with Xia, "Defendants") to lift the asset freeze in this case to pay $160,000 to their law firm, Global Law Group. (ECF No. 636.) Defendants have not provided information sufficient to determine whether their requested carveout is "legitimate and proper" under the terms of the asset freeze. For this reason, the Court either should deny Defendants' request or hold it in abeyance until Defendants provide the additional necessary information.

      On July 1, 2025, EB-5 investor Yongxiang Pan informed the Court that, since at least February 2023, Defendants have failed to respond to his repeated requests for certain documentation he needs to apply for permanent U.S. resident status. (ECF No. 616.) In their response letter, Defendants blame their failure on their inability to pay for such documentation under the asset freeze (ECF No. 625-1), despite the Court's prior suggestion that it would consider carveouts for such costs (*see, e.g.*, ECF No. 216 at 69).[1] On July 14, after holding a conference on the matter (ECF Minute Entry, 7/15/25; ECF No. 630, 7/14/25 Hr'g Tr.), the Court ordered Defendants to file an application for a carve-out by July 21, 2025 (later extended to July 25). (7/14/25 Hr'g Tr. at 79:11-17l; ECF Text Order, dated July 21, 2025.)

      Defendants' present application lacks documentation sufficient to determine whether their requested release of $160,000 is "legitimate and proper," as required by the terms of the asset freeze. (ECF No. 217.) Such missing documentation includes a detailed breakdown of the proposed legal services, hourly rates, scope of work, timeline for completion and delivery, qualifications of the proposed attorneys and staff, and any basis for the claimed $160,000 cost. Nor does Defendants' application provide any detail about a "Dr. Sommers" referenced in the invoices—including qualifications, rates, or services to be provided. Instead, the invoices make

---

[1] Defendants' response letter also asserts many falsehoods, which the SEC addresses in its July 22 brief concerning enforcement of the Final Judgment. (ECF No. 634.)

Hon. Pamela K. Chen  Page 2
July 30, 2025

only vague reference to "project documentation" and "costs" apparently to be incurred over the next two-and-a-half years.[2]

      Without this additional information, neither the Court nor the SEC can determine whether Defendants' requested $160,000 carveout is legitimate and proper.  Furthermore, Defendants' application fails to explain the reason for releasing $160,000 in advance of the services to be performed rather than after the services are rendered, as is customary for legal fee applications.  Indeed, other service providers who have sought fee carveouts in this case have submitted detailed post-service invoices—which the parties reviewed, and the Court approved, before release of any funds.  (*See, e.g.*, ECF No. 489, Monitor's Interim Fee Application; ECF No. 612, Distribution Administrator's Modified Interim Quarterly Fee Application.)

      Accordingly, the SEC respectfully requests that the Court deny Defendants' request for a carve-out or instruct them to provide the additional required information.

      Respectfully submitted,

      /s/ Christopher M. Colorado
      Christopher M. Colorado
      David Stoelting
      Kim Han
      Securities and Exchange Commission

      *Attorneys for Plaintiff*

cc:    Richard Xia, *Pro Se* (by ECF)
       All counsel (by ECF)

---

[2] To obtain a carveout, the asset freeze further requires Defendants to provide the Monitor a full accounting.  Defendants also must demonstrate that (1) the funds they seek are untainted by the alleged fraud; and (2) sufficient funds remain to satisfy the July 2024 Final Judgment in this case.  *See SEC v. Tadrus*, No. 23-cv-5708 (FB) (JRC), 2023 WL 7222705, at *2 (E.D.N.Y. Nov. 2, 2023).  Defendants have made none of these showings.  Although the SEC does not currently object on these grounds, it reserves the right to do so regarding any such future requests.