

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
100 Pearl Street, Suite 20-100
New York, NY 10004-2616

NEW YORK
REGIONAL OFFICE

October 21, 2025

**VIA ECF**
The Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East, N 631
Brooklyn, New York 11201

    Re:    <u>*SEC v. Xia, et al.*, 21-cv-05350-PKC-CHK (E.D.N.Y.)</u>

Dear Judge Chen:

    Pursuant to Rule 3(b) of the Division of Business Rules for the Eastern District of New York, plaintiff Securities and Exchange Commission ("SEC") respectfully requests that the Court deem a recently filed SEC removal action, *Mushkudiani v. Racanelli Construction Group Inc.*, 25-cv-5474 (E.D.N.Y.) ("Mushkudiani Case"), related to this case. The Mushkudiani Case involves an Order to Show Cause petition against the SEC by an individual, Koba Mushkudiani ("Mushkudiani"), concerning Mushkudiani's enforcement of a money judgment against Richard Xia ("Xia"). Both cases involve overlapping facts and arise from events directly connected to the SEC's enforcement of the Final Judgment against Xia and Fleet New York Metropolitan Center LLC ("Fleet," together with Xia, "Defendants") in this case ("Xia Case"). Assigning the Mushkudiani Case to Your Honor would promote judicial efficiency and avoid potentially conflicting rulings. In addition, the SEC requests that the Court otherwise stay both cases due to a lapse in federal government appropriations.

    In the Xia case, on July 26, 2024, the Court entered a Final Judgment against Defendants. (ECF No. 460.) The Final Judgment requires them to pay $228.5 million in disgorgement, $25 million in pre-judgment interest, and more than $21 million in civil penalties. The Final Judgment also requires Defendant Xia to convey senior security interests in certain properties to the SEC as collateral for the money judgment, which Xia did on or around November 7, 2024. Additionally, the Final Judgment continues the asset freeze on all of Defendants' assets until full payment is made.

    The Mushkudiani Case involves Mushkudiani's efforts to enforce a $36 million money judgment against certain property at issue in this case. Mushkudiani obtained that judgment against certain Xia entities in an otherwise unrelated New York State Court tort action, *Mushkudiani v. Racanelli Construction Group LLC, et al.*, No. 502931/2017 (N.Y. Sup. Ct., King Cnty.). In that action, Mushkudiani recently filed a post-judgment Order to Show Cause petition directed to the SEC, seeking an order: (1) vacating the SEC's *lis pendens* on Xia's Eastern Mirage property; (2) declaring that the mortgages Xia conveyed to the SEC under the Final Judgment were unlawful; and (3) appointing a receiver to sell the Eastern Mirage property despite the asset freeze imposed in this case. On September 30, 2025, the SEC removed

Hon. Pamela K. Chen  
October 21, 2025

Mushkudiani's state court petition to this court under 28 U.S.C. § 1442(a), where it is captioned *Mushkudiani v. Racanelli Construction Group, Inc.*, 25-cv-5474 (E.D.N.Y.).[1]  In the Mushkudiani Case, Judge Pollak has scheduled an initial conference for November 7, 2025.

      Because the SEC's post-judgment enforcement efforts in the Xia Case and the Order to Show Cause petition in the Mushkudiani Case involve overlapping facts and arise from the same underlying transactions—and each have significant potential impact on the EB-5 investors in the Xia Case—assigning both cases to the same District Court Judge and Magistrate Judge would promote judicial efficiency and consistency, as contemplated by Division of Business Rule 3(b). The SEC has contacted counsel for all parties to the Mushkudiani Case— plaintiff Koba Mushkudiani and defendants Racanelli Construction Group Inc., X&Y Development Group LLC, Fleet Financial Group Inc., and JiQing Development Inc.—regarding whether they consent to relating the cases.  Mushkudiani does not consent and the other parties have not provided a position.  The SEC also contacted Defendants in the Xia Case, and Fleet does not object to the cases being deemed related while Xia has not responded.[2]

      The SEC also respectfully requests that the Court stay the Xia Case and the Mushkudiani Case (if deemed related) due to a lapse in federal government appropriations.  As of October 1, 2025, most SEC personnel have been furloughed and are prohibited from working.  SEC counsel assigned to these matters are therefore unavailable to work on them, and federal law prohibits furloughed employees from working on a voluntary basis.  *See* 31 U.S.C. § 1342.  Accordingly, a stay is appropriate until appropriations are restored.

Respectfully submitted,

/s/ Christopher M. Colorado  
Christopher M. Colorado  
SECURITIES AND EXCHANGE COMMISSION  
New York Regional Office  
100 Pearl St., Suite 20-100  
New York, NY 10004-2616  
(212) 336-9143 || ColoradoCh@sec.gov

*Counsel for Plaintiff Securities and Exchange Commission*

---

[1] Only the Order to Show Cause petition is removable under 28 U.S.C. § 1442(a), and the remainder of the state court action remains pending in New York Supreme Court, Kings County.

[2] Although the caption of the Mushkudiani Case includes Construction and Realty Services Group, Inc. ("CRSG"), Westin Hotel Management, LP ("Westin"), and Flushing Medical Services, PLLC ("Flushing Medical") as defendants, CRSG and Westin were previously dismissed from the state court case and Flushing Medical has never appeared in the state court case.  The SEC retained these defendants in the federal caption to maintain consistency with the original state court pleading.

Hon. Pamela K. Chen
October 21, 2025

Page 2

cc:     Chambers of Magistrate Judge Cheryl L. Pollak

       Andrew Wanger, Esq., counsel for Koba Mushkudiani

       Guofeng Li, Esq., counsel for Racanelli Construction Group Inc., X&Y Development Group LLC, Fleet Financial Group Inc., and JiQing Development Inc.