**Robert W. Seiden**
*Court-Appointed Fund Distribution Administrator Pursuant to the Order of The Honorable Judge Pamela K. Chen of the United States District Court, Eastern District of New York*

# SEIDEN | LAW

October 23, 2025

**VIA ECF**
Hon. Pamela K. Chen
Courtroom 4F
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> **Re:** **Securities and Exchange Commission v. Richard Xia, a/k/a Yi Xia et. al.**
> **21-cv-05350-PKC-JAM: Revised Fee Application for Quarter Two 2025**

Dear Judge Chen:

I write in response to the Court's Order, dated October 10, 2025, regarding our work relating to Fabric and Fabric, Inc ("**Fabric**") and to supplement the Fund Distribution Administrator's Quarterly Fee Application for Quarter Two of 2025 (ECF 647 & 679) with a revised invoice (**Exhibit 1**) that we are submitting herewith for approval. In deference to the Court's finding that "the amount of time and effort Seiden and his team expended addressing the contact by [Fabric] was unnecessary," we removed all professional fees associated with all Fabric-related work.

The Court's Order references 34.6 hours of work (which as the Court pointed out, included Fabric work that was sometimes bundled with non-Fabric work) from 9 time entries on the Distribution Administrator's original Quarter Two invoices. To address the Court's Order and be in full compliance with the Court's directive, my team and I reviewed the invoices for any other Fabric work. We identified 5 additional time entries that included Fabric work (4 of those entries described work for a "Third-Party Filer," which we determined was a reference to Fabric). In total, the Distribution Administrator identified 14 time entries from the original invoice that included Fabric work. Most of those entries also encompassed other administrative and claims-processing tasks essential to the ongoing distribution process that were unrelated to Fabric. Such bundled tasks included, among other things, preparing the motion to compel Defendant Xia's compliance with prior orders, processing investor submissions, and drafting claim-status letters—all necessary and compensable work under the Court-approved Distribution Plan. My team and I meticulously reviewed all those entries, and where bundled with other work, isolated the precise time and corresponding fees attributable to work associated with Fabric. As a result, we determined that the Fabric-related work for Quarter Two totaled 6.5 hours and amounted to $2,862.5 in fees.

As noted above, the Distribution Administrator is hereby waiving **all professional fees** corresponding to any Fabric-related work. We respectfully seek approval for fees for the non-Fabric work referenced in the bundled entries that was for other necessary administrative and claims-processing work. For the Court's information, we are also submitting a marked-up version

1

**Robert W. Seiden**

**Court-Appointed Fund Distribution Administrator Pursuant to the Order of The Honorable Judge Pamela K. Chen of the United States District Court, Eastern District of New York**

# SEIDEN | LAW

of the original invoice (see **Exhibit 2**), reflecting as segregated and marked through the Fabric-only work, in order for the Court to see the Fabric fees that are not included on **Exhibit 1**.

We respectfully request that the Court approve the fee application as revised with **Exhibit 1,** reflecting the deduction of all Fabric-related fees.  A revised proposed order reflecting these adjustments is attached as **Exhibit 3**.

Please do not hesitate to contact me if Your Honor has any questions or requires further clarification.

Respectfully submitted,

Robert W.  Seiden, Esq.

The Court-Appointed Fund Distribution Administrator