**SEIDEN | LAW**

Robert W. Seiden
Court-Appointed Fund Distribution Administrator
Pursuant to the Order of The Honorable Judge
Pamela K. Chen of the United States District Court,
Eastern District of New York

December 4, 2025

<u>**VIA ECF**</u>
Hon. Pamela K. Chen
Courtroom 4F
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Securities and Exchange Commission v. Richard Xia, a/k/a Yi Xia et. al. 21-cv-05350-PKC-JAM – Distribution Administrator's Response to Defendant Richard Xia's Opposition to Amend the Court-Approved Statement of Claim Form

Dear Judge Chen:

I write in the above-referenced matter to respectfully respond to the letter filed by *pro se* Defendant Richard Xia ("**Xia**"; ECF No. 703) in opposition to the Distribution Administrator's Motion to Amend the Court-Approved Statement of Claim Form (the "**Amendment Motion**"; ECF No. 692). Xia's opposition letter, however, does not address (let alone object to) any of the actual proposed amendments to the Statement of Claim Form. Instead, Xia's letter objects to previously approved language and amounts to another attempt to level unsupported accusations against the Distribution Administrator as well as re-litigate arguments he has repeatedly raised in prior filings—arguments the Court has already rejected. For the reasons set forth below, the Distribution Administrator's Amendment Motion should be granted in its entirety.

As you know, on November 5, 2024, Your Honor approved my proposed Distribution Plan together with the related Distribution Notice and Statement of Claim Form. *See* Text Order dated November 5, 2024. The Distribution Plan (ECF No. 500-3) and Statement of Claim Form simply reflect (without modification) the three potential options for the EB-5 Investors (and the circumstances under which two of those options become available) that are set forth in the Court's Final Judgment (ECF No. 460) and Appointment Order (ECF No. 461). During the August 25, 2025 status conference, the Court noted that, although the notices and instructions issued by the Distribution Administrator accurately informed EB-5 Investors of the three options set forth in the Distribution Plan and described the methods for making their selections, the Statement of Claim itself did not contain a designated section for investors to expressly designate their chosen option.

In accordance with the Court's encouragement, I thereafter submitted a proposed Amended Statement of Claim (the "**Amended Statement of Claim**") setting forth the same three options but providing EB-5 Investors with a dedicated section in which they are required to make an affirmative selection of their option. *See* ECF No. 692-1. **Xia's letter does <u>not</u> object to (or even mention) this amendment to the Statement of Claim.**

1

**SEIDEN | LAW**

Robert W. Seiden
Court-Appointed Fund Distribution Administrator
Pursuant to the Order of The Honorable Judge
Pamela K. Chen of the United States District Court,
Eastern District of New York

The Amended Statement of Claim also: (a) informs the EB-5 Investors of the Court's extension of the Bar Date to February 15, 2026; (b) includes detailed guidance on how to complete the wire instruction section required on the Amended Statement of Claim based on their selection of the options; and (c) allows investors who previously submitted an original Statement of Claim to "simply upload a scanned copy of their duly executed Amended Statement of Claim reflecting their option selection through the online portal or mail" without having to re-notarize and re-mail their Amended Statement of Claim. *See* ECF No. 692 at 3–4.[1] **Xia's letter does <u>not</u> object to any of these proposed amendments.**

Xia's letter takes issue with provisions that were previously and appropriately approved by the Court.

Xia's letter starts with the misguided assertion that "the sole material change in the proposed amended forms is the addition of the sentence[,] 'BUT THE ORIGINAL FORM MUST BE RECEIVED AT THE BELOW ADDRESS BEFORE ANY DISTRIBUTION MAY BE MADE.'" *See* ECF No. 703 at 1. He then argues that this "newly added requirement is unnecessary, prejudicial to investors, and inconsistent with the Appointment Order's mandate that the Fair Fund be administered in a fair, impartial, and cost-effective manner." Xia's highlighted language is <u>not</u> new; this exact language is in the original Court-Approved Statement of Claim. *See* ECF Nos. 500-3, 692-2. Moreover, Xia does not explain, nor can he, how requiring the submission of the Statement of Claim to the Distribution Administrator before a distribution is made could possibly be prejudicial or unfair.

