

**ATTORNEYS AND COUNSELORS AT LAW**

_____

| **New York Office:** | **Los Angeles Office:** | **Shanghai Office:** |
|---|---|---|
| One Penn Plaza. Suite 2015 | U.S. Bank Tower | CITIC Square, 18th Floor |
| New York, NY 10119 | 633 W 5th Street 26th Floor | 1168 W. Nanjing Rd., Jing'an Dist. |
| Phone: +1 (212) 858-9968 | Los Angeles, CA 90071 | Shanghai, China 200041 |
| www.reidwise.com | Phone: +1 (213) 223-2328 | Phone: +86 400-006-9556 |

January 8, 2026

*Via ECF*
The Honorable Pamela K. Chen
U.S. District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: *SEC v. Xia et al.,*
    Case No. 1:21-cv-5350-PKC-RER

Dear Judge Chen:

  Our firm, Reid & Wise LLC, represents a group of twenty-two (22) Chinese EB-5 investors in the Eastern Mirage Project: Mao Tang, Xiaying Jin, Zhenwei Mo, Dekang Gao, Zheng Xu, Zhigang Shen, Minjian He, Ying Tang, Jianqiang Dong, Jianrong Xu, Shuqian Chen, Ning Li, Miao Wang, Qing Yang, Xiaoming Zheng, Jingjing Cai, Zhe Liu, Jian Miao, Min Tang, Yi Xu, Wenfang Zuo, and Meili Geng (collectively, the "Investors"). We respectfully seek leave of Court authorizing the Distribution Administrator to remit the Investors' Distribution Payments to our firm's IOLA account, as expressly authorized by the Investors.

  Reid & Wise LLC has been representing the Investors continuously since 2019, when we commenced an action on their behalf in New York State Supreme Court against Richard Xia and his affiliated entities, styled *Mao Tang, et al. v. Fleet New York Metropolitan Regional Center LLC, et al.*, Index No. 655822/2019 (Sup. Ct. N.Y. Cnty.) (Schecter, J.) (the "State Court Action"). Our firm has also previously submitted letter requests in this SEC enforcement action on behalf of these same clients. (See, e.g., ECF Docs. Nos. 231, 271.) The State Court Action has been stayed since April 5, 2023, following the settlement reached between the SEC and the defendants in this enforcement action. (See Ex. A, State Court Order Regarding Stay, dated April 5, 2023; and Ex. B, Status Update Letter filed in the State Court Action on April 25, 2025.)

  Pursuant to the Court-approved Distribution Plan (ECF Doc. No. 500-3), our firm timely submitted to the Distribution Administrator each Investor's notarized Statement of Claim, the Retainer Agreement authorizing Reid & Wise LLC to submit the claim and receive Distribution Payment into our firm's IOLA account on the Investor's behalf, and the required supporting documentation. <u>The Distribution Administrator advised, however, that the Distribution Plan does not allow him to remit the Investors' Distribution Payments to our firm's IOLA account absent</u>

1



___

Court approval, notwithstanding the Investors' written and notarized instructions. Specifically, the Distribution Administrator, after consultation with the Securities and Exchange Commission, cited paragraph 81 of the Distribution Plan, which provides that Distribution Payments are to be "directly transfer[red] … to [an investor's] account" (the "Distribution Plan"; ECF Doc. No. 500-3 at ¶ 81). The Distribution Administrator therefore recommends that Court authorization is required to remit the Distribution Payments to the Investors' designation of counsel's trust account. As an alternative, the Distribution Administrator suggested that our firm create separate attorney trust accounts for each individual investor to ensure that the distribution process complies with the Distribution Plan. However, it would be administratively burdensome to create a separate account for each of the 22 investors who we represent, and after consulting with our accountant, we understand that our firm's IOLA account does not support the creation of separate sub-accounts for individual clients.

The Distribution Administrator indicated that this Distribution Plan requirement is based on SEC requirements, likely intended to safeguard against fraud or identity theft. Here, however, the record reflects that Reid & Wise LLC has continuously been representing these Investors since 2019—well before the commencement of this enforcement action—and that the Investors have knowingly and expressly authorized payment to our firm's IOLA account pursuant to written retainer agreements and statement of claims submitted to the Distribution Administrator.

Accordingly, we respectfully request that the Court grant leave authorizing the Distribution Administrator to remit the Distribution Payments attributable to the twenty-two (22) Investors identified above to Reid & Wise LLC's IOLA account, consistent with the Investors' written instructions.

The Distribution Administrator has reviewed this letter and has indicated that it has no objection to the requested relief.

We thank the Court for its consideration.

