**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

—

United States Securities and Exchange Commission,

*Plaintiff,*

v.

Richard Xia, a/k/a Yi Xia, and Fleet New York Metropolitan Regional Center, LLC,

*Defendants.*

—

Case No. 21-cv-05350-PKC-JAM

**DEFENDANTS' RENEWED MOTION TO STAY MARCH 6, 2026 ORDER PENDING APPEAL**

—

## I.  INTRODUCTION

Defendants respectfully move for a stay pending appeal of this Court's March 6, 2026 Order (Dkt. 740), which authorizes appointment of a receiver to sell Eastern Mirage and Eastern Emerald. This Court denied Defendants' prior stay request within the March 6 Order itself. Dkt. 740 at 17–25. This renewed motion is submitted solely out of an abundance of caution in response to the SEC's argument before the Second Circuit (No. 26-549, consolidated with Nos. 25-1683 and 25-2039) that Defendants did not first seek a stay of the March 6 Order specifically in this Court.

Defendants do not seek to relitigate issues already decided. This motion highlights the discrete legal and factual bases that bear directly on irreparable harm and the method of enforcement.

## II.  THE SEC NOW STANDS AS A SECURED CREDITOR. ENFORCEMENT IS GOVERNED BY RULE 69.

Following entry of the Final Judgment, the SEC obtained and recorded mortgages on the subject properties as security for the judgment debt. Dkt. 459 at 7–9. Those mortgages expressly provide that they constitute:

> "continuing security for the payment . . . of a debt arising by virtue of the Final Judgment."

By obtaining these mortgages, the SEC elected secured-creditor status. Federal Rule of Civil Procedure 69(a)(1) requires enforcement of money judgments "in accordance with the practice and procedure" of New York—including judicial foreclosure under RPAPL Article 13 for mortgage-secured debt. The March 6 Order authorizes liquidation of mortgaged real property through equitable receivership without those procedures, raising a substantial legal question now pending in the Second Circuit. This Court itself recognized the question's force by "assum[ing], without deciding," that Defendants were correct about RPAPL's requirements before bypassing them. Dkt. 740 at 15.

## III.  THE PROJECT PROPERTIES ARE BORROWER COLLATERAL, NOT INVESTOR ASSETS.

The governing offering documents establish the following investment structure:

> Investors → Limited Partnership (NCE / Lender) → Loan → Project Entity (Borrower)

There are five EB-5 limited partnerships (LPs) formed as New York limited partnerships, each designated as a "new commercial enterprise (NCE)" under the EB-5 program. The following takes EEGH, L.P. (Eastern Emerald Project) as an example, and the structure extends to rest of the LPs.

Investors contributed $500,000 per unit to become limited partners of EEGH, L.P.—the New Commercial Enterprise. The NCE loaned those funds to Eastern Emerald Group, LLC under a Loan Agreement secured by a Mortgage Deed. The Private Placement Memorandum states: "Capital contributions are intended by the Partnership to be used for a loan to Eastern Emerald Group, LLC." Investors hold partnership interests in the NCE—the lender—not ownership interests in the real property. Liquidating the project properties does not return investor assets—it

extinguishes the NCE's loan security, terminates the qualifying commercial enterprise, and destroys the at-risk investment structure on which every investor's immigration eligibility depends.

## IV.   INVESTORS HAVE AFFIRMATIVELY ELECTED AGAINST LIQUIDATION UNDER THE COURT-APPROVED DISTRIBUTION PLAN.

The Court-approved Distribution Plan (Dkt. 500-3 ¶¶75–81) and Appointment Order (Dkt. 461 ¶8) authorize each investor to elect return of their pro rata share to the project NCE rather than accept cash. The Distribution Administrator confirmed this right in writing on January 24, 2025: the Plan "outlines the choices available to investors, including the option to remain invested in the EB-5 Program." Dkt. 543, Exhibit 2.

Dkt. 543-1 expressly raised with this Court that the Proof of Claim "fails to inform Investors of their right to remain in Fleet's Projects," citing Distribution Plan ¶75 and requesting prompt notice—filed February 5, 2025, thirteen months before the March 6, 2026 Order. The March 6 Order does not address these elections. A court cannot declare forced sale to be "for the benefit of investors" while simultaneously mooting the election those investors made under the court's own Distribution Plan.

## V.  IRREPARABLE HARM IS IMMINENT.

This Court has already authorized receiver appointment. The remaining steps are ministerial. The SEC has acknowledged before the Second Circuit that "a receiver can be proposed and appointed within days." SEC Opp. at 20 (2d Cir. DktEntry 55.1). Once a receiver is appointed and properties are marketed, third-party rights attach to unique real property that cannot realistically be restored upon reversal, rendering the appeal effectively moot. *See Sriram v. Preferred Income Fund III Ltd. P'ship*, 22 F.3d 498, 501 (2d Cir. 1994).

Beyond mootness: approximately 90 EEGH investors have pending I-829 petitions and 329 more will imminently require USCIS documentation—all dependent on the NCE's at-risk structure remaining intact. Immigration consequences are irreparable harm as a matter of law. *Ruiz v. Mukasey*, 552 F.3d 269, 276 (2d Cir. 2009). The SEC is overcollateralized at 2.5-to-1: independent 2022 Colliers appraisals valued the combined properties at $584.8 million against a remaining

judgment of $236.5 million. A stay imposes no financial harm on the SEC or investors.

## VI.  RELIEF REQUESTED

Defendants respectfully request that this Court:

1. Stay the March 6, 2026 Order (Dkt. 740) pending resolution of the consolidated Second Circuit appeal (Nos. 25-1683, 25-2039, 26-549); or

2. In the alternative, limit any appointed receiver to asset-preservation functions only—maintenance, security, record-keeping, and EB-5 investor documentation compliance—without authority to market, list, or sell Eastern Mirage or Eastern Emerald, pending the Second Circuit's ruling on the emergency stay motion.

## VII.  CONCLUSION

This renewed motion is filed solely to address the procedural concern raised in the Second Circuit. Defendants respectfully submit that the legal questions now pending on appeal—whether a secured judgment creditor may bypass Rule 69 and RPAPL foreclosure procedures, whether the NCE loan structure is compatible with forced project liquidation, and whether court-approved investor elections can be mooted by receiver appointment—are substantial and unresolved. Once these properties are marketed and sold, no ruling by this Court or the Second Circuit can restore the collateral or the immigration pathways dependent upon it. A stay is necessary to preserve meaningful appellate review.

Respectfully submitted,

/s/ Richard Xia

Richard Xia, a/k/a Yi Xia, Pro Se Defendant

4255 Saull Street, Flushing, NY 11355

(718) 288-5797
richard.xia@fleetfinancialgroup.com
Dated: March 24, 2026