*** Filed ***
11:12 PM, 26 May, 2026
U.S.D.C., Eastern District of New York

Hon. Pamela K. Chen
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:   SEC v. Richard Xia, et al. (21-cv-05350-PKC-CHK)**
     **Defendant's Comments on the Joint Proposed Notice (ECF 781)**

Dear Judge Chen:

Pursuant to the Court's Text Order dated May 12, 2026, I respectfully submit the following limited comments on the Joint Proposed Notice at ECF 781 (the "Notice"). I submit these comments solely on my own behalf as a named pro se defendant in this action. I am mindful that Fleet New York Metropolitan Regional Center LLC ("Fleet"), as a limited liability company, may appear in this matter only through counsel. I note for the Court's awareness that Fleet's counsel of record, Hantman & Associates, filed a notice of motion to withdraw earlier today (ECF 787); that motion remains pending before the Court. As the principal of Fleet, I do not undertake to speak for Fleet in any respect, and nothing in this submission should be construed as an appearance on Fleet's behalf.

I do not object to the substance of the Notice as a whole. The Notice appropriately directs investors to consult their own immigration counsel, preserves investor optionality through the abeyance pathway set forth in "Possible Next Step" No. 2, and correctly observes that USCIS (not any party to this case) ultimately determines the number of jobs that may be credited to an investor. Those provisions reflect careful work by Global Law Group ("GLG"), the Distribution Administrator, and the Securities and Exchange Commission ("SEC"), and I support them.

The three comments that follow are narrow, constructive, and intended to make the Notice more useful to its intended recipients. Each identifies a specific gap or omission in the Notice and proposes precise language for the Court's consideration. None seeks to reopen any matter the Court has previously resolved.

*Comment 1 — Option 1(b) should disclose the precondition that governs its availability*

Option 1(b) under "Possible Next Steps" advises investors that they may:

> "... (b) request to send distributions funds to another EB-5 Program-related NCE, if the option becomes available."

The "if the option becomes available" phrase, standing alone, does not convey to a lay reader what the precondition actually is. As counsel for the SEC explained on the April 20, 2026 record, the so-called "Section M" right to direct funds to an alternative new commercial enterprise is contingent on Fleet's termination from USCIS and from the EB-5 Regional Center Program, which is a precondition that, by the SEC's own acknowledgment, "has not happened yet" and which counsel for the SEC could not predict when, if ever, it would occur. (Tr. at 37.) Investors reading the Notice without immigration counsel may reasonably believe that Option 1(b) is presently available and

1

may shape their planning accordingly. Disclosing the precondition will allow investors to evaluate Option 1(b) on accurate footing.

*Proposed revision:* Add the following sentence at the end of Option 1(b): "Note: This option is contingent upon Fleet's termination from USCIS and the EB-5 Regional Center Program. Based on the April 20, 2026 record, that condition had not occurred, and accordingly Option 1(b) is not yet presently available." In the alternative, Option 1(b) may be removed from the Notice until such time as the precondition is satisfied.

*Comment 2 — The Notice should disclose the option to maintain current status*

The "Possible Next Steps" section currently presents two paths: amending the Statement of Claim (which, under Option 1(a), results in withdrawal from the EB-5 program) and requesting USCIS to hold the I-829 petition in abeyance. Both options require an affirmative election by the investor. The Notice does not advise investors that, for those whose I-829 filing deadline is not imminent, a third option exists: maintaining current status pending further developments in this case.

This third option is neither novel nor controversial. Investors whose filing deadlines lie further out may, on the advice of their own immigration counsel, reasonably elect to wait and observe how the pending proceedings and other developments in this matter continue to unfold before making a significant election. Including this option would make the Notice more balanced by clarifying that some investors, depending on their individual deadlines and counsel's advice, may not need to make an immediate election. Disclosing the third option leaves each investor free to assess, with their own counsel, which course best fits their individual circumstances.

*Proposed revision:* Add the following as a third numbered "Possible Next Step": **"3. Maintain Your Current Status While Awaiting Further Developments.** If your I-829 filing deadline is not imminent, you may, with the advice of your own immigration counsel, consider maintaining your current status while the pending proceedings and other developments in this case continue to unfold. This option may allow you to maintain your current position without making an immediate election at this time. It does not extend any USCIS deadline, alter any immigration requirement, or substitute for the advice of your own immigration counsel. Investors should not rely on this option if any USCIS filing or response deadline is approaching. As with the other options listed above, you are strongly encouraged to consult your own immigration counsel regarding the implications of this choice for your individual circumstances."

*Comment 3 — The "two to four" estimate should be qualified as based on currently available documentation*

The Notice presents the following figure:

> *"Based on information provided to the Court at the April 20, 2026 Status Conference, the available job creation data may be sufficient to support only approximately two to four additional Form I-829 petitions."*

I do not contest the estimate as drawn from GLG's testimony, and I appreciate that GLG provided the Court with the most careful figure it could state on the present record. I respectfully suggest, however, that the Notice acknowledge what the estimate is actually based upon: the construction-expenditure documentation that has been assembled and reviewed by GLG to date. The estimate is, by its nature, a snapshot. If additional documentation is later surfaced through any proceedings or further developments in this matter, or through any other channel the Court may approve, the figure may change. A short qualifier will prevent investors from understanding "approximately two to four" as a fixed or final number when in fact it remains contingent on facts that may yet develop.

*Proposed revision:* After the cited sentence, add: "This estimate reflects the construction-expenditure documentation currently available to and reviewed by GLG. The figure may change if additional documentation is subsequently surfaced through further proceedings or developments in this matter."

### Conclusion

The three comments above are constructive supplements to a Notice that, in its overall structure, I support. They are intended to ensure that recipients of the Notice (i) understand the precondition that governs Option 1(b), (ii) are informed of the full set of reasonably available next steps rather than only two, and (iii) understand the contingent nature of the "approximately two to four" job-creation estimate. None of these comments seeks to reopen any matter previously resolved by the Court, and none requires any factual finding beyond what is already on the April 20, 2026 record.

I thank the Court for its consideration.

Respectfully submitted,
Richard Xia, pro se
42-55 Saull Street
Flushing, New York 11355
richard.xia@fleetfinancialgroup.com
(718) 288-5797
May 26, 2026