UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
SECURITIES AND EXCHANGE
COMMISSION,

                        Plaintiff,

           - against -

RICHARD XIA, a/k/a YI XIA; *et al.*,

                      Defendants,

           - and -

JULIA YUE, a/k/a JIQING YUE; *et al.*,

                    Relief Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
21-CV-5350 (PKC) (CHK)

PAMELA K. CHEN, United States District Judge:

      Plaintiff Securities and Exchange Commission (the "SEC") commenced this action on September 27, 2021 against Defendants Richard Xia and Fleet New York Metropolitan Regional Center, LLC for violations of various federal securities laws, and against Relief Defendants Julia Yue, Xi Verfenstein, and Xinming Yu for unjust enrichment as a result of Defendants' alleged violations of securities laws.[1]  Before the Court is Defendant Xia's motion to stay this action. (Mot. to Stay Pending Appeal ("Second Mot. to Stay"), Dkt. 746.)  For the reasons stated below, Defendant Xia's motion is denied in full.

---

[1] Relief Defendants Yue, Verfenstein, and Yu were added in the SEC's Amended Complaint, filed on April 6, 2022.  (*See* Am. Compl., Dkt. 98.)

## BACKGROUND

### I.      The Case-in-Chief

The Court assumes the parties' familiarity with the extensive factual and procedural history

of this case,[2] and therefore only sets forth those facts relevant to this Memorandum and Order.  On

September 27, 2021, the SEC commenced this enforcement action, alleging violations of federal

securities laws by Defendants.  (*See generally* Compl., Dkt. 1.)  Also on September 27, 2021, the

Court granted an emergency temporary restraining order which, *inter alia*, froze Defendants'

assets throughout the pendency of this action in order to preserve the status quo and ensure that

sufficient assets remain available to compensate the defrauded investors.  *See Xia*, 2024 WL

964676, at *2; (Dkt. 11).  These assets include, *inter alia*, Eastern Mirage Project and the Eastern

Emerald Project (collectively, the "Projects").

On July 5, 2024, Defendants and Relief Defendant Yue entered their consent to the entry

of a proposed Final Judgment, which would impose a series of restraints and obligations on them.

(*See* Proposed Consent of Defs. and Relief Def., Dkt. 450-2; Proposed Final J., Dkt. 450-3.)  On

July 26, 2024, the Court approved the Proposed Consent, (Consent of Defs. and Relief Def.

("Consent"), Dkt. 459), and entered the Final Judgment also as proposed by the parties, (Final J.,

Dkt. 460).[3]  Among other things, the Final Judgment provides that the freeze of Defendants' assets

---

[2] *See, e.g.*, *SEC v. Xia*, No. 21-CV-5350 (PKC) (RER), 2022 WL 17539124, at *1–10 (E.D.N.Y. Dec. 8, 2022); *SEC v. Xia*, No. 21-CV-5350 (PKC) (JAM), 2024 WL 964676, at *1–5 (E.D.N.Y. Mar. 4, 2024); *SEC v. Xia*, No. 21-CV-5350 (PKC) (JAM), 2024 WL 3447849, at *2 (E.D.N.Y. July 9, 2024).

[3] The Final Judgment explicitly incorporates the Consent "with the same force and effect as if fully set forth [t]herein" and provides that "Defendant Xia shall comply with all of the undertakings and agreements set forth therein."  (Final J., Dkt. 460, at 10.)

will remain in force and effect until Defendants' monetary obligations under the Final Judgment are met.  (*See id.* at 8.)

To date, however, Defendants have not met their obligations under the Final Judgment. Accordingly, on April 25, 2025, the SEC moved to enforce the judgment by appointing a liquidation receiver for the Projects.  (Dkt. 582.)  At around the same time, on April 30, 2025, Defendant Xia moved to stay the enforcement of the Final Judgment.  (Mot. to Stay Enforcement of J. ("First Mot. to Stay"), Dkt. 586, at ECF[4] 1.)  On March 6, 2026, the Court issued a decision finding, *inter alia*, that it had the power to order such a receiver and that doing so in this case was now warranted.  *SEC v. Xia*, No. 21-CV-5350 (PKC) (CHK), 2026 WL 636671, at *3, *5 (E.D.N.Y. Mar. 6, 2026).[5]  The Court's Memorandum and Order also denied Defendant Xia's motion to stay the enforcement of the Final Judgment.  *Id.*  The same day, Defendant Xia noticed his appeal of that decision.  (Notice of Appeal, Dkt. 741.)  On March 11, 2026, Defendant Xia also filed with the Court of Appeals a motion to stay the proceedings in this action, *see* Mot. Administrative Stay, Dkt. 54, *SEC v. Xia*, No. 25-1683 (2d Cir. Mar. 11, 2026), which the Court of Appeals denied on March 27, 2026, (*see* Order, Dkt. 748).

On March 24, 2026, Defendant Xia filed the motion presently before the Court, requesting a stay of the Court's March 6, 2026 decision appointing a receiver pending the adjudication of the appeal of that decision.  (Second Mot. to Stay, Dkt. 746.)  To date, the Court has not received any filings opposing or supporting Defendant Xia's current motion seeking a stay of this action from other parties.

---

[4] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

[5] The Memorandum and Order reported as *SEC v. Xia*, No. 21-CV-5350 (PKC) (CHK), 2026 WL 636671 (E.D.N.Y. Mar. 6, 2026) is docketed in this case at Dkt. 740.

