

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

NEW YORK
REGIONAL OFFICE

June 22, 2026

<u>**VIA ECF**</u>
The Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East, N 631
Brooklyn, New York 11201

      Re:    *SEC v. Xia, et al.*, **21-cv-05350-PKC-CHK (E.D.N.Y.)**

Dear Judge Chen:

Pursuant to the Court's June 5, 2026 Order directing the Securities and Exchange Commission ("SEC") to submit a proposed order appointing a Liquidation Receiver, the SEC respectfully submits the enclosed Proposed Order.

The proposed Order, if entered, would appoint Michael I. Goldberg as Liquidation Receiver with specific, limited authority to market and sell the Subject Properties, resolve competing claims to sale proceeds, and transfer net proceeds for distribution to investors. The proposed Order is carefully structured to ensure that the Liquidation Receiver operates in coordination with, and without superseding, the existing Monitor Order and Distribution Order.

Among its principal provisions, the proposed Order: (i) sets forth the Liquidation Receiver's access rights and the cooperation obligations of Defendants, including the documents and information Defendants must provide, and enjoins Defendants from interfering with the sale process or further encumbering the Subject Properties (§§ II, 5-8); (ii) establishes the marketing and sale process, including the requirement of Court approval of any purchase agreement and confirmation of any closing, and authorizes the Liquidation Receiver to convey clear title by court-appointed deed (§ III, ¶¶ 9-10); (iii) directs the Liquidation Receiver to identify and resolve all competing claims to sale proceeds—including mortgage liens, tax liens, and other encumbrances—with unresolved disputes to be adjudicated by this Court (§ IV, ¶¶ 11-14); (iv) requires the establishment of a segregated, interest-bearing Proceeds Account and the maintenance of complete financial records (§ V, ¶¶ 15-17); (v) requires the Liquidation Receiver to file an Initial Status Report within 90 days of entry of the Order, setting forth a proposed Liquidation Plan, and to file periodic status reports every 90 days thereafter (§ VII, ¶¶ 22-25); and (vi) establishes procedures governing the Liquidation Receiver's compensation, including quarterly fee applications subject to review and a 20 percent holdback pending final accounting (§ VIII, ¶¶ 26-32).

Hon. Pamela K. Chen
June 22, 2026

Page 2

The SEC respectfully submits the proposed Order for the Court's consideration.

Respectfully submitted,

/s/ Christopher M. Colorado
Christopher M. Colorado

*Attorney for Plaintiff*

Attachment