UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

                        Plaintiff,

            - against -

RICHARD XIA and FLEET NEW YORK
METROPOLITAN REGIONAL CENTER
LLC,

                   Defendants, and

JULIA YUE, XI VERFENSTEIN, and
XINMING YU,

                 Relief Defendants,

-------------------------------------------------------x

**ORDER APPOINTING**
**LIQUIDATION RECEIVER**
21-CV-5350 (PKC) (CHK)

WHEREAS, this Court entered a Final Judgment as to Defendants Richard Xia ("Xia") and Fleet New York Metropolitan Regional Center LLC ("Fleet") on July 24, 2024 (the "Final Judgment"), imposing monetary obligations upon Defendants (Dkt. 460);

WHEREAS, the deadline for Defendants to satisfy their monetary obligations under the Final Judgment was March 28, 2025, and that deadline has passed without Defendants having satisfied such obligations;

WHEREAS, this Court has previously entered orders: (i) freezing the assets of Defendants, including the Subject Properties defined herein (Dkt. 11, "Asset Freeze Order"), which was continued under the terms of the Final Judgment until Defendants' monetary obligations are satisfied; (ii) appointing a Monitor to oversee and preserve the Subject Properties and ensure their physical and financial condition pending further order of this Court (Dkt. 11-1, "Monitor Order");

and (iii) appointing a Distribution Administrator to administer the return of funds to investors in accordance with this Court's distribution plan (Dkt. 461, "Distribution Order");

WHEREAS, the Court has determined that liquidation of certain real properties owned or controlled by Defendants is necessary and appropriate, and that the net proceeds of such liquidation shall be used to satisfy, in whole or in part, Defendants' monetary obligations under the Final Judgment, and thereafter to fund distributions to investors through the Distribution Administrator (Dkt. 740);

WHEREAS, the Court has determined that the appointment of a Liquidation Receiver with specific, limited authority to market and sell the Subject Properties and to resolve competing claims to the sale proceeds—operating in coordination with, but not superseding, the Monitor and the Distribution Administrator—is necessary and appropriate (Dkt. 740; 5/4/2026 Dkt. Order);

WHEREAS, the Court has reviewed the credentials of Michael I. Goldberg ("Goldberg" or the "Liquidation Receiver") as a candidate to serve as Liquidation Receiver, and the Court finds that Goldberg is qualified to assume this responsibility (6/5/2026 Dkt. Order);

NOW, THEREFORE, it is hereby ordered:

## I.    Appointment and Scope

1.    Michael I. Goldberg is hereby appointed as Liquidation Receiver in the above captioned action, with the specific, limited authority set forth herein. The Liquidation Receiver's authority is confined to the functions described herein and does not extend to the broader management or administration of the Subject Properties, defined in paragraph 2, which remain subject to the Asset Freeze Order, the Monitor Order, and the Distribution Order previously entered by this Court.

2.    The Liquidation Receiver's authority under this Order extends to the following parcels of real property (collectively, the "Subject Properties"):

2

a.  Real property located at 42-31 Union Street, Block 5181, Lots 11, 14, and 15, Queens County, New York ("Eastern Mirage"); and

b.  Real property located at 112-21 Northern Boulevard, Block 1707, Lots 1, 3, 6, 7, 8, 13, 15, 17, 19, 33, 34, 35, 36, 43, and 46, Queens County, New York ("Eastern Emerald").

3.  The Liquidation Receiver's authority under this Order is limited to the Subject Properties and must be exercised in coordination with, and without superseding, the prior orders of this Court governing the Subject Properties, as follows:

a.  The Asset Freeze Order, as continued under the Final Judgment, remains in full force and effect.  The Liquidation Receiver shall operate within the constraints of the Asset Freeze Order and shall not take any action inconsistent therewith, except as expressly authorized by this Order or by further order of this Court.

b.  The Monitor appointed pursuant to the Monitor Order shall continue to fulfill the Monitor's duties with respect to the physical preservation and oversight of the Subject Properties.  The Liquidation Receiver shall coordinate with the Monitor to ensure continuity of property preservation during the marketing and sale process.  To the extent any conflict arises between the Liquidation Receiver's activities and the Monitor's duties, the parties shall promptly bring such conflict to the attention of the Court.