Xia also argues that the Distribution Administrator is improperly promoting one option over the others by characterizing Option II (requesting that the Distribution Funds be returned to the NCE(s) in which the EB-5 Investors originally invested) and Option III (requesting that the Distribution Funds be transferred to a new EB-5 program by exercising Section M rights under the INA statute) as "conditional," while describing Option I (requesting a direct distribution) as "non-conditional." *See* Xia's Opposition Letter, Points 4, 10. But, Options II and III are conditional, and the Distribution Administrator's description of the options and conditions reflects exactly what is set forth in the Court's Final Judgment and Appointment Order governing the EB-5 Investors' elections. *See* ECF Nos. 460, 461, 500-3. The Court's Orders clearly delineate the prerequisites for Options II and III to be available to EB-5 Investors; the Distribution Administrator did not "unilaterally invent[] the options and the conditions. *See* ECF No. 461 ¶¶8–11[2] The Distribution

---

[1] Only those EB-5 Investors who did not submit an original Statement of Claim are required to provide a complete and properly notarized Amended Statement of Claim

[2] In its Appointment Order, the Court outlined the conditions for EB-5 Investors to instruct the Distribution Administrator to deposit their "*pro rata* share of any distribution" to the "respective 'new commercial enterprise' in which they previously invested […]" ***only if*** all of the following conditions are first met: "(a) Defendant Xia has relinquished all ownership and control of Defendant Fleet, and provided a certification described in Paragraph VIII(b) of the Final Judgment; (b) Defendant Fleet has filed an application on Form I-956 with USCIS requesting approval of the new ownership of Fleet and designation of Fleet as a regional center in the EB-5 program; and (c) USCIS has approved Defendant Fleet's Form I-956 application, and any conditions required in connection with such approval have been satisfied, and USCIS must not have taken adverse action against Fleet up to and including termination." *See* ECF No. 461 ¶8. The Appointment Order further provides that only "***in the event that*** USCIS terminates or debars

2

**SEIDEN | LAW**

Robert W. Seiden
Court-Appointed Fund Distribution Administrator
Pursuant to the Order of The Honorable Judge
Pamela K. Chen of the United States District Court,
Eastern District of New York

Administrator has not promoted, emphasized, or recommended any particular option; he has merely summarized the structure established by the Court.

Lastly, Xia argues that the proposed amendment contains "new" requirements such as requiring a "physical-original" and a mailing from China that are burdensome to the EB-5 Investors. *See* Xia's Opposition Letter, Points 11-12. These are not "new" requirements. The original Court-approved Statement of Claim expressly contained the same requirements.

Xia improperly uses his opposition to re-litigate arguments he has raised repeatedly in his prior submissions – arguments the Court has already rejected twice.

Response to Xia's Points 1-3: Xia again contends that the Distribution Administrator "unilaterally issued reports and communications to [EB-5 Investors] without any authorization" or "any required approval from the Court, the SEC, or other parties." *See* ECF No. 703 at 2–3. Notably, this is the ***fourth*** time Xia has alleged that the Distribution Administrator's status reports constitute unauthorized unilateral communications, unauthorized publications, or misleading and biased statements to EB-5 Investors. *See, e.g.*, ECF Nos. 639 at 3–5; 653 at 5–7; 674 at 3; 703 at 2–3. The Court has already considered and rejected these allegations. Xia further alleges that the Distribution Administrator's status reports create a "false impression that the project is completed 'stopped'"[3] and "prompt[]" the Option III under the Distribution Plan. *See* ECF No. 703 at 3. These allegations are unfounded. Nowhere in any of the Distribution Administrator's status reports, either directly or indirectly, does the Distribution Administrator state that the project has been "stopped" or otherwise halted in any manner.

Response to Xia's Point 4: As explained above, Xia's allegation that the Distribution Administrator "continues to aggressively promote his invented options in communications purporting to be official court opinions," and is "misleading investors into believing [the alternative options] are endorsed by the Court," *See* ECF No. 703 at 3, is plainly false. The three options were established by the Court in its Final Judgment and Appointment Orders—not by the Distribution Administrator, and the Distribution Administrator does not promote one option over the others. *See supra at* 1-3 at Fn. 2; *see also* ECF No. 461 ¶¶8–11.

Response to Xia's points 5 and 6: Xia's points are not relevant to the Amendment Motion. Rather, they are another attempt to challenge the Distribution Administrator's notice process by asserting, without basis, that the notices published on multiple websites were "delayed, biased, unauthorized," and somehow "purport[] to be an official court notice." *See* ECF No. 703 at 4–5. These arguments are not new. The Distribution Administrator fully addressed them in his August

---

Defendant Fleet, then an EB-5 Investor may elect to attempt to exercise their rights, if any, under Section 203(b)(5)(M)(ii) of the Immigration and Nationality Act …" *See id* ¶¶9-10 (emphasis added). The Court has instructed the Distribution Administrator to "distribute each investor's *pro rata* share of the settlement to the investor" if "USCIS does not terminate or debar Defendant Fleet" and if "the conditions set forth [for the return of distribution funds to the NCE] are not otherwise satisfied." *Id*. ¶ 11.