Respectfully submitted,

Matthew Sava

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION

| | |
|---|---|
| Mao Tang, Xiaying Jin, Zhenwei Mo, Dekang Gao, Zheng Xu, Zhigang Shen, Minjian He, Ying Tang, Jianqiang Dong, Jianrong Xu, Shuqian Chen, Ning Li, Miao Wang, Qing Yang, Xiaoming Zheng, Jingjing Cai, Zhe Liu, Jian Miao, Min Tang, Yi Xu, Wenfang Zuo, Min Tang, and Meili Geng, individually and derivatively on behalf of EMMCO NQMC, LP, <br><br> Plaintiffs, <br><br> -against- <br><br> Fleet New York Metropolitan Regional Center LLC, f/k/a Federal New York Metropolitan Regional Center LLC, Fleet Financial Group, Inc., and Richard Xia, <br><br> Defendants. | Index No. 655822/2019 <br><br> IAS Part 54 (Schecter, J.) <br><br> **STIPULATION AND ORDER REGARDING STAY** <br><br> SO ORDERED: *[signature]* <br> _____ <br> Jennifer Schecter, JSC  4/5/23 |

WHEREAS, the Securities and Exchange Commission (SEC) has moved in the action *SEC v. Xia*, No. 21-cv-5350 (PKC) (RER), for appointment of a liquidating receiver over Defendant entities, and

WHEREAS, the SEC has also moved for a litigation injunction which if granted would enjoin prosecution of this case, and

WHEREAS, Defendants have opposed the SEC's motion for appointment of a liquidating receiver over Defendant entities and have cross-moved in the Federal Court for permission to refinance the projects to obtain funds to repay the investors, including Plaintiffs, subject to certain conditions,

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for the parties, that this action shall be stayed pending the Federal

Court's decision on the pending motion for a liquidating receiver and for a litigation injunction, and Defendants' cross-motion.

The parties will notify the Court promptly upon receipt of the Federal Court's decision on the pending motions.

Dated: New York, New York
April 5, 2023

By: */s/ Matthew Sava*
    Matthew Sava
    Zheng Gao
    REID & WISE LLC
    One Penn Plaza, Suite 2015
    New York, New York 10119
    Tel: (212) 858-9968

    *Attorneys for Plaintiffs*

By: */s/ Benjamin Kaufman*
    Mark C. Rifkin
    Benjamin Kaufman
    WOLF HALDENSTEIN ADLER
    FREEMAN & HERZ LLP
    270 Madison Avenue
    New York, New York 10016
    Tel: 212-545-4600

    *Attorneys for Defendants*

# EXHIBIT B



**REID & WISE** LLC
ATTORNEYS AND COUNSELORS AT LAW

Zheng Gao
Email: zgao@reidwise.com

| **New York Office:** | **Los Angeles Office:** | **Shanghai Office:** |
|---|---|---|
| One Penn Plaza. Suite 2015 | U.S. Bank Tower | CITIC Square, 18th Floor |
| New York, NY 10119 | 633 W 5th Street 26th Floor | 1168 W. Nanjing Rd., Jing'an Dist. |
| Phone: +1 (212) 858-9968 | Los Angeles, CA 90071 | Shanghai, China 200041 |
| www.reidwise.com | Phone: +1 (213) 223-2328 | Phone: +86 400-006-9556 |

April 25, 2025

**VIA NYSCEF**
Hon. Jennifer Schecter, JSC.
NYS Supreme Court, NY County
IAS Part 54

**RE:   Mao Tang, et al. v. Federal New York Metropolitan Center LLC et al**
       **Index No.: 655822/2019**

**STATUS UPDATE BY PLAINTIFFS**[1]

Dear Judge Schecter,

Plaintiffs respectfully submit this letter in response to the Court's request for an update.

The instant action has been stayed since April 5, 2023, following a parallel Enforcement Action brought by the SEC against the defendants in the Eastern District of New York, styled *SEC v. Xia*, No. 21-cv-5350 (PKC) (RER) (the "**SEC Action**"). In that case, the SEC moved for the appointment of a liquidating receiver over the Defendant entities and for a litigation injunction, which, if granted, would enjoin the prosecution of this case.[2]

As of the PACER docket (**Ex. A**), the Federal Court has not ruled on the SEC's motions. However, Richard Xia and the Defendant entities have reached a settlement with the SEC (**Ex. B**, SEC's motion to approve settlement). The Federal Court approved the settlement and issued a Consent Judgment (**Ex. C**), which requires the defendants to make payments to satisfy the Judgment. The Court also appointed a Distribution Administrator (**Ex. D**) to manage the disbursement of funds to the EB-5 investors, including the Plaintiffs in this action. Additionally, the Federal Court approved the Distribution Plan (**Ex. E**) proposed by the Distribution Administrator (**Ex. F**, Distribution Administrator's Motion to Approve Plan). Plaintiffs are currently in the process of submitting their Proof of Claims to the Distribution Administrator in accordance with the Plan and are awaiting distribution.

---

[1] Plaintiffs are filing this letter alone, rather than as a joint letter, because Defendants' counsel has informed us that they were terminated by Defendants and, therefore, lack the authority to join this letter on Defendants' behalf.

[2] Plaintiffs are not parties to the SEC Action. Their understanding of the SEC Action is based on the unsealed court filings in the SEC Action, which are available to them on PACER.

1



Zheng Gao
Email: zgao@reidwise.com

Under the terms of the Federal Court's Appointment Order (Ex. D), all distributions are to be made within two years, meaning by July 26, 2026.

It is our understanding that, if the defendants fulfill their payment obligations under the Judgment, there will be sufficient funds available for distribution to the Plaintiffs to satisfy their claims in this action. However, should the defendants fail to make full payments, the Plaintiffs will only receive partial recovery from the SEC Action distribution and will need to continue this action to recover any remaining deficiency.

In light of the above, we believe it is in the best interest of judicial efficiency to maintain the stay of this action until the Plaintiffs receive the distribution from the SEC Action, or until it becomes clear that the Plaintiffs will not receive full recovery from the SEC Action.

Thank you for your attention to this matter.

Respectfully submitted,

Zheng Gao