## LEGAL STANDARD

As previously discussed by the Court in this action, federal district courts may stay an action pursuant to inherent discretionary powers and under Federal Rule of Civil Procedure ("Rule") 62. *See Xia*, 2026 WL 636671, at *9–12 (citations omitted).[6]  Relevant here, under Rule 62(b), "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security" and that "[t]he stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security."  Fed. R. Civ. P. 62(b). Rule 62(d) also provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."  Fed. R. Civ. P. 62(d).

In the consideration for a discretionary stay, Defendant Xia carries the burden to establish "a clear case of hardship or inequity in being required to go forward."  *Xia*, 2026 WL 636671, at *10 (quoting *Est. of Henkin v. Kuveyt Turk Katilim Bankasi A.S.*, No. 19-CV-5394 (BMC), 2025 WL 622546, at *2 (E.D.N.Y. Feb. 26, 2025)).  "Courts take into account '(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest' in deciding whether to stay a case."  *Id.* (quoting *Kuveyt Turk Katilim Bankasi*, 2025 WL 622546, at *2).

---

[6] Defendant Xia does not specify on what grounds he seeks his motion to stay this action. Nonetheless, the Court considers both potential grounds because *pro se* litigants like Defendant Xia are entitled to "special solicitude" and his filings are considered "liberally." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (citations omitted).

## DISCUSSION

### I.    Arguments Previously Decided by the Court

Although Defendant Xia claims that he "do[es] not seek to relitigate issues already decided," (Second Mot. to Stay, Dkt. 746, at ECF 1), he dedicates most of his motion to presenting arguments already decided in the Court's order issued only 18 days before Defendant Xia's present motion.  The Court summarily rejects Defendant Xia's invitation to address these arguments a second time and writes only to reaffirm that, as decided, (1) the Court may proceed with appointment of a liquidation receiver under its equitable powers, *see Xia*, 2026 WL 636671, at *4–5 ("[T]he Court concludes that it has the equitable powers to both appoint a receiver and, if appropriate, to task that receiver with liquidating the [Projects].");  (2) the liquidation of the Projects is in line with investors' interests, *see id.* at *6 ("[T]he EB-5 investors [do not] have a credible threat of prejudice from the sales of the [Projects]. . . . In fact, Defendants' proposed course of action—preventing the sales of the Projects—would achieve the opposite of what investors are seeking.");  and (3) the Court need not require a separate proceeding before New York courts, *see id.* at *7 ("Rather than a mortgage foreclosure action, which [New York Real Property Actions and Proceedings Law's] Article 13 might govern, this decision grants 'equitable relief' that is 'appropriate or necessary for the benefit of investors' as provided by federal statute." (quoting 15 U.S.C. § 78u(d)(5))).  (*See also* Second Mot. to Stay, Dkt. 746, at ECF 2–3 (presenting arguments seeking to relitigate these issues).)

### II.    Imminent Harm

In his sole argument concerning his motion to stay proceedings not already addressed by the Court, Defendant Xia states that "irreparable harm is imminent" because "[o]nce a receiver is appointed and properties are marketed, third party rights attach to unique real property that cannot realistically be restored upon reversal."  (*Id.* at ECF 3–4 (citing *Sriram v. Preferred Income Fund*

5

*III Ltd. P'ship*, 22 F.3d 498, 501 (2d Cir. 1994).) Defendant Xia does not provide any specifics as to what these third-party encumbrances might be and how they might be irreversible, thus failing to meet his burden of proof to establish "a clear case of hardship or inequity in being required to go forward." *See Xia*, 2026 WL 636671, at *10 (citation omitted). Additionally, in deciding a stay pending appeal, the Court also considers other factors, including whether Defendant Xia has presented a "'strong showing that he is likely to succeed on the merits,'" "substantial injuries to nonmoving parties if a stay is issued, and the public interest." *Uniformed Fire Officers Ass'n v. de Blasio*, 973 F.3d 41, 48 (2d Cir. 2020) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)); *see also id.* at 49 (When the "likelihood of success [is] totally lacking, the aggregate assessment of the factors bearing on issuance of a stay pending appeal cannot possibly support a stay.'" (citations omitted)). All of these additional factors cut against granting Defendant Xia's requested stay: the Court now finds that Defendant Xia is unlikely to succeed on the merits and, as before, a stay would not serve the public interest, *see Xia*, 2026 WL 636671, at *11. To the extent Defendant Xia's investors are affected by this litigation, the Court does not find that the investors would benefit from delaying the receivership in light of the Final Judgment's requirement that Defendants entirely divest their control over the Projects—which Defendant Xia has not done—and the complaints the Court has received from these investors about Defendants' failure to timely or fully cooperate or assist with their immigration processes. *See id.* at *12. If anything, as the Court has found, delaying liquidation of the Projects any further will only increase their deterioration and thus risk the investors' and the SEC's ability to recover in this case. *See id.* at *5 (finding that the Projects are diminishing in value in light of Defendants' own admissions).

## CONCLUSION

For the reasons explained above, Defendant Richard Xia's motion to stay the enforcement of the Final Judgment pending his appeal of the Court's March 6, 2026 decision is denied in full.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated:  June 8, 2026
        Brooklyn, New York

7