c.  The Distribution Administrator appointed pursuant to the Distribution Order shall continue to administer distributions to investors.  Net sale proceeds from the Subject Properties, as defined in Section V of this Order, shall be transferred by the Liquidation Receiver to the Court's Investment Registry System under the supervision of the Distribution Administrator, or held in the Liquidation Receiver's account pending further order of this Court regarding distribution, as set forth herein.

d.  Nothing in this Order shall be construed to expand the Liquidation Receiver's authority beyond the specific functions described herein, to grant the Liquidation Receiver authority over assets other than the Subject Properties, or to modify or supersede the Monitor Order or the Distribution Order except as expressly stated.

4.      Subject to the specific provisions in Sections II through VIII, below, the Liquidation Receiver shall have the following general powers and duties:

a.      To maximize the sale value of the Subject Properties to satisfy the monetary obligations of the Defendants and Relief Defendant Yue under the Final Judgment, including making payments and disbursements and incurring expenses as may be necessary or advisable in the ordinary course of business in discharging his duties as Liquidation Receiver;

b.      To engage and employ persons in his discretion to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, securities traders, registered representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, brokers, traders or auctioneers;

c.      To take such action as necessary and appropriate for the preservation of the Subject Properties or to prevent the dissipation of the Subject Properties;

d.      To bring such legal actions based on law or equity in any state, federal, or foreign court as the Liquidation Receiver deems necessary or appropriate in discharging his duties as Liquidation Receiver;

e.      To pursue, resist and defend all suits, actions, claims and demands which may now be pending or which may be brought by or asserted against the Receivership Estate; and

f.      To take such other action as may be approved by this Court.

**II.      Access to the Subject Properties and Cooperation by Defendants and Third Parties**

5.      The Liquidation Receiver, or any personnel or professionals retained by or working with the Liquidation Receiver shall have access to the Subject Properties.  The Liquidation Receiver shall also have discretion to provide such access to any potential buyers or their representatives.

6.      Defendants Richard Xia and Fleet New York Metropolitan Regional Center LLC shall promptly and fully cooperate with the Liquidation Receiver and shall, upon request by the

4

Liquidation Receiver or any personnel or professionals retained by or working with the Liquidation Receiver, provide to the Liquidation Receiver:

   a.   All keys, access codes, and other means of access to the Subject Properties;

   b.   All deeds, title documents, surveys, site plan approvals, zoning approvals, architectural drawings, engineering reports, environmental reports, and other documents relating to the Subject Properties;

   c.   All tax records, tax bills, and information regarding any outstanding taxes, assessments, or other governmental charges affecting the Subject Properties;

   d.   All information known to Defendants regarding any liens, mortgages, encumbrances, or other claims affecting the Subject Properties or their proceeds;

   e.   All information known to Defendants regarding any leases, licenses, or other occupancy agreements affecting the Subject Properties; and

   f.   Such other information and documents as the Liquidation Receiver may reasonably request in connection with the performance of the Liquidation Receiver's duties under this Order.

7.   Defendants Richard Xia and Fleet New York Metropolitan Regional Center LLC, and all persons acting in concert with or on their behalf, are hereby restrained and enjoined from:

   a.   Interfering in any way with the Subject Properties, with the Liquidation Receiver or any personnel or professionals retained by or working with the Liquidation Receiver, or with such persons' or entities' efforts to comply with its obligations under this Order;

   b.   Directly or indirectly making, creating, incurring, assuming, or permitting to exist any assignment, transfer, pledge, mortgage, security interest, lien, or other encumbrance of any nature in, to, or against any part of the Subject Properties, or any interest therein, without the prior written consent of the Commission;

   c.   Taking any action to impair, cloud, or otherwise adversely affect title to the Subject Properties; and

    d.    Communicating with any potential purchaser of the Subject Properties except through or with the express written authorization of the Liquidation Receiver.

Any violation of this paragraph may result in a finding of contempt of court, and may subject the violating party to sanctions including fines, incarceration, or both.