[3] Although Xia places the word "stopped" in quotation marks, he provides no citation supporting this assertion. Nowhere in any of the Distribution Administrator's reports does the Distribution Administrator use the term "stop" (or any similar terminology) to describe the EB-5 Project involved in this matter.

3

**SEIDEN | LAW**

Robert W. Seiden
Court-Appointed Fund Distribution Administrator
Pursuant to the Order of The Honorable Judge
Pamela K. Chen of the United States District Court,
Eastern District of New York

1, 2025 response to Xia's sanctions motion. *See* ECF No. 642 at 3–4. Moreover, the Court rejected Xia's assertions in its August 22 ruling. Accordingly, the Distribution Administrator will not further address Xia's points 5 and 6.

Response to Xia's point 7: This point appears to be a repetition of the arguments raised in points 1–4 concerning the Distribution Administrator's status reports and communications with the EB-5 Investors about the investor options. Accordingly, the Distribution Administrator reasserts his prior responses. *See supra* at 1-3.

Response to Xia's point 8: This point has no relevance to the Amendment Motion. It is another attempt to attack the Distribution Administrator's reputation and efforts in administering the distribution process through an unsupported argument. Relying on Paragraph 6 of the Court's Appointment Order (*see* ECF No. 461), Xia contends that the Distribution Administrator should not receive any funds from the Fair Funds because, in his view, the Fair Funds should be distributed solely to the victims in this matter rather than the Distribution Administrator. *See* ECF No. 703 at 6. Xia misreads the Court's Appointment Order. Paragraph 6 of the Appointment Order provides the criteria the Distribution Administrator must apply in determining who qualifies as an eligible claimant for purposes of participating in the distribution process. Paragraph 6 does not concern compensation for the Distribution Administrator. As clearly provided in Paragraphs 16–22 of the Appointment Order, the Distribution Administrator's fees and costs are subject to Court approval under a procedure expressly established by the Court. *See* ECF No. 461 ¶¶ 16–22. There is no basis for Xia's false assertion that the Distribution Administrator has somehow prioritized his personal interests over those of the EB-5 Investors. To the contrary, the Distribution Administrator has diligently performed his duties, including reviewing, analyzing, and responding to EB-5 Investors' submissions and communicating with investors and their counsel on a daily basis.

Response to Xia's point 9: Point 9 simply revisits Xia's prior argument concerning the Distribution Administrator's alleged tax-related obligations, despite the Court having already made clear that Xia "misconstrue[s] the Distribution Administrator's role and responsibilities regarding the management of the corporate entities in this case." *See* Court's Text Order dated October 10, 2025. The Distribution Administrator has no duties or responsibilities to manage the corporate entities involved in this matter, including their tax filings or the preparation of any tax-related documents. *See* ECF No. 676 at 3. Accordingly, the Distribution Administrator will not address Xia's point 9 in further detail.

Response to Xia's point 10: This is a repetition of Xia's previous personal attacks on the reputation of the Distribution Administrator, which have been responded to and rejected by the Court. Accordingly, there is no need to respond further.

Response to Xia's points 11-13: Xia attempts to re-litigate arguments that this Court has already rejected regarding the requirement to submit the original copy of the Statement of Claim and physical mailing from China. *See* ECF No. 703 at 7–8. As noted above, these requirements are not "new." Xia's contention that the amendment imposes an additional burden on the EB-5 Investors is also baseless. To minimize any burden on EB-5 Investors, the Distribution

4

**SEIDEN | LAW**

Robert W. Seiden
Court-Appointed Fund Distribution Administrator
Pursuant to the Order of The Honorable Judge
Pamela K. Chen of the United States District Court,
Eastern District of New York

Administrator has proposed a reasonable and effective method to collect their Amended Statement of Claim. *See supra* at 2; *see also* ECF No. 692 at 3-4. Therefore, contrary to Xia's unfounded assertions, no new or additional burdens are being imposed on the EB-5 Investors.

For the foregoing reasons, I respectfully request that the Court grant my Amendment Motion. In addition, I renew my prior request that the Court consider appropriate sanctions on Xia to deter him from filing frivolous submissions, which needlessly increase the fees and expenses incurred by my team in responding to his repeated, meritless filings.

Respectfully,

_____
Robert W. Seiden, Esq.

The Court-Appointed Fund Distribution
Administrator

5