8.    All banks, financial institutions, title companies, governmental agencies, and other persons or entities holding information or documents relevant to the Subject Properties or any liens or encumbrances thereon shall cooperate promptly and fully with the Liquidation Receiver upon request, including by providing copies of relevant records and by taking such actions as may be necessary to facilitate the transfer of clear title at closing.

## III.    Marketing of the Properties

9.    The Liquidation Receiver is hereby authorized and directed to market and sell the Subject Properties, subject to approval of each sale by further order of this Court, in any manner approved by the Commission.  In carrying out this authority, the Liquidation Receiver shall have the following specific powers:

    a.    The Liquidation Receiver is authorized, with prior approval of the Court, to retain one or more licensed real estate brokers, agents, or advisors to market and sell the Subject Properties, on terms and at compensation rates consistent with local custom and practice.

    b.    The Liquidation Receiver is authorized, with prior approval of the Court, to retain legal counsel to advise on title issues, negotiate and document purchase agreements, manage the closing of title, and address any legal issues arising in connection with the sale of the Subject Properties.

    c.    The Liquidation Receiver is authorized, with prior approval of the Court, to retain appraisers, environmental consultants, title companies, and such other professionals as may be reasonably necessary to effectuate the sale of the Subject Properties.

d.   The Liquidation Receiver, and any professionals or potential purchasers acting at the Liquidation Receiver's direction, shall have immediate and continuing access to the Subject Properties for purposes of inspection, appraisal, marketing, and any other activities reasonably necessary to effectuate a sale. Defendants Richard Xia and Fleet New York Metropolitan Regional Center LLC, and all persons acting in concert with or on their behalf, shall promptly accommodate all such requests for access and shall not impede, delay, or condition such access in any manner.

e.   The Liquidation Receiver, in coordination with the Monitor, is authorized to take reasonable and necessary actions to protect and preserve the value of the Subject Properties pending sale, including making expenditures for maintenance, repairs, or improvements that are: (i) reasonably necessary to preserve the value of the Subject Properties or to render them marketable; and (ii) approved in advance and in writing by the Commission. Any such expenditures shall be documented and reported to the Court as part of the Liquidation Receiver's periodic reporting obligations set forth in Section VI of this Order.

f.   The Liquidation Receiver is authorized to advertise the sale of the Subject Properties through such channels and in such manner as the Liquidation Receiver, in consultation with retained real estate professionals and with the approval of the Commission, deems most likely to maximize the sale proceeds for the benefit of investors and creditors.

10.   The Liquidation Receiver is authorized to negotiate and execute purchase agreements and to take all steps necessary to close title on the Subject Properties, subject to the following conditions and procedures:

a.   The Liquidation Receiver is authorized to negotiate and execute purchase agreements for the Subject Properties on terms that the Liquidation Receiver, in consultation with the Commission, determines to be in the best interests of investors and creditors. No purchase agreement shall be binding unless approved by the Court.

b.   The terms of any purchase agreement may include an earnest money deposit in an amount to be approved by the Court, which shall be forfeitable upon the purchaser's failure to perform.

7

c.  No closing on the sale of any Subject Property may occur until such sale has been confirmed by further order of this Court.  The Liquidation Receiver shall file a motion seeking Court confirmation of each proposed sale, with notice to the Commission, Defendants, and any party that has filed a claim to the Subject Property or its proceeds pursuant to the claims process described in Section IV of this Order.

d.  At closing, the purchaser shall receive a deed to the Subject Property executed by the Liquidation Receiver in his capacity as court-appointed Liquidation Receiver.  The Liquidation Receiver is authorized to execute such deeds, instruments of conveyance, and other documents as may be necessary or appropriate to convey clear and marketable title to the Subject Properties, free and clear of any claims, liens, or encumbrances except as this Court may expressly order to survive the sale.  The form and sufficiency of title shall be addressed in connection with the Court's confirmation of each sale.

## IV.    Resolution Of Competing Claims to Sale Proceeds

11.    The Liquidation Receiver is authorized and directed to identify, evaluate, and, where possible, resolve all competing claims to the proceeds of the sale of the Subject Properties (the "Proceeds Claims"), including but not limited to:

a.  Claims by mortgage lenders, lienholders, or other secured creditors asserting an interest in the Subject Properties or their proceeds;

b.  Claims by governmental entities, including tax authorities, asserting liens or other interests in the Subject Properties or their proceeds; and

c.  Any other claim that, if valid, would reduce the net proceeds available for distribution to investors through the Distribution Administrator.

12.    Following the claims submission deadline, the Liquidation Receiver shall:

a.  Review and evaluate each timely submitted Proceeds Claim;

b.  Attempt in good faith to negotiate the resolution of disputed or potentially excessive Proceeds Claims, with the goal of maximizing net proceeds available for distribution to investors;

8

c.    Consult with the Commission regarding the evaluation and proposed resolution of all Proceeds Claims; and

d.    Report to the Court, as part of the Liquidation Receiver's motion for confirmation of each sale or in a separate filing, on the status of all Proceeds Claims, including those resolved by agreement and those requiring Court adjudication.

13.    To the extent any Proceeds Claim cannot be resolved by agreement, the Liquidation Receiver shall bring such disputed claim before the Court for resolution prior to or in connection with the distribution of sale proceeds.  The Court retains exclusive jurisdiction to adjudicate all disputed Proceeds Claims and to determine the priority and amount of any distribution from sale proceeds.

14.    Following the resolution of all Proceeds Claims and the Court's confirmation of the distribution of sale proceeds, the Liquidation Receiver shall transfer, pursuant to the further Order of this Court, the net proceeds after payment of closing costs, approved Liquidation Receiver expenses, and any Proceeds Claims determined by the Court to be valid—to the Court's CRIS account associated with this case for distribution by the Distribution Administrator.  No distribution of sale proceeds shall occur without further order of this Court.

## V.    Proceeds Account and Financial Management

15.    The Liquidation Receiver shall establish one or more interest-bearing custodial accounts at a federally insured financial institution to receive and hold all proceeds from the sale of the Subject Properties (the "Proceeds Account").  The Proceeds Account shall be entitled "Liquidation Receiver's Account, Estate of Richard Xia, SEC v. Xia, No. 21-cv-5350."

16.    At each closing, the Liquidation Receiver shall deposit into the Proceeds Account all sale proceeds received, net of closing costs paid directly at closing (including real estate commissions, title insurance premiums, transfer taxes, and attorneys' fees for closing counsel),

9

and net of any uncontested liens on the Subject Property that are required to be satisfied at closing as a condition of conveying clear title.  All other deductions from gross sale proceeds, including the Liquidation Receiver's compensation and any other Proceeds Claims, shall require further order of this Court.

17.    The Liquidation Receiver shall maintain complete and accurate records of all receipts, disbursements, and transactions relating to the Subject Properties and the Proceeds Account, and shall make such records available to the Commission and the Court upon request.

## VI.    Liability of Liquidation Receiver

18.    Until further Order of this Court, the Liquidation Receiver shall not be required to post bond or give an undertaking of any type in connection with his fiduciary obligations in this matter.

19.    The Liquidation Receiver and his agents, acting within scope of such agency ("Retained Personnel") are entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree.  In no event shall the Liquidation Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Liquidation Receiver or Retained Personnel.

20.    This Court shall retain jurisdiction over any action filed against the Liquidation Receiver or Retained Personnel based upon acts or omissions committed in their representative capacities.

21.    In the event the Liquidation Receiver decides to resign, the Liquidation Receiver shall first give written notice to the Commission's counsel of record and the Court of his intention, and the resignation shall not be effective until the Court appoints a successor.  The Liquidation Receiver shall then follow such instructions as the Court may provide.

**VII.    Recommendations and Reports**

22.    The Liquidation Receiver is authorized, empowered and directed to develop a plan for the fair, reasonable, and efficient recovery and liquidation of the Subject Properties (the "Liquidation Plan").

23.    Within ninety (90) days of the entry of this Order, the Liquidation Receiver shall file the Liquidation Plan ("Initial Status Report") in the above-captioned action, with service of copies on the Commission and Defendants, describing:

   a.    The Liquidation Receiver's preliminary assessment of the condition, marketability, and estimated value of each Subject Property;

   b.    The Liquidation Receiver's proposed marketing strategy for each Subject Property;

   c.    The identity of any real estate professionals, legal counsel, or other professionals retained or proposed to be retained by the Liquidation Receiver;

   d.    The status of the Liquidation Receiver's review of title and any known liens, encumbrances, or Proceeds Claims affecting the Subject Properties; and

   e.    Any issues identified by the Liquidation Receiver that may affect the timeline or feasibility of the proposed sale.

24.    No less frequently than every ninety (90) days following the filing of the Initial Status Report, the Liquidation Receiver shall file with the Court and serve on the Commission and Defendants a periodic status report describing:

   a.    The status of marketing efforts for each Subject Property, including the number and nature of inquiries received, offers received, and the status of any pending negotiations;

   b.    The status of the claims submission and evaluation process, including the number and nature of Proceeds Claims received and the status of negotiations or disputes regarding such claims;

11

c.   All expenditures made by the Liquidation Receiver during the reporting period, with supporting documentation;

d.   The balance of the Proceeds Account; and

e.   Any issues or developments that may affect the Liquidation Receiver's ability to fulfill the Liquidation Receiver's obligations under this Order.

25.   On the request of the Commission, the Liquidation Receiver shall provide the Commission with any documentation that the Commission deems necessary to meet its reporting requirements, that is mandated by statute or Congress, or that is otherwise necessary to further the Commission's mission.

## VIII.   Fees, Expenses and Accountings

26.   Subject to Paragraph 27 immediately below, the Liquidation Receiver is authorized to solicit persons and entities ("Retained Personnel") to assist him in carrying out the duties and responsibilities described in this Order.  The Liquidation Receiver shall not engage any Retained Personnel without first obtaining an Order of the Court authorizing such engagement.

27.   The Liquidation Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estate as described in the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the "Billing Instructions") agreed to by the Liquidation Receiver.  Such compensation shall require the prior approval of the Court.

28.   Within forty-five (45) days after the end of each calendar quarter, the Liquidation Receiver and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Estates (the "Quarterly Fee Applications").  At least thirty (30) days prior to filing each Quarterly Fee Application with the Court, the Liquidation Receiver

will serve upon counsel for the SEC a complete copy of the proposed Application, together with all exhibits and relevant billing information in a format to be provided by SEC staff.

29.    All Quarterly Fee Applications will be interim and will be subject to cost benefit and final reviews at the close of the Liquidation Receiver's responsibilities hereunder.  At that time, the Liquidation Receiver will file a final fee application, describing in detail the costs and benefits associated with all actions pursued by the Liquidation Receiver during the course of the receivership.

30.    Quarterly Fee Applications may be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court.  The total amounts held back during the course of the Liquidation Receiver's responsibilities will be paid out at the discretion of the Court as part of the final fee application submitted at the close of those responsibilities.

31.    Each Quarterly Fee Application shall:

    a.    Comply with the terms of the Billing Instructions agreed to by the Liquidation Receiver; and,

    b.    Contain representations (in addition to the Certification required by the Billing Instructions) that: (i) the fees and expenses included therein were incurred in the best interests of the Receivership Estate; and, (ii) with the exception of the Billing Instructions, the Liquidation Receiver has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

32.    At the close of the Liquidation Receiver's responsibilities, the Liquidation Receiver shall submit a Final Accounting, in a format to be provided by SEC staff, as well as the Liquidation Receiver's final application for compensation and expense reimbursement.

\* \* \*

33.    This Court retains exclusive jurisdiction over this matter for all purposes, including jurisdiction to: (a) confirm or reject any proposed sale of the Subject Properties; (b) adjudicate all disputed Proceeds Claims; (c) approve the distribution of sale proceeds; (d) approve the compensation of the Liquidation Receiver; and (e) resolve any dispute arising under this Order.

34.    This Order may be modified by the Court upon motion of the Commission, the Liquidation Receiver, or any party for good cause shown.

35.    Service of this Order shall be sufficient if made upon Defendants and Relief Defendants by personal service, facsimile, electronic mail, or overnight courier.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated:  July 17, 2026
        Brooklyn, New York

14